UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

       Plaintiff,                     Case No.: 1:20-cv-00036

   v.                                Hon. Judge Paul L. Maloney

KENT COUNTY, et. al.                 Magistrate Judge Sally J. Berens

       Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Attorney for Corizon Defendants |
| Southfield, MI 48034 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |

VARNUM LLC
Timothy E. Eagle (P38193)
Attorney for Kent County
Defendants
P.O. Box 352
Grand Rapids, MI  49501
(616) 336-6537

_____/

**PLAINTIFF, CHARLES JONES' MOTION TO COMPEL THE INSURANCE
AGREEMENT FROM THE CORIZON DEFENDANTS**

NOW COMES Plaintiff, Charles Jones, as Personal Representative of the Estate of Wade

Jones, Deceased ("Plaintiff"), through his attorneys, The Buckfire Law Firm, and for his Motion

to Compel the Insurance Agreement from the Corizon Defendants, hereby relies on FED. R. CIV.

P. 26(a)(1)(A)(iv), FED. R. CIV. P.37(a)(3)(A) and (a)(5)(A), and his Brief in Support.

Pursuant to FED. R. CIV. P. 37(a)(1) and the W.D. MICH. LCIVR 7.1(d), Plaintiff's counsel certifies that she conferred with Defendants' counsel in an effort to obtain the insurance agreement but the Corizon Defendants have refused to produce it. (Ex. 1)

Plaintiff respectfully requests this Honorable Court grant his Motion to Compel, Order the production of the insurance agreement within five (5) days, and award Plaintiff costs and reasonable attorney's fees in having to bring this motion.

Respectfully submitted,

BUCKFIRE & BUCKFIRE, P.C.

BY:     /S/     JENNIFER G.DAMICO
        JENNIFER G. DAMICO (P51403)
        Attorneys for Plaintiff
        29000 Inkster Road, Suite 150
        Southfield, MI  48034
        (248) 234-9828
        jennifer@buckfirelaw.com

June 8, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,                    Case No.: 1:20-cv-00036

    v.                             Hon. Judge Paul L. Maloney

                                    Magistrate Judge Sally J. Berens

KENT COUNTY, et. al.

        Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Attorney for Corizon Defendants |
| Southfield, MI 48034 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |

VARNUM LLC
Timothy E. Eagle (P38193)
Attorney for Kent County
Defendants
P.O. Box 352
Grand Rapids, MI  49501
(616) 336-6537

_____/

**PLAINTIFF, CHARLES JONES' BRIEF IN SUPPORT OF MOTION TO
COMPEL THE INSURANCE AGREEMENT FROM THE CORIZON DEFENDANTS**

      NOW COMES Plaintiff, Charles Jones, as Personal Representative of the Estate of Wade

Jones, Deceased ("Plaintiff"), through his attorneys, The Buckfire Law Firm, and for his Brief in

Support of Motion to Compel the Insurance Agreement from the Corizon Defendants, hereby

requests this Honorable Court grant his motion for the reasons set forth below.

1

For their initial disclosures, the Corizon Defendants produced a two-page declarations page for a Lone Star Alliance Professional Liability Insurance Policy, policy number 4-453668, with the named insured: Veritas Health Service, Inc.  (Ex. 2) (Ex. 3) Despite multiple requests for the entire policy, they refused to produce for inspection and copying, the insurance agreement that may be liable to satisfy all or part of a possible judgment in violation of FED. R. CIV. P. 26(a)(1)(A)(iv). (Ex. 4)

A.    **RULE 26 INITIAL DISCLOSURES ARE MANDATORY.**

Defendants have offered absolutely no justification for not complying with the court rule. They have admitted that the Lone Star Alliance Professional Liability Insurance Policy is an *insurance policy* and that Lone Star Alliance is an *insurance business,* stating: "we provided you with the declarations page reflecting our insurance agreement with Lone Star Alliance (an insurance business) to satisfy all or part of a possible judgment against our client in this action." (Ex. 4)

Defendants are playing fast and loose with Plaintiff and This Court knowing full-well the that they must produce the complete policy and not merely a declarations page that "reflects their insurance agreement."  An "insurance agreement" means the policy.  This is not ambiguous.

The court rule is self-executing:

(a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(A)(iv) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(iv) for **inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment** in the action or to indemnify or reimburse for payments made to satisfy the judgment.

FED. R. CIV. P. 26(a)(1)(A)(iv) (emphasis added)

2

Plaintiff is entitled to the insurance agreement; not simply the declarations page.  He does not have to wait for a response to a formal discovery request, nor justify the relevancy of a request as he would under Rule 34. *N.T. v. Children's Hosp. Med. Ctr.,* 2017 U.S. Dist. LEXIS 225549 (S.D. Ohio Jun. 30, 2017)(defendant's argument that excess policies are "simply not relevant" and therefore, not required under Rule 26(a)(1)(A)(iv), was rejected.); *see also, Regalado v. Techtronic Indus. N. Am., Inc.,* 2015 U.S. Dist. LEXIS 177983, at *5-6 (N.D. Tex. Feb. 24, 2015)(ordering production of policies because "Rule 26(a)(1)(A)(iv)'s production requirement  . . .  is absolute, and does not require a showing of relevance.")

