## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

<div align="right">

Case No: 1:20-cv-36
Hon. Judge Paul L. Maloney
Magistrate Judge Sally J. Berens
</div>

      Plaintiff,

v.

COUNTY OF KENT et al.

      Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>Attorney for Plaintiff<br>29000 Inkster Rd., Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;<br>Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa<br>Furnace, R.N.; Chad Richard Goetterman, R.N.;<br>James August Mollo, L.P.N.; Angela Navarro, R.N.;<br>Joanne Sherwood, N.P.; and Janice Steimel, L.P.N. |
| VARNUM LAW<br>Timothy Eagle (P38183)<br>Attorney for Kent County Defendants<br>P.O. Box 352<br>Grand Rapids, MI 49501<br>(616) 336-6000<br>teeagle@varnumlaw.com | 1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com |

---

**DEFENDANTS CORIZON HEALTH, INC.; TERI BYRNE, R.N.; JANICE STEIMEL,
L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNACE, R.N.; DAN CARD, L.P.N.;
CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.;
ANGELA NAVARRO, R.N.; AND LYNNE FIELSTRA, L.P.N.'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE INSURANCE
AGREEMENT FROM THE CORIZON DEFENDANTS**

**PROOF OF SERVICE**

NOW COMES Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N; JOANNE SHERWOOD, N.P.; MELISSA FURNACE, R.N., DAN CARD, L.P.N; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; ANGELA NAVARRO, R.N.; and LYNNE FIELSTRA, L.P.N., (hereinafter the "Corizon Defendants") by and through their counsel, CHAPMAN LAW GROUP, and for their Response to Plaintiff's Motion to Compel the Insurance Agreement from the Corizon Defendants, states as follows:

1. For the reasons detailed in the accompanying brief, Corizon Defendants move that this Honorable Court DENY Plaintiff's Motion in all respects pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv). See also Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment, indicating that purpose of the rule is the "disclosure of insurance coverage" necessary "to satisfy the claim." Here, Defendants have properly disclosed the insurance coverage. The insurance agreement document that Defendants produced satisfies Fed. R. Civ. P. 26(a)(1)(A)(iv).

2. On May 28, 2020 and June 3, 2020, Defense counsel advised Plaintiff's counsel that, based upon the court rule, he believed that the Corizon Defendants' Rule 26 Initial Insurance Disclosures complied with the court rule. Despite Defense counsel's request to Plaintiff's counsel for authority to the contrary (e.g., case law or some authority interpreting the court rule), Plaintiff's counsel responded several days later by merely referencing the same court rule which Defense counsel had already indicated that he interpreted differently than Plaintiff's counsel. Even in Plaintiff's counsel's motion, still Plaintiff provides no binding authority contradicting Defense counsel's position and only cited one (1) unpublished case appearing to support Plaintiff's position. "It is well-established law in this circuit that

2

unpublished cases <u>are not</u> binding precedent." *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002). "[U]npublished cases cited…could not have provided <u>any assurance</u> to a reasonable official" that it sets forth the applicable legal standard. *Id*.

3. Per Fed. R. Civ. P. 26(a)(1)(A)(iv), <u>only the insurance agreement disclosing the insurance coverage is required to produced</u>. Here, Defendants complied with the rule.

WHEREFORE, Corizon Defendants respectfully requests that this Honorable Court Deny Plaintiff's Motion to Compel in its entirety and provide any and all such relief as is deemed just and equitable.

<div style="margin-left: 40%;">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: June 22, 2020

<div style="margin-left: 40%;">

/s/Devlin Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

</div>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-36
Hon. Judge Paul L. Maloney
Magistrate Judge Sally J. Berens

       Plaintiff,

v.

COUNTY OF KENT et al.

       Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>Attorney for Plaintiff<br>29000 Inkster Rd., Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com<br><br>VARNUM LAW<br>Timothy Eagle (P38183)<br>Attorney for Kent County Defendants<br>P.O. Box 352<br>Grand Rapids, MI 49501<br>(616) 336-6000<br>teeagle@varnumlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;<br>Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa<br>Furnace, R.N.; Chad Richard Goetterman, R.N.;<br>James August Mollo, L.P.N.; Angela Navarro, R.N.;<br>Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com |

---

## DEFENDANTS CORIZON HEALTH, INC.; TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNACE, R.N.; DAN CARD, L.P.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; ANGELA NAVARRO, R.N.; AND LYNNE FIELSTRA, L.P.N.'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE INSURANCE AGREEMENT FROM THE CORIZON DEFENDANTS

