UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal
Representative of the Estate of WADE
JONES, deceased,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                           Case No. 1:20-cv-36

KENT COUNTY, et al.,

       Defendants.
_____/

## ORDER

The Court has before it Plaintiff's Motion to Compel the Insurance Agreement from the Corizon Defendants (ECF No. 66), in which Plaintiff requests that the Court order Corizon to produce to Plaintiff a complete copy of Lone Star Alliance Professional Liability Insurance Policy No. 4-453668 pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), 37(a)(3)(A). Plaintiff also requests sanctions pursuant to Fed. R. Civ. P. 37(a)(5). Corizon has responded, arguing that the Declarations Page it produced to Plaintiff with its initial disclosures satisfied its obligation under Rule 26(a)(1)(A)(iv). Corizon also argues that an award of sanctions is not warranted because its interpretation of the rule, as well as a lack of binding authority on the issue, shows that its response or disclosure was substantially justified.

Plaintiff's motion is **GRANTED** and, because the overwhelming weight of caselaw holds that a disclosing party must disclose the entire insurance policy and not merely a declarations page, the Court will award sanctions.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), a party is required to disclose "for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." To fulfil this requirement, Corizon issued a two-page Declarations Page summarizing the terms of coverage under Lone Star Alliance Professional Liability Insurance Policy No. 4-453668, with a coverage term of January 1, 2018 through January 1, 2019. (ECF No. 66-3.) Plaintiff's counsel made several requests for the entire insurance policy, but Corizon's counsel refused to provide anything more than the Declarations Page. (ECF No. 66-4.)

Corizon argues that the Declarations Page it produced was all that was required under Rule 26(a)(1)(A)(iv). Citing the Advisory Committee Notes to the 1970 Amendment to Rule 26, Corizon notes that the Rule's focus is on "[d]isclosure of insurance coverage" rather than disclosure of the entire insurance agreement. Corizon's argument lacks merit. The rule itself requires disclosure of any "insurance agreement," not disclosure of a part of an insurance agreement or a summary of an insurance agreement. As the Michigan Court of Appeals has explained, "[t]he declarations page is but one piece of the insuring agreement. Although it contains important information specific to the policyholder, the declarations page cannot address every conceivable coverage issue." *Royal Prop. Grp., LLC v. Prime Ins. Syndicate, Inc.*, 267 Mich. App. 708, 718 (2005) (quoting *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 23 (2005)). Requiring disclosure of only the declarations page would not only ignore the plain language of the rule, but would undermine its purpose—as set forth in the Advisory Committee Notes Corizon cites—of allowing "counsel for both sides to make the same realistic appraisal of the case . . . based on knowledge and not speculation." For example, the declarations page

provides no means to determine whether an exclusion might apply to the claim at issue and preclude coverage under the policy.

Neither does case law support Corizon's argument. *Meredith v. United Collection Bureau, Inc.*, No. 1:16CV1102, 2016 WL 6649279, at *6 (N.D. Ohio Nov. 10, 2016), which Plaintiff cites as authority for production of the entire policy, does not stand alone. *See Regalado v. Techtronic Indus. N. Am., Inc.*, No. 3:13-cv-4267-L, 2015 WL 10818616, at *2 (N.D. Tex. Feb. 24, 2015) ("Rule 26(a)(1)(A)(iv)'s production requirement . . . is absolute, and does not require a showing of relevance and is not satisfied by production of a declarations pages [sic]" (internal quotation marks and citations omitted); *Georgia-Pacific Consumer Prods. LP v. NCR Corp.*, No. 1:11-cv-483, 2014 WL 12136527, at *1 (W.D. Mich. Oct. 30, 2014) (stating that Rule 26(a)(1)(A)(iv) "has long required parties to provide for inspection and copying of any insurance agreement—meaning insurance *policies*"); *Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, at *2 (N.D. Cal. Feb. 1, 2008) (noting that "the plain language of the rule requires a party to disclose, and to provide for inspection, 'any insurance agreement,' not just the declarations page of the policy"); *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T17, 2007 WL 2875223, at *1 (M.D. Fla. Oct. 3, 2007) ("By its plain language, this provision requires the disclosure of the 'insurance agreement' itself—the declaration pages and the assurance that Chautauqua has sufficient liability insurance limits to cover the Plaintiff's claims are not sufficient"); *Gaines-Hanna v. Farmington Publ. Sch. Dist.*, No. 04-CV-74910, 2006 WL 891434, at *2 (E.D. Mich. Mar. 31, 2006) (holding that the defendants' disclosure of the names of their insurance carriers and the relevant policy numbers, along with an assurance that insurance coverage was sufficient to cover any judgment, was insufficient; disclosure of the entire insurance agreement is required); *cf. Silver v. Bad Boy Enters., LLC*, No. 4:12-CV-5, 2013 WL 1187962, at *1 (M.D. Ga. Mar. 21,

2013) ("It is undisputed that BBE produced a copy of the applicable policy, including the declarations page showing the policy limits as of the date that the policy was issued. The Court finds that BBE has satisfied the requirements of Rule 26(a)(1)A)(iv).").

Accordingly, the Court will order Corizon to produce a copy of the entire insurance policy to Plaintiff.

Plaintiff also requests that the Court order Corizon to pay Plaintiff's reasonable expenses incurred in making this motion pursuant to Rule 37(a)(5)(A). The rule provides that, if the court grants a motion to compel, it must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, in making the motion. A court must not order payment if any condition set forth in Rule 37(a)(5)(A)(i)–(iii) is satisfied. Corizon argues that its nondisclosure of the complete policy was substantially justified, particularly in light of the fact that Plaintiff "found only one (1) unpublished, nonbinding opinion that appears to support her position." (ECF No. 73 at PageID.810.) Given the plain language of the rule, as well as a plethora of cases within and without the Sixth Circuit establishing that a disclosing party must produce the entire insurance policy and not simply the declarations pages, the Court concludes that Corizon's position was not substantially justified. Accordingly, Plaintiff is entitled to his reasonable expenses.

Therefore, within **14 days**, Corizon shall produce to Plaintiff for inspection and copying the entire Lone Star Alliance Professional Liability Policy. Corizon shall pay Plaintiff his reasonable expenses incurred in making this motion, including attorney's fees. If the parties cannot agree upon this amount within **seven days** of the date of this Order, Plaintiff shall file within **14 days** of this order an affidavit and any supporting papers identifying the expenses it

seeks.   Corizon shall have **14 days** thereafter to respond.   The Court will decide the matter on the papers unless it believes a further hearing is necessary.

**IT IS SO ORDERED.**

Dated: July 7, 2020                                                     /s/ Sally J. Berens
                                                                        SALLY J. BERENS
                                                                        U.S. Magistrate Judge