UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES,

    Plaintiff,                                    Case No. 1:20-cv-36

v.                                             Honorable Hala Y. Jarbou

KENT COUNTY, et al.,

    Defendants.

_____/

## ORDER

Plaintiff brings this action under federal and state law on behalf of the estate of Wade Jones, who died from alcohol withdrawal while in the custody of Kent County. Some of the defendants named in the complaint are Corizon Health, Inc. and several of Corizon's employees (collectively, the "Corizon Defendants"). The Corizon Defendants filed a motion to dismiss for failure to state a claim, and the magistrate judge has recommended that the Court grant the motion in part and deny it in part. (*See* R&R, ECF No. 86.) Before the Court are the Corizon Defendants' objections to the R&R (ECF No. 87).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### I. Objection 1: Mich. Comp. Laws § 600.2955a

First, Defendants object to the magistrate judge's determination that the defense to liability in Mich. Comp. Laws § 600.2955a does not necessarily apply to the facts alleged in the complaint. That statute provides an "absolute defense" to liability if the individual seeking damages for injury or death had an "impaired ability to function" due to the consumption of alcohol, and if, "as a result of that impaired ability, the individual was 50% or more the cause of the . . . event that resulted in the death or injury." Mich. Comp. Laws § 600.2955a(1). An "impaired ability to function" means that "the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed [alcohol]." *Id.* § 600.2955a(2)(b). An individual is "presumed" to have an impaired ability to function if their blood alcohol level exceeds the legal limit specified in Mich. Comp. Laws § 257.625(1)(b), which at the time of Jones' death was 0.08 grams per 100 milliliters of blood or per 210 liters of breath. *See* Mich. Comp. Laws § 600.2955a(b).

The presumption of impaired ability to function applies to this case because Plaintiff alleges that Jones' blood alcohol level exceeded the legal limit in Michigan on the day that Defendants took custody of him. (Compl. ¶ 58, ECF No. 1.) However, the magistrate judge correctly noted that this presumption is "rebuttable, not conclusive." (R&R 9.) She also referenced allegations in the complaint which suggest that, despite Jones' blood alcohol level, his ability to function was not impaired. Among other things, at Jones' sentencing hearing, the sentencing judge noted that Jones did not appear to be intoxicated; the judge speculated that Jones had acquired a tolerance to alcohol. (Compl. ¶ 62.) In addition, a nurse who screened Jones for his intake at the Kent County Correctional Facility (KCCF) just a few hours later noted that Jones had "normal gait, normal breathing, no tremors, no sweating," and "[no] confus[ion] and/or disorient[ation]."

2

(*Id.* ¶ 72.) These allegations suffice to overcome the presumption of impairment at the pleading stage.

Defendants make much of the fact that Plaintiff also alleged that Jones presented to KCCF as "acutely intoxicated," "exhibiting signs of alcohol intoxication, and exuding the odor of alcohol." (*See* Compl. ¶¶ 69, 78.) But these allegations do not require the Court to infer that Jones' ability to function was impaired, i.e., that his ability to react was diminished. For instance, exuding the odor of alcohol may be a sign of intoxication, but it does not imply, let alone concede, that Jones' ability to react was diminished. Furthermore, construing the allegations in the light most favorable to Plaintiff, as the Court must, the Court reads the term "intoxication" in the complaint as simply referring to the fact that Jones had consumed a significant quantity of alcohol; the Court does not read it as an admission that Jones' ability to function was impaired. Thus, this is not a situation in which the absolute defense to suit is apparent from the face of the complaint.

Defendants also question the magistrate judge's statement that Jones was "solely responsible" for his alcohol withdrawal, but that he was not necessarily "50% or more" the cause of the "event" resulting in his death. (R&R 10.) Defendants claim that the "event" that resulted in Jones' death was the alcohol withdrawal, as in *Harbour v. Correctional Medical Services, Inc.*, 702 N.W.2d 671 (Mich. Ct. App. 2005), where an arrestee died from alcohol withdrawal in a jail cell. Defendants argue that, if Jones was solely responsible for the alcohol withdrawal, then it necessarily follows that he was more than 50% responsible for the event resulting in his death.

However, the magistrate judge noted that *Harbour* relied on an erroneous interpretation of the causation requirement in Mich. Comp. Laws § 600.2955a. The court of appeals believed that this statute required the plaintiff to show that the event causing death was "the one most immediate, efficient, and direct cause" of that death. *Harbour*, 702 N.W.2d at 678 (quoting *Robinson v.*

3

*Detroit*, 613 N.W.2d 307, 311 (Mich. 2000)).  In a different court of appeals case, Judge Bandstra noted that Mich. Comp. Laws § 600.2955a does not refer to "the proximate cause"; "[i]nstead [it] limits its protection to situations in which the plaintiff 'was 50% or more the cause of . . . the event that resulted in the . . . injury.'"  *Beebe v. Hartman*, 807 NW.2d 333, 342 (Mich. Ct. App. 2010) (Bandstra, J., concurring).  "Thus, for the statute to apply, a plaintiff's alcohol impairment need not be 'the one proximate cause' of the event giving rise to an injury; it is sufficient if a plaintiff's impairment, *considered alongside any other proximate causes*, constituted 50 percent or more of the cause of the event resulting in the injury."  *Id.* (emphasis added).  The Michigan Supreme Court approved Judge Bandstra's analysis on appeal.  *See Beebe v. Hartman*, 798 N.W.2d 513 (Mich. 2011) ("*Beebe II*").

