**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                  Case No: 1:20-cv-36
                                  Hon. Judge Paul L. Maloney
        Plaintiff,               Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

        Defendants.

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>Attorney for Plaintiff<br>29000 Inkster Rd., Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com<br><br>VARNUM LAW<br>Timothy Eagle (P38183)<br>Attorney for Kent County Defendants<br>P.O. Box 352<br>Grand Rapids, MI 49501<br>(616) 336-6000<br>teeagle@varnumlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin K. Scarber (P64532)<br>Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;<br>Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa<br>Furnace, R.N.; Chad Richard Goetterman, R.N.;<br>James August Mollo, L.P.N.; Joanne Sherwood, N.P.;<br>and Janice Steimel, L.P.N.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com |

**DEFENDANTS CORIZON HEALTH, INC.; TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNACE, R.N.; DAN CARD, L.P.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N..; AND LYNNE FIELSTRA, L.P.N.'S EXPERT DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)(A)**

NOW COME Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; JANICE

STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNACE, R.N.; DAN CARD,

L.P.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; and

LYNNE FIELSTRA, L.P.N (hereinafter the "Corizon Defendants"), by and through their

attorneys, CHAPMAN LAW GROUP; and for their Expert Disclosures pursuant to Fed. R. Civ.

P. 26(a)(2)(A), state as follows:

## RETAINED EXPERT WITNESSES

1.  **Kimberly Pearson, M.H.A., M.B.A., R.N., CCHP (Retained Expert – Nursing)**
    c/o Chapman Law Group

    Subject of information: Ms. Pearson will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her opinions formed based on her review of the medical records, deposition testimony, and other evidence. Ms. Pearson will provide an expert report in accordance with the Federal Rules and this Court's scheduling order.

    Ms. Pearson will provide expert testimony regarding the standard of care of a licensed registered nurse and a licensed practical nurse in support of Defendants Melissa Furnace, R.N.; Teri Byrne, R.N.; Dan Card, L.P.N.; Chad Goetterman, R.N.; Janice Steimel, L.P.N.; James Mollo, L.P.N.; and Lynne Fielstra, L.P.N., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs.

    Ms. Pearson will provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

2.  **Cynthia Hadden, R.N. (Retained Expert – Nursing)**
    c/o Chapman Law Group

    Subject of information: Ms. Hadden will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her opinions formed based on her review of the medical records, deposition testimony, and other evidence. Ms. Hadden will provide an expert report in accordance with the Federal Rules and this Court's scheduling order.

    Ms. Hadden will provide expert testimony regarding the standard of care of a licensed registered nurse and a licensed practical nurse in support of Defendants Melissa Furnace, R.N.; Teri Byrne, R.N.; Dan Card, L.P.N.; Chad Goetterman, R.N.; Janice Steimel, L.P.N.; James Mollo, L.P.N.; and Lynne Fielstra, L.P.N., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs.

    Ms. Hadden may also provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

3. **Margaret Migaud, DNP, FNP, PMHNP-BC, CCHP (Retained Expert – Nurse Practitioner)**
c/o Chapman Law Group

Subject of information: Margaret Migaud will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her opinions formed based on her review of the medical records, deposition testimony, and other evidence. Ms. Migaud will provide an expert report in accordance with the Federal Rules and this Court's scheduling order.

Ms. Migaud will provide expert testimony regarding the standard of care of a licensed nurse practitioner in support of Defendant Joanne Sherwood, N.P., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs.

Ms. Migaud will provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

4. **Edward A. Jouney, D.O., F.A.S.A.M. (Retained Expert – Addictions Medicine and Detoxification)**
c/o Chapman Law Group

Subject of information: Dr. Jouney will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding his opinions formed based on his review of the medical records, deposition testimony, and other evidence. Dr. Jouney will provide an expert report in accordance with the Federal Rules and this Court's scheduling order.

Dr. Jouney will further provide testimony regarding Mr. Jones' history of intoxication, alcohol abuse, his underlying medical conditions, the effects that Wade Jones' alcohol abuse had on his body, alcohol withdrawal symptoms, the process of alcohol withdrawal, and that his alcohol withdrawal was recognized by Defendants and appropriate treatment and medications were implemented for his condition. He will also testify regarding proximate cause. He will analyze Mr. Jones' medical records, selected transcripts, and documents commonly reviewed by Alcohol and Drug Abuse Experts.

5. **Brian Williamson, M.D. (Retained Expert – Cardiology)**
c/o Chapman Law Group

Subject of information: Dr. Williamson will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding his opinions formed based on his review of the medical records, deposition testimony, and other evidence. Dr. Williamson will provide an expert report in accordance with the Federal Rules and this Court's scheduling order.

Dr. Williamson will further provide testimony regarding Mr. Jones' history of alcohol abuse, his underlying medical conditions, his cardiac function, his alcohol withdrawal

symptoms, his presentation on physical exams, the effects that Wade Jones' alcohol abuse had on his body, and that he was provided appropriate treatment. He will also testify regarding proximate cause and will counter the anticipated testimony of Plaintiff's cardiac expert, including that the cause of Jones' deterioration and death was related to his chronic alcohol abuse and was not due to alleged failures by Defendants. He will analyze Mr. Jones' medical records, selected transcripts, and documents.

