UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,                    Case No.: 1:20-cv-00036

    v.                             Hon. Judge Hala Y. Jarbou

                                     Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

        Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI  48034 | Attorney for Defendants, |
| Direct (248) 234-9828 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

_____/

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE AT TRIAL

Pursuant to the Federal Rules of Evidence 104(a), 402, 403, 404, 609 and 702, Plaintiff, Charles Jones, as Personal Representative of the Estate of Wade Jones, moves this Honorable Court to enter an Order in Limine precluding the Defendants, and their counsel, from referencing and presenting any evidence or testimony regarding:

    1.      Any dismissed parties and claims;

2.     Wade Jones's prior alcohol-related arrest and conviction from 2002;

3.     Plaintiff's abandoned economic damages claim and Wade Jones's failure to file or pay income taxes; and

4.     The legal conclusions by Defendants' expert witnesses that: 1) Defendants' conduct did not amount to deliberate indifference [to a serious medical need], or 2) Wade Jones had an "impaired ability to function" due to alcohol.

Plaintiff conferred in good faith with Defendants in seeking concurrence for the relief sought in this motion, as well as several other evidentiary matters that were agreed upon and resolved. The above issues remain in controversy. Plaintiff relies upon his accompanying Brief in Support of Motion his in Limine to Exclude Testimony and Evidence at Trial.

Respectfully submitted,

BUCKFIRE LAW FIRM

By:     /s/  Jennifer G. Damico
         JENNIFER G. DAMICO (P51403)
         Attorney for Plaintiff
         29000 Inkster Road, Suite 150
         Southfield, MI 48034
         Direct (248) 234-9828
         Main (248) 569-4646
         Fax (248) 281-1886
         jennifer@buckfirelaw.com

June 30, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,                   Case No.: 1:20-cv-00036

     v.                               Hon. Judge Hala Y. Jarbou

                                    Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

        Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI  48034 | Attorney for Defendants, |
| Direct (248) 234-9828 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE TESTIMONY AND EVIDENCE AT TRIAL**

## I.   INTRODUCTION

Plaintiff's decedent, Wade Jones (Jones), died from complications of acute

alcohol withdrawal syndrome while serving a 5-day sentence at the Kent County

Correctional Facility (jail) in April of 2018 (ECF No. 147, PageID. 3179). It is

uncontested Jones alcohol withdrawal deteriorated into the serious condition of

delirium tremens and that he suffered a cardiac arrest while in the jail infirmary on the morning of April 27, 2018. He never regained consciousness, was determined to have brain functioning incompatible with life, and died on May 4, 2018.

On April 29, 2022, this Honorable Court issued its Opinion and Order, granting in part, and denying in part, Defendants' Motions for Summary Judgment. (ECF No. 147) (ECF No. 148). Kent County and the individual corrections officers were dismissed with prejudice.[1]

The remaining claims against the Defendants are:

> Medical malpractice – against Defendants Corizon Health, Inc., Teri Byrne, RN, Janice Steimel, LPN, James August Mollo, LPN, Melissa Furnace, RN, Lynne Fielstra, LPN, Daniel Card, LPN, and Joanne Sherwood, NP; and

> 42 U.S.C. §1983– Violations of the Eighth Amendment, against Defendants, James August Mollo, LPN, Melissa Furnace, RN, Lynne Fielstra, LPN, Daniel Card, LPN, Joanne Sherwood, NP, and Chad Richard Goetterman, RN.

Plaintiff seeks an Order in Limine precluding the Defendants, and their counsel, from referencing and presenting any evidence or testimony regarding:

1.    Any dismissed parties and claims;

2.    Wade Jones's prior alcohol-related arrest and conviction from 2002;

3.    Plaintiff's abandoned economic damages claim and Wade Jones's failure to file or pay income taxes; and

---

[1] A stipulated order dismissing the remaining Kent County Defendant, Bryan Knott, was entered on May 5, 2022. (ECF No. 150).

> 4. The legal conclusions by Defendants' expert witnesses that: 1) Defendants' conduct did not amount to deliberate indifference [to a serious medical need], or 2) Wade Jones had an "impaired ability to function" due to alcohol, pursuant to M.C.L. §600.2955a.

