## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

      Plaintiff,

v.

COUNTY OF KENT et al.

      Defendants.

---

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
*Attorney for Plaintiff*
29000 Inkster Rd., Ste. 150
Southfield, MI 48034
(248) 569-4646
jennifer@buckfirelaw.com

VARNUM LAW
Timothy Eagle (P38183)
Peter Smit (P27886)
Kyle Konwinski (P76257)
*Attorney for the Kent County Defendants*
P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000
teeagle@varnumlaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
*Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;*
*Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa*
*Furnace, R.N.; Chad Richard Goetterman, R.N.;*
*James August Mollo, L.P.N.; Joanne Sherwood, N.P.;*
*and Janice Steimel, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

---

## CORIZON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON POLICIES AND PROCEDURES AT TRIAL AS IRRELEVANT

NOW COME Corizon Defendants, by and through their attorneys, CHAPMAN LAW GROUP, and request this Honorable Court enter an Order precluding any reference to Corizon internal policies and procedures at trial as irrelevant because the Court has dismissed all *Monell* claims against Corizon, and internal policies and procedures do not establish the standard of care in medical malpractice actions.

1. In the Court's Opinion on Corizon Defendants' Motion for Summary Judgment, granting Corizon Defendants' motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**).

2. The Court's Opinion specifically dismissed all claims that Corizon failed to properly hire or train its employees or to put forward appropriate policies and procedures for addressing situations of alcohol withdrawal. (**ECF No. 147, PageID.3247**).

3. Under the holdings of *Gallagher v. Detroit-Macomb Hospital Asso.*, 171 Mich. App. 761, 768; 431 NW2d 90 (1988) and its progeny "internal policies of an institution, including a hospital, cannot be used to establish a legal duty in a negligence claim." *Zdrojewski v. Murphy*, 254 Mich. App. 50, 62; 657 NW2d 721 (Mich. Ct. App. 2002).

4. Any reference to Corizon's internal policies and procedures is not relevant to the claims or defenses, will only serve to confuse the jury, and presents substantial risk the jury will be misled to believe the internal policies and procedures establish the standard of care to be applied, unfairly prejudicing Corizon Defendants. Fed. R. Evid. 401 & Fed. R. Evid. 403.

5. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4; 105 S. Ct. 460, 463 n. 4; 83 L. Ed. 2d 443 (1984).

6. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time.

7.  For these reasons, as more fully outlined in the accompanying brief, this Court should grant Defendant's Motion *in Limine*, and preclude any reference to Corizon internal policies or procedures at trial.

8.  The undersigned attorney spoke with Plaintiff's counsel via telephone conference on June 28, 2022 explaining the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, CORIZON DEFENDANTS, respectfully requests this Court Grant this Motion *in Limine*, preclude any reference to Corizon internal policies and procedures at trial, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 30, 2022

/s/Devlin K. Scarber
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098, (248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

Plaintiff,

v.

COUNTY OF KENT et al.

Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 29000 Inkster Rd., Ste. 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| (248) 569-4646 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| jennifer@buckfirelaw.com | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| VARNUM LAW | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| Timothy Eagle (P38183) | *and Janice Steimel, L.P.N.* |
| Peter Smit (P27886) | 1441 West Long Lake Rd., Suite 310 |
| Kyle Konwinski (P76257) | Troy, MI 48098 |
| *Attorney for the Kent County Defendants* | (248) 644-6326 |
| P.O. Box 352 | rchapman@chapmanlawgroup.com |
| Grand Rapids, MI 49501 | dscarber@chapmanlawgroup.com |
| (616) 336-6000 | jbomber@chapmanlawgroup.com |
| teeagle@varnumlaw.com | |

---

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON POLICIES AND PROCEDURES AT TRIAL AS IRRELEVANT**

**PROOF OF SERVICE**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................iii

INDEX OF EXHIBITS .....................................................................................iv

STATEMENT OF ISSUES PRESENTED............................................................ v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................. vi

