**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                  Case No: 1:20-cv-00036
                                  Hon. Judge Hala Y. Jarbou
     Plaintiff,              Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

     Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| *Attorney for Plaintiff* | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48034 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| (248) 569-4646 | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| jennifer@buckfirelaw.com | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| VARNUM LAW | *and Janice Steimel, L.P.N.* |
| Timothy Eagle (P38183) | 1441 West Long Lake Rd., Suite 310 |
| Peter Smit (P27886) | Troy, MI 48098 |
| Kyle Konwinski (P76257) | (248) 644-6326 |
| *Attorney for the Kent County Defendants* | rchapman@chapmanlawgroup.com |
| P.O. Box 352 | dscarber@chapmanlawgroup.com |
| Grand Rapids, MI 49501 | jbomber@chapmanlawgroup.com |
| (616) 336-6000 | |
| teeagle@varnumlaw.com | |

**DEFENDANT CORIZON HEALTH INC.'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON AT TRIAL AS IRRELEVANT**

NOW COME CORIZON DEFENDANTS by and through their attorneys, CHAPMAN LAW GROUP, and requests this Honorable Court enter an Order precluding any reference to Corizon at trial as irrelevant because the only claim remaining against Corizon is a vicarious medical malpractice claim and Corizon will stipulate to employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace.

1

1. In the Court's Opinion on Corizon Defendants' Motion for Summary Judgment, granting Corizon Defendants' motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**).

2. The Court's Opinion specifically dismissed all claims that Corizon failed to properly hire or train its employees or to put forward appropriate policies and procedures for addressing situations of alcohol withdrawal. (**ECF No. 147, PageID.3247**).

3. Following the Court's Opinion, the only allegation remaining against Corizon is that it is vicariously liable for the medical malpractice of its employees/agents and the only question of fact pertaining to Corizon is whether it employed Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace.

4. In cases of vicarious liability "the principal is only liable because the law creates a practical identity with his [agents], so that he is held to have done what they have done. Applying this analysis, defendant hospital can be held vicariously liable for the negligence of its employees and agents only." *Cox v Bd. Of Hosp. Managers*, 467 Mich. 1, 11-12; 651 NW2d 356 (2002). (internal citations omitted) (internal quotation marks omitted).

5. Corizon is willing to stipulate to employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace, obviating any need to discuss Corizon or its policies and procedures at trial.

6. With Corizon's stipulation in place, any further reference to Corizon at trial is irrelevant to the claims or defenses and will only serve to confuse the jury as to the issues they are to decide versus what has been established before trial and waste time at trial better allocated to litigating actual questions of fact. Fed. R. Evid. 401 and Fed. R. Evid. 403.

7. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4; 105 S. Ct. 460, 463 n. 4; 83 L. Ed. 2d 443 (1984).

8. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time.

9. For these reasons, as more fully outlined in the accompanying brief, this Court should grant Defendant's Motion *in Limine*, and preclude any reference to Corizon at trial.

10. The undersigned attorney spoke with Plaintiff's counsel via telephone conference on June 28, 2022 explaining the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant, CORIZON HEALTH INC., respectfully requests this Court Grant this Motion *in Limine*, preclude any reference to Corizon at trial, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 30, 2022

/s/Devlin K. Scarber
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098, (248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                    Case No: 1:20-cv-00036
                                                   Hon. Judge Hala Y. Jarbou
       Plaintiff,                                 Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

       Defendants.

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>*Attorney for Plaintiff*<br>29000 Inkster Rd., Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com<br><br>VARNUM LAW<br>Timothy Eagle (P38183)<br>Peter Smit (P27886)<br>Kyle Konwinski (P76257)<br>*Attorney for the Kent County Defendants*<br>P.O. Box 352<br>Grand Rapids, MI 49501<br>(616) 336-6000<br>teeagle@varnumlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>*Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.; James August Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANT CORIZON HEALTH INC.'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON AT TRIAL AS IRRELEVANT**

**PROOF OF SERVICE**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii
INDEX OF EXHIBITS ........................................................................................................... iv
STATEMENT OF ISSUES PRESENTED ............................................................................... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................ vi
I.   STATEMENT OF RELEVANT FACTS ........................................................................ 1
II.  LAW AND ARGUMENT ............................................................................................... 2
   A. Corizon's Proffered Stipulation to Employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace Obviates Any Need to Discuss Corizon or Its Policies and Procedures at Trial. ........................................................................................................ 2
   B. Discussing Corizon and Its Policies or Procedures at Trial Will Only Confuse the Jury As To the Issues They Are to Decide and Waste Time and Judicial Economy. ............................... 3
III. CONCLUSION ............................................................................................................... 4

# **INDEX OF AUTHORITIES**

**CASES**                                                                                                                                   **PAGE**

*Cox v Bd. Of Hosp. Managers*, 467 Mich. 1; 651 NW2d 356 (2002) ............................................ 2

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844 (N.D. Ohio 2004) ............................................................ vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436 (7th Cir.1997) .................................. vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) ................................................................ 2

*Luce v. United States*, 469 U.S. 38; 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984) ........................ 3, vi, 2

*Nippa v. Botsford Gen. Hosp.* 257 Mich. App. 387; 668 NW2d 628 (2003) ............................. 2, 3

*Ohler v. United States*, 529 U.S. 753 (2000) ................................................................................... 2

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246 (E.D. Mich. 1997) ................................... 2

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999) ................................................................. 2

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991) ..................................................................... 2

**RULES**                                                                                                                                   **PAGE**

Fed. R. Evid. 401 .......................................................................................................................... 2, 3

Fed. R. Evid. 403 .................................................................................................................. 2, 3, vi, 3

## **INDEX OF EXHIBITS**

There are no exhibits included with this brief.

