**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

          Plaintiff,

v.

COUNTY OF KENT et al.

          Defendants.

Case No: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
*Attorney for Plaintiff*
29000 Inkster Rd., Ste. 150
Southfield, MI 48034
(248) 569-4646
jennifer@buckfirelaw.com

VARNUM LAW
Timothy Eagle (P38183)
Peter Smit (P27886)
Kyle Konwinski (P76257)
*Attorney for the Kent County Defendants*
P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000
teeagle@varnumlaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
*Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.; James August Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

**<u>CORIZON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON DEFENDANTS' TRAINING AND EMPLOYMENT RECORDS</u>**

NOW COME Corizon Defendants, by and through their attorneys, CHAPMAN LAW GROUP, and request this Honorable Court enter an Order precluding any reference to Corizon Defendant's employment records and the training received by the Corizon Defendant's at trial as irrelevant because the Court has dismissed all *Monell* claims against Corizon, and the training provided does not establish the standard of care in medical malpractice actions.

1. In the Court's Opinion on Corizon Defendants' Motion for Summary Judgment, granting Corizon Defendants' motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**).

2. The Court's Opinion specifically dismissed all claims that Corizon failed to properly hire or train its employees or to put forward appropriate policies and procedures for addressing situations of alcohol withdrawal. (**ECF No. 147, PageID.3247**).

3. Corizon is willing to stipulate to employing Defendants Byrne, Steimel, Sherwood, Mollo, Card, Fielstra, and Furnace, obviating any need to discuss Corizon or the employment records or training of these individuals. Any reference to the Corizon Defendant's employment records, or the training received by the Corizon Defendants which is detailed in employment records, is irrelevant to Plaintiff's claims and will only serve to confuse the jury and presents a substantial risk the jury will be misled to believe the training provided establishes the standard of care to be applied, unfairly prejudicing Corizon Defendants. Fed. R. Evid. 401 & 403.

4. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

5. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time.

6. For these reasons, as more fully outlined in the accompanying brief, this Court should grant Defendant's Motion *in Limine*, and preclude any reference to Corizon's internal policies or procedures at trial.

7. The undersigned attorney spoke with Plaintiff's counsel via telephone conference on June 28, 2022, explaining the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant, CORIZON HEALTH INC., respectfully requests this Court Grant this Motion *in Limine*, preclude any reference to Corizon's internal policies and procedures at trial, and provide any and all such other relief as the Court deems just and equitable.

                                                Respectfully submitted,
                                                CHAPMAN LAW GROUP

Dated: June 30, 2022                /s/Devlin Scarber
                                                Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                                Devlin Scarber (P64532)
                                                Jeffrey L. Bomber (P85407)
                                                Attorneys for Corizon Defendants
                                                1441 West Long Lake Rd., Suite 310
                                                Troy, MI 48098, (248) 644-6326
                                                rchapman@chapmanlawgroup.com
                                                dscarber@chapmanlawgroup.com
                                                jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                Plaintiff,

v.

COUNTY OF KENT et al.

        Defendants.

Case No: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| *Attorney for Plaintiff* | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48034 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.; James August Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.* |
| (248) 569-4646 | |
| jennifer@buckfirelaw.com | |
| | 1441 West Long Lake Rd., Suite 310 |
| VARNUM LAW | Troy, MI 48098 |
| Timothy Eagle (P38183) | (248) 644-6326 |
| Peter Smit (P27886) | rchapman@chapmanlawgroup.com |
| Kyle Konwinski (P76257) | dscarber@chapmanlawgroup.com |
| *Attorney for the Kent County Defendants* | jbomber@chapmanlawgroup.com |
| P.O. Box 352 | |
| Grand Rapids, MI 49501 | |
| (616) 336-6000 | |
| teeagle@varnumlaw.com | |

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO CORIZON DEFENDANTS' TRAINING AND EMPLOYMENT RECORDS**

**PROOF OF SERVICE**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

INDEX OF EXHIBITS ........................................................................................................... iv

STATEMENT OF ISSUES PRESENTED .............................................................................. v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT .............................. vi

I.    STATEMENT OF RELEVANT FACTS ............................................................................ 1

II.   LAW AND ARGUMENT ................................................................................................. 1

