**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

        Case No: 1:20-cv-00036
        Hon. Judge Hala Y. Jarbou
    Plaintiff,        Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

    Defendants.

---

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
*Attorney for Plaintiff*
29000 Inkster Rd., Ste. 150
Southfield, MI 48034
(248) 569-4646
jennifer@buckfirelaw.com

VARNUM LAW
Timothy Eagle (P38183)
Peter Smit (P27886)
Kyle Konwinski (P76257)
*Attorney for the Kent County Defendants*
P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000
teeagle@varnumlaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
*Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;
Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa
Furnace, R.N.; Chad Richard Goetterman, R.N.;
James August Mollo, L.P.N.; Joanne Sherwood, N.P.;
and Janice Steimel, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

---

**DEFENDANTS TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD GOETTERMAN, R.N.; JAMES MOLLO, L.P.N., AND LYNNE FIELSTRA, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES PURSUANT TO THE DELIBERATE INDIFFERENCE CLAIM TO SURVIVAL DAMAGES**

NOW COME Defendants TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD GOETTERMAN, R.N.; JAMES MOLLO, L.P.N.; and LYNNE FIELSTRA, L.P.N. (the "Corizon Defendants"), by and through their counsel, Chapman Law Group, moves to limit Plaintiff's

1

damages to survival damages pursuant to his 42 U.S.C. § 1983 claim against Corizon Defendants, and state as follows:

1. Pursuant to the Complaint, Plaintiff alleges two (2) separate theories of liability against the Corizon Defendants. Count III alleges that the Corizon Defendants were deliberately indifferent to the Decedent, Wade Jones, serious medical needs in violation of his Eighth Amendment rights, causing substantial injury. (**ECF No. 1, PageID.42-46**). Plaintiff did not plead wrongful death in Count III and did not otherwise plead that the alleged deliberate indifference was the cause of Decedent's death. (***Id.***).

2. Count V of the Complaint alleges that the Corizon Defendants breached their respective standards of care in treating the Decedent for alcohol withdrawal and/or delirium tremens, ultimately resulting in his death. (**ECF No. 1, PageID.51-55**). Plaintiff specifically pled wrongful death damages in Count V of the Complaint. (**ECF No. 1, PageID.55-56**).

3. Fed. R. Civ. P. 9(g) states: "If an item of special damages is claimed, it must be specifically stated."

4. Plaintiff's failure to plead special damages regarding his deliberate indifference claim arising from MCL § 600.2922 precludes Plaintiff from seeking special damages arising out of the alleged deliberate indifference in the form of Wrongful Death damages.

5. Alternatively, Plaintiff's medical expert, Dr. James Fintel, opined that the Decedent's chance of survival fell below fifty (50) percent at 6:00 a.m. on April 27, 2018, and his chance of survival thereafter "continued to deteriorate on a minute-to-minute basis." (**ECF No. 125-3, PageID.1344, Fintel Dep. 19:2-20:21**).

6. Plaintiff has two (2) remaining deliberate indifference claims for actions and/or omissions that allegedly occurred after 6:00 a.m. on April 27, 2018, when the Decedent's chance of survival was below fifty (50) percent and continuing to deteriorate.

7. Specifically, Plaintiff's two (2) remaining deliberate indifference claims for actions that occurred after 6:00 a.m. on April 27, 2018, were that Nurse Mollo and Nurse Goetterman did not provide Decedent oxygen when performing CPR at about 7:44 a.m., which was more than an hour and a half after Plaintiff's expert opined that Decedent's chance of survival was below fifty (50) percent and had been continuing to deteriorate on a minute-by-minute basis. (**ECF No. 147, PageID.3239; PageID.3245**).

8. The Sixth Circuit has held: "Two traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphases in original).

9. Furthermore, to claim damages pursuant to Michigan's Wrongful Death Act, Plaintiff must show that the death was "*caused* by wrongful act, neglect, or fault of another…" MCL § 600.2922(1).

