**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                      Case No: 1:20-cv-00036
                                                     Hon. Judge Hala Y. Jarbou
       Plaintiff,                    Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

       Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 29000 Inkster Rd., Ste. 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| (248) 569-4646 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| jennifer@buckfirelaw.com | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| VARNUM LAW | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| Timothy Eagle (P38183) | *and Janice Steimel, L.P.N.* |
| Peter Smit (P27886) | 1441 West Long Lake Rd., Suite 310 |
| Kyle Konwinski (P76257) | Troy, MI 48098 |
| *Attorney for the Kent County Defendants* | (248) 644-6326 |
| P.O. Box 352 | rchapman@chapmanlawgroup.com |
| Grand Rapids, MI 49501 | dscarber@chapmanlawgroup.com |
| (616) 336-6000 | jbomber@chapmanlawgroup.com |
| teeagle@varnumlaw.com | |

**CORIZON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S NURSING EXPERT, STEPHEN FURMAN, CCRN, FROM OFFERING TESTIMONY REGARDING THE APPLICABLE STANDARD OF CARE FOR THE CORIZON NURSING DEFENDANTS**

NOW COMES Defendants TERI BYRNE, R.N.; JANICE STEIMEL, L.P.N.; JOANNE SHERWOOD, N.P.; MELISSA FURNANCE, R.N.; DAN CARD, L.P.N.; CHAD GOETTERMAN, R.N.; JAMES MOLLO, L.P.N.; and LYNNE FIELSTRA, L.P.N. (the "Corizon Defendants"), by and through their counsel, Chapman Law Group, and moves to preclude

1

testimony from Stephen Furman, CCRN, regarding standard of care for the nursing defendants, and state as follows:

1. The Estate of Wade Jones brings this action pursuant to theories of deliberate indifference and medical malpractice, alleging that Corizon Defendants provided inadequate healthcare to Mr. Jones related to his alcohol withdrawal, ultimately leading to his death. (**ECF No. 1**).

2. Several of the Corizon Defendants named in the Complaint are registered nurses and licensed practical nurses, licensed to practice in the state of Michigan in accordance with the applicable standard of care for registered nurses and licensed practical nurses in the state of Michigan.

3. Plaintiff's nursing expert, Stephen Furman, CCRN, is a registered nurse certified in critical care who presently works in a level 1 trauma center in Richmond, Virginia. (**Exhibit A, p. 3**). Mr. Furman held a Michigan license "some years ago," but has never worked in the state of Michigan and has never been in the state of Michigan. (**Exhibit B, p. 40, Furman Dep. 155:22-157:7**).

4. Specifically, Mr. Furman has worked at VCU Medical Center in Richmond since 2004 (***Id.*, p. 4, Furman Dep. 15:1-6**), which employs "about 20,000 nurses," (***Id.*, p. 40, Furman Dep. 155:15-21**).

5. Mr. Furman has never assessed an inmate or pre-trial detainee in a jail and has never been employed in a position that involved providing nursing services to patients in the correctional setting. (***Id.*, p. 27, Furman Dep. 105:14-17; p. 39, Furman Dep: 150:10-16**).

6. In preparing to testify as to the standard of nursing care as required by Michigan common law in proving a nursing medical malpractice claim, Mr. Furman merely compared census

data between Grand Rapids, Michigan, and Richmond, Virginia, and reviewed the deposition and medical records relevant to this case. (***Id.*, p. 45, Furman Dep. 176:3-13**).

7. When specifically asked what made him qualified to testify as to the standard of nursing care in a Michigan medical malpractice case, Mr. Furman merely replied that he "understand[s] alcohol withdrawal," that he "routinely [does] CIWA on [his] patients," and therefore he understands "the standard of care what a reasonably prudent nurse would be." (***Id.*, p. 40, Furman Dep. 156:5-25**).

