UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

Plaintiff,

v.

CORIZON HEALTH, INC., *et al.,*

Defendants.

Case No.: 1:20-cv-00036

Hon. Judge Hala Y. Jarbou

Mag. Judge Sally J. Berens

_____/

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| Direct (248) 234-9828 | Attorney for Defendants, |
| (248) 569-4646 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-6737 (fax) | Troy, MI 48098 |
| Jennifer@buckfirelaw.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS TERI BYRNE, R.N., JANICE STEIMEL, L.P.N., JOANNE SHERWOOD, N.P., MELISSA FURNACE, R.N., DAN CARD, L.P.N., CHAD GOETTERMAN, R.N., JAMES MOLLO, L.P.N., AND LYNNE FIELSTRA, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES TO THE DELIBERATE INDIFFERENCE CLAIM TO SURVIVAL DAMAGES**

Now comes Plaintiff, Charles Jones, as Personal Representative of the Estate

of Wade Jones, Deceased, through his attorneys, Buckfire Law Firm, and for his

Response to Defendants, Teri Byrne, R.N., Janice Steimel, L.P.N., Joanne Sherwood

N.P., Melissa Furnace, R.N., Dan Card, L.P.N., Chad Goetterman, R.N., James Mollo, L.P.N., and Lynne Fielstra, L.P.N.'s Motion in Limine to Limit Plaintiff's Damages Pursuant to the Deliberate Indifference Claim to Survival Damages, respectfully requests this Honorable Court deny their Motion because it is an improperly filed summary judgment motion.

Defendants' disguised motion for summary disposition is fatal nonetheless since: 1) Plaintiff properly plead wrongful death damages in his Complaint, under Michigan and federal law, 2) to prove deliberate indifference to a serious medical need, Plaintiff need only demonstrate a causal link between each Defendants' misconduct and the decedent, Wade Jones's injuries, and 3) causation is a question of fact. See, *Stojcevski v. Cty of Macomb*, 2021 U.S. Dist. LEXIS 184047; 2021 WL 4398340 (E.D. Mich. Sep. 27, 2021) (Exhibit 1); *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, 2015 WL 1726787 (W.D. Mich. Apr. 15, 2015) (Exhibit 2); *Boretti v. Wiscomb,* 930 F.2d 1150, 1154 (6th Cir. 1991); *Clark-Murphy v. Foreback,* 439 F.3d 280, 293 (6th Cir. 2006).

For the reasons set forth in Plaintiff's accompanying Brief in Response, Defendants' Motion should be denied, and Plaintiff should be awarded sanctions for having to respond to this motion.

Respectfully submitted,

BUCKFIRE LAW FIRM

By:   /s/  Jennifer G. Damico
      JENNIFER G. DAMICO (P51403)
      Attorney for Plaintiff
      29000 Inkster Road, Suite 150
      Southfield, MI 48034
      Direct (248) 234-9828
      Main (248) 569-4646
      Fax (248) 281-1886
Date: July 12, 2022          jennifer@buckfirelaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

|  |  |
|---|---|
| Plaintiff, | Case No.: 1:20-cv-00036 |
| v. | Hon. Judge Hala Y. Jarbou |
|  | Mag. Judge Sally J. Berens |

CORIZON HEALTH, INC., *et al.,*

Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| Direct (248) 234-9828 | Attorney for Defendants, |
| (248) 569-4646 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-6737 (fax) | Troy, MI 48098 |
| Jennifer@buckfirelaw.com | (248) 644-6326 |
|  | rchapman@chapmanlawgroup.com |
|  | dscarber@chapmanlawgroup.com |
|  | jbomber@chapmanlawgroup.com |

_____/

**BRIEF IN RESPONSE DEFENDANTS TERI BYRNE, R.N., JANICE STEIMEL, L.P.N., JOANNE SHERWOOD, N.P., MELISSA FURNACE, R.N., DAN CARD, L.P.N., CHAD GOETTERMAN, R.N., JAMES MOLLO, L.P.N., AND LYNNE FIELSTRA, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES TO THE DELIBERATE INDIFFERENCE CLAIM TO SURVIVAL DAMAGES**

1

## I.    <u>INTRODUCTION</u>

Defendants make no secret that they are seeking dismissal of Plaintiff's wrongful death damages resulting from his 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs. The proper procedure to dispose of a claim or defense is through a dispositive motion.

