UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,                           Case No.: 1:20-cv-00036

    v.                                 Hon. Judge Hala Y. Jarbou

                                        Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

        Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| Direct (248) 234-9828 | Attorney for Defendants, |
| (248) 569-4646 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-6737 (fax) | Troy, MI 48098 |
| Jennifer@buckfirelaw.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

_____/

## **JOINT JURY INSTRUCTIONS**

## CV 2.01 – Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## CV 2.01B - More Than One Defendant

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant. Unless otherwise stated, all instructions apply to each defendant.

**CV 2.02 - Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**CV 2.03 - All Persons Equal Before the Law – Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.   A corporation is entitled to the same fair trial at your hands as a private individual.

## CV 2.04 - Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not

speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**CV 2.05 - Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**CV 2.05A - Consideration of Evidence - Corporate**

A corporation may act only through natural persons as its agents or employees. In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

## CV 2.06 - Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CV 2.07 - Credibility of Witnesses

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that

might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## CV 2.08 - Number of Witnesses and Evidence Presented

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

## CV 2.08A - All Available Evidence Need Not Be Produced

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**CV 2.08B - Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**CV 2.08C - Not Required to Accept Uncontradicted Testimony**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## CV 2.14 - Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**CV 3.01 – Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claims against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

## CV 3.02 - Preponderance of the Evidence

The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence.   If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.   If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.   Furthermore, this does not require proof beyond a reasonable doubt.   Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.   It does not apply in civil cases such as this.

## CV 3.02A - Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.   The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact.   The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## <u>NATURE OF THE ACTION</u>

In this case, Plaintiff Charles Jones, as personal representative of the Estate of Wade Jones, deceased, has asserted various claims for injuries, wrongful death and damages, against the Defendants in this matter, Nurses Teri Byrne, R.N., Janice Steimel, LPN., Jim Mollo, L.P.N., Lynne Fielstra, L.P.N., Daniel Card, L.P.N., Melissa Furnace, R.N., Chad Goetterman, R.N., and Joanne Sherwood, N.P. (Nurse Practitioner), who were all working as healthcare professionals, employed by Defendant, Corizon Health, Inc., at the Kent County Jail between April 24, 2018 to April 27, 2018.

## <u>42 U.S.C. §1983 – Violation of the Eighth Amendment, Deliberate Indifference to Serious Medical Needs</u>

Plaintiff's first cause of action against some of the Defendants is a civil rights action under 42 U.S.C. § 1983. The Defendants are: Melissa Furnace, RN, Joanne Sherwood, NP, James Mollo, LPN, Lynne Fielstra, LPN, Dan Card, LPN, and Chad Goetterman, RN. Plaintiff claims that these Defendants deprived Wade Jones's of his federal rights under the Eighth Amendment to the United States Constitution which includes a right to necessary medical care. Specifically, Plaintiff claims that, while Jones was an inmate at the Kent County Jail, he was denied necessary treatment for his serious medical condition of delirium tremens, a condition caused by acute alcohol withdrawal.

The Eighth Amendment to the United States Constitution prohibit "cruel and unusual punishment."   This protection includes a right to be free from deliberate indifference to an inmate's serious medical needs. Thus, a defendant would violate that right, if he or she was deliberately indifferent to an inmate's serious medical needs.   I will explain the elements of deliberate indifference to you later in these instructions.

**Medical Malpractice**

Plaintiff's second cause of action against some of the Defendants is a claim for medical malpractice (also known as professional negligence).   The Defendants are: Teri Byrne, RN, Melissa Furnace, RN, Joanne Sherwood, NP, James Mollo, LPN, Lynne Fielstra, LPN, and Dan Card, LPN.   Defendant, Corizon Health, Inc., is also a Defendant, as it was the employer of these Defendants.

Plaintiff claims that these Defendants *failed to do something* that nurses or nurse practitioners of ordinary learning, judgment, and skill, in the nursing community *would have done* under the same or similar circumstances as in this case, or *did something* that nurses and nurse practitioners of ordinary learning, judgment, and skill, in the nursing community *would not have done* under the same or similar circumstances as in this case.

**PLANTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1 –
EXPLANATION OF MICHIGAN WRONGFUL DEATH STATUTE –
APLLIES TO SECTION 1983 AND MEDICAL MALPRACTICE CLAMS**

**DEFENDANTS' OBJECT**

We have a law known as the Wrongful Death Act. This law permits the personal representative of the estate of a deceased person to bring an action whenever the death of a person or injuries resulting in the death of a person have been caused by the wrongful acts or professional negligence another. In this case, Charles Jones, the personal representative of the estate of Wade Jones, the deceased, is suing Melissa Furnace, RN, Joanne Sherwood, NP, James Mollo, LPN, Lynne Fielstra, LPN, Dan Card, LPN, and Chad Goetterman, RN. for violations of Wade Jones federal civil rights, and Corizon Health, Inc., Melissa Furnace, RN, Joanne Sherwood, NP, James Mollo, LPN, Lynne Fielstra, LPN, and Dan Card, LPN, for medical or professional malpractice.

Charles Jones is representing the family member of the deceased, namely himself and Janice Jones, Wade Jones's parents, Wayne Jones, Wade Jones's grandfather, and Wade Jones's siblings, Jennifer Tofferi and Brian Jones. They are the real parties in interest in this lawsuit and in that sense are the real plaintiffs, whose damages you are to determine if you decide for the personal representative of the estate of Wade Jones.

This law applies to both Plaintiff's medical malpractice and section 1983 claims.

**<u>Authority:</u>**

M Civ JI 45.01 Wrongful Death—Explanation of Statute; *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006).

**CV 3.03 - Specific Elements of Claims - Elements of a Section 1983 Claim**

I will now discuss the specific elements of the first claim, deliberate indifference.

Plaintiff Charles Jones has brought deliberate indifference claims against seven (6) nurses and one (1) nurse practitioner (Defendants Jim Mollo, L.P.N., Lynne Fielstra, L.P.N., Daniel Card, L.P.N., Melissa Furnace, R.N., Chad Goetterman, R.N., and Joanne Sherwood, N.P.) who were working as healthcare professionals at the Kent County Jail between April 24, 2018 to April 27, 2018.

In order to show that his Eighth rights were violated, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That Mr. Jones had a serious medical need;

Second: That the individual defendant had actual knowledge of the serious medical need at the time of his or her involvement with Mr. Jones;

Third: That the individual defendant, with deliberate indifference to the serious medical need, failed to provide Mr. Jones with appropriate medical care within a reasonable time; and

Fourth: That Mr. Jones was injured as a result of the individual defendant's deliberate indifference to the serious medical need.

If Plaintiff, Charles Jones, proves these elements as to an individual defendant, you must find for the Plaintiff. If he fails to prove any one of these elements, you must find for the individual defendant.

**CV 3.03(1) – Serious Medical Need**

I will now give you the definition of a serious medical need. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

### 3.03(2) – Eighth Amendment Deliberate Indifference

### PLAINTIFF'S PROPOSED INSTRUCTION

I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.

Plaintiff must show that a defendant actually knew of the risk.   If the Plaintiff proves that there was a risk of serious harm to Mr. Jones and that the risk was obvious, you are entitled to infer from the obviousness of the risk that a defendant knew of the risk.

Deliberate indifference entails something more than mere negligence. The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness.

There are a number of ways in which a Plaintiff can show that a defendant was deliberately indifferent. Deliberate indifference may occur:

- When a defendant delays in the administration of medication when he or she knows that the delay exposes the inmate to a substantial risk of harm, pain, permanent injury or death;

- When a defendant knows that an inmate requires medical treatment such as medication, IV hydration, or transfer to a higher level of care, and intentionally refuses to provide that treatment;

- Where a defendant fails to follow a prescribed treatment plan, when he or she knows that the failure to follow the plan exposes the inmate

to a substantial risk of harm, pain, permanent injury or death;

- When a defendant knows that observation only of an inmate's serious medical condition, will subject the inmate to a substantial risk of harm, pain, permanent injury or death, and ceases to become medical treatment; or

- When a defendant fails to provide life-saving measures to an inmate where he or she knows that failure to provide life-saving measures will cause irreparable injury or death.

**Plaintiff's Argument and Authority**:

Defendants' instruction is incomplete.   Deliberate indifference is a complex concept for a jury to grasp.   Providing specific examples Sixth Circuit cases will assist the jury in understanding what conduct rises to the level of deliberate indifference.

