UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

       Plaintiff,                  Case No.: 1:20-cv-00036

v.                               Hon. Judge Hala Y. Jarbou
                                   Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

       Defendants.

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI  48034 | Attorney for Defendants, |
| Direct (248) 234-9828 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

_____/

### **FIRST AMENDED JOINT FINAL PRETRIAL ORDER**

A second final pretrial conference was held on the 17th day of October, 2022. Appearing for the parties as counsel were: Jennifer Damico for the plaintiff, and Ronald Chapman and Devlin Scarber for the defendants.

1.    **Exhibits**:  The following exhibits will be offered by the plaintiff and the defendants:

a.   **Plaintiff's Exhibits**:

| Exhibit No./Letter | Description | Deposition Exhibit No.[1] | Offered By | Objection By Defendant | Date Offered | Date Received |
|---|---|---|---|---|---|---|
| 1 | Wade Jones's Complete Medical Record Produced by Corizon (CLG00001-31), including written statements of all employees as F.R.E. 803(5) exception to hearsay. | 20 | Pl | Agree to medical records except for statements after the fact (see pgs 20-31) per FRE 802, 804, 805. | | |
| 2 | Photo – MA Pearson with Deputy Jourden 4/27/18 | 21 | Pl | Object. See FRE 106, 402 | | |
| 3 | Photo – MA Pearson with Deputy Jourden 4/27/18 | 22 | Pl | Object. See FRE 106, 402 | | |
| 4 | Photo – (top) Goetterman, unk female; (bottom) Sonja, Chad & N.P. Sherwood | 4 | Pl | Object. See FRE 106, 402 | | |
| 5 | Photo – Booking Lobby | 12 | Pl | Object. See FRE 106, 402 | | |
| 6 | Clinical Pathway – Substance Abuse Withdrawal (SAW) (iss'd 1/12, rev'd 6/17) (CH003346-3353) | 28 | Pl | Object. See FRE 401, 402, 403 | | |
| 7 | Attachment I – Core Process Program – Intake – 107-SC- Clinical Smart Card – SAW Substance Abuse Withdrawal (iss'd 3/16, rev'd 7/16) (CH001123-1127) | 29 | Pl | Object. See FRE 401, 402, 403 | | |
| 8 | **P & P – J-G-06** – Intoxication and Withdrawal (iss'd 10/12) (CH000420-421) | 30 | Pl | Object. See FRE 401, 402, 403 | | |
| 9 | **P & P – J-F-04 –** Medically Supervised Withdrawal (iss'd 10/12 as J-G-07, rev'd 8/18)(CH000252-254) | 31 | Pl | Object. See FRE 401, 402, 403 | | |
| 10 | Affidavit of Meritorious Defense – Fielstra – dated: 5/9/20 | 32 | Pl | No objection, if | | |

---

[1] The parties maintained a consecutive list of exhibits marked during all depositions: 1 through 202.  They are identified for cross-reference.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | done in accordance with FREs | | |
| 11 | **P & P – J-I-05 -**Informed Consent and the Right to Refuse Treatment (iss'd 10/12)(CH000418-19) | 34 | Pl | Object. See FRE 401, 402, 403 | | |
| 12 | Affidavit of Meritorious Defense – Steimel – dated: 5/21/20 | 35 | Pl | No objection | | |
| 13 | **P & P – J-E-02 –** Receiving Screening (iss'd 10/12) (CH000655- 659) | 39 | Pl | Object. See FRE 401, 402, 403 | | |
| 14 | Corizon Charting Guideline – Dos and Don'ts (rev'd 2018) (CH000448-449) | 40 | Pl | Object. See FRE 401, 402, 403 | | |
| 15 | **P & P – J-G-07 -**Intoxication and Withdrawal (iss'd, rev'd 7/2018) | 48 | Pl | Object. See FRE 401, 402, 403 | | |
| 16 | **P & P – J-F-04 –** Medically Supervised Withdrawal and Treatment (Iss'd 10/12 as J-G-07, re-issued as J-F-04 on 8/18) | 49 | Pl | Object. See FRE 401, 402, 403 | | |
| 17 | Corizon General Health Services Policy & Procedure (Manual), Change Document Jails 2018 & Table of Contents- Jail 2018 (CH0000-12-21) | | Pl | Object. See FRE 401, 402, 403 | | |
| 18 | Affidavit of Meritorious Defense – Mollo – dated: 5/21/20 | 53 | Pl | No objection, if done in accordance with FREs | | |
| 19 | Core Process Program – Infirmary – 407-C-SOP – Clinical SOP – Implementing Provider Orders (iss'd 3/17) | 55 | Pl | Object. See FRE 401, 402, 403 | | |
| 20 | Affidavit of Meritorious Defense – Furnace | | Pl | No objection | | |
| 21 | Core Process Program – Infirmary – 409-C-SOP – Clinical SOP – Shift Report (iss'd 3/17) | 60 | Pl | Object. See FRE 401, 402, 403 | | |
| 22 | Affidavit of Meritorious Defense – Card | | Pl | No objection, if done in accordance with FREs | | |
| 23 | Affidavit of Meritorious Defense – Goetterman | | Pl | No objection, if done in accordance with FREs | | |

