UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

    Plaintiff,

v.

CORIZON HEALTH, INC., *et al.,*

    Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

| BACKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Attorney for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Road, Suite 150 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48034 | Attorney for Defendants, |
| Direct (248) 234-9828 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-4646 | Troy, MI 48098 |
| (248) 569-6737 (fax) | (248) 644-6326 |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
|  | dscarber@chapmanlawgroup.com |
|  | jbomber@chapmanlawgroup.com |

_____/

## VERDICT FORM

### FIRST CLAIM – DELIBERATE INDIFFERENCE

### [DEFENDANT AMENDED FORM TO INCLUDE PROXIMATE CAUSE]

We, the jury, unanimously find the following verdict on the questions submitted to us based on the preponderance of the evidence:

00863093            1

Question 1: Did defendant Joanne Sherwood, N.P., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   __ Yes         _____ No.

Question 2: Did defendant James August Mollo, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   _____ Yes         _____No.

Question 3: Did defendant Daniel Card, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   _____ Yes         _____No.

Question 4: Did defendant Lynne Fielstra, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   _____Yes         _____No.

Question 5: Did defendant Melissa Furnace, R.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   _____ Yes         _____No.

Question 6: Did defendant Chad Richard Goetterman, R.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:   _____ Yes         _____No.

**If you answered each of questions 1 through 6 "no" then a verdict on Plaintiff's deliberate indifference claim must be returned in favor of Defendants, and Plaintiff takes nothing.   Stop and go to Second Claim – Professional Negligence, Page 11**)

**If you answered any of questions 1 through 6 "yes" then you must answer the following questions, as applicable.**

Question 7: Was the deliberate indifference of Defendant Joanne Sherwood, N.P., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question 8: Was the deliberate indifference of Defendant James August Mollo, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question 9: Was the deliberate indifference of Defendant Daniel Card, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question 10: Was the deliberate indifference of Defendant Lynne Fielstra, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question 11: Was the deliberate indifference of Defendant Melissa Furnace, R.N., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question 12: Was the deliberate indifference of Defendant Chad Richard Goetterman, R.N., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

**If you answered each of questions 7 through 12 "no" then a verdict on Plaintiff's deliberate indifference must be returned in favor of Defendants, and Plaintiff takes nothing**. Stop and go to Second Claim – Professional Negligence, Page 11.

**If you answered any of questions 7 through 12 "yes" then you must answer the following questions, as applicable.**

## OBJECTIONS TO PROXIMATE CAUSE QUESTIONS 7 THRU 12

### Plaintiff's Position:

Proximate Cause:

A separate question regarding "proximate cause" is improper and duplicate. Questions 1 through 6 take into consideration the required causation element if this claim. A defendant acts with deliberate indifference to a plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to a plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk. *Rhinehart v. Scutt*, 894 F.3d 721, 736-737; 738; 751 (6th Cir. 2018); *Greene v. Crawford County*, 22 F.4th 593, 605 (6th Cir. 2022).

Plaintiff's state that Questions 1 through 6 sufficiently address this causal requirement by stating: "Did defendant _____ act with deliberate indifference *to a risk of serious harm to plaintiff*? Defendant is requiring the jury to improperly determine causation *twice*.

There is no requirement that the defendant's conduct cause actual harm to a plaintiff. The defendant's conduct need only increase the risk of serious harm, or create a substantial risk of serious harm, to a plaintiff. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) ("As the Supreme Court has held, the test for deliberate indifference is whether there exists a "*substantial risk* of serious harm," and does not require actual harm to be suffered.") (citing *Farmer v. Brennan*, 511 U.S. 825, 837(1994)).

Further, in the Sixth Circuit, once an inmate's medical need is objectively serious, there is no requirement of proximate cause to hold an individual defendant liable.[1] *Owensby v. City of Cincinnati*, 414 F.3d 596 (6th Cir. 2005) (estate need not prove that the denial of care for obvious medical need proximately caused death); *Cooper v. County of Washtenaw*, 222 Fed. Appx. 459, 471-72 (6th Cir. 2007) (requiring proof of direct causal effect or injury for failure to address obvious

---

[1] Plaintiff has presented medical evidence to demonstrate a serious medical condition, delirium tremens, through medical records, Defendants, Defendants' experts, and his own expert witnesses. *See, Phillips v Tangliag,* 14 F.4th 524 (6th Cir. 2021); *Bertl v. City of Westland*, 2007 U.S. Dist. LEXIS 83290 (E.D. Mich., Nov. 9, 2007).

