UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,

v.

CORIZON HEALTH, INC., *et al.,*

      Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
Attorney for Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI 48034
Direct (248) 234-9828
(248) 569-4646
(248) 569-6737 (fax)
Jennifer@buckfirelaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorney for Defendants,
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

_____/1

**PLAINTIFF'S RESPONSE TO THE CORIZON DEFENDANTS' MOTION IN LIMINE AS TO PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM AGAINST JOANNE SHERWOOD, N.P.**

NOW COMES Plaintiff, CHARLES JONES, as Personal Representative of the Estate of WADE JONES, deceased, through his attorneys, BUCKFIRE LAW FIRM, and for his Response to the Corizon Defendants' Motion in Limine as to Plaintiff's Deliberate Indifference Claim Against Joanne Sherwood, N.P., hereby

00867379

relies upon his Brief in Response.

                                Respectfully submitted,

                                BUCKFIRE LAW FIRM
By:  /s/  Jennifer G. Damico
       JENNIFER G. DAMICO (P51403)
       Attorney for Plaintiff
       29000 Inkster Road, Suite 150
       Southfield, MI 48034
       Direct (248) 234-9828
       Main (248) 569-4646
       Fax (248) 281-1886
       jennifer@buckfirelaw.com

November 13, 2022

00867379

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

       Plaintiff,                                 Case No.: 1:20-cv-00036
v.                                               Hon. Judge Hala Y. Jarbou
                                                      Mag. Judge Sally J. Berens

CORIZON HEALTH, INC., *et al.,*

       Defendants.
_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 29000 Inkster Road, Suite 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| Direct (248) 234-9828 | Attorney for Defendants, |
| (248) 569-4646 | 1441 West Long Lake Rd., Suite 310 |
| (248) 569-6737 (fax) | Troy, MI 48098 |
| Jennifer@buckfirelaw.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

_____/1

**BRIEF IN RESPONSE TO THE CORIZON DEFENDANTS' MOTION IN LIMINE AS TO PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM AGAINST JOANNE SHERWOOD, N.P.**

**I. Statement of Facts**

On November 8, 2022, Plaintiff's counsel contacted Defense counsel to propose dismissing the state-law medical-malpractice claim against NP Sherwood, in order to avoid the cost of taking the *de bene esse* deposition of Plaintiff's Nurse

1

Practitioner standard-of-care expert or bringing him to trial to testify live. Defense counsel agreed, and the parties entered a stipulation to dismiss "the Plaintiffs' medical malpractice claims only" against Defendant Sherwood. (ECF No. 200, PageID.4653). The Court entered an Order dismissing the medical malpractice claim against Defendant Sherwood the next day, November 9, 2022. (ECF No. 204, PageID.4700).

The day after the stipulated dismissal was entered, Defendants revealed their intention to file a motion-in-limine to dismiss the remaining deliberate-indifference claim against NP Sherwood. Their Motion is premised on the novel argument that *Philips v. Tangilag,* 14 F.4th 524 (6th Cir. 2021) requires an Eighth-Amendment plaintiff to separately establish the existence of an objectively-serious medical need as to every type of state-licensed health professional named as a defendant via a license-specific standard-of-care expert. (*See* ECF No. 205, PageID.4714). Had Plaintiff known that Defendant Sherwood intended to file what is, in effect, a surprise motion for summary judgment on the eve of trial, Plaintiff would have arranged for the *de bene esse* deposition of its Nurse Practitioner expert and would not have agreed to dismiss the medical-malpractice claim against Defendant Sherwood. Sixth-Circuit precedent prohibits consideration of motions for summary judgment couched as motions in limine, so the Court should not consider the

2

merits of Defendants' Motion. If the Court does reach the merits, the Motion should nevertheless be denied.

## ARGUMENT

**II. Defendant Sherwood May Not File A Successive, Surprise Summary Judgment Motion on the Eve of Trial Couched as a Motion in Limine**

"The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss." 75 Am. Jur. 2d Trial § 44 (2009). District courts in this Circuit have consistently refused to permit litigants to move for dismissals of claims or defenses via a motion-in-limine. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 562 (6th Cir. 2013) (collecting cases).

While Defendants' present Motion is couched as a motion-in-limine, the relief requested is as follows:

> "WHEREFORE, Defendants . . . respectfully request that this Honorable Court grant their Motion In Limine, **preclude Plaintiff from presenting his deliberate indifference claim against NP Sherwood at trial thereby dismissing the claim**, and grant such other and further relief as the Court deems just and equitable."
>
> (ECF No. 205, PageID.4703) (emphasis added).

This is plainly a motion for summary judgment couched as a motion in limine. Assuming, *arguendo*, that Defendants are correct that the deliberate-indifference claim against NP Sherwood fails as a matter of law, they fail to explain why the

3

jury cannot hear any testimony concerning NP Sherwood's role in the events at issue. Defendants have not sought to preclude Plaintiff's counsel from mentioning any other previously-dismissed Defendants. "Where, as here, the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013).

Nor may Defendants attempt to "infuse into this motion an evidentiary matter by arguing that this evidence was irrelevant and inadmissible under Fed. R. Evid. 401 and 402 . . . if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant." *Louzon*, 718 F.3d at 562-563. Defendants have proffered no reason for the Court to depart from the rule announced in *Louzon,* and the Court should not do so.

### III. Under *Philips*, Plaintiff Can Establish the Objective Component for the Time Period Relevant to his Deliberate-Indifference Claim Against Defendant Sherwood

For the first time in this nearly three-year-old case, Defendants challenge the sufficiency of Plaintiff's proofs on the objective prong of the deliberate-indifference inquiry. "The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth

4

Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). To demonstrate a sufficiently-serious deprivation "in the health context, prisoners must first establish that they have, 'serious medical needs.'" *Philips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021).

