UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,

v.

CORIZON HEALTH, INC., JANICE
STEIMEL, LPN, MELISSA FURNACE,
RN, JOANNE SHERWOOD, NP, JAMES
AUGUST MOLLO, LPN, LYNNE FIELSTRA,
LPN, DANIEL CARD, LPN, AND
CHAD RICHARD GOETTERMAN, RN.

      Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., L.L.M. (P37603) |
| Sarah L. Gorski (P82899) | Devlin Scarber (P64532) |
| Attorney for Plaintiff | Jeffrey L. Bomber (P85407) |
| 29000 Inkster Road, Suite 150 | Attorney for Defendants |
| Southfield, MI 48034 | 1441 West Long Lake Rd., Suite 310 |
| Direct (248) 234-9828 | Troy, MI 48098 |
| (248) 569-4646 | (248) 644-6326 |
| (248) 569-6737 (fax) | rchapman@chapmanlawgroup.com |
| Jennifer@buckfirelaw.com | dscarber@chapmanlawgroup.com |
| Sarah@buckfirelaw.com | jbomber@chapmanlawgroup.com |

_____/

**PLAINTIFF'S MOTION FOR DIRECTED VERDICT REGARDING THE OBJECTIVE AND SUBJECTIVE COMPONENTS OF HIS DELIBERATE INDIFFERENCE CLAIM**

NOW COMES Plaintiff, CHARLES JONES, as Personal Representative

of the Estate of WADE JONES, deceased, through his attorneys, Buckfire Law Firm, and for his Motion for Directed Verdict Regarding the Objective and Subjective Components of His Deliberate Indifference Claim, respectfully requests this Honorable Court grant directed verdict in favor of Plaintiff.  There are no genuine issues of material fact for the jury to decide whether Plaintiff has satisfied both necessary components a deliberate indifference claim.  Plaintiff relies upon his Brief in Support of this Motion and Exhibits attached thereto.

                Respectfully submitted,

BUCKFIRE LAW FIRM
By:  /s/  Jennifer G. Damico
JENNIFER G. DAMICO (P51403)
SARAH L. GORSKI (P82899)
Attorneys for Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI 48034
Direct (248) 234-9828
Main (248) 569-4646
Fax (248) 281-1886
jennifer@buckfirelaw.com
sarah@buckfirelaw.com

November 29, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,

v.

CORIZON HEALTH, INC., JANICE
STEIMEL, LPN, MELISSA FURNACE,
RN, JOANNE SHERWOOD, NP, JAMES
AUGUST MOLLO, LPN, LYNNE FIELSTRA,
LPN, DANIEL CARD, LPN, AND
CHAD RICHARD GOETTERMAN, RN.

      Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

| BACKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., L.L.M. (P37603) |
| Sarah L. Gorski (P82899) | Devlin Scarber (P64532) |
| Attorney for Plaintiff | Jeffrey L. Bomber (P85407) |
| 29000 Inkster Road, Suite 150 | Attorney for Defendants, |
| Southfield, MI 48034 | 1441 West Long Lake Rd., Suite 310 |
| Direct (248) 234-9828 | Troy, MI 48098 |
| (248) 569-4646 | (248) 644-6326 |
| (248) 569-6737 (fax) | |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| Sarah@buckfirelaw.com | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DIRECTED VERDICT REGARDING THE OBJECTIVE AND SUBJECTIVE COMPONENTS OF HIS DELIBERATE INDIFFERENCE CLAIM**

3

I.    **INTRODUCTION**

The Plaintiff presented trial testimony and admitted evidence from November 14, 2022, until November 28, 2022. The defense completed their case ("rested") on November 29, 2022. In his case-in-chief, Plaintiff called all six (6) Defendants for whom he claims where deliberately indifferent to Wade Jones' serious medical needs. Additionally, expert witness testimony was presented from Stephen Cohle, M.D., the Kent County Medical Examiner, Dan J. Fintel, M.D., Plaintiff's expert cardiologist, Edward Jouney, D.O., Defendants' expert in addiction medicine and Brian Williamson, M.D., Defendants' expert cardiologist. *See* Minutes from Jury Trial.[1]

First, Plaintiff argues that there is no evidence to dispute the fact that as of 5:30 a.m. on April 26, 2018, Wade Jones condition of acute alcohol withdrawals, or delirium tremens, was an objectively serious medical condition. As such, Plaintiff is entitled to a directed verdict on the objective component of his deliberate indifference claim.

