UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

    Plaintiff,

v.

Case No.: 1:20-cv-36

Hon. Hala Y. Jarbou

JANICE STEIMEL, L.P.N.,
JAMES AUGUST MOLLO, L.P.N.,
LYNNE FIELSTRA, L.P.N.,
DAN CARD, L.P.N.,
MELISSA FURNACE, R.N.,
CHAD RICHARD GOETTERMAN, R.N., AND
JOANNE SHERWOOD, N.P.,

    Defendants.
_____/

## VERDICT FORM

### FIRST CLAIM – DELIBERATE INDIFFERENCE

We, the jury, unanimously find the following verdict on the questions submitted to us based on the preponderance of the evidence:

Question 1: Did defendant Joanne Sherwood, N.P., act with deliberate indifference to a risk of serious harm to plaintiff?

    Answer: _____ Yes      ___√___ No.

Question 2: Did defendant James August Mollo, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:     ✓ Yes         ___ No.

Question 3: Did defendant Dan Card, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:     ___ Yes        ✓ No.

Question 4: Did defendant Lynne Fielstra, L.P.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:     ___ Yes        ✓ No.

Question 5: Did defendant Melissa Furnace, R.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:     ✓ Yes         ___ No.

Question 6: Did defendant Chad Richard Goetterman, R.N., act with deliberate indifference to a risk of serious harm to plaintiff?

Answer:     ✓ Yes         ___ No.

**If you answered each of questions 1 through 6 "no" then a verdict on Plaintiff's deliberate indifference claim must be returned in favor of Defendants, and Plaintiff takes nothing. Stop and go to Second Claim – Professional Negligence, Page 7).**

**If you answered any of questions 1 through 6 "yes" then you must answer the following questions, as applicable.**

2

Question 7: Was the deliberate indifference of Defendant Joanne Sherwood, N.P., a proximate cause of the Plaintiff's damages?

Answer:  _____ Yes    ___✓___ No.

Question 8: Was the deliberate indifference of Defendant James August Mollo, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:  ___✓___ Yes    _____ No.

Question 9: Was the deliberate indifference of Defendant Dan Card, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:  _____ Yes    ___✓___ No.

Question 10: Was the deliberate indifference of Defendant Lynne Fielstra, L.P.N., a proximate cause of the Plaintiff's damages?

Answer:  _____ Yes    ___✓___ No.

Question 11: Was the deliberate indifference of Defendant Melissa Furnace, R.N., a proximate cause of the Plaintiff's damages?

Answer:  ___✓___ Yes    _____ No.

Question 12: Was the deliberate indifference of Defendant Chad Richard Goetterman, R.N., a proximate cause of the Plaintiff's damages?

Answer:  ___✓___ Yes    _____ No.

**If you answered each of questions 7 through 12 "no" then a verdict on Plaintiff's deliberate indifference must be returned in favor of Defendants, and Plaintiff takes nothing. Stop and go to Second Claim – Professional Negligence, Page 7.**

**If you answered any of questions 7 through 12 "yes" then you must answer the following questions, as applicable.**

**If you answered "yes" to one or more of the previous questions 7 through 12, then answer question number 13.**

Question Number 13: What is the total amount of actual or compensatory damages that Plaintiff is entitled to, if any, as a result of the injuries sustained on account of the Defendants' violation of Plaintiff's constitutional rights?

Answer:  For the conscious pain and suffering of
Wade Jones:                                              $ 3 million

For the loss of the society and
companionship to the heirs of the
Estate of Wade Jones to present:            $ 400K

For the loss of the society and
companionship the heirs of the
Estate of Wade Jones in the future:        $ 3 Million

TOTAL Actual or Compensatory Damages: $ 6.4 Million

**If your total actual or compensatory damages is zero, then a verdict on Plaintiff's deliberate indifference claim must be returned in favor of Defendants, and Plaintiff takes nothing on this claim. Stop and go to SECOND CLAIM – PROFESSIONAL NEGLIGENCE, Page 7.**

**If your total actual or compensatory damages is greater than zero, then you must answer the following questions as applicable.**

Question Number 14:  If you find that Defendant Joanne Sherwood, N.P., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Joanne Sherwood, N.P.?

