**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                        Case No: 1:20-cv-36

                                                        Hon. Judge Hala Y. Jarbou
              Plaintiff,                        Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

              Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Sarah L. Gorski (P82899) | LL.M. (P37603) |
| Attorneys for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; |
| Southfield, MI 48034 | Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa |
| (248) 569-4646 | Furnace, R.N.; Chad Richard Goetterman, R.N.; |
| jennifer@buckfirelaw.com | James August Mollo, L.P.N.; Joanne Sherwood, N.P.; |
| sarah@buckfirelaw.com | and Janice Steimel, L.P.N. |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

---

**CORIZON DEFENDANTS' MOTION TO AMEND JUDGMENT [ECF NO. 244]**
**PURSUANT TO FED. R. CIV. P. 59(e)**

NOW COMES Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; DAN

CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNANCE, R.N.; CHAD RICHARD

GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; and

JANICE STEIMEL, L.P.N. (hereinafter "Corizon Defendants"), by and through their attorneys,

CHAPMAN LAW GROUP, and for their Motion to Amend Judgment Pursuant to Fed. R. Civ. P.

59(e), state as follows:

1.      On November 14, 2022, trial commenced in this matter. Plaintiff presented claims of Deliberate Indifference against NP Sherwood, LPN Mollo, LPN Card, LPN Fielstra, RN Furnace, and RN Goetterman. Plaintiff presented claims of Professional Negligence against LPN Steimel, RN Furnace, LPN Mollo, LPN Fielstra, and LPN Card.

2.      On December 2, 2022, the Jury rendered the Verdict. (**ECF No. 243**). The Jury found that NP Sherwood, LPN Card, and LPN Fielstra were not deliberately indifferent. However, the Jury found in favor of Plaintiff on his Deliberate Indifference claims against LPN Mollo, RN Furnace, and RN Goetterman, and awarded Plaintiff a total of $6.4 million in compensatory damages. (**ECF No. 243, PageID.5675-77**). Specifically, the Jury awarded Plaintiff $3.0 million for the Decedent's conscious pain and suffering; $400,000 for loss of society and companionship, and $3.0 million for future loss of society and companionship. (*Id.*, **at PageID.5677**).

2.      The Jury found in favor of Corizon Defendants as to Plaintiff's Professional Negligence claims. Specifically, the Jury rendered a "No Cause" verdict as to Plaintiff's Professional Negligence claim against RN Furnace, and found that the remaining Corizon Defendants' were not professionally negligent. (**ECF No. 243, PageID.5680-81**).

4.      On December 5, 2022, the Court entered Judgment in this matter. (**ECF No. 244**). The Judgment: (1) fails to state the Jury found in favor of NP Sherwood, LPN Fielstra, and LPN Card on Plaintiff's Deliberate Indifference claims; and (2) does not adequately set forth damages awarded by the Jury pertaining to Plaintiff's Deliberate Indifference claims, and instead summarizes that the Jury "awarded Plaintiff a total of $6.4 million dollars in compensatory damages." (*Id.*, **at PageID.5701**).

5.      To ensure a clear record for appellate review, Corizon Defendants move the Court

to amend the Judgment, thereby ensuring that the Judgment properly sets forth the Jury's Verdict

in this matter.

6.      Defense counsel  spoke with plaintiff counsel and she id not concur with the motion.

WHEREFORE, Corizon Defendants respectfully request that this Honorable Court grant

their Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) to ensure that the Order of

Judgment properly sets forth the Jury's Verdict in this matter, thereby preserving an accurate

record for appellate review.

> Respectfully submitted,
> CHAPMAN LAW GROUP

Dated: December 16, 2022                    /s/Ronald W. Chapman Sr.
                                            Ronald W. Chapman Sr., M.P.A.,
                                            LL.M. (P37603)
                                            Devlin Scarber (P64532)
                                            Jeffrey L. Bomber (P85407)
                                            Attorneys for Corizon Defendants
                                            1441 West Long Lake Rd., Suite 310
                                            Troy, MI 48098, (248) 644-6326
                                            rchapman@chapmanlawgroup.com
                                            dscarber@chapmanlawgroup.com
                                            jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-36

Hon. Judge Hala Y. Jarbou
Plaintiff,                                        Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Sarah L. Gorski (P82899) | LL.M. (P37603) |
| Attorneys for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; |
| Southfield, MI 48034 | Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa |
| (248) 569-4646 | Furnace, R.N.; Chad Richard Goetterman, R.N.; |
| jennifer@buckfirelaw.com | James August Mollo, L.P.N.; Joanne Sherwood, N.P.; |
| sarah@buckfirelaw.com | and Janice Steimel, L.P.N. |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION TO AMEND
JUDGMENT [ECF NO. 244] PURSUANT TO FED. R. CIV. P. 59(e)**

