**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-36

Hon. Judge Hala Y. Jarbou

Plaintiff,                                                        Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

Defendants.

---

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
Sarah L. Gorski (P82899)
Attorneys for Plaintiff
29000 Inkster Rd., Ste. 150
Southfield, MI 48034
(248) 569-4646
jennifer@buckfirelaw.com
sarah@buckfirelaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;
Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa
Furnace, R.N.; Chad Richard Goetterman, R.N.;
James August Mollo, L.P.N.; Joanne Sherwood, N.P.;
and Janice Steimel, L.P.N.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

---

**CORIZON DEFENDANTS' MOTION TO DISALLOW PART OF PLAINTIFF'S
CLAIMED COSTS AS SET FORTH IN PLAINTIFF'S BILL OF COSTS (ECF NO. 248)**

NOW COMES Defendants CORIZON HEALTH, INC.; DAN CARD, L.P.N.; LYNNE

FIELSTRA, L.P.N.; MELISSA FURNANCE, R.N.; CHAD RICHARD GOETTERMAN, R.N.;

JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; TERI BYRNE, R.N., and

JANICE STEIMEL, L.P.N. (hereinafter "Corizon Defendants"), by and through their attorneys,

CHAPMAN LAW GROUP, and for their Motion to Disallow Part of Plaintiff's Claimed Costs in

**ECF No. 248**, state as follows:

1

1. On December 15, 2022, Plaintiff filed a Bill of Costs in this matter (**ECF No. 248, PageID.5907**).

2. For the reasons set forth in the herein brief, Defendants respectfully request that portions of the alleged costs be disallowed.

3. Defense counsel spoke with plaintiff counsel on December 29, 2022, but she did not concur in the relief being sought in this motion.

WHEREFORE, Corizon Defendants respectfully request that this Honorable Court grant their Motion to Disallow Part of Plaintiff's Claimed Costs as Set Forth in Plaintiff's Bill of Costs in **ECF No. 248** and provide any and all other relief that the Court deems just and equitable.

<div style="margin-left: 40%;">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: December 29, 2022          */s/Devlin K. Scarber*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou

Plaintiff,

Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 29000 Inkster Rd., Ste. 150 | Devlin Scarber (P64532) |
| Southfield, MI 48034 | Jeffrey L. Bomber (P85407) |
| (248) 569-4646 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| jennifer@buckfirelaw.com | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| | *and Janice Steimel, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION TO DISALLOW PART OF PLAINTIFF'S CLAIMED COSTS AS SET FORTH IN PLAINTIFF'S BILL OF COSTS (ECF NO. 248)

## PROOF OF SERVICE

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................................iii

INDEX OF EXHIBITS ....................................................................................................... iv

STATEMENT OF ISSUES PRESENTED............................................................................ v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................ vi

I.     STATEMENT OF RELEVANT FACTS ........................................................................... 1

II.    LAW AND ARGUMENT .................................................................................................. 3

   A.   Costs for depositions used or argued in Plaintiff's Response to the County Defendants'
Motion for Summary Judgment are not taxable against Corizon Defendants.  (See Plt Bill of
Costs, ECF 28-4, PageID.5922-23).. ...................................................................................... 4

   B.   Costs for depositions associated with parties or claims that Plaintiff voluntarily dismissed
from the lawsuit and/or were dismissed by summary judgment are not taxable  ..................... 5

III.   CONCLUSION................................................................................................................. 7

## <u>INDEX OF AUTHORITIES</u>

<u>CASES</u>                                                                                    <u>PAGE</u>

*Balsley v. LFP, Inc.*, 691 F.3d 747, 771-772 (6th Cir. 2012) ..................................................... vi, 4

*Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) ...................... vi, 4

*Maker's Mark Distillery, Inc. v. Diageo N. Am.*, 679 F.3d 410, 425 (6th Cir. 2012) ................ vi, 3

*Phillips v. Tangilag*, 14 F.4th 524, 535-37 (6th Cir. 2021).  ......................................................... 6

*Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160, at *11 (S.D. Ohio Sep. 8, 2014) ........ vi, 3, 4


<u>RULES</u>                                                                                    <u>PAGE</u>

Fed. R. Civ. P. 30(b)(6)................................................................................................................ 6

Fed. R. Civ. P. 54(d)(1)........................................................................................................... vi, 3

W.D. Mich. L. Civ. R. 54.......................................................................................................... vi, 3

## <u>INDEX OF EXHIBITS</u>

There are no exhibits included with this brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT GRANT DEFENDANTS' MOTION TO
DISALLOW PART OF PLAINTIFF'S CLAIMED COSTS AS SET
FORTH IN PLAINTIFF'S BILL OF COSTS?

| | |
|---|---|
| Defendants Answer: | YES. |
| Plaintiff Answers: | NO. |

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney fees—should be allowed to the prevailing party."  W.D. Mich. L. Civ. R. 54 provides that "if a bill of costs is filed, any party objecting to the taxation of costs must file a motion to disallow all or part of the claimed costs within fourteen (14) days of service of the bill of costs on that party.