In *Meredith v. United Collection Bureau, Inc.,* 2016 U.S. Dist. LEXIS 156214 (N.D. Ohio Nov. 10, 2016), the defendant produced only three pages of its $10,000,000.00 insurance policy and argued that they were sufficient to allow the plaintiff to determine whether insurance coverage was available in the case. *Meredith* at *18. The court noted that the defendant cited no legal authority that would allow it to produce only those portions of its policy that it deemed relevant. The plaintiff's motion to compel was granted, and the defendant was ordered to produce a ***complete copy*** of its policy. *Id.* (emphasis added)

Here, the Corizon Defendants cannot decide which portions of the policy they want to produce or deem important or relevant.  They know better and are simply frustrating Plaintiff's efforts to prosecute his case.

**B.      PLAINTIFF IS ENTITLED TO SANCTIONS PURSUANT TO RULE 37(a)(1), (3) AND (5).**

Where a party fails to provide an insurance agreement for inspection and copying, pursuant to Rule 26, the opposing party may, after a good-faith attempt to confer and resolve the discovery dispute, file a motion to compel disclosure of the policy and seek appropriate sanctions.  FED. R.

CIV. P. 37(a)(1) and (3); *Miller v. Tiger Style Corp.*, 2018 U.S. Dist. LEXIS 224127 (W.D. Tenn. Nov. 7, 2018)

 Plaintiff's counsel requested a copy of the full insurance agreement on three (3) occasions by email.  (Ex. 4) The first two emails were ignored.  Defendants only responded after Plaintiff threatened a motion stating: "we provided you with the declarations page reflecting our insurance agreement with Lone Star Alliance (an insurance business) to satisfy all or part of a possible judgment against our client in this action.  In reviewing Rule 26(a)(1)(A)(iv), the court rule that you previously cited, I believe that we have complied with the court rule."  *Id.*

 Plaintiff still attempted to avoid court intervention, and again requested the full agreement, explaining that the court rule was authoritative and said: "[p]lease respond by advising whether Defendants will produce the entire agreement and, if not, I am following the local rule and seeking concurrence in Plaintiff's motion to compel." (Ex. 4).  In their last email, on June 3, 2020, Defendants responded:

> "The professional liability policy that we have given you is the only policy.
>
> As to the other issue of you wanting more than what we have provided concerning our liability insurance agreement with Lone Star Alliance, we have already stated our position."

*Id.*

 Defendants have no intention of producing the policy without this Court's intervention.

 Plaintiff is entitled to an Order compelling production of the full insurance policy.  He is entitled to reasonable sanctions, as the requirements Rule 26 are unequivocal, based upon the following:

FED. R. CIV. P. 37. FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTIONS

4

(a)  MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

    (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*        *        *        *        *

    (3) *Specific Motions.*

    (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

    (4) *Evasive or Incomplete Disclosure, Answer, or Response.*  For purposes of this subdivision (a), **an evasive or incomplete disclosure, answer, or response must be treated a failure to disclose, answer or respond**.

    (5) *Payment of Expenses; Protective Orders.*

    (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

        (i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

        (ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

        (iii) other circumstances make an award of expenses unjust.

(Emphasis added)

      Plaintiff respectfully states that sanctions are warranted.  Defendants cannot, under any reasonable interpretation of Rule 26, justify their refusal to produce the entire insurance policy. Plaintiff attempted to obtain the policy on three separate occasions.  Defendants offered no

5

explanation to Plaintiff other than stating that they complied with the court rule. Now, Plaintiff's counsel has spent considerable time and effort in drafting this motion to compel.

Based upon the foregoing, Plaintiff requests this Honorable Court grant his Motion to Compel and enter an Order requiring Defendants to produce a full and complete copy of the Lone Star Alliance Professional Liability Insurance Policy within five (5) days, and Ordering sanctions including costs and a reasonable attorney's fee.

Respectfully submitted,

BUCKFIRE & BUCKFIRE, P.C.

BY:    /S/    JENNIFER G. DAMICO
JENNIFER G. DAMICO (P51403)
Attorneys for Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI  48034
(248) 234-9828
jennifer@buckfirelaw.com

June 8, 2020

## Certification of Compliance

The undersigned hereby certifies that Plaintiff's Brief in Support of Motion to Compel including headings, footnotes, citations and quotations is 1522 words.  The word processing software used to generate the word court is Microsoft Office Home and Business 2016.

/S/    JENNIFER G. DAMICO