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.................................................................................iii

INDEX OF EXHIBITS ....................................................................................... iv

STATEMENT OF ISSUES PRESENTED............................................................ v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................. vi

I.    LAW AND ARGUMENT ......................................................................... 1

   A.   In Their Initial Disclosures, Defendants Complied with Fed. R. Civ. P. 26(A)(1)(A)(Iv) by Providing Plaintiff with the Insurance Agreement Under Which an Insurance Business Would be Liable to Satisfy All or Part of a Possible Judgment in this Matter. The Agreement was Signed by the Party to be Bound and Properly Allowed Plaintiff's Counsel to Make a "Realistic Appraisal of the Case, so That Settlement and Litigation Strategy are Based on Knowledge and Not Speculation," Which is the Underlying Purpose for Disclosing the Insurance Coverage Pursuant to the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment. ...................................................................................................... 1

   B.   Defendants' Rule 26 Initial Disclosure Regarding Insurance was Proper Under the Court Rule and was Substantially Justified. Therefore, Plaintiff Should Not be Awarded Sanctions Pursuant to Fed. R. Civ. P. 37(a)(1), (3), or (5). ...................................................................... 5

II.    CONCLUSION AND RELIEF REQUESTED ................................................. 7

**<u>INDEX OF AUTHORITIES</u>**

**<span style="font-variant:small-caps">Cases</span>**                                                                 **<span style="font-variant:small-caps">Page</span>**

*Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999) ....................... vii

*Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002)................................................................. 3, 5, 7

*Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)........................................ vii

*Meredith v. United Collections Bureau, Inc.*, 2016 U.S. Dist. LEXIS 156214 (N.D. Ohio Nov. 10, 2016)................................................................................................................................... 5

*Miller v. Tiger Style Corp.*, 2018 U.S. Dist. LEXIS 224127 *6 (W.D. Tenn. Nov. 7, 2018)......... 2

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) ........ vii, 6

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).................... vi

*United States v. Cowan*, 1996 U.S. App. LEXIS 24273 *29 (4th Cir., Sept. 16, 1996)................. 4

*Whitney v. Wyman*, 101 U.S. 392, 396 (1879) ............................................................................ 1

*Williamson v. United States*, 512 U.S. 594, 614 (1994) ......................................................... 3, 4

**<u><span style="font-variant:small-caps">Rules</span></u>**            **<u><span style="font-variant:small-caps">Page</span></u>**

Fed. R. Civ. P. 26................................................................................................................ 2, 4, 7

Fed. R. Civ. P. 26(b)(1)............................................................................................................ vi

Fed. R. Civ. P. 37(a)(3)(A) ............................................................................................. vi, vii, 5

Fed. R. Civ. P. 37(a)(4).......................................................................................................... vi, 5

Fed. R. Civ. P. 37(a)(5)(A)(i) ................................................................................................... 6

Fed. R. Civ. P. 37(a)(5)(A)(ii) ............................................................................................ vii, 6, 7

Fed. R. Civ. P. 37(a)(5)(A)(iii)............................................................................................ vii, 6, 7

Fed. R. Civ. P. 37(a)(5)(B) ................................................................................................... vii, 7

Fed. R. Evid. 401 ...................................................................................................................... 4

Fed. R. Civ. P. 26(b)(2)(C) ...................................................................................................... vi

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**   *Miller v. Tiger Style Corp.*, 2018 U.S. Dist. LEXIS 224127 *6 (W.D. Tenn. Nov. 7, 2018)

**EXHIBIT B**   *United States v. Cowan*, 1996 U.S. App. LEXIS 24273 *29 (4th Cir., Sept. 16, 1996)

## **STATEMENT OF ISSUES PRESENTED**

WHETHER THE INSURANCE AGREEMENT DOCUMENT
THAT DEFENDANTS PROVIDED IN THEIR INITIAL
DISCLOSURES WAS PROPER UNDER FEDERAL RULE OF
CIVIL PROCEDURE (26)(a)(1)(A)(iv) AND SATISIFIED THE
UNDERLYING REASON OF THE COURT RULE AS SET
FORTH IN THE RULE 26 ADVISORY COMMENTS?

Defendants Answer:              YES.
Plaintiff Answers:               NO.

### CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. P. 26(b)(1), provides in pertinent part: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Pursuant to Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)   the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

"District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Fed. R. Civ. P. 37(a)(3)(A) provides that a party may seek an order compelling discovery where the opposing party fails to make a disclosure required by Rule 26(a), and, if appropriate, may seek sanctions. Fed. R. Civ. P. 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response is the same as a failure to respond for purposes of this rule. Whether, and to what extent, discovery sanctions are warranted are for the Court to decide in its discretion. *National*

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). The rationale behind the Court's power to impose severe sanctions against an opposing party under Rule 37 is not merely to penalize, but to act as a deterrent. *Id. at* 642-643. No sanctions, including costs and attorney fees, may be awarded where "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)(iii).

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), "if the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."

"[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999).

Ultimately, "[d]etermining the proper scope of discovery falls within the broad discretion of the trial court." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

# I.   LAW AND ARGUMENT

**A.  In Their Initial Disclosures, Defendants Complied with Fed. R. Civ. P. 26(A)(1)(A)(Iv) by Providing Plaintiff with the Insurance Agreement Under Which an Insurance Business Would be Liable to Satisfy All or Part of a Possible Judgment in this Matter. The Agreement was Signed by the Party to be Bound and Properly Allowed Plaintiff's Counsel to Make a "Realistic Appraisal of the Case, so That Settlement and Litigation Strategy are Based on Knowledge and Not Speculation," Which is the Underlying Purpose for Disclosing the Insurance Coverage Pursuant to the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment.**

On May 15, 2020, the Corizon Defendants served Plaintiff with their initial disclosures (**ECF No. 52**). In said disclosures, Defendants produced the insurance agreement that is the subject of Plaintiff's motion and which Plaintiff filed with the Court. (**ECF No. 66-3**). The agreement that was produced (1) set forth the effective dates of coverage (which included the dates in issue in Plaintiff's Complaint); (2) set forth the limits of liability; and (3) was signed by the party to be bound. The document is an express agreement of what Defendants contracted for and what the insurer will pay in satisfaction of any judgments against Defendants. See *Whitney v. Wyman*, 101 U.S. 392, 396 (1879), holding that "the meaning of the contracting parties is the agreement."

The Defendants agree that, under Fed. R. Civ. P. 26(a)(1)(A)(iv), they are required to disclose insurance agreements "under which an insurance business may be liable to satisfy all of part of a possible judgment" and that this must be done at the Rule 26 Initial Disclosure stage:

> **(a) Required Disclosures.**
> **(1)** *Initial Disclosure.*
> **(A)** In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> * * *
> **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The insurance agreement that was produced meets the requirements of Rule 26. Here, Plaintiff's counsel does not dispute that she received the insurance agreement between Defendants and their insurer (signed by the insurer) reflecting that the insurer agrees to satisfy any possible judgment, along with the total amount of available insurance. Instead, Plaintiff simply argues that she is unhappy with the insurance agreement that was produced and wants to receive the "entire insurance policy." (**ECF No. 66, PageID.745**). However, the Court rule does not require production of an entire policy or all aspects of an insurance agreement: it only requires production of the insurance agreement to satisfy possible judgments and the available amounts of insurance. In fact, the "policy underlying Rule 26 is to 'enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." See *Miller v. Tiger Style Corp.*, 2018 U.S. Dist. LEXIS 224127 *6 (W.D. Tenn. Nov. 7, 2018) (**Exhibit A**) (citing the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment which is discussed in more detail below).[1] Notably, Plaintiff's counsel does not argue that she has not received a written agreement allowing her to make a realistic appraisal of the case or that her efforts to assess the case are somehow stifled. Instead, she simply argues, without stating any basis whatsoever, that she wants the entire policy because she believes that the Court rule implies that she gets the entire policy. Neither the Court rule itself nor the underlying reasoning for the Court rule supports Plaintiff's position.

Defendants believe that their position is correct and is wholly supported by the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment, which focuses on the "disclosure of insurance coverage" necessary "to satisfy the claim":

---

[1] The *Miller* case was cited by Plaintiff (**ECF No. 66, PageID.744**). *Miller* relied upon the Advisory Committee's comments in interpreting the Federal Rules of Civil Procedure, and particularly as to Rule 26.