*Beebe* is also instructive because it permitted the plaintiff to proceed on a theory that medical malpractice can be an "event" causing injury.  In that case, the plaintiff was involved in a snowmobile accident while intoxicated, resulting in leg injuries.  *Beebe*, 807 N.W.2d at 335.  After undergoing surgery on his leg, he developed "compartment syndrome," which caused additional problems.  *Id.*  He sued his treating physicians for failing to diagnose and treat his compartment syndrome.  *Id.*  The trial court initially determined that the relevant "event" under Mich. Comp. Laws § 600.2955a was the snowmobile accident.  The Court of Appeals disagreed, concluding that the injury that formed the basis for the plaintiff's claim was the "pain and contracture of the toes of the plaintiff's right foot."  *Beebe*, 807 N.W.2d at 339.  And  "[t]he one particular accident or event that resulted in the pain and the contracture of plaintiff's right foot was defendants' alleged medical malpractice, not the snowmobile accident."  *Id.*

What all this means for the present case is that there may have been more than one cause of Jones' death.  Alcohol withdrawal was clearly one cause, but *Beebe* and *Beebe II* instruct that

4

the Court does not look at the single most immediate and direct cause, it looks at all the proximate causes (including the conduct of Defendants, if applicable) and determines whether Jones' impairment was 50 percent or more the cause of the event resulting in his death. The Court agrees with the magistrate judge that Plaintiff's allegations do not establish that Jones' impairment was 50 percent or more responsible for the event leading to his death.

Defendants also take issue with the magistrate's assertion that gross negligence can constitute a superseding proximate cause. Regardless, that discussion is dicta. It does not change the fact that Plaintiff's complaint pleads enough at this stage to overcome Defendants' defense under § 600.2955a. Accordingly, the Court will deny Defendants' first objection.

## II. Objection 2: Negligence v. Medical Malpractice

Defendants next argue that the magistrate judge should have dismissed Plaintiff's ordinary negligence claims concerning the allegedly empty oxygen tank and the uncharged automated external defibrillator (AED) that Defendants attempted to use on Jones before he died. Defendants argue that these claims sound in medical malpractice rather than ordinary negligence. However, the magistrate judge reasonably determined that the claims sound in negligence because maintaining the oxygen level of an oxygen tank and maintaining an adequate charge on an AED are within the common knowledge of the jury, citing *Wilson v. Stilwill*, 309 N.W.2d 898, 907 (Mich. 1981) (distinguishing ordinary negligence claims for which expert testimony is unnecessary, from medical malpractice claims, for which expert testimony is necessary). Defendants insist that expert testimony is necessary to explain how AEDs function and should be used, but the Court agrees with the magistrate judge that discovery can and should proceed to flesh out these issues. Defendants can raise the matter again later in the case if necessary.

### III.  Objection 3:  Municipal Liability – Failure to Train

Finally, Defendants complain that the magistrate judge has allowed Plaintiff's failure-to-train claim to proceed against Corizon,[1] even though Plaintiff has alleged only a single incident involving a possible constitutional violation by Corizon's employees.  Defendants contend that a pattern of conduct is necessary to put Corizon on notice of a shortcoming in its training practices.  However, Defendants fail to grapple with the magistrate judge's reliance on case law holding that a single incident can suffice to state a failure-to-train claim where the potential for harm due to a lack of training is obvious.  *See, e.g.*, *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) ("'[A] single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability.'" (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 409 (1997))).  Here, Plaintiff's allegations concern the treatment of a detainee suffering from acute alcohol withdrawal.  As the magistrate judge noted, "jails are likely to encounter inmates who are intoxicated and/or experiencing alcohol withdrawal.  The need for such training is thus foreseeable."  (R&R 19.)  In other words, jail staff are likely to encounter detainees suffering from alcohol withdrawal on a recurring basis.  Plaintiff has plausibly alleged that Corizon's failure to train staff in the proper management and treatment of intoxicated detainees presents an obvious potential for a violation of a detainee's constitutional rights.  Thus, Defendants' objection is unsupported.

In summary, the Court discerns no error in the R&R warranting a different disposition of Defendants' motion to dismiss.  Accordingly,

---

[1] Municipal liability applies to private corporations like Corizon.  *See Street v. Corrs. Corp. of Am.,* 102 F.3d 810, 817-18 (6th Cir. 1996).

**IT IS ORDERED** that Defendants' objections to the R&R (ECF No. 87) are **DENIED** and the R&R (ECF No. 96) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that, for the reasons herein and in the R&R, Defendants' motion to dismiss (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against Defendant Byrne is **DISMISSED**. In all other respects, the motion to dismiss is denied.

Dated:   November 5, 2020                          /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   UNITED STATES DISTRICT JUDGE