## **NON-RETAINED EXPERT WITNESSES**

6.    **Defendant Teri Byrne, R.N.**
      c/o Chapman Law Group

Ms. Byrne will testify regarding her involvement in Mr. Jones' medical care, as reflected in the medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to her and that Defendant complied with and did not breach the applicable standard of care.

7.    **Defendant Janice Steimel, R.N.**
      c/o Chapman Law Group

Ms. Steimel will testify regarding her involvement in Mr. Jones' medical care, as reflected in the medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to her and that Defendant complied with and did not breach the applicable standard of care.

8.    **Defendant Joanne Sherwood, N.P.**
      c/o Chapman Law Group

N.P. Sherwood will testify regarding her involvement in Mr. Jones' medical care, as reflected in the medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to her and that Defendant complied with and did not breach the applicable standard of care.

4

9.  **Defendant Melissa Furnace, R.N.**
    c/o Chapman Law Group

Ms. Furnace will testify regarding her involvement in Mr. Jones' medical care, as reflected in the medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to her and that Defendant complied with and did not breach the applicable standard of care.

10.  **Defendant Dan Card, L.P.N.**
     c/o Chapman Law Group

Mr. Card will testify regarding his involvement in Mr. Jones' medical care, as reflected in the medical records. He will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding his examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to him for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to him and that Defendant complied with and did not breach the applicable standard of care.

11.  **Defendant James August Mollo, L.P.N.**
     c/o Chapman Law Group

Mr. Mollo will testify regarding his involvement in Mr. Jones' medical care, as reflected in the medical records. He will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding his examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to him for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to him and that Defendant complied with and did not breach the applicable standard of care.

12.  **Defendant Chad Richard Goetterman, R.N.**
     c/o Chapman Law Group

Mr. Goetterman will testify regarding his involvement in Mr. Jones' medical care, as reflected in the medical records. He will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding his examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to him for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to him and that Defendant complied with and did not breach the applicable standard of care.

**13.** **Defendant Lynn Fielstra, L.P.N.**
c/o Chapman Law Group

Ms. Furnace will testify regarding her involvement in Mr. Jones' medical care, as reflected in the medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Mr. Jones, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones' medical records, including facts and opinions set forth therein.

Defendant will testify as to the applicable standard of care as it applied to him and that Defendant complied with and did not breach the applicable standard of care.

**14.** **Yasim Yacob, M.D.**
c/o Chapman Law Group

Dr. Yacob will testify regarding Mr. Jones' medical care, as reflected in the Kent County Jail, Life EMS, and Spectrum Hospital medical records. He will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding Mr. Jones' examinations, assessments, and treatment, including facts and opinions set forth therein. He will also testify to proximate cause.

Dr. Yacob will provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

**15.** **Alice Clevenger, R.N.**
c/o Chapman Law Group

Ms. Clevenger will provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

**16.** **Penny Johnson, R.N.**
c/o Chapman Law Group

Ms. Johnson will provide testimony regarding Corizon's policies, procedures, customs and practices, training program, onboarding program, orientation processes, and compliance with NCCHC standards.

**17.** **Megan K. Collison, P.A.C.**
c/o Metro Health, 5900 Byron Center Ave. SW, Wyoming, MI 49519

Ms. Lawrence will testify regarding her involvement in Mr. Jones' medical care, as reflected in her medical records. She will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705 regarding her examination, assessment, and treatment of Ms. Alexander, as well as regarding information that Mr. Jones reported to her for purposes of medical treatment and regarding Mr. Jones medical records, including facts and opinions set forth therein

18. **Stephen D. Cohle, M.D.**
c/o Office of the Medical Examiner, Kent County, 700 Fuller, NE, Grand Rapids, MI 49503

Subject of information: Information related to Plaintiff's Decedent's autopsy and information he has concerning the death of Wade Jones.

19. **Any expert identified by any other party, whether or not that party calls the expert to testify.**

These witnesses will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705, including but not limited to information regarding their personal involvement in Mr. Jones' medical care, including the opinions they formed at the time of their involvement. They also will testify regarding Mr. Jones' medical records that are related to their involvement, including facts and opinions set forth therein.

20. **Any medical treater identified in Mr. Jones' medical records.**

These non-retained witnesses will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705, including but not limited to information regarding their personal involvement in Mr. Jones' medical care, including the opinions they formed at the time of their involvement. They also will testify regarding Mr. Jones' medical records that are related to their involvement, including facts and opinions set forth therein.

21. **Any medical treater identified in depositions, identified in written discovery, and/or otherwise identified during the course of discovery.**

These non-retained witnesses will offer expert testimony pursuant to Fed. R. Evid. 702, 703, and/or 705, including but not limited to information regarding their personal involvement in Mr. Jones' medical care, including the opinions they formed at the time of their involvement. They also will testify regarding Mr. Jones' medical records that are related to their involvement, including facts and opinions set forth therein.

22. **Any and all necessary rebuttal witnesses.**

23. **Any and all witnesses (lay and expert) listed by Plaintiff, whether or not they are called to testify at trial.**

24. **Defendants herein reserve the right to supplement and/or amend this expert disclosure as well as their witness list.**

7

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: November 13, 2020

/s/Devlin Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

8