## II.   STATEMENT OF FACTS

Plaintiff incorporates by reference the Statement of Facts from his Brief in Response to Defendants' Motion for Summary Judgment.  (ECF No. 136, PageID. 2779-2813).  Plaintiff further incorporates by reference this Court's Summary of Evidence, as stated in its Opinion regarding Defendants' Motion for Summary Judgment. (ECF No. 147, PageID. 3198-3224).

## III.   STANDARD OF REVIEW

Rule 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Asher*, 910 F.3d 853, 860 (6th Cir. 2018); *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 357 (6th Cir. 2007).

The key question in determining problems pertaining to relevancy is whether "an item of evidence, when tested by the processes of legal reasoning, possesses the sufficient probative value to justify receiving it in evidence" and the evidence relates to a material fact of the case. Fed. R. Evid. 401 advisory committee's note. If evidence is deemed relevant, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant. *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008); *Sutkiewicz*, 110 F.3d at 360 (quoting *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991)).

Lastly, undue prejudice is defined as "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Sutkiewicz*, 110 F.3d at 360 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996)).

## III.   ARGUMENT

### A.   Any Reference, Testimony or Evidence Regarding Dismissed Parties or Claims is Not Relevant and Should be Excluded.

Plaintiff maintains that testimony and evidence of claims and defendants that were dismissed with prejudice (either by stipulation or motion), are not relevant to the instant case and would only serve in confusing the jury and wasting time.

By way of its Summary Judgment Order, the Court dismissed the following:

- All claims against Kent County, and the individual Kent County officers;

- 42 U.S.C §1983 claim against Defendants, Teri Byrne, RN and Janice Steimel, LPN (Count III);

- 42 U.S.C §1983 claim against Corizon Health, Inc. – *Monell* Claim (Count IV);

- Defendant Chad Goetterman and all medical malpractice claims arising from events occurring after 6:00 a.m. on April 27, 2018, from Count V; and

- All negligence and gross negligence claims (Count VI).

(ECF No. 148).

Plaintiff anticipates that Defendants will attempt to shift responsibility to Kent County at trial as part of their defense.  Plaintiff takes no issue with Defendants trial strategy.  However, Defendants should be prevented from referring to the "empty chair" at trial.  That is, Defendants may argue that Kent County, and the individual

corrections officers (Kent County), were once parties in this action but are no longer parties. If Defendants are permitted to argue that Kent County is no longer in the case, the jury may infer that either: 1) Plaintiff settled "out-of-court" with Kent County and was already compensated; or 2) Plaintiff's claims against Kent County were meritless warranting dismissal by the Court. Both scenarios are inaccurate and create a risk of unfair prejudice to the Plaintiff. The same is true if Defendants are permitted to argue that Plaintiff pursued certain claims against the Defendants that were dismissed by the Court.

Evidence relating to previously dismissed claims and parties has minimal probative value and, if introduced, would create a significant risk of prejudice to Plaintiff and create undue delay in a trial will likely take at least 10 full days to complete. Respectfully, instructions from the Court explaining why certain claims and parties were dismissed, as a matter of law, and some were not, would not cure the potential for confusion.

In *Moore v. Bannon,* 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012), the plaintiff sought to exclude evidence of dismissed parties and claims, arguing that they were not relevant and would only serve to confuse the jury. *Moore,* 2012 U.S. Dist. LEXIS 81740, at *20 (Exhibit 1). In this police misconduct action, the defendant countered that the evidence was relevant in assessing the plaintiff's

credibility, in particular, his bias against police officers since he followed a "kitchen-sink style" approach to litigation, i.e., he sued everybody for everything. *Id.*

In analyzing rulings from other courts, the *Moore* Court stated that it was "common practice" to shield the jury from claims and issues dismissed on summary judgment. *Id.* at *21 (citations omitted). The court explained:

> Stated otherwise, motions in limine should be granted under these circumstances because such evidence has little to do with establishing credibility, and is of little probative value, but instead "carries significant risk of undue delay and waste of time . . ." that would fall under exclusion evidence in Rule 403.

*Id.* at *21-22 (quoting *L'Etoile v. New England Finish Systems, Inc.,* 575 F. Supp. 2d, 340 (D.N.H. 2008)).

The *Moore* Court concluded:

> That some claims and a defendant were dismissed pursuant to a motion for summary judgment is a normal occurrence that can be shielded from the jury. Plaintiff's filing of multiple or alternative claims that were dismissed as a matter of law does not speak to his credibility, but instead is a manifestation of proper pleading procedures discussed by Rule 8(d)(2). Regardless of whether the evidence is relevant, the evidence is excludable under Rule 403.