I.   STATEMENT OF RELEVANT FACTS ............................................................... 1

II.  LAW AND ARGUMENT .................................................................................. 1

   A.   Corizon's Internal Policies and Procedures Are Irrelevant to Plaintiff's Deliberate Indifference Claims Because the Court Has Already Determined That Corizon's Policies and Procedures Were Not the Driving Force Behind Plaintiff's Decedent's Alleged Deprivation of Medical Care.................................................................................................... 2

   B.   Corizon's Internal Policies and Procedures Are Irrelevant to Plaintiff's Medical Malpractice Claims and Will Confuse the Jury As To the Appropriate Standard Of Care To Be Applied, Prejudicing Corizon Defendants. ................................................................. 3

III. CONCLUSION ............................................................................................. 3

# INDEX OF AUTHORITIES

**CASES**                                                       **PAGE**

*Braswell v Corr. Corp. of Am.*, 419 F. App'x 622 (6th Cir. 2011) .................................................. 2

*Buczkowski v. McKay*, 441 Mich. 96; 490 NW2d 330 (Mich. 1992) ....................................... vi, 3

*Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987) .................................................. 2

*Gallagher v. Detroit-Macomb Hospital Asso.*, 171 Mich. App. 761; 431 NW2d 90 (1988) .... 2, vi

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844 (N.D. Ohio 2004)...................................................... vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436 (7th Cir.1997) ................................. vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) ............................................................ 1

*Luce v. United States*, 469 U.S. 38; 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984)...................... 2, vi, 2

*Ohler v. United States*, 529 U.S. 753 (2000) .................................................................................. 2

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246 (E.D. Mich. 1997)................................... 2

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999) .............................................................. 1

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991) .................................................................... 2

*Zdrojewski v. Murphy*, 254 Mich. App. 50; 657 NW2d 721 (Mich. Ct. App. 2002) ............ 2, vi, 3

**STATUTES**              **PAGE**

42 U.S.C. § 1983.............................................................................................................................. 2

**RULES**              **PAGE**

Fed. R. Evid. 401 ........................................................................................................................ 2, 3

Fed. R. Evid. 403 ..................................................................................................................... 2, vi, 3

## **INDEX OF EXHIBITS**

There are no exhibits included with this brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT GRANT DEFENDANTS' MOTION IN *LIMINE* AND PRECLUDE REFERENCE TO CORIZON INTERNAL POLICIES AND PROCEDURES AT TRIAL?

       Defendants Answer:           YES.

       Plaintiff Answers:            NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4; 105 S. Ct. 460, 463 n. 4; 83 L. Ed. 2d 443 (1984).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"In general, the standard required of physicians and nurses is that they possess and carefully apply such skill and learning as are ordinarily possessed by practitioners in their community. . . . It is not established by internal, administrative rules." *Gallagher v. Detroit-Macomb Hospital Asso.*, 171 Mich. App. 761, 768; 431 NW2d 90 (1988). "[I]nternal policies of an institution, including a hospital, cannot be used to establish a legal duty in a negligence claim." *Zdrojewski v. Murphy*, 254 Mich. App. 50, 62; 657 NW2d 721 (Mich. Ct. App. 2002) (citing *Buczkowski v. McKay*, 441 Mich. 96, 99, n. 1; 490 NW2d 330 (Mich. 1992)).

## I. STATEMENT OF RELEVANT FACTS

On April 29, 2022, the Court issued its Opinion on Defendants' Motions for Summary Judgment. (**ECF No. 147**). Granting Corizon Defendants' Motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**). The Court specifically addressed Plaintiff's claims that Corizon failed to properly hire or train its employees or to put forward appropriate policies and procedures for addressing situations of alcohol withdrawal:

> Although alcohol withdrawal is a recurring situation faced by staff at KCCF, Plaintiff **has not shown that Corizon failed to train its staff to handle these situations**, or that its training was so inadequate that it was deliberately indifferent to an obvious potential for a constitutional violation.
>
> \*\*\*
>
> Here, the undisputed evidence indicates that the individual Corizon Defendants were licensed medical staff. They were **aware of the seriousness** of alcohol withdrawal. They were **familiar with the use** of **instruments for monitoring vital signs**, with **the CIWA-Ar** for assessing the severity of withdrawal symptoms, and with **the need for medication to treat those symptoms**. They were also **aware that some circumstances might require transferring an inmate to a hospital** instead of keeping them at the infirmary.