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THIS COURT GRANT DEFENDANTS' MOTION IN *LIMINE* AND PRECLUDE REFERENCE TO CORIZON AT TRIAL.

    Defendants Answer:        YES.
    Plaintiff Answers:         NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997) Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4; 105 S. Ct. 460, 463 n. 4; 83 L. Ed. 2d 443 (1984).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

I. **STATEMENT OF RELEVANT FACTS**

On April 29, 2022, the Court issued its Opinion on Defendants' Motions for Summary Judgment. (**ECF No. 147**). Granting Corizon Defendants' Motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**). The Court specifically addressed Plaintiff's claims that Corizon failed to properly hire or train its employees or to put forward appropriate policies and procedures for addressing situations of alcohol withdrawal:

> Although alcohol withdrawal is a recurring situation faced by staff at KCCF, Plaintiff **has not shown that Corizon failed to train its staff to handle these situations**, or that its training was so inadequate that it was deliberately indifferent to an obvious potential for a constitutional violation.
>
> \*\*\*
>
> Here, the undisputed evidence indicates that the individual Corizon Defendants were licensed medical staff. They were **aware of the seriousness** of alcohol withdrawal. They were **familiar with the use** of **instruments for monitoring vital signs**, with **the CIWA-Ar** for assessing the severity of withdrawal symptoms, and with **the need for medication to treat those symptoms**. They were also **aware that some circumstances might require transferring an inmate to a hospital** instead of keeping them at the infirmary.

(**ECF No. 147, PageID.3247**) (emphasis added).

Following the Court's Opinion, the only allegation remaining against Corizon is that it is vicariously liable for the medical malpractice of its employees/agents and the only question of fact pertaining to Corizon is whether it employed Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace. Corizon is willing to stipulate to employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace.

## II.    LAW AND ARGUMENT

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

**A. Corizon's Proffered Stipulation to Employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace Obviates Any Need to Discuss Corizon or Its Policies and Procedures at Trial.**

Under the holdings of *Cox v. Bd. Of Hosp. Managers*, 467 Mich. 1, 11-12; 651 NW2d 356 (2002), and *Nippa v. Botsford Gen. Hosp.* 257 Mich. App. 387, 392; 668 NW2d 628 (2003), a Plaintiff who sues an institutional defendant such as Corizon must premise their claim on vicarious liability because the institution itself is incapable of negligence and can only be held vicariously liable for the negligent actions of its employees/agents. This vicarious liability is based on the law

2

of principal and agent and imposes a legal fiction where the institution as the principal is held to have done what its employee did as the agent. *Nippa*, 257 Mich App. at 391-392 (2003).

As the only claim remaining against Corizon is a vicarious medical malpractice claim alleging that Corizon is responsible for the allegedly negligent actions of Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace, the only question of fact remaining as to Corizon is whether it actually employed Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace. Corizon is willing to stipulate to employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace, obviating the need to discuss their employment with Corizon, or Corizon at all, at trial.

**B. Discussing Corizon and Its Policies or Procedures at Trial Will Only Confuse the Jury As To the Issues They Are to Decide and Waste Time and Judicial Economy.**

Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time. Fed. R. Evid. 401 establishes evidence is relevant or probative if it has a tendency to make any fact more or less probable without the evidence and the fact is consequential to determination of the action.

Here, discussion of Corizon at trial would not make any fact more or less likely and is inconsequential to the action, as Corizon is willing to stipulate to the only question of fact pertaining to it left for trial. There is nothing left to discuss. Allowing discussion of Corizon would only be unnecessarily duplicative and likely confuse the jury as to what issues they are to decide versus what issues have been determined prior to trial. This will lead to unnecessary delays and wasting of the Court and the parties' time.

### III.  **CONCLUSION**

The only claim remaining against Corizon is a vicarious liability claim for the alleged negligence of Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace. The only remaining question of fact as to Corizon is whether it employed Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace. Corizon is willing to stipulate that it employed Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace, obviating the need to discuss the issue at trial. With all factual questions pertaining to Corizon determined prior to trial, discussing Corizon at trial will only serve to confuse the jury and waste the Court's and the parties' time. The Court should grant this Motion *in Limine*, precluding any reference to Corizon at trial.

WHEREFORE, CORIZON DEFENDANTS, respectfully requests this Court grant this Motion *in Limine*, preclude any reference to Corizon at trial, and provide any and all such other relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: June 30, 2022 | /s/Devlin K. Scarber<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Corizon Defendants<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098, (248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

4

## **PROOF OF SERVICE**

I hereby certify that on June 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ Devlin K. Scarber
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com