   A.   The training provided to the Corizon Defendants, as set forth in the Corizon Defendants' personnel files, is irrelevant to Plaintiff's deliberate indifference claims and the Court has already determined that Corizon provided adequate training. ...................................................... 2

   B.   The training provided by Corizon to the Corizon Defendants is irrelevant to Plaintiff's medical malpractice claims and will confuse the jury as to the appropriate standard of care to be applied, which would unfairly prejudice the Corizon Defendants. ......................................... 3

III.  CONCLUSION .............................................................................................................. 4

# **INDEX OF AUTHORITIES**

**CASES**

*Braswell v Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) ........................................ 2

*Buczkowski v McKay*, 441 Mich. 96, 99, n 1 (S.Ct. Mich. 1992) .................................................. 3

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987) ....................................................... 2

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ...................................................... 1

*Luce v. United States*, 469 U.S. 38, 41-42 (1984) ......................................................................... 2

*Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ................................................................... 2

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997).......................... 2

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ....................................................... 1

*United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991) ........................................................... 2

*Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488, 668 N.W.2d 402, (Mich. 1st Dist. Ct. Appeals 2003)............................................................................................................................ 3

*Zdrojewki v. Murphy*, 254 Mich. App. 50, 62 (1st Dist. Ct. App. Mich. Nov. 15, 2002) ............... 3

**STATUTES**

42 U.S.C. § 1983............................................................................................................................ 2

**RULES**

Fed. R. Evid. 401………………………………………………………………………………….3

Fed R. Evid. 403…………………………………………………………………………………..3

## **INDEX OF EXHIBITS**

There are no exhibits included with this brief.

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THIS COURT GRANT DEFENDANT'S MOTION IN *LIMINE* AND PRECLUDE REFERENCE TO THE CORIZON DEFENDANTS' EMPLOYMENT RECORDS OR THE TRAINING RECEIVED BY THE CORIZON DEFENDANTS?

    Defendant's Answer:               YES.
    Plaintiff Answers:                NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"In general, the standard required of physicians and nurses is that they possess and carefully apply such skill and learning as are ordinarily possessed by practitioners in their community. . . . It is not established by internal, administrative rules." *Gallegher v. Detroit-Macomb Hospital Asso.*, 171 Mich. App. 761, 766 (1st Dist. Ct. App. Mich. Oct. 3, 1988). "[I]nternal policies of an institution, including a hospital, cannot be used to establish a legal duty in a negligence claim." *Zdrojewki v. Murphy*, 254 Mich. App. 50, 62 (1st Dist. Ct. App. Mich. Nov. 15, 2002) (citing *Buczkowski v McKay*, 441 Mich. 96, 99, n 1 (S.Ct. Mich. 1992)).

## I.   STATEMENT OF RELEVANT FACTS

On April 29, 2022, the Court issued its Opinion on Defendants' Motions for Summary Judgment. (**ECF No. 147**). Granting Corizon Defendants' Motion in part, the Court dismissed all claims against Corizon except for Count V for medical malpractice. (**ECF No. 147, PageID.3251**). The Court specifically addressed Plaintiff's claims that Corizon failed to properly hire or train its employees:

> Although alcohol withdrawal is a recurring situation faced by staff at KCCF, Plaintiff **has not shown that Corizon failed to train its staff to handle these situations**, or that its training was so inadequate that it was deliberately indifferent to an obvious potential for a constitutional violation.
>
> \*\*\*
>
> Here, the undisputed evidence indicates that the individual Corizon Defendants were licensed medical staff. They were **aware of the seriousness** of alcohol withdrawal. They were **familiar with the use** of **instruments for monitoring vital signs**, with **the CIWA-Ar** for assessing the severity of withdrawal symptoms, and with **the need for medication to treat those symptoms**. They were also **aware that some circumstances might require transferring an inmate to a hospital** instead of keeping them at the infirmary.
> (**ECF No. 147, PageID.3247**) (emphasis added).

## II.   LAW AND ARGUMENT

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude

1

anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

**A. The training provided to the Corizon Defendants, as set forth in the Corizon Defendants' personnel files, is irrelevant to Plaintiff's deliberate indifference claims and the Court has already determined that Corizon provided adequate training.**

As a private corporation Corizon cannot be held liable for deliberate indifference claims under a theory of *respondeat superior*. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a 42 U.S.C. § 1983 claim against Corizon, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id*. "To satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994).