10. Given Plaintiff's failure to plead damages pursuant to Michigan's Wrongful Death Act in relation to his deliberate indifference claims, and/or Dr. Fintel's Expert Testimony which indicates that the Decedent's chance of survival at the time of the alleged deliberate indifference was drastically below fifty (50) percent "and continuing to deteriorate on a minute-by-minute basis," the Court must limit Plaintiff's damages pursuant to his claim of deliberate indifference to survival damages.

11. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

12. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when its probative value is substantially outweighed by the risk of unfair prejudice to an opposing party, confusing of the issues, misleading the jury, or causing undue delay and/or wasting time

WHEREFORE, Defendants TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD GOETTERMAN, R.N.; JAMES MOLLO, L.P.N.; and LYNNE FIELSTRA, L.P.N, respectfully request this Court grant this Motion *in Limine*, limiting Plaintiff's damages pursuant to his claim of deliberate indifference to survival damages, or alternatively, to preclude Plaintiff from introducing evidence, raising argument, or seeking damages for alleged deliberate indifference that took place after 6:00 a.m. on April 27, 2018, given that proximate cause cannot be established.

                                                      Respectfully submitted,
                                                      CHAPMAN LAW GROUP

Dated: June 30, 2022                  /s/Ronald W. Chapman Sr.
                                                      Ronald W. Chapman Sr., M.P.A.,
                                                      LL.M. (P37603)
                                                      Devlin Scarber (P64532)
                                                      Jeffrey L. Bomber (P85407)
                                                      Attorneys for Corizon Defendants
                                                      1441 West Long Lake Rd., Suite 310
                                                      Troy, MI 48098, (248) 644-6326
                                                      rchapman@chapmanlawgroup.com
                                                      dscarber@chapmanlawgroup.com
                                                      jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                         Case No: 1:20-cv-00036
                                                       Hon. Judge Hala Y. Jarbou
          Plaintiff,                     Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

        Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 29000 Inkster Rd., Ste. 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| (248) 569-4646 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| jennifer@buckfirelaw.com | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| VARNUM LAW | *and Janice Steimel, L.P.N.* |
| Timothy Eagle (P38183) | 1441 West Long Lake Rd., Suite 310 |
| Peter Smit (P27886) | Troy, MI 48098 |
| Kyle Konwinski (P76257) | (248) 644-6326 |
| *Attorney for the Kent County Defendants* | rchapman@chapmanlawgroup.com |
| P.O. Box 352 | dscarber@chapmanlawgroup.com |
| Grand Rapids, MI 49501 | jbomber@chapmanlawgroup.com |
| (616) 336-6000 | |
| teeagle@varnumlaw.com | |

**BRIEF IN SUPPORT OF DEFENDANTS TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N., AND LYNNE FIELSTRA, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES PURSUANT TO THE DELIBERATE INDIFFERENCE CLAIM TO SURVIVAL DAMAGES**


**PROOF OF SERVICE**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

INDEX OF EXHIBITS ............................................................................................................ v

STATEMENT OF ISSUES PRESENTED .............................................................................. vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........................ vii

I.   STATEMENT OF RELEVANT FACTS ..................................................................... 1

II.  LEGAL STANDARD .................................................................................................. 2

III. LEGAL ARGUMENT ................................................................................................. 2

  A.  Plaintiff is precluded from damages pursuant to Michigan's Wrongful Death Act (MCL § 600.2922) for his deliberate indifference claim given Plaintiff's failure to plead special damages in relation to his Eighth Amendment claim. ................................................. 2

  B.  Alternatively, Plaintiff is precluded from damages pursuant to Michigan's Wrongful Death Act (MCL § 600.2922) for allegations of deliberate indifference that took place at 6:00 a.m. on April 27, 2018, given the fact that Plaintiff cannot show that the alleged deliberate indifference was the cause of Decedent's death. ........................................................ 5

IV.  CONCLUSION ............................................................................................................ 7

# **INDEX OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ....................................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546-47 (2007) ........................................ 3

*Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 U.S. Dist. LEXIS 71666, at *12 (S.D. Ohio Sep. 22, 2008) ........................................................................................ 3

*Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491-TBR-LLK, 2016 U.S. Dist. LEXIS 143765, at *32 (W.D. Ky. Oct. 17, 2016) ............................................. 3

*Estate of Abbey v. Herring*, No. 20-cv-12798, 2022 U.S. Dist. LEXIS 67463, at *23 (E.D. Mich. Apr. 12, 2022) ........................................................................................................ 6

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 601 (6th Cir. 2006) ...................................... 4, 5

*Hickerson v. Koepp*, Nos. 95-1890, 95-1982, 1997 U.S. App. LEXIS 2489, at *11 (6th Cir. Feb. 10, 1997) ................................................................................................................... 6

*Jarvis v. United States*, 899 F. Supp. 320, 325 (E.D. Mich. 1995) .................................. 4

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ........................................ 2

*Luce v. United States*, 469 U.S. 38, 41-42 (1984) ............................................................. 2

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986) . 4

*Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1088 (S.D. Ohio 2021) ................ 3

*Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ...................................................... 2

*Pineda v. Hamilton Cty.*, Ohio, 977 F.3d 483, 490 (6th Cir. 2020) ................................. 6

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) .......... 2

*Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867) ........................................... 3

*Robertson v. Wegmann*, 436 U.S. 584, 591, 98 S. Ct. 1991, 1995 (1978) ...................... 4

*Rumfield v. Henney*, No. 260540, 2006 Mich. App. LEXIS 2805, at *16 (Mich. Ct. App. Sep. 26, 2006) ............................................................................................................................ 6

*Stojcevski v. Cnty. of Macomb*, No. 15-cv-11019, 2021 U.S. Dist. LEXIS 184047, at *9-*11 (E.D. Mich. Sep. 27, 2021) ........................................................................................... 5

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ......................................... 2

*United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991) .............................................. 2

*Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, 635 F. Supp. 2d 612, 624 (W.D. Ky. 2009) .......... 3

iv

**STATUTES**

42 U.S.C. § 1983 .................................................................................................................. 4, 5

42 U.S.C. § 1988 .................................................................................................................. 3, 4

MCL § 600.1483 ....................................................................................................................... 5

MCL § 600.2922 ....................................................................................................................... 1

MCL § 600.2922(1) .................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 9(g) ............................................................................................................ 3, 5, 7

## **INDEX OF EXHIBITS**

A.   Brian Williamson Expert Report

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THIS COURT GRANT DEFENDANT'S MOTION IN *LIMINE*. LIMITING PLAINTIFF'S DAMAGES PURSUANT TO HER DELIBERATE INDIFFERENCE CLAIM TO SURVIVAL DAMAGES?

    Defendant's Answer:               YES.
    Plaintiff Answers:                NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

### I. STATEMENT OF RELEVANT FACTS

On January 14, 2020, Plaintiff Charles Jones, as Personal Representative of the Estate of Wade Jones, filed his Complaint in this matter. (**ECF No. 1**). Plaintiff alleges in Count III that the Corizon Defendants were deliberately indifferent to the Decedent's serious medical needs causing irreparable injury. (**ECF No. 1, PageID.45**). In Count V Plaintiff alleges Defendants breached their respective standards of care which proximately caused the Decedent's death. (**ECF No. 1, PageID.55**). Damages pursuant to the Michigan Wrongful Death Act, MCL § 600.2922, were only pled in Count V - medical malpractice. (**ECF No. 1, PageID.56**). In Count III -deliberate indifference Plaintiff <u>did not</u> plead Wrongful Death Act damages. Additionally, Plaintiff alleged Defendants' deliberate indifference was the cause of Decedent's death. (**ECF No. 1, PageID.42-46**).