8. The Michigan Supreme Court has previously held that the "common-law standard of care applies to malpractice actions against nurses. Therefore, the applicable standard of care is the skill and care ordinarily possessed and exercised by practitioners of the profession in the same or similar localities." *Cox v. Bd. of Hosp. Managers*, 467 Mich. 1, 21, 651 N.W.2d 356, 366 (2002).

9. Mr. Furman does not describe what the standard of care is for a registered or licensed practical nurse who provides nursing services to a jail in the state of Michigan, whether the standard of care differs from a critical care registered nurse who provides nursing services to a level 1 trauma center that employs 20,000 other nurses, or how he was qualified to testify as to the standard of care in this case aside from his review of the Grand Rapids and Richmond census data (which he himself admitted "probably doesn't have any relationship to standard of care." (***Id.*, Furman Dep. 84:3-85:9**).

10. Mr. Furman was unable to articulate the standard of care applicable to registered nurses and licensed practical nurses in the community in which the relevant Corizon Defendants practiced, as required by Michigan caselaw. See *Johnson v. Ziyadeh*, No. 340866, 2019 Mich. App. LEXIS 2477, at *9 (Ct. App. May 23, 2019) ("Consequently, plaintiff's expert was required to articulate the standard of care applicable to general practitioners in the community in which

3

[Defendant] practiced (or in a similar community) in order to qualify as an expert.") (internal citations omitted).

11. Mr. Furman has not established that he is qualified to testify as to the standard of care in this matter, therefore any testimony as to the standard of care at trial is unlikely to assist the jury to understand the evidence or to determine issues pertaining to standard of care, contrary to FRE 702.

12. Mr. Furman also consistently testified that the Corizon nurses were exercising their medical judgment in the treatment decisions made.

13. The Sixth Circuit has routinely held that issues related to a medical provider exercising their medical judgment are appropriate for state medical malpractice claims but are insufficient to support a claim of deliberate indifference.

14. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

15. For these reasons, as more fully outlined in the brief accompanying this motion, this Court should grant Corizon Defendants' Motion *in Limine*, and preclude Mr. Furman from offering any testimony as to the applicable standard of care in this matter.

16. The undersigned attorney spoke with Plaintiff's counsel via telephone conference on June 28, 2022, explaining the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Corizon Defendants, respectfully request this Court Grant this Motion *in Limine*, preclude Mr. Furman from offering any testimony as to the standard of care applicable to

the registered nurses and licensed practical nurses in this matter, and provide any and all such relief as the Court deems just and equitable.

                                         Respectfully submitted,
                                         CHAPMAN LAW GROUP

Dated: June 30, 2022                    /s/Devlin Scarber
                                         Ronald W. Chapman Sr., M.P.A.,
                                         LL.M. (P37603)
                                         Devlin Scarber (P64532)
                                         Jeffrey L. Bomber (P85407)
                                         Attorneys for Corizon Defendants
                                         1441 West Long Lake Rd., Suite 310
                                         Troy, MI 48098, (248) 644-6326
                                         rchapman@chapmanlawgroup.com
                                         dscarber@chapmanlawgroup.com
                                         jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                                          Case No: 1:20-cv-00036
                                                                        Hon. Judge Hala Y. Jarbou
        Plaintiff,                          Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

        Defendants.

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>*Attorney for Plaintiff*<br>29000 Inkster Rd., Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com<br><br>VARNUM LAW<br>Timothy Eagle (P38183)<br>Peter Smit (P27886)<br>Kyle Konwinski (P76257)<br>*Attorney for the Kent County Defendants*<br>P.O. Box 352<br>Grand Rapids, MI 49501<br>(616) 336-6000<br>teeagle@varnumlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>*Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.; James August Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S NURSING EXPERT, STEPHEN FURMAN, CCRN, FROM OFFERING TESTIMONY REGARDING THE APPLICABLE STANDARD OF CARE FOR THE CORIZON NURSING DEFENDANTS**


**PROOF OF SERVICE**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

INDEX OF EXHIBITS ........................................................................................................... iv

STATEMENT OF ISSUES PRESENTED .............................................................................. v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........................ vi