Defendants failed to include these arguments in their Motion for Summary Judgment where they sought dismissal of damages, including wrongful death damages, stemming from Plaintiff's malpractice practice claims after 6:00 a.m. on April 27, 2018.  The deadline for filing Summary Judgment Motions was September 27, 2021.  (ECF No. 119, PageID.1170).  Nothing prevented Defendants from timely bringing their arguments through the proper procedural channels. There is no justification for permitting Defendants to file a late motion for summary judgment masked as a motion in limine where no new information or evidence has come to light.  Plaintiff will be irreparably harmed if this Court grants Defendants' motion, dismissing, or in any way "limiting" his claims for wrongful death damages, based upon 42 U.S.C. §1983, where he has not been afforded the safeguards of Fed. R. Civ. P. 56(c).

Nonetheless, the merits of Defendants' motion are baseless.  Defendants' counsel took the same position that they take here in both the Eastern and Western Districts of Michigan, and their motions were denied. See, *Stojcevski v. Cty of*

*Macomb*, 2021 U.S. Dist. LEXIS 184047; 2021 WL 4398340 (E.D. Mich. Sep. 27, 2021) (Exhibit 1); *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, 2015 WL 1726787 (W.D. Mich. Apr. 15, 2015) (Exhibit 2). They have misled the Court regarding the holding of the controlling case law in the Sixth Circuit, and the practice in the district courts in Michigan. They did not attach any unpublished cases upon which they rely in support of their position, including *Stojcevski.* They cannot plead ignorance. Respectfully, Plaintiff should be awarded sanctions for preparing a response to this motion.

## II.   <u>STANDARD OF REVIEW</u>

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2, 105 S.Ct, 460, 83 L.Ed 2d 443 (1984). "Normally, motions *in limine* are not proper devices for the wholesale disposition of theories or defenses." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). Thus, "[I]n light of their limited purpose, motions in limine should not be used to resolve factual disputes, which remain the function of a motion for summary judgment with its accompanying and crucial procedural safeguards." *Louzon v. Ford Motor Co*., 718 F.3d 556 (6th Cir. 2013) (quoting *Williams v. Johnson* 747 F. Supp.2d 10, 14 (D.D.C. 2020).

In the *Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*, 2016 U.S.

Dist. LEXIS 1000127, 2016 WL 4073545 (E.D. Mich. Aug.1, 2016) (Exhibit 3), the

district court stated:

> Courts in the Sixth Circuit have consistently denied
> litigants attempts to seek the wholesale exclusion of claims
> or defenses. "[M]options *in limine* are meant to deal with
> discrete evidentiary issues related to trial and are not [an]
> excuse to file dispositive motions disguised as motions in
> limine." *Dunn v. State Farm Mut. Auto. Ins. Co.*, 264
> F.R.D. 266, 274 (E.D. Mich. 2009); *see also SPX Corp. v.
> Bartec USA,* 2008 U.S. Dist. LEXIS 112004, 2008 WL
> 3850770 at *3 (E.D. Mich. Aug.12, 2008) ("motions *in
> limine* are not proper procedural devices for the wholesale
> disposition of theories or defenses"); *ABC Beverage
> Corp.& Subsidiaries v. United States,* 2008 U.S. Dist.
> LEXIS 102458, 2008 WL 5424174 at*2 (W.D. Mich. Dec.
> 4, 2008) (noting that motions *in limine "*are not substitutes
> for dispositive motions"); *Brown v. Oakland County*, 2015
> U.S. Dist. LEXIS 120940, 2015 WL 5317194 (E.D. Mich.
> Sept. 10, 2015 (same); *Goldman v. Healthcare
> Management Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D.
> Mich. 2008) (collecting cases).

*Weber Mfg. Techs., Inc.*, Dist. LEXIS 1000127, 2016 WL 4073545 at *7. (Exhibit

3); (Exhibit 4 – *SPX Corp. v. Bartec USA,* 2008 U.S. Dist. LEXIS 112004, 2008

WL 3850770 at *3 (E.D. Mich. Aug.12, 2008); (Exhibit 5 - *ABC Beverage Corp.&

Subsidiaries v. United States,* 2008 U.S. Dist. LEXIS 102458, 2008 WL 5424174

at*2 (W.D. Mich. Dec. 4, 2008); (Exhibit 6 - *Brown v. Oakland County*, 2015 U.S.