Matthew Bender, Modern Federal Jury Instructions, Form 4.11.1; *Rhinehart v. Scutt*, 894 F.3d 721, 736-737; 738; 751 (6th Cir. 2018); *Greene v. Crawford County*, 22 F.4th 593, 605 (6th Cir. 2022); *Brawner v. Scott Cnty, Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021); *Richmond v. Huq*, 855 F.3d 928 (6th Cir. 2018); and *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,551 (6th Cir. 2009).

### 3.03(2) – Eighth Amendment Deliberate Indifference

**<span style="color:red">DEFENDANTS' PROPOSED INSTRUCTION</span>**

I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.

Deliberate indifference entails something more than mere negligence. The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness.

*Rhinehart v. Scutt*, 894 F.3d 721, 736-737; 738; 751 (6th Cir. 2018).

**<u>PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 2 –
KNOWLEDGE MAY BE ACTUAL OR INFERRED</u>**

**DEFENDANTS OBJECTS**

Knowledge may be either actual or inferred from the evidence.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

**<u>Authority:</u>**

*Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,551 (6th Cir. 2009) ("[B]ecause government officials do not readily admit the subjective component of this test, it may be inferred from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002)).

**CV 3.03A - Proximate Cause – Section 1983 Claim**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## CV 3.03B - Proximate Cause and Proximately Contributed – Section 193 Claim

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

## CV 3.03C - Contributory Negligence

In addition to denying that any negligence of the defendants proximately caused any injury or damage to the plaintiff, the defendants allege, as a further defense, that some contributory negligence on the part of the plaintiff was a proximate cause of any injuries and consequent damages plaintiff may have sustained.  Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, the defendants in effect allege that, even though the defendants may have been guilty of some negligent act or omission which was one of the proximate causes, the plaintiff's own failure to use ordinary care under the circumstances for the plaintiff's own safety, at the time and place in question, also contributed one of the proximate causes of any injuries and damages plaintiff may have suffered.

The burden is on defendants, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff was also at fault, and that such fault contributed one of the proximate causes of any injuries and consequent damages the plaintiff may have sustained.

**Specific Elements of Claims – State Medical Malpractice Claim**

I will now discuss the elements of Plaintiff's second claim, medical malpractice. Plaintiff Charles Jones has brought state law medical malpractice claims against seven (6) nurses and one (1) nurse practitioner (Defendants Teri Byrne, R.N., Jim Mollo, L.P.N., Lynne Fielstra, L.P.N., Dan Card, L.P.N., Melissa Furnace, R.N., and Joanne Sherwood, N.P.)) who were working as healthcare professionals at the Kent County Jail between April 24, 2018, to April 27, 2018.

**M Civ JI 30.01 Professional Negligence/Malpractice**

"Professional negligence" and "malpractice" are the same. They mean the failure to do something that a nurse of ordinary learning, judgment and skill in the nursing community would do, under the same or similar circumstances as in this case. Professional negligence, or malpractice, can also mean doing something that a nurse of ordinary learning, judgment and skill would not do, under the same or similar circumstances as in this case.

It is for you to decide, based upon the evidence, what the ordinary nurse of ordinary learning, judgment or skill would do or would not do under the same or similar circumstances.

## M Civ JI 30.03 Burden of Proof – Medical Malpractice

As to each of the individual Defendants, the plaintiff has the burden of proving:

>(a)(1): that the individual defendant, Teri Byrne, R.N., was professionally negligent.

>(a)(2):  that the individual defendant, Janice Steimel, L.P.N., was professionally negligent.

>(a)(3): that the individual defendant, Janice Steimel, L.P.N., was professionally negligent.

>(a)(4): that the individual defendant, James Mollo, L.P.N., was professionally negligent.

>(a)(5): that the individual defendant, Lynne Fielstra, L.P.N., was professionally negligent.

>(a)(6): that the individual defendant, Daniel Card, L.P.N., was professionally negligent.

>(a)(7): that the individual defendant, Melissa Furnace, R.N., was professionally negligent.

>(a)(8): that the individual defendant, Joanne Sherwood, N.P., was professionally negligent.