| 24 | Affidavit of Meritorious Defense – Byrne | | Pl | No objection, if done in accordance with FREs | | |
| 25 | Affidavit of Meritorious Defense – Sherwood | | Pl | No objection, if done in accordance with FREs | | |
| 26 | KCCF Phone Logs from 4/24/18, Ext. 6496 (Kent_0002102) | 132 | Pl | Object. See 402, and subject to 803(6), 901 | | |
| 27 | All telephone logs produced by Kent County during discovery relating to extensions 6496 (Class Interv 2 KCCF L1); 6337 (Housing KCCF L1); 6470 (1 Medical); 6471 (2 Medical) | | Pl | Object. See 402, and subject to 803(6), 901 | | |
| 28 | **P & P – J-E-07.00-** Nonemergency Health Care Requests and Services (iss'd 1-/12, rev'd 8/18)(CH000226-27) | 76 | Pl | Object. See FRE 401, 402, 403 | | |
| 29 | Clinical SOP- Complete Intake/Receiving Screening – 102-C-SOP (CH003596) | 80 | Pl | Object. See FRE 401, 402, 403 | | |
| 30 | Clinical Smart Card – SAW Substance Abuse Withdrawal – Intake – 107-SC (CH003631) | 85 | Pl | Object. See FRE 401, 402, 403 | | |
| 31 | Clinical SOP – SAW Substance Abuse Withdrawal – Intake – 107-C-SOP (CH-003626) | 86 | Pl | Object. See FRE 401, 402, 403 | | |
| 32 | Nursing Encounter Tool (NET) – "SAW" Substance Abuse Withdrawal | 88 | Pl | Object. See FRE 401, 402, 403 | | |
| 33 | **P & P – J-G-05.01-** Refusal of Medication or Clinical Encounter (iss'd 8/18, rev'd 1/20)(CH000293) | 89 | Pl | Object. See FRE 401, 402, 403 | | |
| 34 | Photograph, 4/27/18 at 7:39:19 (Medical Office View) | 93 | Pl | Object. See FRE 106, 402 | | |
| 35 | Photograph, 4/27/18 at 7:40:53 (Medical Office View) | 94 | Pl | Object. See FRE 106, 402 | | |
| 36 | Investigative Photographs taken by Kent County (Kent_0000148-213) *See enclosed flash drive* | | Pl | No objection, | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | subject to FRE 901 | |
| 37 | Corizon Staff Shift Schedules 4/24/18 – 4/27/19 | 103 | Pl | Object. See FRE 402 | |
| 38 | 2/27/14 Correction Health Care Services Agreement; selected pages (KC000001-43)(Ex. 1 to Complaint) | 116 | Pl | Object. See FRE 402, 403 | |
| 39 | Corizon Health, Inc.'s Proposal for Health Care Services to Kent County, selected pages (Kent_000082 -369) | 115 | | Object. See FRE 402, 403, 802, 901 | |
| 40 | L1 Activity Log (Kent_0000127 -142) | 130 | Pl | Object. See FRE 801, 802, 803(6), 901 | |
| 41 | 4/30/18 Kent County Sheriff Department Investigative Report ("TIMS") (Kent_001168-1177) | 133 | Pl | Object. See FRE 402, 403, 801, 802, 803(6), 901 | |
| 42 | 8/6/18 – Internal Affairs Report by Lt. E. Kallman – KCSD IA #: 2018-13(Kent_0000051-68) | 134 | Pl | Object. See FRE 402, 403, 801, 802, 803(6), 901 | |
| 43 | 5/1/18 – Classification Review Report by Sgt. M. Frederick (Kent_0000020-23) | 135 | Pl | Object. See FRE 402, 403, 801, 802, 803(6), 901 | |
| 44 | 2018 & 2018 KCCF Annual Statistics | 136 | Pl | Object. See FRE 402, 403, 801, 802, 803(6), 901 | |
| 45 | Wade Jones' JMS Record (Kent_0000001-19; 0000069-126) | 139 | Pl | No (With stipulation that the remaining Defendants did not access the JMS) | |
| 46 | H1M Activity Log (Kent_0000026-27) | 143 | Pl | Object. See 402, and | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | subject to 803(6), 901 | |
| 47 | Wade Jones's Metro Health Medical Records | | Pl | No Objection | |
| 48 | Kent County Medical Examiner's File | | Pl | No Objection | |
| 49 | Wade Jones's Spectrum Hospital Medical Records; *see enclosed flash drive* | | Pl | No Objection | |
| 50 | Wade Jones's Death Certificate | 150 | Pl | No Objection | |
| 51 | Facebook Post – Ice Golf – 2/16/19 - J. Tofferi Deposition | 154 | Pl | Object. But Defs are not opposed to minimal family photos that represent Jones that are provided Def prior to trial | |
| 52 | Photographs of Wade Jones in hospital taken by his mother, Janice Jones | | Pl | Object, See FRE 401, 402, 403 | |
| 53 | Affidavit of Meritorious Claim, Stephen Furman, RN | 158 | Pl | Object. See FRE 613 | |
| 54 | Affidavit of Dan Fintel, MD | | Pl | Object. See FRE 613 | |
| 55 | Affidavit of Meritorious Claim, Michael McMunn, NP | | Pl | Object. See FRE 613 | |
| 56 | All security video footage produced by Kent County from 4/24/18 through 4/27/18 – on an external drive containing all 560 hours of security footage.  Defendants have a copy of the external drive.  Plaintiff have the drive at trial. Please see enclosed flash drive for selection portions or "trimmed videos" that were attached as Exhibit "7" to Plaintiff's Response to Def. Corizon's Motion for Summary Judgment.  Plaintiff is not limiting this exhibit to only the trimmed videos in Ex. 7. | | Pl | Object. See FRE 402, 403, 906. (Plt must identify specific parts) | |
| 57 | 59ᵗʰ District Court Transcript | | Pl | No objection | |
| 58 | Wade Jones's Life EMS Records | | Pl | No objection | |
| 59 | Photographs from Plaintiff's Facilitation Summary | | Pl | Object. But Defs are not | |