00863093          4

medical need "improperly injects a proximate cause discussion into our deliberate indifference analysis."); *Cabaniss v City of Riverside,* 231 Fed. Appx. 407, 415 (6th Cir. 2007); *Rhinehart v. Edelman,* 2016 U.S. Dist. LEXIS 173049 (E.D. Mich., Apr. 7, 2016). The "the delay alone . . . creates a substantial risk of serious harm." *Owensby,* 414 F.3d at 604 (quoting *Blackmore,* 390 F.3d 890, 899 (6th Cir. 2004). The *Cooper* Court explained:

> We have previously held that while proximate cause may be necessary "to assess whether the denial of medical care caused a serious medical injury in cases where the prisoner or pretrial detainee's 'affliction is seemingly minor or non-obvious,' no such evidence is required where the individual had a 'serious need for medical care that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Owensby v. City of Cincinnati,* 414 F.3d 596, 604 (6th Cir. 2005) (quoting *Blackmore v. Kalamazoo County,* 390 F.3d 890, 899 (6th Cir. 2004). Specifically, in *Blackmore,* we held where the seriousness of a prisoner's needs for medical care is obvious even to a lay person, the constitutional violation may arise. This violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm. When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay to create the constitutional infirmity. In such cases, the effect of the delay goes to the extent of the injury, not the existence of a serious medical condition.

*Cooper*, 222 Fed. Appx 459 (6th Cir. 2007) (citing *Owensby*, 414 F.3d 596 at 604).

However, if the Court is inclined to add a separate causation question, Plaintiff proposes the following for each Defendant:

1. Did defendant _____ act with deliberate indifference?

2. Did the deliberate indifference of defendant _____ cause a substantial risk of serious harm to the Plaintiff?

## **Defendants' Position:**

Proximate Cause:

A separate question regarding "proximate cause" is not only proper in a 42 U.S.C. § 1983 case, but it is necessary. The Sixth Circuit has held that "proximate cause is an essential element of a § 1983 claim for damages." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *citing Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-308, 91 L. Ed. 2d 249, 106 S. Ct. 2537 (1986) ("Consequently, 'the basic purpose' of § 1983 damages is '*to compensate persons for injuries* **that are caused by** the deprivation of constitutional rights… **We nevertheless held that *no* compensatory damages could be awarded for violation of that right absent proof of actual injury**… *Carey* thus makes clear that the abstract value of a constitutional right may not form the basis for § 1983 damages.") (Bolded emphasis added, italicized emphasis in original).

Plaintiff's reliance on *Owensby* is misplaced. Owensby dealt with a delay in treatment for non-medical reasons when several officers applied lethal restraint techniques, choke holds, used their batons, etc. and placed him in the back of the cruiser without an examination. Six minutes later, while sitting in the parking lot, the sergeant came to the cruiser to look at the suspect and he was non-responsive and died. The court applied *Blackmore v Kalamazoo County*, 390 F.3d 890, (6th Cir. 2004) analysis. Plaintiff correctly quoted Blackmore but pays little attention to the key sentence, "When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition *for non-medical reasons*, (emphasis added) their conduct in causing the delay creates the constitutional infirmity. In such cases, the effect of the delay goes to the extent of the injury, not the existence of the medical condition."

This is not a delayed medical attention/treatment case. This case centers around medical decision making and whether the treatment chosen was deliberately indifferent.