There can be no dispute that Plaintiff has shown a 'serious medical need' during the relevant time period. *See e.g. Kindl v. City of Berkley*, 798 F.3d 391, 401 (6th Cir. 2015); *Greene v. Crawford Cty.,* 22 F.4th 593, 615 (6th Cir. 2022) ("It is well established in this circuit that delirium tremens is an objectively serious medical need"). As *Philips* itself recognizes, "a serious medical need alone can satisfy this objective element if doctors effectively provide no care for it." *Philips*, 14 F.4th at 534. A prisoner effectively receives no care in circumstances where, "the prison fail[s] to provide treatment . . . or [] it provide[s] treatment 'so cursory as to amount to no treatment at all.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009)).

This Court has already ruled that "a jury could conclude that keeping Jones in his cell for periodic observation after he stopped receiving his medicine, or transferring him to the infirmary for further observation after he had apparently suffered a seizure, **was tantamount to providing no medical care at all**." (ECF No. 147, PageID.3245) (emphasis added). A jury could also conclude that the

5

person who made the decision to transfer Mr. Jones 'to the infirmary for observation after he had apparently suffered a seizure' was NP Sherwood. (Furnace Dep. p. 82, ECF No. 125-10, PageID.1688; Gotterman Dep. p. 123, ECF No. 125-15, PageID.1913). This is sufficient to support a verdict against NP Sherwood on the deliberate-indifference claim, even without expert testimony. *See Philips*, 14 F.4th at 534; *Greene v. Crawford Cty*, 22 F.4th 593, 609 (6th Cir. 2022) ("At a certain point, bare minimum observation ceases to be constitutionally adequate.")

Yet even if the Court finds that Plaintiff is required to present expert testimony to establish the objective component in this context, such testimony will be forthcoming at trial. Plaintiff's causation expert, Dr. Dan Fintel, M.D. has proffered testimony that Mr. Jones urgently needed to be transported to the hospital as early as a few minutes after midnight on April 26, that his chances of survival fell with each hour that he was not hospitalized, and that the failure to hospitalize him in the morning hours of April 27 more likely than not resulted in his cardiac arrest and death. (ECF No. 147, PageID.3223). This testimony is sufficient to support a finding in Plaintiff's favor on the objective component, which merely "requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

6

Defendants have long been aware that Dr. Fintel would offer these opinions at trial. Yet they now argue that Dr. Fintel's testimony would amount to "trial by surprise" if the jury was permitted to consider his opinions in relation to the deliberate-indifference claim against NP Sherwood. (ECF No. 205, PageID.4715). Defendants claim that Dr. Fintel's opinions cannot be used against NP Sherwood because Dr. Fintel is not a nurse practitioner, because he allegedly has insufficient experience treating delirium tremens, and because he did not offer testimony specifically concerning the nurse-practitioner standard of care. (ECF No. 205, PageID.4716). Defendants also argue that the similar opinions of Plaintiff's RN experts may not be used against NP Sherwood, because RNs "are not qualified to make the medical decisions (e.g. diagnosing a patient or determining whether to prescribe a patient medication) that NP Sherwood is trained and qualified to perform." (ECF No. 205, PageID.4716).

First, Defendants' protestations of unfair surprise are disingenuous at best. Defendants have long known that Plaintiff's experts would opine that merely observing Mr. Jones rather than sending him to the emergency room on the morning of April 27, 2018 constituted, at best, woefully inadequate care, and resulted in his death. Defendants also believed, up until November 8, 2022, that Plaintiff would present expert testimony from a retained nurse practitioner that NP Sherwood's conduct violated the nurse-practitioner standard of care. If anything

7

constitutes unfair surprise, it is this last-minute motion for summary judgment couched as a motion-in-limine. Defense counsel provided no warning that they would file such a motion at the time the parties agreed to dismiss the state-law claim against NP Sherwood.

Second, *Philips v. Tangilag* did not constitutionalize Michigan's medical-malpractice tort reform statute. *Philips* merely holds that expert testimony is required in order to satisfy the objective component when the prisoner has "received extensive care" for his serious medical need, as prior cases have similarly held. *Philips* at 536; *see also, Rhinehart v. Scutt*, 894 F.3d 721, 737-738 (6th Cir. 2018); *Anthony v. Swanson*, 701 Fed. Appx. 460, 464 (6th Cir. 2017). The objective prong of the deliberate-indifference test focuses not on the defendant's culpability, but rather on the potential harmfulness of the conditions objectively experienced by the prisoner. *See Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (finding that the risks posed by exposure to COVID-19 in a correctional facility satisfied the objective component, despite the fact that defendants responded reasonably to the risk). The Plaintiff in *Philips* did not proffer any expert testimony at all. *Philips*, 14 F.4th at 536. So any inference that *Philips* requires an Eighth-Amendment plaintiff proffer not just an expert opinion that the course of treatment he received was woefully-inadequate, but also a separate standard-of-care opinion for each type of licensed health professional who

8

participated in this woefully-inadequate course of treatment, is mere dicta. *See Wright v. Spalding,* 939 F.3d 695, 701-702 (6th Cir. 2019).

        Respectfully submitted,

        BUCKFIRE LAW FIRM

By:  /s/ Jennifer G. Damico
      JENNIFER G. DAMICO (P51403)
      Attorney for Plaintiff
      29000 Inkster Road, Suite 150
      Southfield, MI 48034
      Direct (248) 234-9828
      Main (248) 569-4646
      Fax (248) 281-1886
      jennifer@buckfirelaw.com

Date: November 13, 2022