Second, the six (6) Defendants, nurses Melissa Furnace, James August Mollo, Lynne Fielstra, Daniel Card, and Chad Richard Goetterman, and nurse practitioner, Joanne Sherwood, testified regarding their subjective knowledge of Wade Jones'

---

[1] ECF No. 213, PageID. 4756, ECF No. 215, PageID.4807, ECF No. 216, PageID. 4808, ECF No. 219, PageId.4829, ECF No.224, PageID. 5005, ECF No. 230, PageID. 5203, ECF No. 231, PageID. 5204, and ECF 232, PageID. 5205.

serious medical need. Plaintiff submits to this Honorable Court, that there is no genuine issue of material fact for the jury to decide whether each of the 6 Defendants had subjective knowledge of Wade Jones' serious medical need and, therefore, Plaintiff is entitled to a directed verdict on the subjective component of the claim.

## II. STANDARD OF REVIEW

In considering a motion for a directed verdict, a trial judge must view the evidence in the light most favorable to a plaintiff. *Minton v. Southern Railway Company*, 368 F.2d 719 (6th Cir. 1966). When evaluating a motion for a directed verdict, a court must consider the evidence in the light most favorable to the nonmoving party, making all reasonable inferences in favor of the nonmoving party. *Locke v. Pachtman,* 446 Mich. 216, 223; 521 N.W.2d 786 (1994). Directed verdicts are appropriate only when no factual question exists upon which reasonable minds may differ. The motion should be granted if there is a complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controversial issues of fact upon which reasonable minds could differ. *Brisboy v. Fibreboard Corp,* 429 Mich. 540, 549; 418 N.W.2d 650 (1988).

## III. ARGUMENT

**A. Directed Verdict in Favor of Plaintiff is Warranted Because There is No Question of Material Fact That as of 5:30 a.m. on April 26, 2018,**

### Wade Jones Condition of Acute Withdrawals, or Delirium Tremens, was an Objectively Serious Medical Condition.

This Honorable Court explained the Eighth Amendment's two-pronged deliberate indifference standard and analysis in *Young v. Jourden*, 2021 U.S. Dist. LEXIS 35121(Jan. 5, 2021)(1:19-cv-00854 PageID.839-866, 861)[2] In *Young,* this Court stated: "The unnecessary and wanton infliction of pain encompasses 'deliberate indifference to an inmate's serious medical needs.' *Estelle v. Gamble,* 249 U.S. 97, 104-06 (1976); *Napier v. Madison Cty*., 238 F.3d 739, 742 (6th Cir. 2001)." *Id.* at 861. Whether a defendant's conduct rises to the level of a constitutional violation is a two-step analysis. With respect to the first step, this Court explained:

> [t]he court must determine, objectively, whether the alleged deprivation was sufficiently serious. **A "serious medical need" sufficient to implicate the Eighth Amendment is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."** *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See, Rhinehart v. Scutt,* 894 F.3d 721, 737 (6th Cir. 2018). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," Blackmore v.

---

[2] The Magistrate Judge's Report and Recommendation on Defendants' Motion for Summary Judgment was Accepted and Adopted by this Court on February 24, 2021. 1:19-cv-00854 PageID.888-893.

> Kalamazoo Cty., 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must place "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."

*Id*. (emphasis added).

If a plaintiff can establish and objectively serious medical need, then the plaintiff must demonstrate the requisite culpability. This Court further stated:

> [t]he plaintiff must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"

1:19-cv-00854 PageID.862; *Green v. Bowles,* 361 F.3d 290 294 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. at 829, 847)).

Plaintiff maintains there no question of material fact that Wade Jones' medical need, acute alcohol withdrawals and delirium tremens, was an objectively serious medical condition. The Sixth Circuit Court of Appeals has "recognized that delirium tremens constitutes a serious medical need" sufficient to satisfy the objective prong of a deliberate indifference claim.