Answer:         _____ Yes      ✓ No.

Question Number 15: If the answer to question Number 14 is "yes," what is the amount of punitive damages that you award against Defendant Joanne Sherwood, N.P.?

Answer: $_____.

4

Question Number 16: If you find that Defendant James August Mollo, L.P.N., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant James August Mollo, L.P.N.?

Answer:  _____ Yes   ___✓___ No.

Question Number 17: If the answer to question number 16 is "yes," what is the amount of punitive damages that you award against Defendant James August Mollo, L.P.N.?

Answer: $_____.

Question Number 18: If you find that Defendant Dan Card, L.P.N., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Dan Card, L.P.N.?

Answer:  _____ Yes   ___✓___ No.

Question Number 19: If the answer to question number 18 is "yes," what is the amount of punitive damages that you award against Defendant Dan Card, L.P.N.?

Answer: $_____.

Question Number 20: If you find that Defendant Lynne Fielstra, L.P.N., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Lynne Fielstra, L.P.N.?

Answer:  _____ Yes   ___✓___ No.

Question Number 21: If the answer to question number 20 is "yes," what is the amount of punitive damages that you award against Defendant Lynne Fielstra, L.P.N.?

Answer: $_____.

Question Number 22: If you find that Defendant Melissa Furnace, R.N., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Melissa Furnace, R.N.?

Answer: _____ Yes   ___✓___ No.

Question Number 23: If the answer to question number 22 is "yes," what is the amount of punitive damages that you award against Defendant Melissa Furnace, R.N.?

Answer: $_____.

Question Number 24: If you find that Defendant Chad Richard Goetterman, R.N., acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. Do you choose to award punitive damages to Plaintiff against Defendant Chad Richard Goetterman, R.N.?

Answer: _____ Yes   ___✓___ No.

Question Number 25: If the answer to question number 24 is "yes," what is the amount of punitive damages that you award against Defendant Chad Richard Goetterman, R.N.?

Answer: $_____.

**Please proceed to the SECOND CLAIM – PROFESSIONAL NEGLIGENCE (Page 7) beginning on the following page**

## SECOND CLAIM
## PROFESSIONAL NEGLIGENCE

Question Number 26: Was Defendant Janice Steimel, L.P.N. professionally negligent?

Answer: _____ Yes   ___✓___ No.

Question Number 27: Was Defendant Melissa Furnace, R.N. professionally negligent prior to April 27, 2018 at 5:00 a.m.?

Answer: ___✓___ Yes   _____ No.

Question Number 28: Was Defendant James August Mollo, L.P.N. professionally negligent prior to April 27, 2018 at 5:00 a.m.?

Answer: _____ Yes   ___✓___ No.

Question Number 29: Was Defendant Lynne Fielstra, L.P.N. professionally negligent?

Answer: _____ Yes   ___✓___ No?

Question Number 30: Was Defendant Dan Card, L.P.N. professionally negligent prior to April 27, 2018 at 5:00 a.m.? You are instructed that there are no medical malpractice claims against Dan Card, L.P.N. for any actions occurring after April 27, 2018 at 5:00 a.m.

Answer: _____ Yes   ___✓___ No.

**If you answered each of questions 26 through 30 "no", then a verdict on Plaintiff's professional negligence claim must be returned in favor of Defendants and Plaintiff takes nothing on this claim. STOP Go no further and have the foreperson sign and return the verdict form to the court officer.**

**If you answered any of questions 26 through 30 "yes" then you must answer the following questions, as applicable.**

7

Question Number 31: Was the professional negligence of Defendant Janice Steimel, L.P.N. a proximate cause of the Plaintiff's damages?

Answer: _____ Yes  ___✓___ No.

Question Number 32: Was the professional negligence of Defendant Melissa Furnace, R.N. prior to April 27, 2018 at 5:00 a.m. a proximate cause of the Plaintiff's damages? You are instructed that there are no medical malpractice claims against Melissa Furnace, R.N., for any actions occurring after April 27, 2018 at 5:00 a.m.