**PROOF OF SERVICE**

I hereby certify that on December 16, 2022, I presented the
foregoing paper to the Clerk of the Court for filing and uploading to
the ECF system, which will send notification of such filing to the
attorneys of record listed herein and I hereby certify that I have
mailed by US Postal Service the document to the involved
nonparticipants.

iv

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................................. vi

STATEMENT OF ISSUES PRESENTED.................................................................................. vii

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........................... viii

I.      STATEMENT OF RELEVANT FACTS............................................................................... 1

   II.   LEGAL ARGUMENT................................................................................................... 2

III.    CONCLUSION............................................................................................................... 3

## <u>INDEX OF AUTHORITIES</u>

**CASES**

*Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)................................................................ ix, 1, 2

**RULES**

Fed. R. Civ. P. 59(e) ........................................................................................................... ix

## STATEMENT OF ISSUES PRESENTED

WHETHER THE COURT SHOULD AMEND THE ORDER OF
JUDGMENT [ECF NO. 244] TO ENSURE THAT THE ORDER
OF JUDGMENT APPROPRIATELY SETS FORTH THE JURY'S
VERDICT IN THIS MATTER?

|  |  |
|---|---|
| Defendant's Answer: | YES. |
| Plaintiff Answers: | NO. |

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. P. 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## I.     STATEMENT OF RELEVANT FACTS

On November 14, 2022, trial began in this matter on Plaintiff's Deliberate Indifference and

Professional Negligence claims against Defendants Corizon Health, Inc.; Teri Byrne, R.N.; Dan

Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Goetterman, R.N.; James

Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N. The Jury rendered the Verdict

on December 2, 2022. (**ECF No. 243**). The Jury found in favor of Corizon Defendants on

Plaintiff's professional negligence claims. (**ECF No. 243, PageID.5680-81**). The Jury also found

in favor of NP Sherwood, LPN Fielstra, and LPN Card on Plaintiff's Deliberate Indifference

claims against them. (***Id*., at PageID.5675**). However, the Jury found that LPN Mollo, RN

Furnace, and RN Goetterman were deliberately indifferent and awarded Plaintiff a total of $6.4

million in compensatory damages. (**ECF No. 243, PageID.5675-77**). Specifically, the Jury

awarded Plaintiff $3.0 million for Decedent's conscious pain and suffering; $400,000 for loss of

society and companionship, and $3.0 million for future loss of society and companionship. (***Id*., at**

**PageID.5677**).

The Court entered Judgment on December 5, 2022. (**ECF No. 244**). The Judgment fails to

state that the Jury found that NP Sherwood, LPN Fielstra, and LPN Card were not deliberately

indifferent. Lastly, the Judgment does not specify the breakdown of damages awarded by the Jury

pertaining to Plaintiff's Deliberate Indifference claim as set forth in the Verdict Form. (**ECF No.

244, PageID.5701**; *cf* **ECF No. 243, PageID.5677**).

## II.   LEGAL ARGUMENT

Corizon Defendants move the Court to amend the Judgment rendered on December 5, 2022, to ensure that the Judgment properly sets forth the Jury's Verdict in this matter. (**ECF No. 244**; *cf* **ECF No. 243**). Federal Rule of Civil Procedure 59(e) provides: "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Sixth Circuit has held that an amendment or alteration of judgment is appropriate if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

The Judgment, as stated in ECF No. 244, contains two errors of law. First and foremost, the Judgment fails to identify the fact that the Jury determined NP Sherwood, LPN Fielstra, and LPN Card were not deliberately indifferent. Second, the Judgment fails to specifically identify compensatory damages awarded by the Jury and instead summarizes that the Jury "awarded Plaintiff a total of $6.4 million in compensatory damages." (**ECF No. 244, PageID.5701**). The Jury awarded $3.0 million in compensatory damages for conscious pain and suffering of the Decedent, $400,000 for loss of society and companionship to present, and $3.0 million for future loss of society and companionship. (**ECF No. 243, PageID.5677**).

A Judgment which does not set forth the key aspects of the Jury's Verdict is erroneous. Given the legal and factual complexities presented by the number of claims and defendants involved in this matter, it is crucial that the Judgment properly sets forth key aspects of the Jury's Verdict so that there is a clear record for appellate review as to the Verdict and Judgment on each claim against each Corizon Defendant. To minimize the risk of injustice during appellate review of this matter, the Court must amend the Judgment to ensure that it properly sets forth the Jury's

Verdict, namely: (1) that the Jury found in favor of NP Sherwood, LPN Fielstra, and LPN Card on Plaintiff's Deliberate Indifference claims; and (2) to identify each specific category of compensatory damages awarded by the jury.

### III.   CONCLUSION

WHEREFORE, CORIZON DEFENDANTS respectfully request that this Court grant their Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), remedy the clear errors presented by Order of Judgment which creates a risk of manifest injustice against Corizon Defendants, and provide any and all other relief that the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: December 16, 2022

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098, (248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

3

## PROOF OF SERVICE

I hereby certify that on December 16, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com