"[A] party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am.*, 679 F.3d 410, 425 (6th Cir. 2012).  Judgments on the merits, involuntary dismissals with prejudice, and court-ordered consent decrees usually satisfy this requirement.  See *Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160, at *11 (S.D. Ohio Sep. 8, 2014).  However, a voluntary stipulation of dismissal of a party or claim without prejudice necessarily means that neither party prevailed.  *Balsley v. LFP, Inc.*, 691 F.3d 747, 771-772 (6th Cir. 2012).

While "the degree of [a party's] success does not affect eligibility for a fee award," it does go to the reasonableness of the amount of that award. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). *Wagner, supra*.

## I.    STATEMENT OF RELEVANT FACTS

Plaintiff filed originally filed this action alleging claims against twenty-three (23) parties, including twenty-one (21) named individual parties. (**ECF No. 1**).  Plaintiff filed deliberate indifference claims against twelve (12) named individuals from Kent County ("County Defendants), and nine (9) named individuals from Corizon ("Corizon Defendants"). *Id.*   By the time dispositive motions were filed, Plaintiff's only remaining claims against the County Defendants were as to Deputy Cooper, Deputy Plugge, Deputy Jourden, and Deputy Grimmett, and Plaintiff voluntarily dismissed one (1) Corizon Defendant, RN Navarro.  On September 27, 2021, the remaining County Defendants filed their Motion for Summary Judgment solely as to the County Defendants and claims only against the County.  (**ECF No. 127, PageID.2162**).  Also on September 27, 2021, the Corizon Defendants filed their Motion for Summary Judgment, solely as the Corizon Defendants and claims only involving Corizon.  (**ECF No. 125**).  Both motions were separate motions, addressing separate parties and claims.

On April 29, 2022, this Honorable Court entered an order on both the County Defendants' and Corizon Defendants' Motions for Summary Judgment. (**ECF No. 147, PageID.3197**).  The court granted summary judgment to the County Defendants on all claims (***Id.* at 3251**). The court granted summary judgment to the Corizon Defendants that there was **(a)** no deliberate indifference against RN Byrne and LPN Steimel, **(b)** no medical malpractice as to RN Goetterman, **(c)** no medical malpractice arising from any events occurring after 6:00 a.m. on April 27, 2018 (which necessarily meant that neither RN Goetterman's nor LPN Mollo's actions in the infirmary could constitute malpractice), and **(d)** no *Monell* liability against Corizon.

Plaintiff voluntarily dismissed her medical malpractice claim against RN Byrne, as well as her medical malpractice claim against NP Sherwood shortly before the trial. (**ECF Nos. 200 and**

1

**201**).   Both stipulations specifically ordered that all claims related to Byrne and medical malpractice claims related to Sherwood "are dismissed with prejudice and without costs to either party." (***Id.* at PageID.4653 and 4655**).

This case was tried from November 14, 2022 through December 2, 2022,[1] with a verdict being reached on December 2, 2022.  At the time of trial, Plaintiff brought eleven (11) claims against six (6) Corizon Defendants but prevailed on only three (3) claims against three (3) of the Defendants.  See **ECF No. 243, PageID.5680**, Jury Verdict Form, as follows:

<u>**Plaintiff's Successful claims:**</u>

- Deliberate Indifference vs. RN Mollo = Plaintiff prevailed

- Deliberate Indifference vs. RN Furnace = Plaintiff prevailed

- Deliberate Indifference vs. LPN Mollo = Plaintiff prevailed

<u>**Plaintiff's Unsuccessful Claims/No Cause:**</u>

- Deliberate Indifference vs. NP Sherwood = No Cause

- Deliberate Indifference vs. LPN Card = No Cause

- Deliberate Indifference vs. LPN Fielstra = No Cause

- Medical Malpractice vs. LPN Steimel = No Cause

- Medical Malpractice vs. RN Furnace = No Cause

- Medical Malpractice vs. LPN Mollo = No Cause

- Medical Malpractice vs. LPN Fielstra = No Cause

- Medical Malpractice vs. LPN Card = No Cause

---

[1] Trial did not occur on November 24th, 25th, and 30th.