> ***Disclosure of insurance coverage*** will enable counsel for both sides
> to make the same realistic appraisal of the case, so that settlement
> and litigation strategy are based on knowledge and not speculation.
> It will conduce to settlement and avoid protracted litigation in some
> cases, though in others it may have an opposite effect. The
> amendment is **limited to insurance coverage**, which should be
> distinguished from any other facts concerning defendant's financial
> status (1) because insurance is an asset created **specifically to
> satisfy the claim**; (2) because the insurance company ordinarily
> controls the litigation; (3) because information about coverage is
> available only from defendant or his insurer; and (4) because
> disclosure does not involve a significant invasion of privacy.

Nowhere in the comment does the Advisory Committee suggest that an entire insurance

agreement must be produced. In fact, the Advisory Committee indicates that the entire insurance

agreement is not subject to disclosure. As an example, the Advisory Committee observed that the

application for insurance is part of an insurance agreement and is not discoverable, noting that it

is a portion of the agreement that "may contain personal and financial information concerning the

insured, discovery of which is beyond the purpose of this provision."

Therefore, per Fed. R. Civ. P. 26(a)(1)(A)(iv), only the insurance agreement disclosing the

insurance coverage is required to produced. Defendants' disclosure wholly complies with the

intent of the court rule. See *Williamson v. United States*, 512 U.S. 594, 614 (1994), where even

our U.S. Supreme Court (Justice Kennedy) recognized that Advisory Committee Notes are

"authoritative." He noted:

> When as here the text of a Rule of Evidence does not answer a
> question that must be answered in order to apply the Rule, and when
> the Advisory Committee's Note does answer the question, our
> practice indicates that we should pay attention to the Advisory
> Committee's Note.[2] We have referred often to those Notes in
> interpreting the Rules of Evidence, and I see no reason to jettison
> that well-established practice here. See *Huddleston v. United States*,

---

[2] While Justice Kennedy was utilizing an Advisory Committee Note to interpret an evidentiary
rule, he nonetheless recognized that Advisory Committee Notes serve as the underlying basis for
the drafting of all federal rules.

485 U.S. 681, 688, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988); *United States v. Owens*, 484 U.S. 554, 562, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988); *Bourjaily v. United States*, 483 U.S. 171, 179, n. 2, 97 L. Ed. 2d 144, 107 S. Ct. 2775 (1987); *United States v. Abel*, 469 U.S. 45, 51, 83 L. Ed. 2d 450, 105 S. Ct. 465 (1984).

*Williamson, supra*, at 614-615 (Kennedy, J. concurring).

See also *United States v. Cowan*, 1996 U.S. App. LEXIS 24273 *29 (4th Cir., Sept. 16, 1996), holding that "the Advisory Committee Notes are instructive on the drafters' intent in promulgating the federal rules."

Furthermore, every aspect of an insurance agreement is not relevant since it does not have "any tendency to make a fact more or less probable than it would be without the evidence and "is not of consequence in determining the action." Fed. R. Evid. 401.

Here, Plaintiff is not arguing that her Motion to Compel seeks relevant information, nor that it will make any facts of consequence in this case more or less probable. Plaintiff is not arguing that she challenges the validity of the insurance agreement, nor that she cannot properly appraise this case for settlement purposes. Instead, Plaintiff's motion is simply based on the argument that she is entitled to more documents solely because she believes the Court rule says that she is entitled to more. As a practical matter, relevance and a realistic need for certain information should be the basis of a Motion to Compel and not simply the desire to prove whose interpretation of a court rule is correct.

Providing every aspect of an entire insurance agreement or insurance arrangement between Defendants and its insurance company would disclose confidential and sensitive business information and would indicate facts concerning Defendant's financial status, which is in clear violation of the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment.

At all times before this motion was filed, in an attempt to resolve this dispute with Plaintiff's counsel, Defense counsel requested that Plaintiff's counsel provide him with authority (e.g., case law or some authority interpreting the Court rule) that supported Plaintiff's position that the insurance agreement documents supplied in Defendants' initial disclosures were insufficient. Despite Defense counsel's request to Plaintiff's counsel for authority to the contrary, Plaintiff's counsel responded several days later by merely referencing the same court rule, which Defense counsel had already indicated that he interpreted differently than Plaintiff's counsel. Even in Plaintiff counsel's Motion to Compel, still Plaintiff provides no binding authority contradicting Defense counsel's position, and only cited one (1) unpublished case appearing to support Plaintiff's position, i.e., *Meredith v. United Collections Bureau, Inc.*, 2016 U.S. Dist. LEXIS 156214 (N.D. Ohio Nov. 10, 2016) (**ECF No. 66, PageID.743**). Notably, in *Meredith*, the court did not rule that the plaintiff was correct on this issue. Rather, the court stated that the defendant cited no legal authority and therefore the plaintiff's motion was granted. *Id*. at \*18.