*Id.* (Citations omitted).

Like *Moore*, Plaintiff filed his complaint in good faith, in accordance with Fed. R. Civ. P. 8(d)(2), alleging multiple alterative theories and claims. Plaintiff stipulated to dismissal of some claims and parties in the natural course of litigation.

7

After vigorous discovery and motion practice, additional claims and parties were dismissed as a matter of law by the Court. There is no probative value in admitting evidence of these dismissed claims and parties. The evidence will only serve to confuse the jury, prolong the trial and cause the certain risk of severe prejudice to the Plaintiff. Accordingly, evidence relating to previously dismissed parties and claims should be excluded at trial.

### C. Any Reference, Testimony or Evidence of Wade Jones's Prior Alcohol-Related Arrest and Conviction is Not Relevant and Should be Excluded.

It is anticipated that Defendants will attempt to introduce evidence of Wade Jones's arrest and conviction for driving under the influence of alcohol from 2002 to demonstrate that Jones's bad character or to show that he abused alcohol since this 2002 arrest. Jones arrest and conviction for a misdemeanor, operating while under the influence of liquor (OUIL), 16 years before this incident, when he was 24 years old, will only serve to inflame the jury and could lead it to decide the case on impermissible grounds. (Exhibit 2, Montcalm County Sheriff's Department Records). Plaintiff maintains that the evidence has no probative value. That is, this arrest and conviction from 16 years ago, will make no fact in controversy any more or any less probable.

Jones was a chronic alcohol abuser. This fact is not in controversy. He had a serious medical condition that was deliberately disregarded and medically mismanaged by the Defendants.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime or wrong to prove "a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, because this conviction is more than ten years old, it can only be admitted if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

The exception to the exclusion of prior crimes or bad acts does not apply here. Pursuant to Rule 404(b), "a court may admit evidence of a defendant's 'other' or 'similar' bad acts or crimes only if the evidence is probative of a relevant fact, and not to show the defendant's 'character' or 'propensity' to commit bad acts." *United States v. Mack*, 258 F.3d 548, 552-53 (6th Cir. 2001) (quoting *United States v. Clemis*, 11 F.3d 597, 600 (6th Cir. 1993)). Relevant facts include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b); and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403." *United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017). Rule 403 states, "[t]he court may exclude relevant evidence if

its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *United States v. Ramer*, 883 F.3rd 659, 669 (6th Cir. 2018).

In *Bourgeois v. Strawn*, 452 F. Supp. 2d 696 (E.D. Mich. 2006), the plaintiff sought to exclude evidence of 8 prior felony convictions and 6 misdemeanors in a police misconduct action based upon excessive use of force. The crimes included larcenies, breaking and entering, driving while intoxicated, and possession of marijuana. 452 F. Supp. 696, 713. In ruling on the plaintiff's motion in limine:

> The Court finds no bases for the admission of such evidence other than for impeachment. The defendant has not suggested that the evidence is relevant for any other purpose. Certainly the evidence would tend to prove that the plaintiff had a general bad character, but that is not a proper purpose for the evidence. See Fed. R. Evid. 404(a). Rule 609 allows prior convictions to be used to impeach a testifying witness, including a trial witness in a civil case. **However, that rule limits the convictions to felonies and misdemeanors that include an element of dishonesty or false statement. See Fed. R. Evid. 609(a)(2). None of the crimes fall into the later category. Therefore, the misdemeanor convictions are not admissible for any proper purpose**, and the felonies are admissible if the Court determines that their probative value substantially outweighs their unfairly prejudicial effect. See Fed. R. Evid. 609(a)(1); 403.

*Id.* at 713. (Emphasis added).

Because Jones's conviction is a misdemeanor that is older than 10 years, it should not be used for any purpose during trial. Nonetheless, Defendants have the burden of

proof to demonstrate a proper purpose for its admission.  Then, they must further demonstrate that the probative value of this evidence, i.e., having a tendency to make a fact in controversy more probable or less probable, is *substantially outweighed* by its unfair prejudicial effect.  They cannot satisfy their burden.