(**ECF No. 147, PageID.3247**) (emphasis added).

## II. LAW AND ARGUMENT

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude

1

anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

**A. Corizon's Internal Policies and Procedures Are Irrelevant to Plaintiff's Deliberate Indifference Claims Because the Court Has Already Determined That Corizon's Policies and Procedures Were Not the Driving Force Behind Plaintiff's Decedent's Alleged Deprivation of Medical Care.**

As a private corporation Corizon cannot be held liable for deliberate indifference claims under a theory of *respondeat superior*. *Braswell v Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a 42 U.S.C. § 1983 claim against Corizon, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id*. "To satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994).

Here, the Court has already determined Plaintiff failed to establish a viable *Monell* claim against Corizon. "Thus, a jury could not reasonably conclude that Corizon was deliberately indifferent to the need for additional training regarding alcohol withdrawal." (**ECF No. 147, PageID.3248**). With all *Monell* claims against Corizon dismissed, any reference to internal

2

policies and procedures is irrelevant to Plaintiff's deliberate indifference claims. Any such reference should be precluded as the risk of confusion to the jury and unfair prejudice to Corizon Defendants substantially outweighs the de minimis probative value of the policies and procedures. Fed. R. Evid. 403.

**B. Corizon's Internal Policies and Procedures Are Irrelevant to Plaintiff's Medical Malpractice Claims and Will Confuse the Jury As To the Appropriate Standard Of Care To Be Applied, Prejudicing Corizon Defendants.**

Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time. Fed. R. Evid. 401 establishes evidence is relevant or probative if it has a tendency to make any fact more or less probable without the evidence and the fact is consequential to determination of the action. "[I]nternal policies of an institution, including a hospital, cannot be used to establish a legal duty in a negligence claim." *Zdrojewski v. Murphy*, 254 Mich. App. 50, 62; 657 NW2d 721 (Mich. Ct. App. 2002) (citing *Buczkowski v. McKay*, 441 Mich. 96, 99, n. 1; 490 NW2d 330 (Mich. 1992)).

Here, discussion of Corizon's internal policies and procedures at trial would not make any fact more or less likely and is inconsequential to the action, as internal policies and procedures cannot be used to establish the standard of care or legal duty applicable to Corizon Defendants. Allowing discussion of Corizon's internal policies and procedures would only server to confuse the jury as to what standard they are to apply and risks subjecting Corizon Defendants to the unfair prejudice of a jury applying an inapplicable standard to their conduct.

### III. <u>CONCLUSION</u>

All of Plaintiff's *Monell* liability claims against Corizon for unconstitutional policies and procedures have been dismissed. Corizon's internal policies and procedures cannot be used to

establish the applicable standard of care for Corizon Defendants. Accordingly, Corizon's internal policies and procedures are of minimal probative value and allowing them to be discussed at trial runs the substantial risk of confusing the jury into applying an improper standard. The Court should grant this Motion *in Limine*, precluding any reference to Corizon's internal policies and procedures at trial.

WHEREFORE, CORIZON DEFENDANTS, respectfully requests this Court Grant this Motion *in Limine*, preclude any reference to Corizon internal policies and procedures at trial, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 30, 2022                     /s/Devlin K. Scarber
                                         Ronald W. Chapman Sr., M.P.A.,
                                         LL.M. (P37603)
                                         Devlin Scarber (P64532)
                                         Jeffrey L. Bomber (P85407)
                                         Attorneys for Corizon Defendants
                                         1441 West Long Lake Rd., Suite 310
                                         Troy, MI 48098, (248) 644-6326
                                         rchapman@chapmanlawgroup.com
                                         dscarber@chapmanlawgroup.com
                                         jbomber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on June 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ Devlin K. Scarber
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

4