Here, the Court has already determined Plaintiff failed to establish a viable *Monell* claim for failure to train against Corizon. "Thus, a jury could not reasonably conclude that Corizon was deliberately indifferent to the need for additional training regarding alcohol withdrawal." (**ECF No. 147, PageID.3248**). Corizon is willing to stipulate to employing Defendants Byrne, Steimel,

2

Sherwood, Mollo, Card, Fielstra, and Furnace, obviating any need to discuss Corizon or the employment records or training of these individuals. With all *Monell* claims against Corizon dismissed, any reference to the training provided by Corizon and the information contained in the Corizon Defendants personnel files which detail training are irrelevant to Plaintiff's deliberate indifference claims. Plaintiff should be precluded from referencing the training received by Corizon Defendants from Corizon, as well as the information contained in the Corizon Defendants personnel files, as both are irrelevant to Plaintiff's claims, create a substantial risk of confusion for the jury, and would unfairly prejudice the Corizon Defendant while presenting no probative value. Fed. R. Evid. 403.

**B. The training provided by Corizon to the Corizon Defendants is irrelevant to Plaintiff's medical malpractice claims and will confuse the jury as to the appropriate standard of care to be applied, which would unfairly prejudice the Corizon Defendants.**

Fed. R. Evid. 403 permits the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time. Fed. R. Evid. 401 establishes evidence is relevant or probative if it has a tendency to make any fact more or less probable without the evidence and the fact is consequential to determination of the action. "[I]nternal policies of an institution, including a hospital, cannot be used to establish a legal duty in a negligence claim." *Zdrojewki v. Murphy*, 254 Mich. App. 50, 62 (1st Dist. Ct. App. Mich. Nov. 15, 2002) (citing *Buczkowski v McKay*, 441 Mich. 96, 99, n 1 (S.Ct. Mich. 1992)). "Expert testimony is required in medical malpractice cases to establish the applicable standard of care and to demonstrate that the defendant somehow breached that standard." *Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488, 494, 668 N.W.2d 402, 409 (Mich. 1st Dist. Ct. Appeals 2003) (internal citations omitted).

3

Discussion of the training provided by Corizon to the Corizon Defendants would not make any fact more or less likely and is inconsequential to the action, as the training that Corizon provided cannot be used to establish the standard of care or legal duty applicable to Corizon Defendants. Furthermore, Corizon Defendants' personnel files contain only records of training provided by Corizon and other personal records which have no relevance to Plaintiff's claims (e.g., training quizzes, pre-employment documents, W-4s, job applications and job descriptions). Allowing discussion of the training Corizon provided to the Corizon Defendants would only confuse the jury as to what the standard of care is and how to apply it, and risks subjecting Corizon Defendants to the unfair prejudice of the jury applying an inapplicable standard of care to their conduct. Allowing discussion of the Corizon Defendants' personnel files would only serve to waste the jury's time given that there is no relevance to Plaintiff's claims, and discussion of the training records contained within only amplifies the risk of misleading the jury as to the proper standard of care.

### III. CONCLUSION

Plaintiff's *Monell* liability claims against Corizon for inadequate training has been dismissed. The training Corizon provided to the Corizon Defendants cannot be used to establish the applicable standard of care for Corizon Defendants, and therefore has no relevance to Plaintiff's remaining claims. Accordingly, reference to Corizon's training is of minimal probative value and allowing reference at trial runs the substantial risk of confusing the jury into applying an improper standard. Reference to Corizon Defendants' personnel files runs the risk of misleading the jury as to the proper standard of care as well and would only serve to waste the jury's time. The Court should grant this Motion *in Limine*, precluding any reference to the training Corizon

provided to the Corizon Defendants, and precluding the Corizon Defendants' personnel files to be admitted at trial.

WHEREFORE, Defendant, CORIZON HEALTH INC., respectfully requests this Court Grant this Motion *in Limine*, preclude any reference to training provided by Corizon to the Corizon Defendants at trial as well as precluding reference to Corizon Defendants' personnel files, and provide any and all such other relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: June 30, 2022 | /s/Devlin Scarber<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Corizon Defendants<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098, (248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

## PROOF OF SERVICE

I hereby certify that on June 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

/s/ Devlin Scarber
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com