Plaintiff's medical expert Dr. Fintel opined that the Decedent's chance of survival by 6:00 a.m. on April 27, 2018, was "dramatically reduced," and he believed that the Decedent's chance of survival was below fifty (50) percent, which "continued to deteriorate on a minute-to-minute basis." (**ECF No. 125-3, PageID.1344, Fintel Dep. 19:2-20:21**). Corizon Defendants filed their Motion for Summary Judgment on September 27, 2021. (**ECF No. 125**). On April 29, 2022, the Court granted in part and denied in part Corizon Defendants' Motion for Summary Judgment. (**ECF No. 147**). Plaintiff has two (2) deliberate claims remaining for actions that occurred after 6:00 a.m. on April 27, 2018. Specifically, the Court declined to dismiss Plaintiff's deliberate indifference claim against Nurse Mollo (**ECF No. 147, PageID.3239**) and Nurse Goetterman (**ECF No. 147, PageID.3245**) for their failure to provide Decedent oxygen while performing CPR. The alleged event took place after 7:44 a.m. on April 27, 2018 (**ECF No. 147, PageID.3222**), more

than an hour and a half after Plaintiff's medical expert opined that Decedent's chance of survival had fallen below fifty (50) percent and was deteriorating by the minute.

## II. LEGAL STANDARD

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## III. LEGAL ARGUMENT

**A.**     **Plaintiff is precluded from damages pursuant to Michigan's Wrongful Death Act (MCL § 600.2922) for his deliberate indifference claim given Plaintiff's failure to plead special damages in relation to his Eighth Amendment claim.**

2

Plaintiff failed to plead wrongful death damages under Count III – deliberate indifference. Count III damages are limited to survival damages under 42 U.S.C. § 1988.

Fed. R. Civ. P. 9(g) provides: "If an item of special damage is claimed, it must be specifically stated." Special damages "are those that, although resulting from the commission of the wrong, are unusual for the claim in question and not normally associated with the claim." 2 Moore's Federal Practice—Civil § 9.08 (2019). In other words, "[s]pecial damages are those which are the natural but not the necessary consequence of the act complained of." *Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 U.S. Dist. LEXIS 71666, at *12 (S.D. Ohio Sep. 22, 2008); citing *Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867) (special damages must be particularly averred so that the defendant may be notified of the charge and come prepared to meet it).

The purpose of Fed. R. Civ. P. 9(g) is to provide the opposing party fair notice of the damage sought for allegedly improper conduct. *Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867). Furthermore, in pleading special damages, Plaintiff must allege that "[t]he special damages must be proximately caused by the improper conduct too." *Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491-TBR-LLK, 2016 U.S. Dist. LEXIS 143765, at *32 (W.D. Ky. Oct. 17, 2016); citing *Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, 635 F. Supp. 2d 612, 624 (W.D. Ky. 2009). This adheres to the Supreme Court's plausibility pleading standard prescribed by *Twombly* and *Iqbal*, which requires that "the well-pled facts must be sufficient to 'raise a right to relief above the speculative level,' such that the asserted claim is 'plausible on its face.'" *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1088 (S.D. Ohio 2021) (emphasis added); citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546-47 (2007).

42 U.S.C. § 1988 broadly permits federal courts to look to state law for suitable remedies for § 1983 claims so long as they are not inconsistent with the Constitution and federal law. The United States Supreme Court held that "[t]he policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson v. Wegmann*, 436 U.S. 584, 591, 98 S. Ct. 1991, 1995 (1978). "The policy of deterrence 'operates through the mechanism of damages that are <u>compensatory –  damages grounded in determinations of plaintiffs' actual losses.</u>'" *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 601 (6th Cir. 2006); quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986). In short, the damages that are a necessary consequence of an Eighth Amendment deliberate indifference claim are damages meant to compensate the victim <u>specifically for injury caused by deprivation of the victim's federal rights</u>. Thus, the remedies contemplated by 42 U.S.C. § 1988 and the policies underlying § 1983 do not consider or otherwise provide for the non-survival damages.

On the other hand, the Michigan Wrongful Death Act creates an avenue for an estate to recover survival damages that they would not otherwise be able to recover. Wrongful death damages "include compensation for the loss of financial support and the loss of the society and companionship of the deceased." *Id*. <u>Michigan Wrongful Death damages are not survival damages.</u> Wrongful death damages are not a necessary consequence of deprivation of federal rights considered by 42 U.S.C. § 1983 claims. See *Jarvis v. United States*, 899 F. Supp. 320, 325 (E.D. Mich. 1995) ("Damages under the wrongful death statute may include survival damages <u>and wrongful death damages</u>.") (emphasis added).