I.   STATEMENT OF RELEVANT FACTS .................................................................... 1

II.  LEGAL STANDARD .................................................................................................. 2

III. LEGAL ARGUMENT ................................................................................................. 3

   A.  Plaintiff's nursing expert, Stephen Furman, must be precluded from testifying about the standard of care applicable to the Corizon Nursing Defendants. ................................................ 3

   B.  Mr. Furman should be precluded from testifying that the Corizon Defendants were deliberately indifferent to Decedent's serious medical needs. ..................................................... 5

IV. CONCLUSION ............................................................................................................ 7

# **INDEX OF AUTHORITIES**

**CASES**

*Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021) .................................................................. 5

*Britt v. Hamilton Cnty.*, 2022 U.S. App. LEXIS 3852 (6th Cir, Feb. 10, 2022) ............................ 5

*Cain v. Niemela*, No. 350553, 2020 Mich. App. LEXIS 4711, (Ct. App. July 23, 2020) .......... 3, 4

*Callahan v. William Beaumont Hosp*, 67 Mich App 306; 240 NW2d 781 (1976) .................... 3, 4

*Cox v. Bd. of Hosp. Managers*, 467 Mich. 1, 21-22, 651 N.W.2d 356 (2002) .............................. 3

*Le Blanc v. Lentini*, 82 Mich. App. 5, 19, 266 N.W.2d 643 (1978) .............................................. 3

*Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) ............................................................. 2

*Luce v. United States*, 469 U.S. 38 (1984) .................................................................................... 2

*Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) .................................................................. 2

*Perez v. Oakland Cnty.*, 380 F. Supp. 2d 830 (E.D. Mich. 2005) ................................................. 6

*Peterson v. United States*, No. 6:14-CV-134-KKC, 2016 U.S. Dist. LEXIS 49382, at *51 (E.D. Ky. Apr. 13, 2016) ...................................................................................................................... 5

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246 (E.D. Mich. 1997) ................................. 2

*Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022) ....................................................................... 5

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999) .............................................................. 2

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991) .................................................................. 2

*Vinson v. Corizon Corp.*, No. 14-11130, 2018 U.S. Dist. LEXIS 163109, at *50-*52 (E.D. Mich. Aug. 30, 2018) ........................................................................................................................... 5

## **INDEX OF EXHIBITS**

Exhibit A	Furman Expert Report

Exhibit B	Furman Deposition Transcript

Exhibit C	Furman CV

Exhibit D	*Britt v. Hamilton Cnty.*, No. 21-3424, 2022 U.S. App. LEXIS 3852 (6th Cir. Feb. 10, 2022)

**STATEMENT OF ISSUES PRESENTED**

SHOULD THIS COURT GRANT DEFENDANT'S MOTION IN *LIMINE* AND PLAINTIFF'S NURSING EXPERT, STEPHEN FURMAN, CCRN, FROM TESTIFYING AS TO THE APPLICABLE STANDARD OF CARE FOR THE CORIZON NURSING DEFENDANTS.

  Defendant's Answer:   YES.
  Plaintiff Answers:    NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

FRE 702 states: "If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

I. **STATEMENT OF RELEVANT FACTS**

The Estate of Wade Jones brings this action on theories of deliberate indifference and medical malpractice, alleging that Corizon Defendants provided inadequate healthcare to Mr. Jones related to his alcohol withdrawal, ultimately leading to his death. (**ECF No. 1**). Several of the Corizon Defendants named in Plaintiff's medical malpractice claim are registered nurses and licensed practical nurses who were contracted to provide nursing services to inmates at Kent County Jail.