Dist. LEXIS 120940, 2015 WL 5317194 (E.D. Mich. Sept. 10, 2015).

4

## III.  **ARGUMENT**

### A.  **DEFENDANTS' MOTION IN LIMINE IS AN IMPROPERLY FILED MOTION FOR SUMMARY JUDGMENT.**

While Defendants couch their first argument as a request to limit Plaintiff's damages stemming from his 42 U.S.C. §1983 claim to survivor loss only, their motion is a request to dismiss Plaintiff's damage claim for loss of society and companionship of the deceased; the claims for which Wade Jones's (Jones) family members will provide support at trial.[1]

Their second argument is virtually identical to the one the made in support of limiting damages for Plaintiff's medical malpractice claim in their Motion for Summary Judgment.  Defendants argue that because Plaintiff's expert testified that Jones's probability of survival was 50% or less by 6:00 a.m. on April 27, 2018, all deliberate indifference claims should also be dismissed after that date and time.

Both arguments are without merits as discussed herein.

Defendants are blatantly attempting to circumvent this Court's Fourth Amended Case Management Order that required Motions for Summary Judgment to be filed by September 27, 2021.  (ECF No. 119, Page ID.1170).  No new discovery was exchanged, no pleadings were filed and no depositions, including experts, were taken, after the motion filing deadline.  Defendants have no justification for not

---

[1] Plaintiff is not pursuing a claim for loss of financial support at trial.

5

bringing these claims within the time ordered by the Court. Defendants motion in limine is improper, and for that reason alone, it should be denied.

**B.** **PLAINTIFF PROPERLY PLEAD DAMAGES FOR THE WRONGFUL DEATH OF WADE JONES.**

Attached as Exhibit 1 is the recent unpublished Eastern District of Michigan case, *Stojcevski v. Cty of Macomb*, 2021 U.S. Dist. LEXIS 184047; 2021 WL 4398340 (E.D. Mich. Sep. 27, 2021) (Exhibit 1). Defendants cited it in support of their position but neglected to attach it to their Brief. Defendants' counsel represented the defendant medical providers in *Stojcevski*. United States District Court Judge Linda V. Parker, analyzed, in depth, the damages allowable under 42 U.S.C. §1983 vis-à-vis the Michigan wrongful death statute, M.C.L. §600.2922(6).

In *Stojcevski,* Defendants' counsel filed a motion in limine on behalf of jail medical providers to limit the plaintiff's damages to survival loss. *Stojcevski,* 2021 U.S. Dist. LEXIS 184047; 2021 WL 4398340 at *8. Notably, the plaintiff's state law claims had been dismissed, leaving only her §1983 claims for trial. *Id.* Defendants' counsel argued that without a pending state law claim, the plaintiff could not seek damages under Michigan's wrongful death statute and was limited to survivor's loss damages only at trial. *Id.*

Defendants' counsel made this same argument in the Western District in *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, 2015 WL 1726787 (W.D. Mich. Apr. 15, 2015) (Exhibit 2), where they represented a different prison medical

provider.  That is, Defendants' counsel moved to preclude evidence of damages related to the decedent's survivors for loss of society and companionship, emotional distress and loss of income arguing that § 1983 does not allow for such damages. (Ex. 2, at *5-6).

In both federal districts, Defendants' counsels' motions in limine were denied. And they were denied for the reasons as explained by Judge Parker.

First, Judge Parker noted that Section 1983 provides no guidance on how to evaluate damages. Based upon prior decisions, Michigan's civil damages laws apply to §1983 actions.  *Id.* at*9.  Judge Parker wrote that the Sixth Circuit has held that Michigan's wrongful death statute, which allows for conscious pain and suffering and loss of society and companionship of the deceased, among other things, *does not provide a separate cause of action. Id.* at 10. *See*, *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006).

In *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006), the estate sought damages based upon the loss of the decedent's enjoyment of life in a 42 U.S.C. §1983 lawsuit.  Damages for "loss of enjoyment" were not specially enumerated as a category of damages under Michigan's wrongful death statute. *Id.* The *Blaty* court wrote:

> Under Michigan's wrongful death statute, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including

7

> reasonable medical, hospital, funeral, and burial expenses
> for which the estate is liable; reasonable compensation for
> the pain and suffering, while conscious, undergone by the
> deceased during the period intervening between the time of
> the injury and death; and damages for the loss of financial
> support and the loss of the society and companionship of the
> deceased.