>(b) that the plaintiff sustained injury and damages; and

>(c) that the professional negligence or malpractice of the defendant was a proximate cause of the injury and damages to the plaintiff.

Your verdict will be for the plaintiff if the plaintiff has proved all of those elements.

Your verdict will be for the defendant if the plaintiff has failed to prove any one of those elements.

*History*

M Civ JI 30.03 was added February 1, 1981. Amended January 2020.

**M Civ JI 30.04 Medical Malpractice: Cautionary Instruction on Medical Uncertainties**

There are risks inherent in medical treatment that are not within a nurse's or nurse practitioner's control. A nurse or nurse practitioner is not liable merely because of an adverse result. However, a nurse or nurse practitioner is liable if the nurse or nurse practitioner is professionally negligent and that professional negligence is a proximate cause of an adverse result.

**M Civ JI 8.01 Definition of Burden of Proof  - Medical Malpractice**

(a) I have just listed for you the propositions on which the plaintiff has the burden of proof. For the plaintiff to satisfy this burden, the evidence must persuade you that it is more likely than not that the proposition is true.

You must consider all the evidence regardless of which party produced it.

**M Civ JI 10.02 Negligence of Adult—Definition**

Negligence is the failure to use ordinary care. Ordinary care means the care a reasonably careful person would use. Therefore, by "negligence," I mean the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, under the circumstances that you find existed in this case.

The law does not say what a reasonably careful person using ordinary care would or would not do under such circumstances. That is for you to decide.

**M Civ JI 10.04 Duty to Use Ordinary Care— Adult—Plaintiff**

It was the duty of the plaintiff, in connection with this occurrence, to use ordinary care for his own safety.

**M Civ JI 11.01 Comparative Negligence—Definition- Medical Malpractice**

The total amount of damages that the plaintiff would otherwise be entitled to recover shall be reduced by the percentage of Mr. Wade Jones' negligence that contributed as a proximate cause to his death.

This is known as comparative negligence.

The plaintiff, however, is not entitled to noneconomic damages if Mr. Jones is more than 50 percent at fault for his death.

**Special Instruction:   Impaired Ability to Function Due to Intoxicating Liquor as Absolute Defense**

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION**

"It is an absolute defense [for the Defendants] in an action for the death of an individual or for injury to a person that [Mr. Wade Jones] had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, [Mr. Wade Jones] was 50% or more the cause of the accident or event that resulted in his death or injury. If [Mr. Wade Jones] was less than 50% the cause of the accident or event, an award of damages shall be reduced by that percentage."

Alcohol "withdrawal is the natural and expected, even inevitable, outcome of excessive alcohol consumption," and constitutes an "event" that results in death or injury for purposes of this instruction.

"'Impaired ability to function due to the influence of intoxicating liquor' means that, as a result of an individual drinking or otherwise consuming intoxicating liquor or a controlled substance, the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed liquor or a controlled substance. An individual is presumed under this [instruction] to have an impaired ability to function due to the influence of intoxicating liquor or a controlled substance if,   [based upon his blood alcohol level being .08 or more], a presumption would arise that the individual's ability to operate a vehicle was impaired."

If you find that (1) Mr. Wade Jones had an impaired ability to function due to the influence of intoxicating liquor, and (2) as a result of his impaired ability, he was 50% or more the cause of the event resulting in his death, Plaintiff is not entitled to any damages.

If you find that Mr. Wade Jones was less than 50% the cause of this event resulting in his death, you must reduce Plaintiff's damages by the percentage of Mr. Wade Jones' conduct in causing the event resulting in his death.

Mich. Comp. Laws §600.2955(a).

*Harbour v. Corr. Med. Servs.*, 266 Mich. App. 452, 702 N.W.2d 671 (Mich. Ct. App. 2005), app. denied, 475 Mich. 859, 713 N.W.2d 777 (Mich. 2006).

Court's Opinion and Order (ECF NO. 147, PageID.3248-49).

**Special Instruction:   Impaired Ability to Function Due to Intoxicating Liquor as Absolute Defense to Medical Malpractice Claims**

**PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION**

Michigan law provides an absolute defense to Plaintiff's medical malpractice claims against the Defendant if you find that:

1) Wade Jones had "an impaired ability to function" due to the consumption of alcohol, and

2) if, "as a result of that impaired ability, he was 50% or more the cause of the . . . event that resulted in his injuries or death."