| | | | | |
|---|---|---|---|---|
| | | | opposed to minimal family photos that represent Jones that are provided Def prior to trial | |
| 60 | Text Messages between J. Razzoog and Nick Jimenez | | Pl | Object. See FRE 801, 802, 901 | |
| 61 | U.S. Department of Health and Human Services – National Vital Statistics Reports, "U.S. State Life Tables, 2018" Vol. 70, Number 1, March 11, 2021. https://www.cdc.gov/hchs/products/index.htm | | Pl | No Objection | |
| 62 | Corizon P & P Intoxication and Withdrawal, J-G-06, rev'd 8/19/2011, partial (CH008818-20) | | Pl | Object. See FRE 401, 402, 403 | |
| 63 | Medication Training, selection portions CH007479;CH007485; CH007488; CH007480; CH7490-92; CH007795-97; CH007822-27 | | Pl | Object. See FRE 401, 402, 403 | |
| 64 | Infirmary Manual, selection portions (CH00660; CH006622-6624; CH006634-35; CH006637-38; CH0066970; Ch006671-72; CH007226-30 | | Pl | Object. See FRE 401, 402, 403 | |
| 65 | April 2018 Diazepam Count Sheets (CH005380-5387) | | Pl | Object. See FRE 401, 402, 403, 802, 803, 901 | |
| 66 | Photograph of Wade Jones from 2013 Grand Rapids Triathlon | | Pl | Object. See FRE 401, 402, 403, 801, 802, 901. Never previously discussed or disclosed. | |
| 67 | 2013 Grand Rapids Triathlon Results | | Pl | Object. See FRE 401, 402, 403, 801, 802, | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | 901, 1002. Never previously discussed or disclosed. | |
| 68 | Photographs of Wade Jones (3) | | Pl | Object. FRE 401, 402, 403. Only the photo on last page of this Exhibit was discussed, and the first two photos are already depicted in other photographs. | |

**b.**    **Plaintiff's Demonstrative Evidence:**

1. Trimmed sections of security footage depicting Wade Jones during his incarceration. Plaintiff intends on using portions Exhibit 7 to his Response to Defendant, Corizon's Motion for Summary Judgment, containing specific portions of the video footage, and a chart, with the date, the camera, time, duration and content of the video. Plaintiff will provide additional the footage he intends to using during opening statements, to Defendants, in advance of trial. *See flash drive enclosed with Plaintiff's exhibit books.* **(Object.  See FRE 106, 402)**

2. Timeline of Events; **(Defs will only agree to a mutually created timeline with no subjective elements).**

3. Blow up of select medical records;  **(Subject to FRE 1006)**

4. Blow up of select Corizon policies and processes dealing with SAW, intake, medication administration, NETS, and infirmary care; **(Defs Object. See FRE 401, 402, 403)**

5. Blow up of Proposed Verdict Form (during closing); **(Subject to being shown prior to argument)**

6. Blow up "Still shots" from the security footage; **(Defs Object per FRE 106)**

7.   Blow up of Jones's JMS "banner" and detail page showing the date and time of Alert entries; (**Defs Object. See FRE 401, 402, 403**)

8.   Blow up of select case notes from Jones's JMS jail records (**Defs Object. See FRE 401, 402, 403, 901**);

**9.**   Decedent, friends & family photographs. **(Defs are not opposed to minimal family photos that represent Jones that are provided Def prior to trial);**

10.   Blow up of select Proposed Jury Instructions (during closing);

11.   Blow up of Proposed Verdict Form (during closing);

12.   Blow up of selected portions of trial testimony; and

**13.**   Blow up of selected portions of 4/24/18 Court hearing transcript.

**c.**   **Defendants' Exhibits:**

| Exhibit No./Letter | Description | Deposition Exhibit No. | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|---|
| A | Intake Triage Questions | 10 (c) | Def | none | | |
| B | Kent County Medical Records by Corizon (statements at | 20 | Def | Plaintiff objects only to the extent that the full record should be produced(CLG00001-31), including written statements of all employees as F.R.E. 803(5) exception to hearsay. | | |
| C | Plaintiff's Complaint | | Def | None | | |
| D | Arraignment/Plea/Sentencing Transcript of 4/24/18 at 59th Circuit Court | (Ex 3 of Complaint) | Plt and Def. | None | | |
| E | Metro Health – U of M – Lab report | 148 | Plt and Def. | None | | |
| F | Complete Metro Health Records | | Plt and Def. | None | | |
| G | Life EMS Records | | Plt and Def. | None | | |
| H | Medical Examiner Report | 149 | Plt and Def. | None | | |
| I | Certificate of Death | 150 | Plt and Def. | None | | |
| J | Hadden CV | | Def | None | | |

| K | Dr. Jouney CV | 200b | Def | None | | |
| L | Dr. Williamson's CV | | Def | None | | |
| M | Kimberly Pearson's CV | | | None | | |
| N | Dr. Migaud's CV | | Def | None | | |
| O | Intake Medical Screening of 4/24/18 (Kent County Bates 00012-00014) | | Def | None | | |

**d.   Defendants' Demonstrative Evidence:**

1. Timeline of Events; (Mutually created timeline with no subjective elements). **Plaintiff will not agree to a mutually-created timeline for opening statement, although one has been provided for the "uncontested statement of facts" for this order.**
2. Blow up of select medical records and autopsy records; **(Subject to FRE 1006)**
3. Blow up of selected Plaintiff's Answers to Defendant Corizon Health, Inc.'s, First Requests for Admissions, Interrogatories, and Request for Production.
4. Blow up of select Proposed Jury Instructions (during closing);
5. Blow up of Proposed Verdict Form (during closing);
6. Blow up of selected portions of trial testimony; and
7. Blow up of selected portions of 4/24/18 Court hearing transcript.

**2.   Uncontroverted Facts:**

| DATE/TIME[2] | FACTUAL ALLEGATION |
| --- | --- |
| 4/13/18 | Wade Jones (Jones), was arrested for stealing alcohol, a roasted chicken, brad, macaroni & cheese and golf balls totaling $94.50 from a Meijer store, and issued a misdemeanor ticket for retail fraud-3rd degree, with a notice to appear for an arraignment hearing at the 59th District Court in Walker, Michigan. |
| 4/24/18 – 2:45 p.m. | Jones appeared at his arraignment hearing and plead guilty to the charge.  Prior to sentencing, the court ordered PBT testing. The results were .159 and .145 |
| 4/24/18 -  3:01 p.m. | The sentenced Jones to an immediate 5-day sentence at the KCCF. |

---

[2] All times are approximate for purposes of this timeline.