Plaintiff's position that he need not prove proximate cause and that there is no need for a proximate cause section is untenable and is further contradicted by his own Complaint wherein he sets forth the elements of his deliberate indifference claims ("**As a direct and proximate result** of the wrongful conduct of each of the individual Defendants, Plaintiff has been substantially and irreparably injured.") See **ECF No. 1, PageID.45** – Plts Cmpt, Count III, ¶219 - Deliberate Indifference to Serious Medical Needs as to Byrne, Steimel, Sherwood, Furnace, Card, Goetterman, Mollo, and Fielstra. Even the case relied upon by Plaintiff, *Cooper v. County of Washtenaw*, 222 Fed. Appx. 459, 471-72 (6th Cir. 2007), holds that: "<u>Further, even if a showing that [Defendant's] failure to warn was the proximate cause of [Decedent's] death</u>, such a requirement would weigh strongly against the granting of summary judgment. **As we have explicitly explained in the past, 'proximate cause, and its underlying foreseeability inquiry, <u>is a question of fact for the jury</u>."**

Plaintiff relies upon a medical expert cardiologist to establish whether Plaintiff's injuries were caused by Defendants' conduct and the nature of the damages he suffered as a result of the alleged conduct belies any position that this case is so obvious that he need not prove proximate cause to a jury on all of his claims at trial. Indeed, Plaintiff's expert's testimony regarding a lack of proximate cause for various time periods in this case is critical to the jury's inquiry on all claims of wrongdoing. For the jury not to consider proximate cause at trial is reversible error.

**If you answered "yes" to one or more of the previous questions 7 through 12, then answer question number 13.**

Question Number 13: What is the total amount of actual or compensatory damages that Plaintiff is entitled to, if any, as a result of the injuries sustained on account of the Defendants' violation of Plaintiff's constitutional rights?

Answer: For the conscious pain and suffering of
Wade Jones:                                                                 $_____

For the loss of the society and
companionship to the heirs of the
Estate of Wade Jones to present:                                $_____

For the loss of the society and
companionship the heirs of the
Estate of Wade Jones in the future:                           $_____

TOTAL Actual or Compensatory Damages:  $_____

**If your total actual or compensatory damages is zero, then a verdict on Plaintiff's deliberate indifference claim must be returned in favor of Defendants, and Plaintiff takes nothing on this claim. Stop and go to SECOND CLAIM – PROFESSIONAL NEGLIGENCE, Page 11.**

**If your total actual or compensatory damages is greater than zero, then you must answer the following questions as applicable.**

Question Number 14: If you find that Defendant Joanne Sherwood, N.P.'s conduct in violation of the Eighth Amendment was motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Joanne Sherwood, N.P.?

Answer:         _____ Yes         _____No.

Question Number 15: If the answer to question Number 14 is "yes," what is the amount of punitive damages that you award against Defendant Joanne Sherwood, N.P.?

Answer: $_____.

Question Number 16 : If you find that Defendant James August Mollo, L.P.N.'s conduct in violation of the Eighth Amendment was motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant James August Mollo, L.P.N.?

Answer:     _____ Yes     _____ No.

Question Number 17: If the answer to question number 16 is "yes," what is the amount of punitive damages that you award against Defendant James August Mollo, L.P.N.?

Answer: $_____.

Question Number 18: If you find that Defendant Daniel Card, L.P.N.'s conduct in violation of the Eighth Amendment was motivated by evil or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Daniel Card, L.P.N.?

Answer:     _____ Yes     _____ No.

Question Number 19: If the answer to question number 18 is "yes," what is the amount of punitive damages that you award against Defendant Daniel Card, L.P.N.?

Answer: $_____.

Question Number 20 : If you find that Defendant Lynne Fielstra, L.P.N.'s conduct in violation of the Eighth Amendment was motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Lynne Fielstra, L.P.N.?

Answer:      _____ Yes     _____ No.

Question Number 21: If the answer to question number 20 is "yes," what is the amount of punitive damages that you award against Defendant Lynne Fielstra, L.P.N.?

Answer: $_____.

Question Number 22: If you find that Defendant Melissa Furnace, R.N.'s conduct in violation of the Eighth Amendment was motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Melissa Furnace, R.N.?

Answer:      _____ Yes     _____ No.

Question Number 23: If the answer to question number 22 is "yes," what is the amount of punitive damages that you award against Defendant Melissa Furnace, R.N.?

Answer: $_____.