In *Greene v. Crawford Cnty.*, 22 F.4th 593, 2022 U.S. App. LEXIS 136, 2022 FED App. 0001P (6th Cir.), 2022 WL 34785, Greene was booked into the Crawford County Jail after having his bond revoked for attending a plea hearing while intoxicated. Over the next four days, Greene began hallucinating and exhibiting other symptoms of delirium tremens, a life-threatening complication of alcohol

7

withdrawal that the Sixth Circuit has recognized as an objectively serious medical need. Greene ultimately suffered acute respiratory failure. *Greene v. Crawford Cnty.*, 22 F.4th 593, 2022 U.S. App. LEXIS 136, 2022 FED App. 0001P (6th Cir.), 2022 WL 34785.

In the subject case, it is undisputed that after April 26, 2018, at 5:30 a.m., Jones was diagnosed by a medical provider, Defendant, Joanne Sherwood, with alcohol withdrawal requiring treatment after he "scored" a 19 on the first CIWA-Ar assessment and was hallucinating. The medical provider ordered a treatment plan which required a CIWA-Ar once per shift and medications every 8 hours. **(Trial Exhibit 1, Corizon Medical Record).**

Further, this Honorable Court stated in its Opinion regarding Defendant Corizon's Motion for Summary Judgment, that Defendants do not argue that Jones was not suffering from an objectively serious medical need. As the Court stated, "Indeed, there is no question that delirium tremens is an objectively serious medical need." **ECF No.147, PageID. 3227.**

Based upon the foregoing, no factual question exists upon which reasonable minds may differ that as of 5:30 a.m. on April 26, 2018, Wade Jones suffered a serious medical condition which satisfies the objective component of his deliberate indifference claim. Plaintiff requests a directed verdict on the objective component,

8

and also an amendment to CV 3.301(1) – Serious Medical Need. The jury instruction states:

> I will now give you the definition of a serious medical need. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

If This Honorable Court grants his Motion for Directed Verdict, Plaintiff proposes the following amendment to CV 3.301(1) – Serious Medical Need:

> The Plaintiff has proven that as of 5:30 a.m., Wade Jones' medical condition was a serious medical need.

**B. Directed Verdict in Favor of Plaintiff is Warranted Because There is No Question of Material Fact That Defendants were Subjectively Aware of the Risk of Wade Jones' Serious Medical Needs.**

Once the Plaintiff establishes an objectively serious medical need, then he must demonstrate the requisite culpability. This Court further stated:

> [t]he plaintiff must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"

1:19-cv-00854 PageID.862; *Green v. Bowles,* 361 F.3d 290 294 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. at 829, 847)).

Based upon their trial testimony, reasonable minds could not differ that Defendants, Melissa Furnace, RN, James August Mollo, LPN, Lynne Fielstra, LPN,

9

Daniel Card, LPN, Joanne Sherwood, NP, and Chad Richard Goetterman, RN, were each were subjectively aware of: 1) Wade Jones' objectively serious medical condition and, 2) the substantial risk it posed. Whether they disregarded the risk by failing to take reasonable measure to abate it, is admittedly a factual question, and the crux of Plaintiff's deliberate indifference claim.

1. **Melissa Furnace, RN**

Melissa Furnace, RN, testified that she entered the progress note on 4/26/18 at 4:30, writing "scored 19 – hallucinations." Melissa Furnace, RN, was the charge nurse on three out of four withdrawal checks for Wade Jones. **(Exhibit 1 attached hereto, Melissa Furnace Testimony at P. 33-34).** She admits that according to the SAW policy, a score of "21" is severe. She was the nurse who made the decision to move him to the infirmary to a "higher level of care" on 4/27/18 at 5:30. **(Exhibit 1 attached hereto, Melissa Furnace Testimony at P. 36).** Melissa Furnace, RN, testified that alcohol withdrawal is a serious medical condition fatalities can be prevented with the correct assessment, early start of treatment, diligent monitoring, and the intention to change in the clinical status of a patient. She testified further that the mechanism of why alcohol can be fatal is a brain function thing. **(Exhibit 1 attached hereto, Melissa Furnace Testimony at P. 37).**

2. **James August Mollo, LPN**

James August Mollo, LPN, testified that by not taking Mr. Jones' vital signs, he increased Mr. Jones' risk of harm. **EFC No. 233, PageID. 5229.** In addition, Mr. Mollo, LPN, testified that he understood there was an order entered in this case for Mr. Jones to get on the withdrawal protocol. He knew Wade Jones had a serious medical condition. **EFC No. 233, PageID. 5237.**