Answer: _____ Yes  ___✓___ No.

Question Number 33: Was the professional negligence of Defendant James August Mollo, L.P.N. prior to April 27, 2018 at 5:00 a.m. a proximate cause of the Plaintiff's damages? You are instructed that there are no medical malpractice claims against James August Mollo, L.P.N., for any actions occurring after April 27, 2018 at 5:00 a.m.

Answer: _____ Yes  ___✓___ No.

Question Number 34: Was the professional negligence of Defendant Lynne Fielstra, L.P.N. a proximate cause of the Plaintiff's damages?

Answer: _____ Yes  ___✓___ No.

Question Number 35: Was the professional negligence of Defendant Dan Card, L.P.N., prior to April 27, 2018 at 5:00 a.m. a proximate cause of the Plaintiff's damages? You are instructed that there are no medical malpractice claims against Dan Card, L.P.N., for any actions occurring after April 27, 2018 at 5:00 a.m.

Answer: _____ Yes  ___✓___ No.

**If you answered each of questions 31 through 35 "no", then a verdict on Plaintiff's professional negligence claim must be returned in favor of Defendants and Plaintiff takes nothing on this claim. STOP Go no further and have the foreperson sign and return the verdict form to the court officer.**

**If you answered any of questions 31 through 35 "yes" then you must answer the following questions, as applicable.**

Question Number 36: Did Plaintiff have an impaired ability to function due to the influence of intoxicating liquor?

Answer: _____ Yes    _____ No.

**If you answered "yes" to question 36, proceed to question 37. If you answered "no" to question 36, skip question 37, and you must proceed to question 38.**

Question Number 37: Was Plaintiff's impaired ability to function 50% or more the cause of his death?

Answer: _____ Yes    _____ No.

**If you answered "yes" to question 37, stop, go no further, and have the foreperson sign and return the verdict form to the court officer.**

**If you answered "no" to question 37, you must proceed to the following questions.**

Question Number 38: Was Wade Jones comparatively negligent?

Answer: _____ Yes    _____ No.

Question Number 39: Was Wade Jones's negligence a proximate cause of the injuries sustained?

Answer: _____ Yes    _____ No.

Using 100% as the total, and considering the nature and conduct and the extent to which each party's conduct that caused or contributed to Plaintiff's loss due to any of the Defendants' professional negligence, enter the percentage of fault attributable to:

Defendant Janice Steimel, L.P.N.                                _____%
(only state a percentage for
Janice Steimel, L.P.N. if you answered
"yes" to QUESTIONS 26 and 31)

9

Defendant Melissa Furnace, R.N. _____%
(only state a percentage for Melissa
Furnace, R.N. if you answered
"yes" to questions 27 and 32)

Defendant James August Mollo, L.P.N. _____%
(only state a percentage for James
August Mollo, L.P.N. if you answered
"yes" to questions 28 and 33)

Defendant Lynne Fielstra, L.P.N. _____%
(only state a percentage for
Lynne Fielstra, L.P.N. if you answered
"yes" to questions 29 and 34)

Defendant Daniel Card, L.P.N. _____%
(only state a percentage for
Daniel Card, L.P.N. if you answered
"yes" to questions 30 and 35)

Plaintiff Wade Jones _____%
(only state a percentage for
Wade Jones if you answered
"yes" to questions 38 and 39)

    TOTAL:         _____100\_\_%

Question Number 40: What is the amount of Plaintiff's actual or compensatory damages for his professional negligence claim?

 Answer: For the conscious pain and suffering of

    Wade Jones:       $_____

    For the loss of the society and
    companionship to the heirs of the
    Estate of Wade Jones present: $_____

10

        For the loss of the society and
companionship the heirs of the
Estate of Wade Jones in the future:    $_____

        TOTAL actual or compensatory Damages  $_____

The foreperson shall sign and date this verdict form.

Dated: 12/2/22

_____
JURY FOREPERSON

11