Therefore, at trial, Plaintiff only prevailed on a small number (27%) of his claims, and Defendants prevailed on a large number (73%) of their defenses to Plaintiff's claims.[2]  On summary judgment, the Corizon Defendants also prevailed on four (4) major claims.

On December 15, 2022, Plaintiff filed his Bill of Costs in this matter, seeking a total of $29,464.84.  Based upon the arguments set forth herein, part of these bills should be disallowed.

## II.    LAW AND ARGUMENT

Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney fees—should be allowed to the prevailing party."  W.D. Mich. L. Civ. R. 54 provides that "if a bill of costs is filed, any party objecting to the taxation of costs must file a motion to disallow all or part of the claimed costs within fourteen (14) days of service of the bill of costs on that party.

"[A] party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am.*, 679 F.3d 410, 425 (6th Cir. 2012).  Judgments on the merits, involuntary dismissals with prejudice, and court-ordered consent decrees usually satisfy this requirement.  See *Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160, at *11 (S.D. Ohio Sep. 8, 2014).

Defendants agree that Plaintiff prevailed on some of his claims and therefore received "at least some relief" and that a judgment has been entered against some of the parties.  However, the costs that Plaintiff's seek fails to consider that (1) many of Plaintiff's claims were involuntarily dismissed by way of summary judgment, (2) several of his costs concern responses to Co-Defendant Countys' motion for summary judgment, which was granted, and (3) that he also

---

[2] Defendants do not dispute the verdict amount, but it is undisputed that Plaintiff only prevailed on small number of claims and several Defendants were awarded a no cause for action verdict.

voluntarily dismissed various parties and claims on his own accord, specifically agreeing to an order that particular claims and parties "are dismissed with prejudice and without costs to either party." (**ECF No. 200, PageID.4653 and ECF No. 201, PageID.4655**).

It is well-settled that a voluntary stipulation of dismissal of a party or claim without prejudice necessarily means that neither party prevailed.  *Balsley v. LFP, Inc.*, 691 F.3d 747, 771-772 (6th Cir. 2012).  Also, although "the degree of [a party's] success does not affect eligibility for a fee award," it does go to the reasonableness of the amount of that award. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). *Wagner, supra*.

Therefore, Defendants dispute the following costs being alleged by Plaintiff.:

**A.**      **Costs for depositions used or argued in Plaintiff's Response to the County Defendants' Motion for Summary Judgment are not taxable against Corizon Defendants.  (See Plt Bill of Costs, ECF 28-4, PageID.5922-23).**

Plaintiff seeks $2,060.35 + $1,819.95 in costs for depositions which he claims were attached to Co-Defendants County's dispositive motion and which he allegedly referenced in his response to Co-Defendant's Motion, in the total amount of $3,880.30.  It is undisputed that the County's Motion for Summary Judgment was granted.  (**ECF No. 147, PageID.3251**).  County Defendants' motion argued for dismissal of claims against County parties only.  Furthermore, Plaintiff did not prevail against the County.[3]  Therefore, Plaintiff's alleged costs for deposition transcripts used to respond to Co-Defendant's dispositive motion must be denied against the Corizon Defendants.  The claimed deposition costs $15,248.17 regarding the County's Motion for Summary Judgment should be reduced by $3,880.30, taking it to **$11,367.87**.

---

[3] It is actually the County Defendants, as the prevailing party, who are entitled to tax such costs against Plaintiff.  Plaintiff cannot deflect his responsibility for such costs against the Corizon Defendants.

**B.**     **Costs for depositions associated with parties or claims that Plaintiff voluntarily dismissed from the lawsuit and/or were dismissed by summary judgment are not taxable.**