"It is well-established law in this circuit that unpublished cases <u>are not</u> binding precedent." *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002). "[U]npublished cases cited…could not have provided <u>any assurance</u> to a reasonable official" that it sets forth the applicable legal standard. *Id*.

**B. Defendants' Rule 26 Initial Disclosure Regarding Insurance was Proper Under the Court Rule and was Substantially Justified. Therefore, Plaintiff Should Not be Awarded Sanctions Pursuant to Fed. R. Civ. P. 37(a)(1), (3), or (5).**

Fed. R. Civ. P. 37(a)(3)(A) provides that a party may seek an order compelling discovery where the opposing party fails to make a disclosure required by Rule 26(a), and, if appropriate, may seek sanctions. Fed. R. Civ. P. 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response is the same as a failure to respond for purposes of this rule. Whether and to what extent discovery sanctions are warranted are for the court to decide in its discretion. *National*

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). The rationale behind the Court's power to impose severe sanctions against an opposing party under Rule 37 is not merely to penalize, but to act as a deterrent. *Id. at* 642-643.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A)(i)(ii)(iii) the Court must not order sanctions, including reasonable costs incurred in making the motion nor attorney's fees if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Plaintiff's counsel makes much light out of the fact that she contacted Defendants' counsel asking Defense to supplement and threatened a motion if Defense did not supplement. However, Plaintiff fails to discuss that Defense counsel's response was not that he would never produce the document under any circumstance. Rather, Defense counsel respectfully advised Plaintiff's counsel that he interpreted the Court rule differently. He respectfully asked Plaintiff's counsel if she had any authority supporting her position and to provide same to Defense counsel. Defense counsel communicated with Plaintiff's counsel on at least two (2) occasions regarding this matter.

Plaintiff's counsel chose not to respond to Defense counsel's request and instead chose to reference only the same Court rule that she had already provided him with a different interpretation. Defense counsel believes that the exercise of good faith to obtain the disclosure without Court intervention required Plaintiff's counsel to respond to Defense counsel's reasonable request for other authority. Even in the motion, Plaintiff seems to have found only one (1) unpublished, nonbinding opinion that appears to support her position. Therefore, it is certainly arguable whether Plaintiff's counsel satisfied Fed. R. Civ. P. 37(a)(5)(A)(i).

Additionally, as set forth above, Defendants believe that the Fed. R. Civ. P. 26 Advisory Committee's Note to the 1970 Amendment indicating that the focus should be on the "disclosure of insurance coverage" necessary "to satisfy the claim" wholly supports that Defendants have properly disclosed the insurance coverage and the insurance agreement document required by Fed. R. Civ. P. 26(a)(1)(A)(iv). Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii), Defendants' disclosure or response was "substantially justified."

The fact that Plaintiff has cited no binding authority stating that Defendants' position is incorrect further demonstrates that Defendants' disclosure, or response, was "substantially justified." "[U]npublished cases cited…could not have provided any assurance to a reasonable official" that it sets forth the applicable legal standard. *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002).

For the above reasons, any award of expenses to Plaintiff's counsel would be unjust pursuant to Fed R. Civ. P. 37(a)(5)(A)(iii). Pursuant to Fed. R. Civ. P. 37(a)(5)(B), it would be Defense counsel who is entitled to an award of expenses. Defendants believe that their position is correct and that they have properly complied with Rule 26 in their initial disclosures. Respectfully, Defendants will leave it for this Honorable Court to decide if more is required.

## II.    CONCLUSION AND RELIEF REQUESTED

WHEREFORE, based upon the foregoing reasons, Corizon Defendants respectfully requests that this Honorable Court Deny Plaintiff's Motion to Compel in its entirety and provide any and all such relief as is deemed just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 22, 2020                          /s/Devlin Scarber_____
                                             Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                             Devlin Scarber (P64532)
                                             Attorneys for Corizon Defendants
                                             1441 West Long Lake Rd., Suite 310
                                             Troy, MI 48098
                                             (248) 644-6326
                                             rchapman@chapmanlawgroup.com
                                             dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on June 22, 2020, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

                                             /s/ Devlin Scarber_____
                                             1441 West Long Lake Rd., Suite 310
                                             Troy, MI 48098
                                             (248) 644-6326
                                             dscarber@chapmanlawgroup.com