Here, when Jones was arrested for 3rd degree retail fraud on April 13, 2018, he was given a citation, at the Meijer store in Walker, MI, with a notice to appear an arraignment on April 24, 2018. (ECF No.1, PageID. 13). At his arraignment hearing, 11 days after his arrest, Jones was sentenced to 5 serve days at the Jail, on the retail fraud charge. (ECF No.1-4, PageID. 118).   Jones's 2002 OUIL and 2018 retail fraud convictions are not "similar" or close enough in time to have any probative value to the issues at stake in this litigation.

Defendant may argue that the 2002 OUIL conviction establishes that Jones had been chronically drinking alcohol since he was 24. This 2002 arrest, *which is his only prior arrest*, is one moment in time.  It cannot establish a pattern of chronic alcohol abuse since age 24.

Again, Plaintiff is not contesting the fact that in April of 2018, Jones was a chronic alcohol abuser; a medical condition.  However, a drinking and driving offense has extremely negative implications on his character.  Implications that he cannot defend and implications that have the potential to enrage a jury.

Defendants cannot meet their burden of demonstrating a proper purpose for the admission of Jones's 2002 OUIL arrest and conviction that is substantially outweighed by the risk of unfair prejudice, and therefore, the evidence should be excluded.

### C.   Any Reference, Testimony or Evidence Regarding Plaintiff's Abandoned Economic Damages Claim and Wade Jones' Failure to File or Pay Income Taxes are Not Relevant and Should be Excluded.

Plaintiff originally plead economic damages including loss of support and earning capacity. (ECF No.1, PageID.37).  During discovery, Plaintiff, on behalf of the estate, decided to abandon his claim for economic damages. While no formal order for dismissal was entered, by February of 2021, Defendants knew that Plaintiff was no longer making an economic damages claim. (Exhibit 3, Deposition of Charles Jones, 12-13) (Exhibit 4, Deposition of Janice Jones, 34).

Plaintiff's decision was based upon two reasons.  First, Jones was single, had no dependents and none of the heirs relied on him for financial support. Second, Plaintiff was unable to obtain and compile Jones's personal and business financial records.  Jennifer Razzoog, Jones's longtime girlfriend, testified that she and Jones ran a company called Picture Time, LLC, a photobooth company. (Exhibit 5, Deposition of Jennifer Razzoog, 9-12).  Jones acquired the company in 2008.  *Id.* at 12.  Picture Time, LLC hosted photobooth sessions at weddings, graduations, corporates events and parties. *Id.* at 10.  Ms. Razzoog began working for Jones in 2014 and they ran the business together until his death in April of 2018. *Id.* at 9-12.

Ms. Razzoog testified that she was unable compile records documenting the number of jobs that Picture Time, LLC had completed from 2104 through April of 2018.  *Id.* at 20.  Essentially, she testified that she and Jones did not keep organized business records. *Id.* at 22.

Further, Ms. Razzoog testified that Jones was behind "a couple of years" on paying income taxes, but he paid a few years "at the same time."  *Id.* at 31.  She testified that she believes the last year he filed income taxes was 2017, but she was not certain.  *Id.*

No business records for Picture Time, LLC, nor Jones's personal income tax records were produced during litigation. Plaintiff is uncertain if Jones paid income taxes for himself or his business in the years prior to the incident.  As such, Plaintiff made the decision to relinquish any economic damages claim for lack of support and earning capacity.

For the same reasons that prior dismissed parties and claims should be excluded, any evidence that Plaintiff elected to abandon his economic damages claim is not relevant to any issues in the case.

With respect to Jones's alleged failure to file or pay income taxes, Plaintiff argues that there can be no proper purpose for the admission of this purported tax misconduct under Fed. R. Evid. 404(b).  The exception to the exclusion of prior crimes or bad acts does not apply here.  Again, "[T]o admit evidence under Rule

404(b), the trial court must follow three steps: (1) *make a preliminary determination that enough evidence exists that the prior act actually occurred*; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b); and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403." *United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017) (emphasis added).

First, and most importantly, any evidence that Jones's may or may not have filed income taxes is not relevant in this wrongful death case where Plaintiff is not seeking economic damages from Defendants.  Second, even if Defendants tendered a proper purpose under Rule 403, insufficient evidence exists as to whether Jones's committed any tax misconduct.  Third, assuming Defendants could assemble an argument for its admission, the evidence of Jones's alleged failure to file income taxes is more prejudicial than its slightest probative value.