In Count III – deliberate indifference, Plaintiff failed to plead that special damages were sought pursuant to Michigan's Wrongful Death Act. (**ECF No. 1, PageID.42-46**). Plaintiff also

4

failed to plead with requisite plausibility that the Corizon Defendants deliberate indifference proximately caused Decedent's death. (**ECF No. 1, PageID.45, ¶ 219 of Compl.**). Defendant does not contend that a plaintiff who alleges a 42 U.S.C. § 1983 claim may not recover damages pursuant to Michigan's Wrongful Death Act, if said special damages are specifically plead. *See e.g., Stojcevski v. Cnty. of Macomb*, No. 15-cv-11019, 2021 U.S. Dist. LEXIS 184047, at *9-*11 (E.D. Mich. Sep. 27, 2021). However, damages pursuant to Michigan's Wrongful Death Act are not the necessary consequence of an Eighth Amendment deliberate indifference claim and therefore must be pled pursuant to Fed. R. Civ. P. 9(g). Plaintiff's failure to plead wrongful death damages within Count III of the Complaint and failure to plead that the Defendants' alleged deliberate indifference proximately caused Decedent's death precludes him from seeking wrongful death damages arising out of Defendants' alleged deliberate indifference. Additionally, the damages Plaintiff pled in Count V of the Complaint pertaining to alleged medical malpractice are capped pursuant to MCL § 600.1483. If the Court were to permit state law wrongful death damages, the damages must be consistent with the compensatory purpose of 42 U.S.C. § 1983. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 601 (6th Cir. 2006).

**B.** **Alternatively, Plaintiff is precluded from damages pursuant to Michigan's Wrongful Death Act (MCL § 600.2922) for allegations of deliberate indifference that took place at 6:00 a.m. on April 27, 2018, given the fact that Plaintiff cannot show that the alleged deliberate indifference was the cause of Decedent's death.**

In consideration of Corizon Defendants' Motion for Summary Judgment, the Court held that two (2) of Plaintiff's deliberate indifference claims for conduct that occurred after 6:00 a.m. on April 27, 2018, survived summary judgment. Specifically, the Court held that a jury could conclude that Nurse Mollo was deliberately indifferent for failure to provide oxygen when performing CPR at or around 7:44 a.m. on April 27, 2018 (**ECF No. 147, PageID.3239**), and that a jury could find Nurse Goetterman was deliberately indifferent as he did not provide any form of

5

oxygen after recognizing that Decedent's heart had stopped beating at approximately the same time. (**ECF No. 147, PageID.3245**). Relevant to the consideration of damages in these two (2) claims is Plaintiff's medical expert's opinion that the Decedent's "chances of survival had diminished to less than fifty (50) percent by 6:00 a.m. on April 27," (**ECF No. 147, PageID.3223; ECF No. 125-3, PageID.1344, Fintel Dep. 19:2-20:21**), and that the Decedent "continued to deteriorate on a minute-to-minute basis" thereafter. (**ECF No. 125-3, PageID.1344, Fintel Dep. 20:18-21**). Defendants' medical expert, Brian Williamson, M.D., came to the same conclusion, finding: "[m]ore likely than not, had a decision been made to transfer Mr. Jones to the hospital on the morning of 4/27/2018, instead of the infirmary [which took place at 6:00 a.m. on April 27, 2018], he would have still had a cardiac arrest with the same outcome." (**Exhibit A, p. 3**).