Plaintiff's nursing expert, Stephen Furman, CCRN, is a registered nurse who has been certified as a critical care registered nurse since 2007. (**Exhibit A, p. 3, Exhibit C, p. 2**). Mr. Furman has worked at VCU Medical Center in Richmond, Virginia since 2004. (***Id.*; Exhibit B, p. 4, Furman Dep. 15:1-6**), which is a health facility that employs approximately 20,000 nurses. (**Exhibit B, p. 40, Furman Dep. 155:15-21**). At the time that Mr. Furman drafted his Expert Report, he was working in the level 1 trauma center. (**Exhibit A, p. 3**). Mr. Furman has never assessed an inmate or pre-trial detainee in a jail and has never been employed in a position that involves providing nursing services to patients in a correctional setting. (**Exhibit B, p. 27, Furman Dep. 105:14-17; p. 39, Furman Dep. 150:10-16**). Although Mr. Furman held a Michigan nursing license "some years ago," he has never worked in the state of Michigan and has never been in the state of Michigan. (**Exhibit B, p. 40, Furman Dep. 155:22-157:7**). When Mr. Furman was asked in his deposition what made him qualified to present as an expert on the standard of care for nurses in Michigan, Mr. Furman was unable to articulate a clear response and merely stated that he reviewed Grand Rapids, Michigan's census data, which was comparable to Richmond, Virginia. (**Exhibit B, p. 45, Furman Dep. 176:3-13**).

Mr. Furman's experience treating patients with alcohol withdrawals is relatively limited and has exclusively taken place in a hospital setting, most commonly within the emergency department. (***Id.*, p. 5, Furman Dep. 16:4-16**); **p. 7, Furman Dep.22:21-23:9**). He has never reviewed a case that dealt with someone going through alcohol detoxification in a jail until the instant case, nor has he conducted any academic work pertaining to alcohol detoxification. (***Id.*, p. 10, Furman Dep. 11:13-20**).

## II.  LEGAL STANDARD

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

### III.    LEGAL ARGUMENT

**A.    Plaintiff's nursing expert, Stephen Furman, must be precluded from testifying about the standard of care applicable to the Corizon Nursing Defendants.**

In a Michigan medical malpractice suit, the standard of care applied to a claim involving a nursing defendant "is the skill and care ordinarily possessed and exercised by practitioners of the profession in the same or similar localities." *Cox v. Bd. of Hosp. Managers*, 467 Mich. 1, 21-22, 651 N.W.2d 356, 366-67 (2002). The Court must look to the "background of the witness and the nature of the medical conditions involved" to determine whether the expert is sufficiently qualified to testify as an expert. *Cain v. Niemela*, No. 350553, 2020 Mich. App. LEXIS 4711, at *22 (Ct. App. July 23, 2020); citing *Le Blanc v. Lentini*, 82 Mich. App. 5, 19, 266 N.W.2d 643, 650 (1978). The locality rule "focuses on a comparison of available facilities, technology, and the availability of specialty consultation." *Cain v. Niemela*, No. 350553, 2020 Mich. App. LEXIS 4711, at *25 (Ct. App. July 23, 2020); citing *Callahan v. William Beaumont Hosp*, 67 Mich App 306, 311; 240 NW2d 781 (1976).

      Plaintiff's nursing expert, Stephen Furman, CCRN, has:

1) never been in the state of Michigan or practiced nursing within the state (**Exhibit B, p. 40, Furman Dep. 155:22-157:7**);

2) never evaluated a patient or provided nursing services in a correctional setting (***Id.*, p. 27, Furman Dep. 105:14-17; p. 39, Furman Dep. 150:10-16**);

3) limited experience treating patients dealing with alcohol withdrawal, which has taken place exclusively in an emergency care setting within a large hospital that employs approximately 20,000 nurses (***Id.*, p. 5-8; Furman Dep. 16:7-26:4**);

4) never conducted any academic work pertaining to alcohol withdrawal, treatment of alcohol withdrawal, evaluating for alcohol withdrawal, etc. (***Id.*, p. 10, Furman Dep. 11:13-20**);

5) never conducted a case review or provided expert opinion as to alcohol withdrawal until this case (***Id.***).\