454 F.3d 590, 598 (citing M.C.L. § 600.2922(6)).

While *Blaty* refused to expand the damages available under the wrongful

death to loss of enjoyment of life, it found that all categories of damages in the

Michigan's wrongful death statute were available in a §1983 action.

Finally, the *Blaty* Court wrote:

> According to the Michigan Supreme Court, the focus of the
> act for the purpose of assessing damages is not on the actual
> death, rather "the proper focus is on the underlying wrong
> which caused the death." *Id.* (citing *Hardy v. Maxheimer*,
> 429 Mich. 422, 416 N.W.2d 299, 307 n. 17 (Mich. 1987).
> Further, Michigan's wrongful death statute "is a derivative
> one whereby the personal representative of the deceased
> stands in the latter's shoes." *Id.* (citing *Xu v. Gay*, 257 Mich.
> App. 263, 668 N.W.2d 166, 174 (Mich. App. 2003)). "Thus,
> '[t]he mere fact that [Michigan's] legislative scheme
> requires that suits for tortious conduct resulting in death be
> filtered through the so-called 'death act' . . . *does not change
> the character of such actions except to expand the elements
> of damage available.*'" *Id.* (citing *Hawkins v. Reg'l Med.
> Labs.*, 415 Mich. 420, 329 N.W.2d 729, 735 (Mich. 1982)

*Id.* at 600. (Emphasis in original).

8

In reviewing the Sixth Circuit cases, and *Blaty*, the controlling precedent as it applies to Michigan's wrongful death statute, with respect to the statute, Judge Parker wrote:

> Instead, it provides certain damages once a civil rights or tort violation is found which led to death. *Blaty* recognized that a decedent's estate may recover the full extent of damages available under the statute in a §1983 claim. **As such, Plaintiff's failure to plead a "wrongful death claim" does not preclude her from recovering damages under the statute.**

*Id.* at *10. (Citing *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006)) (Emphasis added).

While the failure to plead a wrongful death claim is not fatal, Judge Parker further noted that the plaintiff in *Stojcevski,* like Charles Jones, did, in fact, request wrongful death damages in her pleadings. *Id.* at *10, n.1.

Judge Parker concluded: "Michigan's statute which in comparison [to Ohio] provides recovery for a victim and the victim's estates and survivors, is not inconsistent with the Constitution and the goals of §1983 and therefore, it should not be disturbed. *Id.* at *12 (noting *Blaty*, 454 F.3d 590, 603) (Michigan's wrongful death statute, which "authorizes an award of damages for survivor's losses of support, society and companionship," applies to §1983 though §1988.).

Judge Parker denied Defendants' counsel's motion in limine in *Stojcevski.*

Likewise, in *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, 2015 WL 1726787 (W.D. Mich. Apr. 15, 2015) (Exhibit 2), Judge Robert Holmes Bell denied Defendants' counsel's motion limine employing the same reasoning.  (Ex.2 at *6). Judge Bell noted that in *Claybrook v. Birchwell,* 199 F.3d 350 (6th Cir. 2000), the claim survived dismissal where the plaintiffs alleged "great emotional loss" because the plaintiff's alleged constitutional injuries in their representative capacities as co-administrators under his estate. *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, at *10 (Claybrook, 199 F.3d 350 at 357).  *That is, the plaintiff utilized the proper vehicle, the wrongful death statute to bring his cause of action*. *Id.*

Here Plaintiff is on solid footing. While it is not necessary to use the words "pursuant to Michigan's wrongful death statute," Plaintiff has a viable medical malpractice claim specifically brought pursuant to Michigan's wrongful death act, i.e, he used the words.  (ECF No. 1, PageID.51-56)*.*

Defendants' argument that Plaintiff's failure to plead wrongful death as "special damages" under Fed. R. Civ. P. 9(g) in support of his §1983 claim renders the damages claim fatal, is squarely inapposite of this Circuit's holdings, and rulings in their own cases.

First, Defendants cannot claim any undue prejudice or unfair surprise.  That is, they cannot argue that they did not have notice that Plaintiff was bringing a claim for wrongful death damages.