This absolute defense only applies to Plaintiff's state law claims for medical or professional malpractice claims against the Defendants.

An "impaired ability to function" means that "the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed the alcohol."

An individual is "presumed" to have an impaired ability to function if their blood alcohol level exceeds Michigan's legal limit.

The Plaintiff may rebut the presumption of his "an impaired ability to function" with clear and convincing evidence to the contrary.

If you find that (1) Wade Jones had an impaired ability to function due to the influence of intoxicating liquor, and (2) if as a result of his impaired ability, he was 50% or more the cause of the event resulting in his injuries or death, Plaintiff is not entitled to any damages.

If you find that (1) Wade Jones had an impaired ability to function due to the influence of intoxicating liquor, and (2) if as a result of his impaired ability, he was less than 50% the cause of the event resulting in his injuries or death, an award of damages shall be reduced by that percentage.

**Plaintiff's Position:**

Defendants' instruction improperly interjects the Michigan Court of Appeals' narrow holding in *Harbour v. Corr. Med. Servs.*, 266 Mich. App. 452, 702 N.W.2d 671 (Mich. Ct. App. 2005), app. denied, 475 Mich. 859, 713 N.W.2d 777 (Mich. 2006). This Court has rejected the *Harbour Court's* and Defendants' interpretation of MCL §600.2955a on two occasions for the reasons stated in its Motion to Dismiss and Motion for Summary Judgment Opinion. Defendants failed to include the rebuttable presumption language from the statute.   Further, if Defendants are adamant on including the language that acute alcohol withdrawal can be an "event" under the statute, then Plaintiff proposes the following:

"Alcohol withdrawal may be considered an "event" under this law, along with Plaintiff's claims of medical malpractice against the Defendants."   *See, Beebe v. Hartman,* 489 Mich. 956 (2011)

The last paragraph of Defendants' instruction regarding the reduction of damages portion, i.e., request the jury to reduce their damages by the percentage of Wade Jones's fault was modified to comport with the statute.

**M Civ JI 13.03 Mental Illness—Adult**

An adult who is disabled by reason of mental illness must still observe the same standard of care which a normal and reasonably careful person would exercise under the circumstances which existed in this case.

**M Civ JI 15.01 Definition of Proximate Cause – Medical Malpractice**

When I use the words "proximate cause" I mean first, that the negligent conduct must have been a cause of plaintiff's injury, and second, that the plaintiff's injury must have been of a type that is a natural and probable result of the negligent conduct.

**M Civ JI 15.03 More Than One Proximate Cause – Medical Malpractice**

There may be more than one proximate cause. To be a proximate cause, the claimed negligence need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.

*Note on Use:*

This instruction should be given as an introduction to M Civ JI 15.04, 15.05, or 15.06. The instruction may also be given where the only possible additional proximate cause is the conduct of the plaintiff.

**M Civ JI 15.04 Causation by Multiple Defendants- Medical Malpractice**

You may decide that the conduct of none, one or more of the defendants was a proximate cause. If you decide that one or more of the defendants was negligent and that such negligence was a proximate cause of the occurrence, it is not a defense that the conduct of one or more of the other defendants also may have been a caused of the occurrence. Each defendant is entitled to separate consideration as to whether his or her conduct was a proximate cause of the occurrence.

*Note on Use*

This instruction should be preceded by M Civ JI 15.03 and should be given when there is an issue whether the conduct of each defendant was a proximate cause. The bracketed alternatives should be selected according to whether there are two or more than two defendants.

**M Civ JI 42.01 Allocation of Fault of Parties – Medical Malpractice**

If you find that multiple parties are at fault, then you must allocate the total fault among those parties.

In determining the percentage of fault of each party, you must consider the nature of the conduct of each party and the extent to which each party's conduct caused or contributed to the plaintiff's injury. The total must add up to 100 percent.

*Note on Use*

This instruction should be used only for personal injury actions filed on or after October 1, 1986, relating to causes of action arising on or after October 1, 1986. See 1986 PA 178, §§2 and 3. "'Personal injury' means bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301.