| 4/24/18-   4:00 p.m. | Jones was booked into the Jail. |
|---|---|
| 4/24/18   -5:17 p.m. to 5:27 p.m. | Defendant, Teri Byrne, R.N., conducted Jones's intake Medical and Mental Health Screening Examinations and Surveys. |
| 4/26/18   –3:30 a.m. | Defendant, Janice Steimel performed CIWA-ar assessment of Jones. |
| 4/26/18-5:30 a.m. | Defendant, Melissa Furnace, R.N., requested and received verbal orders from Defendant, Joanne Sherwood, N.P. for Alcohol, Benzodiazepine or Barbiturate Withdrawal. |
| 4/26/18-12:55 p.m. | Defendant, James Mollo, administered withdrawal medications to Jones. |
| 4/26/18-6:30 p.m. | Defendant, Lynn Fielstra, L.P.N. performed a CIWA-ar assessment of Jones. |
| 4/27/18-   12:35 a.m. | Medical assistant, Christopher Pearson, arrived at Jones's cell. |
| 4/27/18-4:00 a.m. | Defendant Daniel Card performed a CIWA-ar assessment. |
| 4/27/18 – 5:33 a.m. | Deputy Jourden radioed the medical office. |
| 4/27/18-5:35 a.m. | Defendants Furnace, Mollo, Card, arrived at Jones's cell. |
| 4/27/18–   5:45 a.m. | Jones is admitted into the Jail Infirmary. |
| 4/27/18 – 6:00 a.m. | Jones arrives in the infirmary and placed in cell 0139. |
| 4/27/18-7:43 a.m. | Defendant, Chad Richard Goetterman, entered cell 0139. |
| 4/27/18-7:52 a.m. | Jones was transported to Spectrum Butterworth Hospital by ambulance. |
| 4/27/18 - 5/4/18 | Jones was hospitalized. |
| 5/4/18 | Jones passed away. |

3. **Controverted Facts:** The following factual issues remaining to be determined and issues of law for the Court's determination are:

    a. **Plaintiff's Statement of Controverted Facts:**

**42 U.S.C. §1983 Claim:**

1.  Whether Defendants had subjective knowledge of Wade Jones's serious medical needs – severe acute alcohol withdrawal or delirium tremens;

2.  Whether Defendants actually knew of the risk of serious harm to Jones;

3.  Whether the risk of serious harm was obvious, and therefore, Defendants' knowledge of the risk may be inferred;

4.  Whether the failure to give Jones his medication as soon as possible, where Defendants knew that a delay in receiving medication exposed Jones to a substantial risk of harm, pain, permanent injury or death, is deliberate indifference;

5.  Whether the failure to report Jones's severe CIWA-ar scores to a medical provider and/or charge nurse, or to ensure that he took his withdrawal medication, where Defendants knew that the failure to follow the orders exposed Jones to a substantial risk of harm, pain, permanent injury or death, is deliberate indifference;

6.  Whether the failure to provide any medication, contact a provider or a charge nurse to report an urgent and/or emergent condition during a withdrawal check, amounts to Defendants stopping treatment of Jones;

7.  Whether Defendants knew that by stopping treatment of Jones, i.e. not ensuring that he took his missed doses of medication, and leaving him in the infirmary, would expose him to a substantial risk of harm, pain, permanent injury or death, and is therefore, deliberate indifference;

8.  Whether Defendants intentionally refused to provide medical care and treatment to Jones where they knew that would expose him to a substantial risk of harm, pain, permanent injury or death;

9.  Whether the failure to contact EMS, or change his treatment plan, when his condition deteriorated, and instead, transferred him to the infirmary, where Defendants knew he would not receive IV medication, exposed Jones to a substantial risk of harm, pain, permanent injury or death;

10. Whether the failure to start IV hydration or ensure that Jones's took his medication, where Defendants knew that he missed his last dose, and possibly had a seizure, amounts to no medical treatment at all, and is deliberate indifference;

11. Whether the failure to provide oxygen during CPR, for approximately 5 minutes, where the Defendants knew that the denial exposed Jones to a substantial risk of harm, permanent injury or death, is deliberate indifference;

12. Whether failing to ascertain or verify facts regarding Jones's condition when providing orders, where Defendants knew that Jones's acuity level was high and he was in severe withdrawals, amounts to deliberate indifference;
13. Whether Defendants' deliberate indifference caused harm to Plaintiff;
14. Whether Plaintiff sustained actual damages;
15. Whether Plaintiff is entitled to punitive damages.

### **Medical Malpractice Claim:**

1. Whether Defendants had knew or reasonably should have known that Jones presented to the jail under the influence of alcohol;
2. Whether Nurse Byrne accurately completed the intake medical and mental health forms;
3. Whether Nurse Byrne, upon the exercise of reasonable care, should have smelled the alcohol on Jones's breath, and made further inquiries;
4. Whether Nurse Furnace was aware that Jones started detoxing from alcohol at 10:00 p.m. on April 24, 2018, when Deputy Cooper called the medical office;
5. Whether the Defendants' failure to take complete vital signs and properly document the medical record are violations of the standard of care;
6. Whether Defendants' failure to properly conduct CIWA-ar assessments was a violation of the standard of care;
7. Whether the above acts and omissions, including those in support of Plaintiff's 42 U.S.C. § 1983 claim, above, are violations in the standard of care[3];
8. Whether the Defendants' violations of the standard of care were a proximate cause of Plaintiff's injuries and damages; and
9. Whether Plaintiff and Plaintiff's decedent sustained damages.

b.   **Defendants' Statement of Controverted Facts:**

### **42 U.S.C. §1983 Claim:**

(1) Whether defendant, Jim Mollo, L.P.N., was deliberately indifferent during CPR on Mr. Jones by initially providing chest compressions to Mr. Jones instead of providing oxygen (ECF No. 147, PageID.3239).

---

[3] All claims for medical malpractice after 6:00 a.m. on April 27, 2018 are dismissed.

(2) Whether defendant, Lynne Fielstra, L.P.N., was deliberately indifferent if after her assessment of Mr. Jones on April 26, 2018, she knew that Jones did not take his medication and did not report to the charge nurse Jones' condition. (Id. at 3241-42).