Question Number 24: If you find that Defendant Chad Richard Goetterman, R.N.'s conduct in violation of the Eighth Amendment was motivated by evil intent or willful, wanton or reckless disregard for plaintiff's constitutional rights, then you may make an award of punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Chad Richard Goetterman, R.N.?

Answer:       _____ Yes      _____ No.

Question Number 25: If the answer to question number 24 is "yes," what is the amount of punitive damages that you award against Defendant Chad Richard Goetterman, R.N.?

Answer: $_____.

# Please proceed to the SECOND CLAIM – PROFESSIONAL NEGLIGENCE (Page 10)

## beginning on the following page

## SECOND CLAIM
## PROFESSIONAL NEGLIGENCE

<u>Question Number 26</u>: Was Defendant Corizon Health, Inc., professionally negligent?

<u>Answer</u>:    _____ Yes    _____No.

**Defendants' Objection:**  A separate question as to whether Corizon is professionally negligent is improper. Corizon remains a party to this case <u>only</u> under a theory of *respondeat superior*, known as vicarious liability. In such cases, Corizon itself is not said to be professionally negligent for violation of a standard of care; instead, vicarious liability is premised under a finding of an employees' professional negligence for which Corizon may become vicariously liable. Given this, vicarious liability as to Corizon may only be found if and only if the jury determines that its' employees are professionally negligent. *Ravenis v. Detroit Gen. Hosp.*, 63 Mich. App. 79, 83-84, 234 N.W.2d 411, 414 (1975) ("As a general statement of law it is, of course, true, as defendant suggests, that no liability may be imposed on the master if the servant is not negligent."); *Roberts v. Lasusa*, No. 300547, 2012 Mich. App. LEXIS 749, at *8 (Ct. App. Apr. 24, 2012) ("However, in order to prevail against a master for malpractice, the servant must first be shown to have acted negligently towards the plaintiff…"). Therefore, it is improper to ask the jury to find that Corizon, as an entity, is professionally negligent in this matter.

<u>Question Number 27</u>: Was Defendant Teri Byrne, R.N. professionally negligent?

<u>Answer</u>:    _____ Yes    _____No.

<u>Question Number 28</u>: Was Defendant Janice Steimel, L.P.N. professionally negligent?

<u>Answer</u>:    _____ Yes    _____No.

Question Number 29: Was Defendant Melissa Furnace, R.N. professionally negligent?

Answer:     _____ Yes     _____ No.

Question Number 30: Was Defendant Joanne Sherwood, N.P. professionally negligent?

Answer:     _____ Yes     _____ No.

Question Number 31: Was Defendant James August Mollo, L.P.N. professionally negligent?

Answer:     _____ Yes     _____ No.

Question Number 32: Was Defendant Lynne Fielstra, L.P.N. professionally negligent?

Answer:     _____ Yes     _____ No?

Question Number 33: Was Defendant Daniel Card, L.P.N. professionally negligent?

Answer:     _____ Yes     _____ No.

**If you answered each of questions 26 through 33 "no", then a verdict on Plaintiff's professional negligence claim must be returned in favor of Defendants and Plaintiff takes nothing on this claim.  STOP Go no further and have the foreperson sign and return the verdict form to the court officer.**

**If you answered any of questions 26 through 33 "yes" then you must answer**

**the following questions, as applicable.**

Question Number 34: Was the professional negligence of Defendant Corizon Health, Inc., a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

**Defendants' Objection:** Please see Defendants' objection set forth above at Question No. 26.

Question Number 35: Was the professional negligence of Defendant Teri Byrne, R.N. a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question Number 36: Was the professional negligence of Defendant Janice Steimel, L.P.N. a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question Number 37: Was the professional negligence of Defendant Melissa Furnace, R.N. a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question Number 38: Was the professional negligence of Defendant Joanne Sherwood, N.P. a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

Question Number 39: Was the professional negligence of Defendant James August Mollo, L.P.N. a proximate cause of the Plaintiff's damages?

Answer:     _____ Yes     _____ No.

<u>Question Number 40</u>: Was the professional negligence of Defendant Lynne Fielstra, L.P.N. a proximate cause of the Plaintiff's damages?

<u>Answer</u>:        _____ Yes        _____No.