### 3. Daniel Card, LPN

Daniel Card, LPN, testified that he knew serious alcohol withdrawals can be fatal. **ECF No. 236, PageID. 5462.** Daniel Card, LPN, testified that he explained the serious risks of alcohol withdrawal to Mr. Jones, up to and including death. **ECF No. 236, PageID. 5464.** He also testified that by not telling anyone in medical that Mr. Jones had not taken his medication, increased Mr. Jones' risk of harm. **ECF No. 236, PageID. 5489.** In addition, Daniel Card, LPN, testified that he increased Mr. Jones' risk of harm by not informing the charge nurse that he did not take his medications. **ECF No. 236, PageID. 5495.** He testified further and acknowledged that not taking medication increases Mr. Jones' risk of harm. **ECF No. 236, PageID. 5497.** Lastly, Daniel Card, LPN, testified that he believed he increased the risk of harm to Mr. Jones by not telling the charge nurse that he had missed his medication. **ECF No. 236, PageID. 5499.**

### 4. Lynne Fielstra, LPN

Nurse Lynne Fielstra, LPN, testified that she knew Corizon's SAW Policy and that if a person scores over a "20" that score is considered severe. **ECF No. 229, PageID. 5166.** In addition, she testified regarding her knowledge of Wade Jones' serious medical condition, and that he appeared confused. **ECF No. 229, PageID. 5177.** Nurse Fielstra, LPN, testified that she scored Wade Jones in the "low severe" category. **ECF No. 229, PageID. 5178.** She was aware that Wade Jones fell within the emergent category. **ECF No. 229, PageID. 5179.** Nurse Fielstra, LPN, also testified that by not documenting that Mr. Jones had moved from the moderate level into the severe level, increased the risk of harm to Mr. Jones. **ECF No. 229, PageID. 5179.**

### 5. Joanne Sherwood, NP

Joanne Sherwood, NP, testified that she knew Wade Jones was on high-risk withdrawal -- or high level withdrawals. **ECF No. 236, PageID. 5495.** Nurse Practitioner Sherwood knew that Wade Jones had scored a 21 on the CIWA before she conducted her own CIWA. **ECF No. 236, PageID. 5495.** She testified further that based upon her training and experience and education, withdrawals can be a fatal condition. **ECF No. 236, PageID. 5462.**

Based upon the foregoing testimony, it is abundantly clear that reasonable minds could not differ that Defendants, Melissa Furnace, RN, James August Mollo, LPN, Lynne Fielstra, LPN, Daniel Card, LPN, and Joanne Sherwood, NP, were

each were subjectively aware of: 1) Wade Jones' objectively serious medical condition and, 2) the substantial risk it posed.

If this Honorable Court grants Plaintiff's Motion for Directed Verdict, Plaintiff requests an amendment to jury instruction CV 3.03(2) – Deliberate Indifference, which currently reads:

> I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.
>
> Plaintiff must show that a defendant actually knew of the risk. If the Plaintiff proves that there was a risk of serious harm to Mr. Jones and that the risk was obvious, you are entitled to infer from the obviousness of the risk that a defendant knew of the risk.
>
> Deliberate indifference entails something more than mere negligence. The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness.

Plaintiff requests the following:

> I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.
>
> **Plaintiff has proven that each Defendant actually knew of a substantial risk of serious harm to Plaintiff's health.**

>Deliberate indifference entails something more than mere negligence.  The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness.

## IV.   CONCLUSION AND RELIEF REQUESTED

Wherefore, based upon the above trial testimony, reasonable minds could not differ that Defendants, Melissa Furnace, RN, James Mollo, LPN, Lynne Fielstra, LPN, Daniel Card, LPN, Joanne Sherwood, NP, and Chad Richard Goetterman, RN, were each were subjectively aware of: 1) Wade Jones' objectively serious medical condition and, 2) the risk it posed.  As such, Plaintiff respectfully requests that this Honorable Court GRANT its Motion for Directed Verdict Regarding the Objective and Subjective Components of his Deliberate Indifference Claim.

Respectfully submitted,

BUCKFIRE LAW FIRM
By:   /s/  Jennifer G. Damico
JENNIFER G. DAMICO (P51403)
SARAH L. GORSKI (P82899)
Attorneys for Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI 48034
Direct (248) 234-9828
Main (248) 569-4646
Fax (248) 281-1886
jennifer@buckfirelaw.com
sarah@buckfirelaw.com

November 29, 2022