As discussed above, Plaintiff voluntarily dismissed all remaining claims against LPN Byrne and voluntarily dismissed her medical malpractice claim against NP Sherwood.  Part of Corizon Defendants' Motion for Summary Judgment was devoted to defending against the claims against Byrne and Sherwood.  In a signed stipulated order, Plaintiff has agreed that there would be no costs relative to the dismissed claims associated with these particular parties.  However, in Plaintiff's Bill of Costs, he alleges entitlement to $318.40 in deposition fees for summary judgment arguments related to Teri Byrne, and $913.50 in deposition fees related for summary judgment arguments related to Joanne Sherwood. Plaintiff also claims that he should be reimbursed costs for the deposition fees of his expert, Michael McMunn, N.P., in the amount of $526.70 **(See Plt Bill of Costs, ECF 28-4, PageID.5922).**  All of these depositions were used at the summary judgment stage to argue for dismissal of Byrne and Sherwood, which Plaintiff later agreed to do voluntarily "without costs to either party." (**ECF No. 200, PageID.4653 and ECF No. 201, PageID.4655**). By Plaintiff's voluntarily dismissal, he necessarily conceded to the relief being sought in Defendants' Motion for Summary Judgment.  Since Plaintiff voluntarily dismissed Byrne and all claims against her, the entire $318.40 should be dismissed against Byrne.  Since Plaintiff dismissed only the medical malpractice claim against Sherwood and maintained the deliberate indifference claim, only half of the $913.90 amount (i.e., $456.95), should be assessed against NP Sherwood. NP McMunn was used by Plaintiff to attempt to establish that NP Sherwood breached the standard of care, a claim that Plaintiff later voluntarily withdrew.  Also, expert NP McMunn completely abandoned this case and refused to support any claims at trial, which further resulted in the dismissal of all medical malpractice claims against Sherwood, as well as Plaintiff having no expert

testimony at trial to show that the medical care rendered by NP Sherwood was "grossly inadequate care." *Phillips v. Tangilag*, 14 F.4th 524, 535-37 (6th Cir. 2021).  Therefore, Plaintiff should not be allowed reimbursement for $526.70 for costs associated with NP McMunn.

It should also be noted that, initially, the *gravamen* of Plaintiff's claim was his *Monell* claim that Corizon "failed to properly train or supervise its staff." (**ECF No. 147, PageID.3246**). Penny Johnson, R.N. was Corizon's health services administrator at the Kent County Jail at the time of Jones' death and served as Corizon's Fed. R. Civ. P. 30(b)(6) witness in this matter.   Her deposition transcript was used for summary disposition purposes to demonstrate that Corizon provided proper training and supervision to its employees in order to defeat Plaintiff's *Monell* claim. As discussed earlier, Corizon Defendants' Motion for Summary Judgment on Plaintiff's *Monell* claim was granted and Corizon was dismissed from the case (**ECF No. 147, PageID.3251**). On the Jury Verdict Form in this matter, Corizon was not even a party for whom the jury could assess liability. (**ECF No. 243, PageID.5674**).  Therefore, Plaintiff's claim for cost reimbursement for Penny Johnson's deposition in the amount of $1,040.40 should not be allowed where Plaintiff did not prevail on his *Monell* claim at summary judgment.

Removing these costs necessitates further total deduction of $318.40 (Byrne) + $456.95 (Sherwood) + 526.70 (McMunn) + $1,040.40 (Johnson) = $2,342.45 from the remaining $11,367.87 for summary judgment deposition transcript costs alleged by Plaintiff, taking the amount of Plaintiff's total deposition alleged costs from $15,248.17 down to **$9,025.42**.

Based upon the foregoing arguments and requested reductions, the Plaintiff's total $29,464.84 to Bill of Costs should be reduced by $3,880.30 (dep costs associated with Co-Defendants dispositive motion) + $2342.45 (dep costs associated with claims dismissed voluntarily or by summary judgment) to **$23,242.09**.

Defendants would note that, on December 20, 2022, after the filing of his Bill of Costs at **ECF No. 248**, Plaintiff has also attempted to file a Motion for Attorney Fees, Costs, and Prejudgment Interest and for Entry of Judgment. (See Plt Mtn, **ECF No. 251, PageID.6004**). Therefore, the arguments herein may further be addressed by Defendants as necessary, should Plaintiff be allowed to proceed with his Motion for Attorney Fees, Costs, and Prejudgment Interest (**ECF No. 251**).  In responding to Plaintiff's Bill of Costs that he filed (**ECF No. 248**), Defendants are in no way agreeing to the reasonableness of time or hours spent by Plaintiff's counsel, any hourly rate, nor any assertion by Plaintiff or his counsel of any entitlement to attorney fees or interest.

### III.    <u>CONCLUSION</u>

WHEREFORE, Corizon Defendants respectfully request that this Honorable Court grant their Motion to Disallow Part of Plaintiff's Claimed Costs as Set Forth in Plaintiff's Bill of Cost in **ECF No. 248**, reduce the Plaintiff's claimed bill to at least $23,242.09, and provide any and all other relief that the Court deems just and equitable.

<div style="margin-left:auto; width:50%;">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: December 29, 2022

<div style="margin-left:auto; width:50%;">

*/s/Devlin K. Scarber*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

</div>

**PROOF OF SERVICE**

I hereby certify that on December 29, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ Devlin K. Scarber
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com