Plaintiff filed his complaint in good faith, in accordance with Fed. R. Civ. P. 8(d)(2), alleging multiple alterative theories, claims and categories of damages. Plaintiff voluntarily abandoned his claim for economic damages when it was clear that he could not document the claim. Notably, Plaintiff would be precluded from presenting a claim for economic damages a trial under Fed. R. Civ. P. 26(a)(1)(A)(iii) for failing to provide a computation of the claim and the supporting documentation.  Plaintiff should not be punished for paring down his case for trial

where he knows a claim cannot be supported at trial.  Accordingly, the evidence should be excluded at trial.

> **D.  Any Reference, Testimony or Opinion by Defendants' Experts, That: 1) Defendants' Conduct Did Not Amount to Deliberate Indifference [to a Serious Medical Need], or 2) Wade Jones Had an "Impaired Ability to Function" Due to Alcohol, Should Be Excluded Because They Are Impermissible Legal Conclusions.**

In support of their defenses to Plaintiff's federal and state law claims, Defendants retained expert witnesses who provided the following opinions:

- Kimberly Pearson, RN - that the individual Defendants did not violate the standard of care in their treatment of Jones, and that they were not deliberately indifferent to his serious medical needs;[2]

- Edward Jouney, D.O. – that Jones's alcohol withdrawal was recognized and treated appropriately by Defendants, and that the proximate cause of his death was his chronic alcohol abuse and underlying medical conditions. In his report, Dr. Jouney opined that: "[O]n April 26, Mr. Jones began to manifest an impaired ability to function while in jail, due to his use of alcohol."[3]

- Brian D. Williamson, M.D. – that the cause of Jones's death was related to his chronic alcohol abuse and not due to failures by the Defendants;[4]

- Cynthia Hadden, RN – that the individual Defendants did not violate the standard of care in their treatment of Jones,

---

[2] Exhibit 6, Defendants' Rule 26(a)(2)(A) Expert Witness Disclosures and Exhibit 7, Pearson Rule 26(a)(2)(B) Report, 1.
[3] Exhibit 6 and Exhibit 8, Jouney Rule 26(a)(2)(B) Report, 3.
[4] Exhibit 6.

and that they were not deliberately indifferent to his serious medical needs[5]; and

- Margaret R. Migaud, DNP - that Defendant, Joanne Sherwood, NP, did not violate the standard of care of a licensed nurse practitioner in her treatment of Jones, and that she was not deliberately indifferent to his serious medical needs.[6]

In the Sixth Circuit, an expert's testimony may "embrace an ultimate issue" but "the issue embraced must be a factual one," not a legal one. *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) ("'deliberate indifference' is a legal term . . . . It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court."); ("The expert's testimony may not "define legal terms." *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 593 (6th Cir. 2014) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994)).  The *Berry* court explained:

> The expert can testify, if a proper foundation is laid, that the discipline in the Detroit Police Department was lax. He could also testify regarding what he believed to the be the consequences of lax discipline. **He may not testify, however, that the lax discipline policies of the Detroit Police Department indicated that the City was *deliberately indifferent* to the welfare of its citizens.**

*Id.* (Emphasis added).

---

[5] Exhibit 9, Hadden Rule 26(a)(2)(B) Report, 3.
[6] Exhibit 10, Migaud Rule 26(a)(2)(B) Report, 4.

In §1983 lawsuits, the Sixth Circuit continues to follow the rule in *Berry* barring any testimony that attempts to provide expert opinions about questions of law. *See Moore v. Bannon,* 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. June 13, 2012) (Exhibit 1); *Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009); *DeMerrell v. City of Cheboygan*, 206 Fed. Appx. 418, 426 (6th Cir. 2006) (Exhibit 11); *Bradley v. City of Ferndale*, 148 Fed. Appx. 499, 508 (6th Cir. 2005) (Exhibit 12); *Woods v. Lecureux*, 110 F.3d 1215, 1219 (6th Cir. 1997).

1.  Deliberate Indifference.

Defendants' nursing experts, Pearson, Hadden and Migaud, unequivocally concluded that the Defendants were not deliberately indifferent to Jones's serious medical needs.  While opinion testimony describing Defendants treatment of Jones that may permit the jury to form the conclusion on their own is permissible, providing the legal conclusion is not.  *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994).  Defendants' experts should be precluded from presenting any testimony or opinion as to whether Defendants were deliberately indifferent to Jones's serious medical needs.