To recover under Michigan's Wrongful Death Act, the death or injuries leading to death must "be <u>caused</u> by [the] wrongful act, neglect, or fault of another…" MCL § 600.2922(1). Importantly, the Michigan Wrongful Death Act "premises liability on the underlying cause of action…" *Rumfield v. Henney*, No. 260540, 2006 Mich. App. LEXIS 2805, at *16 (Mich. Ct. App. Sep. 26, 2006). In considering causation in deliberate indifference cases, the Sixth Circuit Court of Appeals has noted that "[t]wo traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (<u>not somebody else's</u>) <u>caused</u> the injury." *Pineda v. Hamilton Cty.*, Ohio, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis added); see also *Estate of Abbey v. Herring*, No. 20-cv-12798, 2022 U.S. Dist. LEXIS 67463, at *23 (E.D. Mich. Apr. 12, 2022). The presence of other causes of injury does not bar recovery if the defendant's actions <u>are the most likely cause of the injury</u>. *Hickerson v. Koepp*, Nos. 95-1890, 95-1982, 1997 U.S. App. LEXIS 2489, at *11 (6th Cir. Feb. 10, 1997). "An action need not be the sole cause of an injury to be the proximate cause, for there can be more

6

than one proximate cause of in an injury… to show proximate cause the plaintiff needs to establish that the wrongful act, <u>was a substantial factor in producing his injury</u>." *Id*. (internal citations omitted) (emphasis added).

The uncontroverted expert testimony provides that by 6:00 a.m. on April 27, 2018, the Decedent had a less than fifty-percent chance of survival that "continued to deteriorate on a minute-to-minute basis." By the time of Nurse Mollo and Nurse Goetterman's involvement at 7:44 a.m., the Decedent's chance of survival had deteriorated at a minute-by-minute basis from a starting point already below fifty (50) percent for the preceding hour and forty-four minutes. Plaintiff simply cannot show that Nurse Mollo and Nurse Goetterman's alleged deliberate indifference at or around 7:44 a.m. arising from providing CPR without a bag valve mask was a "substantial factors in producing" Decedent's death because the Decedent was already significantly likely to pass away before either nurse even began CPR efforts. This is plainly supported by unchallenged expert testimony. Because Plaintiff will be unable to establish that Nurse Mollo and Nurse Goetterman's actions proximately caused (i.e., "was a substantial factor in producing") the Decedent's death, any argument as to this issue is likely to confuse the jury and should therefore be precluded.

## IV.    CONCLUSION

Plaintiff failed to plead damages pursuant to Michigan's Wrongful Death Act, which are not a necessary consequence of an Eighth Amendment deliberate indifference claim centered around violation of constitutional rights. Pursuant to Fed. R. Civ. P. 9(g) and the way federal courts have defined the term "special damages," Plaintiff was required to specifically plead wrongful death damages in his Complaint in order to seek wrongful death damages arising out of the alleged deliberate indifference. Alternatively, Plaintiff should be precluded from raising argument or

otherwise seeking wrongful death damages for actions that took place after 6:00 a.m. on April 27, 2018, when the Decedent had less than a fifty-percent chance of survival (or no chance of survival at all) which was deteriorating at a minute-by-minute basis. Plaintiff is unable to show that the actions that took place were the proximate cause of the Decedent's death given that both Dr. Fintel (Plaintiff's own expert) and Dr. Williamson agree that the Decedent had a less than fifty (50) percent chance of survival at 6:00 a.m., and Nurse Mollo and Nurse Goetterman's alleged deliberate indifference occurred approximately an hour and forty-four minutes later after the Decedent's condition continued to deteriorate at a minute-by-minute basis. Any argument as to this issue is likely to confuse or mislead the jury.

WHEREFORE, Defendants TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD GOETTERMAN, R.N.; JAMES MOLLO, L.P.N.; and LYNNE FIELSTRA, L.P.N, respectfully request this Court grant this Motion *in Limine*, limiting Plaintiff's damages pursuant to his claim of deliberate indifference to survival damages, or alternatively, to preclude Plaintiff from introducing evidence, raising argument, or seeking damages for alleged deliberate indifference that took place after 6:00 a.m. on April 27, 2018, given that proximate cause cannot be established.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: June 30, 2022 | /s/Devlin Scarber<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Corizon Defendants<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098, (248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

8

## **PROOF OF SERVICE**

I hereby certify that on June 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

/s/ Devlin Scarber
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

9