3

When asked what he did to familiarize himself with the standard of care for a nurse in the state of Michigan, or alternatively, what made him qualified to testify as to the standard of care of a Michigan nurse, Mr. Furman stated that he merely reviewed the census data of Richmond, Virginia and compared it with Grand Rapids, Michigan, but admitted that such data "probably doesn't" have any relation to the standard of care. (**Exhibit B, p. 22, Furman Dep. 84:3-85:9**). While Mr. Furman did testify that he doesn't have any reason to believe that the standard of care differed between Richmond, Virginia, and Kent County, Mr. Furman admitted that his only support for this statement was his review of census data. (**Exhibit B, p. 45, Furman Dep. 175:21-176:13**). In other words, <u>Mr. Furman could not articulate or otherwise explain what made him qualified as an expert to discuss the standard of care applicable to Michigan nurses in this case as required by Michigan caselaw</u>. *Cain v. Niemela*, No. 350553, 2020 Mich. App. LEXIS 4711, at *25 (Ct. App. July 23, 2020); citing *Callahan v. William Beaumont Hosp*, 67 Mich App 306, 311; 240 NW2d 781 (1976).

Furthermore, Mr. Furman has advanced certification as a <u>critical care</u> registered nurse and has worked in a level 1 trauma center since 2004. Mr. Furman did not explain whether his advanced training and certification improperly impacted his analysis of the standard of care applicable to this case. Nor did Mr. Furman explain if and how treatment of a patient with alcohol withdrawal differs at a level 1 trauma center that employs 20,000 nurses and undoubtedly has advanced technology, resources, and specialist availability as compared to a jail facility the size of Kent County Jail. Mr. Furman's testimony is unlikely to help the jury understand the applicable standard of care in this matter given the fact that he could not show or explain how he is qualified to provide an expert opinion in this matter. Permitting Mr. Furman's testimony would violate FRE 702 and would likely confuse the jury as to what the applicable standard of care is.

**B.     Mr. Furman should be precluded from testifying that the Corizon Defendants were deliberately indifferent to Decedent's serious medical needs**.

In order for Plaintiff to succeed on his deliberate indifference claims against the Corizon Defendants, he will need to show: (1) a reasonable nurse or doctor (knowing what the particular defendant knew at the time of the incident) would have known that the decedent was suffering from a serious medical need that posed an excessive risk to his health; and (2) the Corizon Defendants <u>each knew</u> that "non-intervention" would create an unjustifiably high risk of harm to the decedent's health, and ignored that risk. *Trozzi v. Lake Cnty.*, 29 F.4th 745, 758 (6th Cir. 2022). In proving his claim, "<u>mere negligence is insufficient</u>" *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021).  In 14th Amendment cases, failing to meet the standard of care or an error or exercise of medical judgment continues to fall short of deliberate indifference.  See *Britt v. Hamilton Cnty.*, 2022 U.S. App. LEXIS 3852 (6th Cir, Feb. 10, 2022) (holding that a medical professional's conduct which fails to meet the standard of care was insufficient to meet the *Brawner* standard for deliberate indifference, and only constitutes negligence) (Id. at *7-11, *17) (**Exhibit D**).

The Sixth Circuit has long held that a medical provider who exercises their medical judgment in making treatment decisions cannot be found to be deliberately indifferent to an inmate's serious medical needs. *See Vinson v. Corizon Corp.*, No. 14-11130, 2018 U.S. Dist. LEXIS 163109, at *50-*52 (E.D. Mich. Aug. 30, 2018) ("The records discussed above show that this case involves medical judgments regarding Mr. Vinson's course of care… In short, this case involves the medical judgments of the Corizon providers and does not rise above mere negligence."); *Peterson v. United States*, No. 6:14-CV-134-KKC, 2016 U.S. Dist. LEXIS 49382, at *51 (E.D. Ky. Apr. 13, 2016) ("Where a prisoner challenges only matters of medical judgment or otherwise expresses a difference of opinion concerning an appropriate course of treatment, he

5

has failed to establish a meritorious constitutional claim."); *Perez v. Oakland Cnty.*, 380 F. Supp. 2d 830, 846 (E.D. Mich. 2005) ("Such after-the-fact questions about the correctness of medical judgments cannot satisfy the 'deliberate indifference' standard. See *Comstock,* 273 F.3d at 703.").