Second, in Count III – 42 U.S.C. §1983 - Deliberate Indifference to Medical Needs, against the Defendants, Plaintiff plead as elements of damages, the following, *which are specifically enumerated in Michigan's wrongful death statute*, in pertinent part:

- Conscious pain and suffering.

- Loss of society and companionship of the heirs of the estate; and

- Any additional damages that become known through discovery and available under Michigan and federal law pursuant to 42 U.S.C. §§ 1983 and 1988.

(ECF No.1, PageID.42-46 (Exhibit 7).

Fed. R. Civ. P. 9(g) requires a party specifically to plead "special damages." Special damages are such damages that result from some cause not notified to the defendant by the very description of the injury complained of, as necessarily resulting from it. The object of the rule is to prevent surprise.  *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 869 (W.D. Mich. 2007). Attorney's fees are special damages.  A claim for exemplary damages constitutes special damages.  *Id.*  In *Figgins,* the defendants argued, in a motion in limine, that plaintiff's claim for punitive damages was "special damages," and because plaintiff failed to plead them, he should be precluded from presenting a claim at trial. *Id.* at 870.

11

The court stated that Defendants had been on notice of plaintiff's claim for punitive damages from the very beginning of litigation and therefore, punitive damages are not special damages under Rule 9(g). The court further found that Defendants' argument was untimely as it should have been brought as a motion for summary judgment rather than a motion in limine. *Id.* at 871. It denied Defendants' motion. *Id.*

In his Complaint, Plaintiff plead the same element of damages for his medical malpractice and §1983 counts, albeit worded slightly differently. (ECF No. 1, Page. ID 42-46; 51-56). In his medical malpractice count, Plaintiff refers to the wrongful death statute. There can be no doubt that Defendants were on notice from the beginning of this litigation that Plaintiff was seeking wrongful death damages for the loss of society and companionship of the decedent as part of their §1983 claim. Defendants' argument is disingenuous and should be denied.

Alternatively, Plaintiff requests that he be permitted to amend his Complaint to conform with discovery, the pleadings, and the record, and add the phrase "pursuant to M.C.L. §600.2922(6)" to Count III.

**C.    CAUSATION IS A QUESTION OF FACT AND PLAINTIFF NEED ONLY PROVE A LINK BETWEEN EACH DEFENDANTS' CONDUCT THE DECEDENT'S INJURIES AND DEATH.**

For the reasons stated above, Defendants' motion must be denied. Defendants will have every opportunity at trial to argue causation to the jury. Defendants could

have argued it to the Court, but it failed to include the arguments in their Motion for

Summary Judgment.

Plaintiff's argument could end here.

However, Plaintiff notes that Defendants are attempting to invent an

independent cause of action under the Michigan's wrongful death statute where one

does not exist. The statute is simply a procedural tool to bring a wrongful death

action.

Plaintiff agrees that proximate cause is an essential element of a §1983 claim.

*Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). However,

in the Sixth Circuit, once an inmate's medical need is objectively serious, there is no

requirement of proximate cause to hold an individual defendant liable:

> We have previously held that while proximate cause
> may be necessary "to assess whether the denial of
> medical care caused a serious medical injury in cases
> where the prisoner or pretrial detainee's 'affliction is
> seemingly minor or non-obvious,' no such evidence is
> required where the individual had a 'serious need for
> medical care that was so obvious that even a layperson
> would easily recognize the necessity for a doctor's
> attention.'" *Owensby v. City of Cincinnati,* 414 F.3d 596,
> 604 (6th Cir. 2005) (quoting *Blackmore v. Kalamazoo
> County,* 390 F.3d 890, 899 (6th Cir. 2004). Specifically,
> in *Blackmore,* we held: Where the seriousness of a
> prisoner's needs for medical care is obvious even to a lay
> person, the constitutional violation may arise. This
> violation is not premised upon the 'detrimental
> effect' of the delay, but rather that the delay alone in
> providing medical care creates a substantial risk of
> serious harm. When prison officials are aware of a

13

> prisoner's obvious and serious need for medical
> treatment and delay medical treatment of that condition
> for non-medical reasons, their conduct in causing the
> delay to create the constitutional infirmity. In such cases,
> the effect of the delay goes to the extent of the injury, not
> the existence of a serious medical condition.