**Special Instruction:   Expert Testimony – Proximate Cause
Professional Negligence/Malpractice/Deliberate Indifference**

**PLAINTIFF OBJECTS**

Expert testimony is required to prove proximate cause.   However, an expert opinion based upon only hypothetical situations is not enough to prove a legitimate causal connection between the defendant's acts and the plaintiff's injury.   Instead, the plaintiff must set forth specific facts that support a reasonable inference of cause and effect.   Evidence of proximate cause must exclude other reasonable hypotheses with a fair amount of certainty.

*Teal v. Prasad*, 283 Mich. App. 384, 395-96; 772 N.W.2d 57 (Mich. Ct. App. 2009); *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021).

Plaintiff's Position:   This jury instruction is unnecessary. Proximate cause is an element of a malpractice claim that must be proven by preponderance of the evidence.   M.C.L. § 600.2912a(2). "'In a medical malpractice case, the plaintiff bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury. Failure to prove any one of these elements is fatal.'" *Teal v. Prasad*, 283 Mich. App. 384, 395-96; 772 N.W.2d 57 (Mich. Ct. App. 2009) (citing *Wiley v Henry Ford Cottage Hosp*, 257 Mich. App. 488, 492; 668 N.W.2d 402 (Mich. Ct. 2003)). In *Teal,*

> A valid theory of causation, therefore, must be based on facts in evidence. And while "'[t]he evidence need not negate all other possible causes,'" this Court has consistently required that the evidence "'exclude other reasonable hypotheses with a fair amount of certainty.'"

283 Mich. App. at 392 (quoting *Craig v Oakwood Hosp*, 471 Mich. 67, 86; 684 N.W.2d 296 (Mich. Ct. 2004)).

Expert testimony is not *statutorily* required to provide proximate cause in a Section 1983.   However, in *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021), the court held that expert testimony may be required to prove grossly inadequately medical care where a prisoner challenge is to extensive medical care. That is, expert testimony is required to show that the doctors provided grossly incompetent treatment. Further, *Phillips* held that in the case of delay in treatment, medical evidence may be necessary to prove causation.

## CV 3.04 - Consider Damages Only If Necessary

If the plaintiff has proven a claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.   It is your task first to decide whether the defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendants liable and that the plaintiff is entitled to recover money from the defendants.

**CV 3.04A – Damages - Reasonable - Not Speculative**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**

Damages must be reasonable.   If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.   In a medical malpractice action, damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. However, in a Section 1983, you may award punitive damages, to punish a defendant, under certain circumstances, which I will explain in a moment.

Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible.   They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.   So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**<u>Plaintiff's Authority:</u>**

42 U.S.C. §1983; M.C.L.§ 600.2922; M Civ JI 45.01- Wrongful Death-Explanation of Statute; *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006).

## CV 3.04A - Damages - Reasonable - Not Speculative

### DEFENDANTS' PROPOSED INSTRUCTION

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**CV 3.04D - Mortality Tables - Actuarial Evidence**

Life Expectancy of Plaintiff

If a preponderance of the evidence shows that plaintiff's decedent, Wade Jones, has been permanently damaged, you may consider his life expectancy.   The mortality evidence may be considered in determining how long the claimant may be expected to live.   Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and exposure to danger of persons in that class.   So, such tables are not binding on you but may be considered together with the other evidence, if any, in the case bearing on the plaintiff's health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Wade Jones's life.

## CV 3.05 - Damages – Compensatory Damages

### **DEFENDANTS OBJECT**

If you find the Defendants liable, then you must consider the issue of compensatory damages.  You must award Plaintiff an amount that will fairly compensate the Plaintiff for any injury sustained by Wade Jones and his estate actually sustained as a result of the Defendants' conduct.

Compensatory damages must not be based on sympathy or speculation.   They must be based on the evidence presented at trial, and only that evidence.    Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

If you decide the Plaintiff is entitled to damages, you shall give such amount as you decide to be fair and just, under all the circumstances, to those persons represented in this case. Such damages may include the following items, to the extent you find they have been proved by the evidence:

1. Compensation for the pain and suffering undergone by Wade Jones while was conscious during all events at issue until the time of his death, including:

   - physical pain and suffering;
   - mental anguish;
   - fright and shock;
   - denial of social pleasures and enjoyments; and
   - embarrassment, humiliation or mortification.