(3) Whether defendant, Daniel Card, L.P.N., was deliberately indifferent during his involvement with Mr. Jones on April 27, 2018.  (ECF No. 147, PageID.3242).

(4) Whether defendant, Melissa Furnace, R.N., was deliberately indifferent regarding her involvement with Mr. Jones from April 26, 2018 after approximately 4:00 a.m., through the time he went to the jail infirmary on April 27, 2018, at approximately 6:00 a.m.

(5)  Whether defendant, Joanne Sherwood, N.P., was deliberately indifferent regarding her involvement with Mr. Jones from April 26, 2018 after approximately 5:30 a.m., through the time he went to the jail infirmary on April 27, 2018, at approximately 6:00 a.m.

(6) Whether defendant, Chad Goetterman, R.N., was deliberately indifferent during his involvement with Mr. Jones on April 27, 2018 after approximately 6:00 a.m.

(7) Whether any Defendants can force medical treatment or force or ensure Jones takes his medication.

As to all Defendants, there are factual disputes as to:

> (a) whether Mr. Jones had a serious medical need that required him to be taken to the emergency room;

> (b) whether any of the defendants had actual knowledge of this serious medical need at the time of his or her involvement with Mr. Jones;

> (c) whether any of the defendants, with deliberate indifference to the serious medical need, failed to provide Mr. Jones with appropriate medical care within a reasonable time; and

(d) whether any of the defendants' actions proximately caused injury to Mr. Jones.

**Medical Malpractice Claim:**

None of the named Defendants breached the standard of care related to their specialties. Nor did the actions of any of the named defendants proximately cause any of the damages alleged by Plaintiff.

Additionally, contested issues are as follows:

(8) Whether Mr. Wade Jones (a) had an impaired ability to function due to the influence of intoxicating liquor, and (b) as a result of his impaired ability, he was 50% or more the cause of the event resulting in his death, for which Plaintiff is not entitled to any damages.

(9) Whether Mr. Wade Jones was comparatively negligent in any way, and the percentage of his comparative negligence that contributed to his injury or death. If Mr. Jones' comparative negligence was more than 50% at fault in any way, Plaintiff is not entitled to any damages.

(10) Whether any Defendants can force medical treatment or force or ensure Jones takes his medication.

4.     **Witnesses:**

   a.     **Non-Expert Witnesses:** Non-expert witnesses to be called by the plaintiff and the defendants, except those who may be called for impeachment purposes only are:

   **Will be called in person (by Plaintiff):**

   1.     Charles Jones, Plaintiff,
   2.     Janice Jones,
   3.     Jennifer Razzoog,
   4.     Jennifer Tofferi,
   5.     Brian Jones,

6.     Kent County Sheriff Department (KCSD) Deputy, Julie Cooper;[4]

7.     KCSD Lt. Emily Kallman;

8.     KCSD Deputy William Jourden;

9.     KCSD Deputy Nicholas Jiminez;

10.    KCSD Deputy Tony Houston;

11.    KCSD Deputy Brian Knott;

12.    KCSD Deputy Rebecca McGinnis;

13.    Stephen D. Cohle, M.D., Kent County Medical Examiner, either live, by deposition videotape, or by reading of his deposition;

14.    The following medical professionals who treated Wade Jones at Spectrum Health Systems, who Plaintiff anticipates on calling one, or two witnesses, to testify, in person.  These witnesses will provide testimony in their respective fields of medicine, regarding their personal care and treatment of Wade Jones during his hospitalization of at Spectrum Hospital, Grand Rapids, from April 27, 2018 until May 4, 2018.   They are non-retained witnesses who may provide testimony in the form of an opinion based upon their personal knowledge, education, skill and experience. It is Plaintiff's position that expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) are not required from these treating, non-retained medical professionals.  Further, notice is given that their testimony may be provided by deposition videotape, or by reading of their depositions:

        a.     Erin Murphy, MD;

        b.     Jennifer Mervau, DO;

        c.     Jason Frost; DO;

        d.     Kelly Barcheski, MD;

        e.     G. Sathiyamoothy, MD;

        f.     Paul Delyria, MD;

        g.     David Burdette, MD;

        h.     Shan Abbas, MS;

        i.     Martin Zak, MD;

        j.     Mitchell Van Overloop, RN; and

        k.     Nicholas Chapin, MD.

---

[4] The appearances of all KCSD employees with be arranged through their counsel, Peter Smit and Timothy Eagle.  Plaintiff states that if the witness is unavailable at trial, his/her testimony may be presented by deposition videotape by reading of their depositions.

**(Defs Object to all witnesses in No. 14(a) through (k) above, for reason that Plaintiff failed to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)).**

15.   Defendant, Teri Byrne, RN – adverse witness;
16.   Defendant, Janice Steimel Bigelow, RN – adverse witness;
17.   Defendant, Joanne Sherwood, NP – adverse witness;
18.   Defendant, Melissa Furnace, RN – adverse witness;
19.   Defendant, Dan Card, LPN – adverse witness;
20.   Defendant, James Mollo, LPN – adverse witness;
21.   Defendant, Lynne Fielstra, LPN – adverse witness;
22.   Defendant, Chad Goetterman, RN – adverse witness; and
23.   Christopher Pearson, current or former Corizon Health, Inc. medical assistant, address and telephone number are unknown;

**May be called in person (by the Plaintiff):**

1.    Nick Tofferi,
2.    Joe Larson,
3.    Katie, Larson,
4.    Adam Henige,
5.    Sarah Henige,
6.    Keith Bailey,
7.    Bryan Funke,
8.    Mike Burde,
9.    Sarah Kaiserlian,
10.   Shelby Kaiserlian,
11.   KCSD Deputy William Plugge,
12.   KCSD Deputy William Grimmett,
13.   KCSD Deputy Natascha Hirdes,
14.   KCSD Captain Klint Thorne,
15.   KCSD Sheriff Michelle LaJoye-Young,
16.   KCSD Detective Aron Bowser,
17.   KCSD Detective Jeffrey Gregus,
18.   KCSD Sgt. Melissa Fredrick,
19.   Ariel Nulty, former Corizon Health, Inc. employee; address unknown; testimony either live, by deposition videotape, or by reading of her deposition,