<u>Question Number 41</u>: Was the professional negligence of Defendant Daniel Card, L.P.N. a proximate cause of the Plaintiff's damages?

<u>Answer</u>:        _____ Yes        _____No.

**If you answered each of questions 34 through 41 "no", then a verdict on Plaintiff's professional negligence claim must be returned in favor of Defendants and Plaintiff takes nothing on this claim. STOP Go no further and have the foreperson sign and return the verdict form to the court officer.**

**If you answered any of questions 34 through 41 "yes" then you must answer the following questions, as applicable.**

<u>Question Number 42</u>: Did Plaintiff have an impaired ability to function due to the influence of intoxicating liquor?

<u>Answer</u>:        _____ Yes        _____No.

**If you answered "yes" to question 42, proceed to question 43.  If you answered "no" to question 42, skip question 43, and you must proceed to question 44.**

<u>Question Number 43</u>: Was Plaintiff's impaired ability to function 50% or more the cause of his death?

<u>Answer</u>:        _____ Yes        _____No.

**If you answered "yes" to question 43, stop, go no further, and have the foreperson sign and return the verdict form to the court officer.**

**If you answered "no" to question 43, you must proceed to the following questions.**

Question Number 44: Was Wade Jones comparatively negligent?

Answer: _____ Yes  _____ No.

Question Number 45: Was Wade Jones's negligence a proximate cause of the injuries sustained?

Answer: _____ Yes  _____ No.

Using 100% as the total, and considering the nature and conduct and the extent to which each party's conduct that caused or contributed to Plaintiff's loss due to any of the Defendants' professional negligence, enter the percentage of fault attributable to:

Defendant Corizon Health, Inc.                           _____%
(only state a percentage for
 Corizon Health, Inc. if you answered
"yes" to QUESTIONS 26 and 34)

**Defendants' Objection:** Please see Defendants' objection set forth above at Question Nos. 26 and 34. Since Corizon cannot be professionally negligent in this case, and its liability would be based upon vicarious liability, it is improper to ask the jury to separately assess nonexistent independent professional negligence conduct on the part of Corizon.

Defendant Teri Byrne, R.N.                               _____%
(only state a percentage for
Teri Byrne, R.N. if you answered
"yes" to QUESTIONS 27 and 35)

00863093                                    15

Defendant Janice Steimel, L.P.N. _____%
(only state a percentage for
Janice Steimel, L.P.N. if you answered
"yes" to QUESTIONS 28 and 36)

Defendant Melissa Furnace, R.N. _____%
(only state a percentage for Melissa
Furnace, R.N. if you answered
"yes" to questions 29 and 37)

Defendant Joanne Sherwood, N.P. _____%
(only state a percentage for
Joanne Sherwood, N.P. if you answered
"yes" to questions 30 and 38)

Defendant James August Mollo, L.P.N. _____%
(only state a percentage for James
August Mollo, L.P.N. if you answered
"yes" to questions 31 and 39)

Defendant Lynne Fielstra, L.P.N. _____%
(only state a percentage for
Lynne Fielstra, L.P.N. if you answered
"yes" to questions 32 and 40)

Defendant Daniel Card, L.P.N. _____%
(only state a percentage for
Daniel Card, L.P.N. if you answered
"yes" to questions 33 and 41)

Plaintiff Wade Jones _____%
(only state a percentage for
Wade Jones if you answered
"yes" to questions 44 and 45)

        TOTAL:                                      100 %

<u>Question Number 46</u>: What is the amount of Plaintiff's actual or compensatory damages for his professional negligence claim?

| | | |
|---|---|---|
| Answer: | For the conscious pain and suffering of Wade Jones: | $_____ |
| | For the loss of the society and companionship to the heirs of the Estate of Wade Jones present: | $_____ |
| | For the loss of the society and companionship the heirs of the Estate of Wade Jones in the future: | $_____ |
| | TOTAL actual or compensatory Damages | $_____ |

The foreperson shall sign and date this verdict form.

Dated: _____ 2022     By: _____
                                              JURY FOREPERSON


RETURN ALL  17 PAGES, QUESTIONS 1 THROUGH 46 TO THE COURT