2.  "Impaired Ability to Function."

Additionally, Defendants' expert witness, Edward Jouney, D.O., opined that "[O]n April 26, Mr. Jones began to manifest an impaired ability to function while in jail, due to his use of alcohol." (Ex. 8, 3).  It is anticipated that during trial,

Defendants will attempt to elicit similar testimony from their expert witnesses including Brian Williamson, M.D., their medical proximate cause expert witness.

M.C.L. §600.2955a is an absolute bar to Plaintiff's state law claims if: 1) Jones had an impaired ability to function due the influence of alcohol, and 2) that as result of his impaired ability to function, Jones was 50% or more the cause of the event that lead to his injury or his death. (ECF No. 147, PageID. 3248-49). An "impaired ability to function" is a legal conclusion defined by Michigan law. Like deliberate indifference, "[I]t is the responsibility of the court, not testifying witnesses, to define legal terms." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994).

Defendants' experts may opine as to what senses were impaired because of alcohol and how those impairments effected Jones's ability to function based upon the factual record and their expertise. However, they should be precluded from providing the ultimate legal conclusion that Jones had an impaired ability to function due to alcohol.

## IV. CONCLUSION

Wherefore, Plaintiff, Charles Jones, as Personal Representative of Wade Jones, respectfully requests this Honorable Court enter an Order in Limine precluding the Defendants, and their counsel, from referencing and presenting any evidence or testimony regarding:

1.      Any dismissed parties and claims;

2.      Plaintiff's abandoned economic damages claim and Wade Jones's failure to file or pay income taxes;

3.      Wade Jones's prior alcohol-related arrest and conviction from 2002; and

4.      The Legal Conclusions by Defendants' Experts, That: 1) Defendants' Conduct Did Not Amount to Deliberate Indifference [to a Serious Medical Need], or 2) Wade Jones Had an "Impaired Ability to Function" Due to Alcohol.

Respectfully submitted,

BUCKFIRE LAW FIRM

By:     /s/ Jennifer G. Damico
        JENNIFER G. DAMICO (P51403)
        Attorney for Plaintiff
        29000 Inkster Road, Suite 150
        Southfield, MI 48034
        Direct (248) 234-9828
        Main (248) 569-4646
        Fax (248) 281-1886
        jennifer@buckfirelaw.com

June 30, 2022

## LIST OF EXHIBITS

| | |
|---|---|
| Exhibit 1 | *Moore v. Bannon,* 2012 U.S. Dist. LEXIS 81740 (E.D. Mich. Jun. 13, 2012) |
| Exhibit 2 | Montcalm County Sheriff's Office Records |
| Exhibit 3 | Deposition Transcript, Charles Jones, partial |
| Exhibit 4 | Deposition Transcript, Janice Jones, partial |
| Exhibit 5 | Deposition Transcript, Jennifer Razzoog, partial |
| Exhibit 6 | Defendants' Rule 26(a)(2)(A) Disclosures |
| Exhibit 7 | Kimberly Pearson, RN Expert Report |
| Exhibit 8 | Edward Jouney, D.O. Expert Report |
| Exhibit 9 | Cynthia Hadden, RN Expert Report |
| Exhibit 10 | Margaret Migaud, RN Expert Report |
| Exhibit 11 | *DeMerrell v. City of Cheboygan*, 206 Fed. Appx. 418, 426 (6th Cir. 2006) |
| Exhibit 12 & 13 | *Bradley v. City of Ferndale*, 148 Fed. Appx. 499, 508 (6th Cir. 2005) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,                          Case No.: 1:20-cv-00036

      v.                                Hon. Judge Hala Y. Jarbou
                                     Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

      Defendants.
_____/

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI  48034 | Attorney for Defendants, |
| Direct (248) 234-9828 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

_____/

## **WORD COUNT CERTIFICATE OF COMPLIANCE**

In accordance with W.D. Mich. LCivR 7.3(b)(i) and (ii), the undersigned certifies that Plaintiff's Brief in Support of Motion in Limine to Exclude Testimony and Evidence at Trial is <u>3,955</u> words.  The software used to generate the word count is Microsoft® Word for Microsoft 365 MSO (Version 2205 Build 16.0.15225.20172) 64-bit.

                                               **/s/  Jennifer G. Damico**