Mr. Furman's deposition testimony plainly reveals that he believes that the Corizon Defendants were exercising their medical judgment throughout their care of the Decedent, and his testimony squarely centers around issues of perceived breaches of the standard of care as opposed to belief that the Corizon Defendants acted without exercising medical judgment. (**Exhibit B, Furman Dep. 130:1-8** (Asked whether the determination to send a patient to the ER when they're going through withdrawal entails medical judgment, Mr. Furman responded, "Yes. It would entail medical judgment." Further agreed that one of his criticisms is that "proper medical judgment was not exercised."); *Id.***, at 130:17-23** (agreed that NP Furnace was using her medical judgment to call NP Sherwood in the morning of April 27, 2018); *Id.***, at 126:17-127:8** (Long discussion regarding "nursing judgment," and what a "reasonably prudent nurse" would do to comply with the standard of care). As such, the Court should preclude Mr. Furman from testifying about deliberate indifference because Mr. Furman maintains that the key decision in this case (whether to send Decedent to the hospital for alcohol withdrawal) boils down to a question of medical judgment, and that the Corizon nurses were exercising their medical/nursing judgment in making the decisions they made.

If Mr. Furman were permitted to testify at trial regarding both standard of care and deliberate indifference after already testifying in his deposition that the Corizon Defendants were in fact exercising their medical judgment, there is a substantial risk that Mr. Furman's testimony will confuse the jury as to how medical judgment, issues pertaining to medical judgment, and lack

of exercising medical judgment interact with issues related to the applicable standard of care for each Defendant.

## IV.  CONCLUSION

Mr. Furman has never worked in Michigan, did not review to see whether there are any substantive changes between the standards of care for nurses employed at correctional facilities in Richmond, Virginia, as opposed to Grand Rapids, Michigan, and has never been employed to provide nursing services to a correctional facility. Mr. Furman's work experience for the past eighteen (18) years has been as a registered nurse with special certification in critical care at a level 1 trauma center in a hospital that employs 20,000 nurses in Richmond, Virginia. In reviewing Mr. Furman's background, it's clear that he has only limited experience treating patients with alcohol withdrawal that has taken place *exclusively* in a hospital setting. Perhaps most telling, Mr. Furman was unable to adequately explain how he is qualified to testify as an expert in this matter. Plaintiff must be precluded from calling Mr. Furman to testify regarding the applicable standard of care for the Corizon Nursing Defendants in this matter given the blatant issues identified above. Likewise, Mr. Furman testified consistently that the Corizon Nurses were exercising their professional medical judgment in making treatment decisions for the Decedent. Mr. Furman must be precluded from testifying on issues pertaining to Plaintiff's deliberate indifference claims against the Corizon Defendants.

WHEREFORE, Corizon Defendants, respectfully request this Court Grant this Motion *in Limine*, preclude Mr. Furman from offering any testimony as to the standard of care applicable to the registered nurses and licensed practical nurses in this matter, and provide any and all such relief as the Court deems just and equitable.

                                  Respectfully submitted,
                                  CHAPMAN LAW GROUP

Dated: June 30, 2022                /s/Devlin Scarber
                                  Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                  Devlin Scarber (P64532)
                                  Jeffrey L. Bomber (P85407)
                                  Attorneys for Corizon Defendants
                                  1441 West Long Lake Rd., Suite 310
                                  Troy, MI 48098, (248) 644-6326
                                  rchapman@chapmanlawgroup.com
                                  dscarber@chapmanlawgroup.com
                                  jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on June 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

                                  /s/ Devlin Scarber
                                  Devlin Scarber (P64532)
                                  1441 W. Long Lake Rd., Suite 310
                                  Troy, MI 48098
                                  (248) 644-6326
                                  dscarber@chapmanlawgroup.com