*Cooper v. County of Washtenaw*, 222 Fed. App'x 459 (6th Cir. 2007) (Exhibit 8)

(citing *Owensby v. City of Cincinnati*, 414 F.3d 596, 604 (6th Cir. 2004)). To prove

deliberate indifference to a serious medical need, Plaintiff need only demonstrate a

causal link between each Defendants' misconduct and the decedent, Wade Jones's

injuries. *Boretti v. Wiscomb,* 930 F.2d 1150, 1154 (6th Cir. 1991); *Clark-Murphy v.*

*Foreback,* 439 F.3d 280, 293 (6th Cir. 2006).

This issue of causation is a question of fact for the jury to decide. Defendants

failed to timely address this argument in their summary judgment motion, and they

cannot back-door in the issue by way of this motion. Defendants' motion should be

denied.

## IV.   **RELEIF REQUESTED**

For the reasons set forth above, Plaintiff respectfully requests this Honorable

Court deny Defendants' Defendants, Teri Byrne, R.N., Janice Steimel, L.P.N.,

Joanne Sherwood N.P., Melissa Furnace, R.N., Dan Card, L.P.N., Chad Goetterman,

R.N., James Mollo, L.P.N., and Lynne Fielstra, L.P.N.'s Motion in Limine to Limit

Plaintiff's Damages Pursuant to the Deliberate Indifference Claim to Survival

Damages, and further requests sanctions for having to respond to this improperly filed motion in limine.

Respectfully submitted,

BUCKFIRE LAW FIRM

By:   /s/  Jennifer G. Damico
        JENNIFER G. DAMICO (P51403)
        Attorney for Plaintiff
        29000 Inkster Road, Suite 150
        Southfield, MI 48034
        Direct (248) 234-9828
        Main (248) 569-4646
        Fax (248) 281-1886
        jennifer@buckfirelaw.com

Date: July 12, 2022

## <u>LIST OF EXHIBITS</u>

**EXHIBIT 1**   *Stojcevski v. Cty of Macomb,* 2021 U.S. Dist. LEXIS 184047; 2021 WL 4398340 (E.D. Mich. Sep. 27, 2021)

**EXHIBIT 2**   *Warren v. Shilling*, 2015 U.S. Dist. LEXIS 49329, 2015 WL 1726787 (W.D. Mich. Apr. 15, 2015)

**EXHIBIT 3**   *Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*, 2016 U.S. Dist. LEXIS 1000127, 2016 WL 4073545 (E.D. Mich. Aug.1, (2016)

**EXHIBIT 4**   *SPX Corp. v. Bartec USA,* 2008 U.S. Dist. LEXIS 112004, 2008 WL 3850770 (E.D. Mich. Aug.12, 2008)

**EXHIBIT 5**   *ABC Beverage Corp.& Subsidiaries v. United States,* 2008 U.S. Dist. LEXIS 102458, 2008 WL 5424174(W.D. Mich. Dec. 4, 2008)

**EXHIBIT 6**   *Brown v. Oakland County*, 2015 U.S. Dist. LEXIS 120940, 2015 WL 5317194 (E.D. Mich. Sept. 10, 2015)

**EXHIBIT 7**   Count III – Plaintiff's Complaint

**EXHIBIT 8**   *Cooper v. County of Washtenaw*, 222 Fed. App'x 459 (6th Cir. 2007)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,                    Case No.: 1:20-cv-00036

    v.                             Hon. Judge Hala Y. Jarbou
                                   Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

        Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| Direct (248) 234-9828 | Attorney for Defendants, |
| (248) 569-4646 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-6737 (fax) | Troy, MI 48098 |
| Jennifer@buckfirelaw.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

_____/

## **WORD COUNT CERTIFICATE OF COMPLIANCE**

In accordance with W.D. Mich. LCivR 7.3(b)(i) and (ii), the undersigned certifies that Plaintiff's Brief in Response to Defendants' Teri Byrne, R.N., Janice Steimel, L.P.N., Joanne Sherwood N.P., Melissa Furnace, R.N., Dan Card, L.P.N., Chad Goetterman, R.N., James Mollo, L.P.N., and Lynne Fielstra, L.P.N.'s Motion in Limine to Limit Plaintiff's Damages Pursuant to the Deliberate Indifference

Claim to Survival Damages is <u>3261</u> words.  The software used to generate the word count is Microsoft® Word for Microsoft 365 MSO (Version 2205 Build 16.0.15225.20172) 64-bit.

**<u>/s/  Jennifer G. Damico</u>**