2. compensation for the loss of society and companionship suffered by Charles Jones, Janice Jones, Wayne Jones,

Jennifer Tofferi, and Brian Jones, and as a result of Wade Jones's injuries and death.

Which, if any, of these elements of damage has been proved is for you to decide, based upon evidence and not upon speculation, guess, or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate for the damages and not to punish the defendant.


**<u>Plaintiff's Authority:</u>**

M.C.L. §600.2922; M.C.L. §600.2921; M Civ JI 45.01- Wrongful Death- Explanation of Statute; M Civ JI 45.02 Wrongful Death—Damages; (where appropriate, elements of damages such as those listed in M Civ JI 50.02 may be inserted into this instruction.) See *Taylor v Michigan Power Co*, 45 Mich App 453, 457; 206 NW2d 815, 818 (1973); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-560 (6th Cir. 2006).

## CV 3.05(1) - Damages – Punitive Damages – Section 1983 Claim

### DEFENDANTS' OBJECT

In addition to compensatory damages, you may consider awarding the Plaintiff punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that a particular defendant's conduct was by motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights.  In this case, there are multiple defendants.  You must make a separate determination whether each defendant:

1. Willfully and intentionally violated Wade Jones's civil rights, or

2. Acted with reckless or callous indifference to Wade Jones's federally protected rights.

If you find that it is more likely that not that a particular defendant acted with evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may award punitive damages against that defendant.

However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you still may decide to award punitive damages, or up may decide not to award them.  I will now discuss some considerations that should guide your exercise of his discretion.  But remember that you cannot award punitive damages unless you have found that the

defendant in question acted with evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights.

If you have found that defendant in question acted with evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you should consider the purposes of punitive damages.   The purposes of punitive damages are to punish that defendant for a willful and intentional violation of a person's federal rights or to deter that defendant and other like that defendant from doing similar things in the future, or both.   Thus, you also should consider whether to award punitive damages to punish that defendant.   You should also consider whether actual damages standing alone are sufficient to deter or prevent that defendant from again performing nay wrongful acts that he or she performed.   Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those that defendant may have committed.

If you decide to award punitive damages then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damage, you should consider the degree to which that defendant should be punished for is or her wrongful conduct towards Wade Jones, and the degree to which an award of one sum or another will deter that defendant or others from committing similar wrongful acts in the future.

In considering the purposes pf punishment and deterrence, you should consider the nature of that defendant's conduct.  For example, you are entitled to consider the amount of harm actually caused by that defendant's conduct, as well as the harm that defendant's conduct could have caused, and the harm that could result if the conduct is not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish that defendant, you should only punish that defendant for harming Wade Jones, and not for harming people other than him.  As I have mentioned, in considering whether to punish that defendant, you should consider the nature of that defendant's conduct – on other words, how blameworthy that conduct was.

The extent to which a particular amount of money will adequately punish that defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon that defendant's financial resources. Therefore, if you find that punitive damages should be awarded against that defendant, you may consider the financial resources of that defendant in fixing the amount of such damages.

### Plaintiff's Authority:

42 U.S.C. § 1983; *Smith v. Wade,* 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). The Sixth Circuit has acknowledged that this standard is "consistent" with the standard for measuring deliberate indifference under the Eighth Amendment, and that "much of the evidence bearing on the one questions bears on the other." *Gibson v. Moskowitz*, 523 F.3d 657, 664 (6th Cir. 2008) (quotation omitted); *compare  Farmer v. Brennan*, 511 U.S. 825, 894, 114 S. Ct. 1970, 128 L.

Ed. 2d 811 (1994) (adopting a subjective recklessness standard "as the test for 'deliberate indifference' under the Eighth Amendment"), *with Smith*, 461 U.S. at 56 (stating that reckless indifference will establish a plaintiff's right to punitive damages); *White v. Burlington Northern & Santa Fe R. Co.,* 364 F.3d 789, 805 ((6th Cir. 2004) (The burden of proof for punitive damages is a preponderance of the evidence.).