20. Hailie Falconbridge, former Corizon Health, Inc. employee; address unknown; testimony either live, by deposition videotape, or by reading of her deposition,

21. Mikala Gerard, paramedic/EMT, via Life EMS; testimony either live, by deposition videotape, or by reading of her deposition

22. Paul Dyer, paramedic/EMT, via Life EMS; testimony either live, by deposition videotape, or by reading of his deposition,

23. Kevin Douglas Burton, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition, **(Defs Object as this witness was never listed during discovery)**[5]

24. Rodney Dale Fox, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition, **(Defs Object as this witness was never listed during discovery)**

25. Isaac Thomas Ogg, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition; **(Defs Object as this witness was never listed during discovery)**

26. Paul Brian Smith, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition; **(Defs Object as this witness was never listed during discovery)**

27. Kevin Lamont Spears, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition; **(Defs Object as this witness was never listed during discovery)**

28. Criag Steven Hall, inmate in L1 Orientation Unit with Jones, testimony either live, by deposition videotape, or by reading of his deposition; **(Defs Object as this witness was never listed during discovery)**

---

[5] Witnesses 23 through 29 were inmates in the L1 orientation unit Jones's incarceration.  In his Rule 26 disclosures, Plaintiff identified them by Kent County Inmate Number only as that was all the information that was provided by the County as that time.  However, Kent County identified these witnesses in their May 15, 2020 Rule 26 Disclosures and produced the identity and the above contact information of the inmates during discovery.  Defendants are not prejudiced by the inclusion of these witnesses.

29.　Joseph Allen Hathaway, inmate in L1 Orientation Unit with Jones, (**Defs Object as this witness was never listed during discovery**)

30.　Robert Daniel Long, inmate in Infirmary with Jones, address and telephone number are unknown,

31.　Penny Johnson, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition,

32.　Alice Clevenger, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition,

33.　Robin Balezski, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition,

34.　Nasim Yacob, M.D., current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of his deposition,

35.　Charlie Afton, Wade Jones' friend, and one of the  people identified by Jennifer Tofferi at her deposition, and in Exhibit 154; (**Defs Object as this witness was never listed during discovery**)[6]

36.　Scott Dewey, Wade Jones' friend, and one of the people identified by Jennifer Tofferi at her deposition, and in Exhibit 154; (**Defs Object as this witness was never listed during discovery**)

37.　Gil Ruehmeier, Wade Jones' friend, and one of the people identified by Jennifer Tofferi at her deposition, and in Exhibit 154; (**Defs Object as this witness was never listed during discovery**)

38.　Chris (Michelle) Cooley, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition; (**Defs Object as this witness was never listed during discovery**)

39.　Ondrea Hollis, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition; (**Defs Object as this witness was never listed during discovery**)

---

[6] Witnesses 35 through 41 were disclosed in Plaintiff's Supplemental Rule 26 Disclosures filed February 25, 2021. (ECF No.106, PageID.1139-1142).

40. Amy Justice, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition; and **(Defs Object as this witness was never listed during discovery)**

41. Hannah Christianson, current or former Corizon Health, Inc. employee, either live, by deposition videotape, or by reading of her deposition; **(Defs Object as this witness was never listed during discovery).**

## Will be called in Person (by the Defendants):

1. Defendant Teri Byrne, R.N.
2. Defendant Janice Steimel, L.P.N.
3. Defendant Joanne Sherwood, N.P.
4. Defendant Melissa Furnace, R.N.
5. Defendant Dan Card, L.P.N.
6. Defendant Chad Richard Goetterman, R.N.
7. Defendant James August Mollo, L.P.N.
8. Defendant Lynne Fielstra, L.P.N.
9. Former Defendant Angela Navarro, R.N.
10. Former Co-Defendant Deputy Julie Cooper[7] – adverse witness
11. Former Co-Defendant Deputy Donald Plugge – adverse witness
12. Former Co-Defendant Deputy William Jourden – adverse witness
13. Former Co-Defendant Deputy William Grimmett – adverse witness
14. Former Co-Defendant Sergeant Rebecca McGinnis – adverse witness
15. Former Co-Defendant Sergeant Bryan Knott – adverse witness
16. Former Co-Defendant Deputy Tony Houston – adverse witness
17. Former Co-Defendant Deputy C. Bogner – adverse witness
18. Former Co-Defendant Bryan Clark – adverse witness
19. Deputy Nicholas Jiminez – adverse witness
20. Deputy Natascha Hirdes – adverse Witness
21. Plaintiff Charles Jones (father) – adverse witness
22. Janice Jones (decedent's mother) – adverse witness
23. Jennifer Tofferi (decedent's sister) – adverse witness
24. Brian Jones (decedent's brother) – adverse witness
25. Jennifer Razzoog (decedent's finance) – adverse witness

---

[7] All former County Co-Defendants or Kent County employees or agents will be called care of their counsel, Peter Smit and Timothy Eagle of Varnum, LLP.

## **May be called in Person (by the Defendants):**

1. Persons identified in Plaintiff's Kent County Correctional Facility medical chart and employees/former employees of Corizon Health, including:

(a) Sonya Sawer
(b) Randina Bush
(c) Teresa Massey, MA
(d) Halie Falconbridge
(e) Jennifer Fry – Medical Records Clerk
(f) Teresa Avery
(g) Ariel Nulty – Medical Unit Clerk
(i) Ashley Adams
(j) Ashley Barr
(k) Karen Marger
(l) Sharon Mosher
(m) Christopher Pearson
(n) Stephen D. Cohle, M.D., Medical Examiner (pathologist), Kent County Medical Examiner's Office,
(o) Robin Balzeksi, RN
(p) Yasim Yacob, M.D.
(r) Penny Johnson, R.N.
(s) Alice Clevenger, R.N.