**CV-3.05A- Prejudgment Interest**

If you decide that the plaintiff has suffered damages, then you should award plaintiff that amount of interest which you find will fairly compensate the plaintiff for the loss of use of the plaintiff's funds.  If you decide to award interest, the interest should begin to run on the date when plaintiff's total damages became ascertainable which would be January 14, 2020. The interest should run from January 14, 2020 through today's date.   The interest rate shall be 1.669% annually.

**CV 4.01 - Introduction**

That concludes the part of my instructions explaining the elements of the claims made by plaintiff and how to calculate damages if you find that damages should be awarded.   Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## CV 4.04 - Limited Purpose Evidence

The evidence [of                    ] [you are about to hear] [you have just heard] may be considered only for the limited purpose of [fill in] and for no other purpose.

## CV 4.05 - Testimony Of Expert Witness

During the trial you heard the testimony of Valerie Tennessen, R.N., Michael McMunn, N.P., Daniel Fintel, M.D., Stephen Furman, R.N., Kimberly Pearson, R.N., Cynthia Hadden, R.N., Margaret, Migaud, DNP, Edward Jouney, M.D., and Brian Williamson, M.D., who were all described as experts in their respective fields of nursing, being nurse practitioners, addiction medicine and detoxification medicine, and cardiology.   There witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

## CV 4.05A - Compensation of Expert Witnesses

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

During the trial you heard the testimony of Valerie Tennessen, R.N., Michael McMunn, N.P., Daniel Fintel, M.D., Stephen Furman, R.N., Kimberly Pearson, R.N., Cynthia Hadden, R.N., Margaret, Migaud, DNP,   Edward Jouney, M.D., and Brian Williamson, M.D., who were all described as experts in their respective fields of nursing, being nurse practitioners, addiction medicine and detoxification medicine, and cardiology.   There witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the

witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

**CV 4.06 - Summaries Not Admitted in Evidence**

You have seen some charts and summaries that were not received in evidence that may help explain the evidence.   Their only purpose is to help explain the evidence.   These charts [and the time-lines put on the board] are not themselves evidence or proof of any facts.

**CV 4.06W - Witness Who Has Been Interviewed by an Attorney**

It has been brought out that an attorney has talked with witnesses.   There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**CV 4.07 - Impeachment - Inconsistent Statement (Prior Conviction)**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.   The fact of such a conviction does not necessarily destroy the witness' credibility,   but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

## CV 4.08 - Impeachment by Prior Inconsistent Statement Not Under Oath

You have heard the testimony of [name]. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was.   You cannot use it as proof of anything else.   You can only use it as one way of evaluating this witness's testimony here in court.

## CV 9.01 - Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.   This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.   If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can.   I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.   Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence.   If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.   Do not ever write down or tell anyone how you stand on your votes.   For example, do not write down or tell anyone that you are split, or whatever your vote happens to be.   That should stay secret until you are finished.

## CV 9.02 - Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court.   The instructions I have given you throughout trial also apply to your deliberations.   Do not try to gather any information about the case on your own.   Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations.   Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as ATwitter@ to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial.   Make your decision based only on the evidence that you saw and heard here in court.

## CV 9.04 - Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.   Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.   For example, some of you may need to think quietly while others may want to openly discuss their thoughts.   It may take more time for some of you, than for others, to reach a decision.   Be patient and considerate of each other=s needs as you deliberate.   Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.   In the end, your vote must be exactly that--your own vote.   It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff=s claims were proved  by a preponderance of the evidence.

**CV 9.04A - Notes**

During the trial, I permitted you to take notes and I have noticed that several of you have done so.   As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.   Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.   Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial.   Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

**CV 9.05 - Verdict Form**

I have prepared verdict forms for your use.   A verdict form is simply the written notice of your decision.   Whatever decision you reach in this case must be the unanimous decision of all of you.   When all of you agree upon a verdict, it will be received as your verdict.   **[EXPLAIN FORM]**

When you answer one or all of these questions regarding one of the plaintiffs, you should then answer the questions for the other plaintiff.   Your foreperson should sign and date both verdict forms.

After both verdict forms are completed, your foreperson should give a written note to the bailiff.   That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

## CV 9.09 - Court Has No Opinion

Let me emphasize something that I said to you earlier.   Nothing that I have said or done during this trial was meant to influence your decision in any way.   You decide for yourselves whether the plaintiff=s claims were proved by a preponderance of the evidence.