**b.**     **Expert Witnesses:** Expert witnesses to be called by the plaintiff and defendants, except those who may be called for impeachment purposes only, are:

**Plaintiff's Expert Witnesses:**

**1.**     Notice is hereby provided that the medical providers from Spectrum Health Systems, Life EMS, and the Kent County Medical Examiner's Office are identified as non-retained expert witnesses in their respective fields and may be asked to provide opinion testimony pursuant to F.R.E. 701 and 702; **(Defs Object based upon failure to file Fed. R. Civ. P. 26 disclosures as required.)** Plaintiff responds that they are non-retained witnesses who may provide testimony in the form of an opinion based upon their personal knowledge, education, skill and

experience. It is Plaintiff's position that expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) are not required from these treating, non-retained medical professionals.

2.  Stephen Furman, RN, CCRN, NRP. Mr. Furman is a registered nurse. He will provide expert testimony regarding the local standard of care for nursing in Michigan in support of Plaintiff's claim for medical malpractice against the Defendant registered nurses and licensed practical nurses (nurses), including the Defendants' specific violations of the local standard of care in their treatment of Wade Jones. Mr. Furman will also provide expert opinion testimony in support Plaintiff's constitutional claims against Defendants. He will testify that some of Defendants' conduct was reckless, egregious, far outside the bounds of reasonable nursing care, involved no medical judgment, or such poor judgment, that it amounted to no medical judgment at all. Mr. Furman will testify live. However, depending on his schedule, Mr. Furman may testify by *de bene esse* video deposition.

3.  Valerie Tennesen, RN, CLNC. Ms. Tennessen is a registered nurse and an expert in correctional nursing. Ms. Tennessen will provide testimony in support of Plaintiff's federal and state law claims against Defendants. Ms. Tennessen will testify by *de bene esse* video deposition.

4.  Michael McMunn, NP, CCHP-A. Mr. McMunn is licensed nurse practitioner and a advanced certified correctional healthcare practitioner. Mr. McMunn will provide expert testimony regarding the local standard of care for nurse practitioners in Michigan in support of Plaintiff's claim for medical malpractice against the Defendant, Joanne Sherwood. Mr. McMunn will testify that Defendant, Sherwood, violated the local standard of care for nurse practitioners in care and treatment of Jones. Mr. McMunn will also provide expert opinion testimony in support of Plaintiff constitutional claims against the Defendants. will testify by *de bene esse* video deposition.

5.  Dan J. Fintel, MD, Northwestern University, The Feinberg School of Medicine, Chicago, IL. Dr. Fintel is a medical doctor, board-certified in internal medicine with subspecialty board certifications in cardiovascular disease, critical care medicine and nuclear cardiology. Dr. Fintel will testify as to the proximate cause of Wade Jones's death in support of both Plaintiff's

medical malpractice and constitutional claims. Dr. Fintel will testify live. However, depending on his schedule, Dr. Fintel may testify by *de bene esse* video deposition.

**Defendants' Expert Witnesses:**

1. **Kimberly Pearson, M.H.A., M.B.A., R.N., CCHP (Retained Expert – Nursing)**
   Ms. Pearson is a registered nurse with over 38 years of experience in nursing, including in the private health sector and correctional healthcare sector. She is also a certified correctional healthcare professional (CCHP). Nurse Pearson will provide expert testimony regarding the standard of care of a licensed registered nurse and a licensed practical nurse in support of Defendants Melissa Furnace, R.N.; Teri Byrne, R.N.; Dan Card, L.P.N.; Chad Goetterman, R.N.; Janice Steimel, L.P.N.; James Mollo, L.P.N.; and Lynne Fielstra, L.P.N., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs. Ms. Pearson will testify live. However, depending on her schedule, she may testify by *de bene esse* video deposition.

2. **Cynthia Hadden, R.N. (Retained Expert – Nursing)**
   Ms. Hadden is a registered nurse with over 37 years of experience in clinical patient care. Ms. Hadden will provide expert testimony regarding the standard of care of a licensed registered nurse and a licensed practical nurse in support of Defendants Melissa Furnace, R.N.; Teri Byrne, R.N.; Dan Card, L.P.N.; Chad Goetterman, R.N.; Janice Steimel, L.P.N.; James Mollo, L.P.N.; and Lynne Fielstra, L.P.N., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs. Ms. Hadden will testify live. However, depending on her schedule, she may testify by *de bene esse* video deposition.

3.  **Margaret Migaud, DNP, FNP, PMHNP-BC, CCHP (Retained Expert – Nurse Practitioner)**
    Dr. Migaud has been a nurse practitioner for over 28 years, with over 20 years of experience as nurse practitioner in correctional healthcare in Orange County.  She has a doctorate in nursing practice, and is also a certified correctional healthcare professional.   Dr. Migaud will provide expert testimony regarding the standard of care of a licensed nurse practitioner in support of Defendant Joanne Sherwood, N.P., and in defense against Plaintiff's medical malpractice claims. She will testify in defense of Plaintiff's State and Federal law claims, including testimony that Defendants did not commit malpractice nor any deliberate indifference with respect to Plaintiff's decedent's medical needs. Dr. Migaud will testify live.  However, depending on her schedule, she may testify by *de bene esse* video deposition.

4.  **Edward A. Jouney, D.O., F.A.S.A.M. (Retained Expert – Addictions Medicine and Detoxification)**
    Dr. Jouney is medical doctor board certified in addiction medicine, also holding certifications in psychiatry and neurology, and addiction psychiatry.  He treats patients for addition medicine and detoxification and is also a clinical assistant professor at the University of Michigan – Ann Arbor. Dr. Jouney will provide testimony regarding Mr. Jones' history of intoxication, alcohol abuse, his underlying medical conditions, the effects that Wade Jones' alcohol abuse had on his body, alcohol withdrawal symptoms, the process of alcohol withdrawal, and that his alcohol withdrawal was recognized by Defendants and appropriate treatment and medications were implemented for his condition. He will also testify regarding proximate cause. He will analyze Mr. Jones' medical records, selected transcripts, and documents commonly reviewed by Alcohol and Drug Abuse Experts. Dr. Jouney will testify live. However, depending on his schedule, he may testify by *de bene esse* video deposition.

5.  **Brian Williamson, M.D. (Retained Expert – Cardiology)**
    Dr. Williamson is a board-certified internist with subspecialties in cardiovascular disease and cardiac electrophysiology for over

28 years.  Dr. Williamson will provide testimony regarding Mr. Jones' history of alcohol abuse, his underlying medical conditions, his cardiac function, his alcohol withdrawal symptoms, his presentation on physical exams, the effects that Wade Jones' alcohol abuse had on his body, and that he was provided appropriate treatment. He will also testify regarding proximate cause and will counter the anticipated testimony of Plaintiff's cardiac expert, including that the cause of Jones' deterioration and death was related to his chronic alcohol abuse and was not due to alleged failures by Defendants. He will analyze Mr. Jones' medical records, selected transcripts, and documents. Dr. Jouney will testify live.  However, depending on his schedule, he may testify by *de bene esse* video deposition.

## 5.   Depositions and Other Discovery Documents:

All depositions, answers to written interrogatories, and request for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants are:

### a.   Offered by Plaintiff:

1.   Defendant, Corizon Health, Inc.'s Answers to Plaintiff First Interrogatories and Request for Production of Documents (POS: 6/9/20);[8]

2.   Defendant, Corizon Health, Inc.'s Supplemental Answers to Plaintiff First Interrogatories and Request for Production of Documents (POS: 8/7/20);

3.   Defendant, Corizon Health, Inc.'s Answers to Pl's 2nd Request for Production of Documents (POS: 10/16/20);

4.   Defendant, Corizon Health, Inc.'s Corizon's Supplemental Answers to Pl's 2nd Request for Production of Documents (POS: 12/16/20);

5.   Defendant, Corizon Health, Inc.'s Answers Pl's Request for Production and Request to Enter Land, dated 12/24/20 (POS: 1/22/21);

6.   Alice Clevenger deposition transcript and videotaped deposition;[9]

7.   Joanne Sherwood deposition transcript and videotaped deposition;

---

[8] (Defs Object to Plts items Nos. 1-5. See Fed. R. Evid. (FRE) 402, 403, 801, 802, and these are likely *Monell*-related)

[9] Defendant contends that admission of any deposition is subject to FRE 801, 803, 804.

8. Chad Goetterman deposition transcript and videotaped deposition;
9. Teri Byrne deposition transcript and videotaped deposition;
10. Lynne Fielstra deposition transcript and videotaped deposition;
11. Janice Steimel Bigelow deposition transcript and videotaped deposition;
12. Nasim Yacob deposition transcript and videotaped deposition;
13. Penny Johnson, HSA deposition transcript and videotaped deposition;
14. Penny Johnson, as corporate designee deposition transcript and videotaped deposition;
15. James Mollo deposition transcript and videotaped deposition;
16. Melissa Furnace deposition transcript and videotaped deposition;
17. Daniel Card deposition transcript and videotaped deposition;
18. Julianne Teunis deposition transcript;
19. Robin Baleski deposition transcript;
20. Heather Tunnell deposition transcript;
21. Kimberly Orent deposition transcript;
22. Christopher Pearson deposition transcript and videotaped deposition;
23. Kimberly Pearson deposition transcript;
24. Edward Jouney deposition transcript;
25. Cynthia Hadden deposition transcript;
26. Donald Plugge, deposition transcript;
27. Emily Kalman, deposition transcript;
28. Tony Houston, deposition transcript;
29. William Jourden, deposition transcript;
30. William Grimmett, deposition transcript;
31. Christie Bogner deposition transcript;
32. Bryan Knott, deposition transcript;
33. Julie Cooper, deposition transcript;
34. Rebecca McGinnis, deposition transcript;
35. Nicholas Jiminez, deposition transcript; and
36. Natascha Hirdes, deposition transcript.

**b.** **Offered by Defendants:**

1. Plaintiff's Answers to Defendant Corizon Health, Inc.'s, First Requests for Admissions, Interrogatories, and Request for Production.
2. Plaintiff, Charles Jones deposition transcript;[10]
3. Janice Jones deposition transcript;

---

[10] Defendant agrees that admission of any deposition is subject to FRE 801, 803, 804.

00858428                                        26

4. Jennifer Tofferi deposition transcript;
5. Brian Jones deposition transcript;
6. Jennifer Razzoog deposition transcript;
7. Stephen Furman, RN deposition transcript;
8. Valerie Tennessen, RN deposition transcript;
9. Michael McMunn, NP deposition transcript;
10. Dan J. Fintel, MD deposition transcript;
11. Deputy Donald Plugge, deposition transcript;
12. Sgt. Emily Kalman, deposition transcript;
13. Deputy Tony Houston, deposition transcript;
14. Deputy William Jourden, deposition transcript;
15. Deputy William Grimmett, deposition transcript;
16. Deputy Christie Bogner deposition transcript;
17. Sgt. Bryan Knott, deposition transcript;
18. Sgt. Julie Cooper, deposition transcript;
19. Sgt. Rebecca McGinnis, deposition transcript;
20. Deputy Nicholas Jiminez, deposition transcript; and
21. Deputy Natascha Hirdes, deposition transcript.

6. **Length of Trial:** Counsel estimate the trial will last approximately 15 to 18-day full days, allocated as follows: 8-9 full days for plaintiff's case; 5 full days for Defendants' case, and 2 days for jury selection, openings statements, miscellaneous issues.

7. **Prospects of Settlement:** The parties facilitated the case for a second time with William Jack on September 23, 2022. The case did not settle.

Date: October 17, 2022          /s/ HALA Y. JARBOU
                                 Hala Y. Jarbou
                                 Chief United States District Judge

/s/ Jennifer G. Damico          /s/ Ronald W. Chapman, Sr.
JENNIFER G. DAMICO (P51403)     RONALD W. CHAPMAN, SR. (P37603)
Attorney for Plaintiff          DEVLIN SCARBER (P64532)
                                Attorneys for Defendants