**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-36

Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

Plaintiff,

v.

COUNTY OF KENT et al.

Defendants.

---

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Sarah L. Gorski (P82899) | LL.M. (P37603) |
| Attorneys for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; |
| Southfield, MI 48034 | Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa |
| (248) 569-4646 | Furnace, R.N.; Chad Richard Goetterman, R.N.; |
| jennifer@buckfirelaw.com | James August Mollo, L.P.N.; Joanne Sherwood, N.P.; |
| sarah@buckfirelaw.com | and Janice Steimel, L.P.N. |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND PRE-JUDGMENT INTEREST PURSUANT TO 42 U.S.C. §§ 1983, 1988, AND ENTRY OF THE AMENDED JUDGMENT**

NOW COMES Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; DAN CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNACE, R.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; and JANICE STEIMEL, L.P.N., by and through their attorneys, CHAPMAN LAW GROUP, and submit their response to Plaintiff's Motion for Attorneys' Fees, Costs, and Pre-Judgment Interest Pursuant to 42 U.S.C. § 1983, 1988, and Entry of Amended Judgment. For the reasons stated in

i

the brief attached to this Response, Defendants respectfully request that this Honorable Court deny

Plaintiff the specific relief requested in his Motion, and provide such other relief that the Court

deems just and equitable.

<div style="margin-left: 45%">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: January 3, 2023

<div style="margin-left: 45%">

*/s/ Devlin K. Scarber*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098, (248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

Case No: 1:20-cv-36

Hon. Judge Hala Y. Jarbou
Magistrate Judge Sally J. Berens

Plaintiff,

v.

COUNTY OF KENT et al.

Defendants.

---

BUCKFIRE LAW FIRM
Jennifer G. Damico (P51403)
Sarah L. Gorski (P82899)
Attorneys for Plaintiff
29000 Inkster Rd., Ste. 150
Southfield, MI 48034
(248) 569-4646
jennifer@buckfirelaw.com
sarah@buckfirelaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;
Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa
Furnace, R.N.; Chad Richard Goetterman, R.N.;
James August Mollo, L.P.N.; Joanne Sherwood, N.P.;
and Janice Steimel, L.P.N.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES, COSTS AND PRE-JUDGMENT INTEREST PURSUANT TO 42
U.S.C. §§ 1983, 1988, AND ENTRY OF THE AMENDED JUDGMENT**

**PROOF OF SERVICE**

iii

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ........................................................................................................ v

INDEX OF EXHIBITS .............................................................................................................. vi

I.    INTRODUCTION ............................................................................................................. 1

II.   LEGAL ARGUMENT ....................................................................................................... 3

   A.   Plaintiff's request for attorneys' fees is untimely.................................................. 3

   B.   Plaintiff is not the "Prevailing Party" and alternatively, "Special Circumstances" warrant the denial of attorneys' fees. ....................................................................................... 3

   C.   Plaintiff is not entitled to attorney fees associated with parties or claims that Plaintiff voluntarily dismissed from the lawsuit and/or were dismissed by summary judgment are not taxable.................................................................................................................... 6

   D.   Plaintiff's Lodestar Amount is unreasonable. ...................................................... 8

      1.   Hourly Rate........................................................................................................ 8

      2.   Number of Hours ............................................................................................. 10

      3.   Reasonable Lodestar Amount.......................................................................... 11

   E.   Plaintiff is not entitled to prejudgment interest. ................................................ 12

III.  CONCLUSION ............................................................................................................... 14

# INDEX OF AUTHORITIES

## Cases

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000) ................................................... 8

*Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012) ........................................................................ 6

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ................................................................................................ 3

*Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417 (6th Cir. 2005) ............................................................................................................................................... 4

*EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566 (6th Cir.1984) ................... 12

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) ................................. 12

*Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933 (1983) ................................................ 4

*Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531 (6th Cir. 2008) ........................................... 8

*Laake v. Benefits Comm.*, No. 1:17-cv-611, 2022 U.S. Dist. LEXIS 16492 (S.D. Ohio Jan. 31, 2022) ............................................................................................................................................... 13

*Pearce v. Emmi*, No. 16-11499, 2020 U.S. Dist. LEXIS 79461 (E.D. Mich. May 6, 2020) ......... 11

*Phillips v. Tangilag*, 14 F.4th 524 (6th Cir. 2021). ........................................................................ 7

*Pucci v. Somers*, 834 F. Supp. 2d 690 (E.D. Mich. 2011) ............................................................ 12

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989) ……………………………………………………………………………4, 5

*Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160 (S.D. Ohio Sep. 8, 2014) ...................... 6, 12

*West Virginia v. United States*, 479 U.S. 305, 310 n.2, 107 S. Ct. 702 (1987) ........................... 12

*Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604 (6th Cir. 2004) .......... 4

*Young v. Langley*, 840 F.2d 19 (6th Cir. 1988) ....................................................................... 12, 13

## Statutes

42 U.S.C. § 1988 ............................................................................................................................... 3

## Rules

Fed. R. Civ. P. 6(b)(1)(B) ................................................................................................................ 3

Fed. R. Civ. P. 30(b)(6) ................................................................................................................... 7

# INDEX OF EXHIBITS

**EXHIBIT A**      *Smith v. Montgomery Cnty. Sheriff's Office*, No. 3:10-cv-448, 2013 U.S. Dist. LEXIS 70320 (S.D. Ohio May 17, 2013)

**EXHIBIT B**      Opposition to Plaintiff's Billing Statement

**EXHIBIT C**      *Pearce v. Emmi*, No. 16-11499, 2020 U.S. Dist. LEXIS 79461, (E.D. Mich. May 6, 2020)

## I.   **INTRODUCTION**

On April 29, 2022, this Honorable Court entered an order on both the County Defendants' and Corizon Defendants' Motions for Summary Judgment. (**ECF No. 147, PageID.3197**). The Court granted summary judgment to the County Defendants on all claims. (**Id. at 3251**). The Court also granted summary judgment to the Corizon Defendants finding that there was **(a)** no deliberate indifference against RN Byrne and LPN Steimel, **(b)** no medical malpractice as to RN Goetterman, **(c)** no medical malpractice arising from any events occurring after 6:00 a.m. on April 27, 2018 (which necessarily meant that neither RN Goetterman's nor LPN Mollo's actions in the infirmary could constitute malpractice), and **(d)** no *Monell* liability against Corizon.

Plaintiff voluntarily dismissed her medical malpractice claim against RN Byrne, as well as her medical malpractice claim against NP Sherwood shortly before the trial. (**ECF Nos. 200; 201**). Both stipulations specifically ordered that all claims related to Byrne and medical malpractice claims related to Sherwood "are dismissed with prejudice and without costs to either party." (**Id. at PageID.4653 and 4655**).

This case was tried from November 14, 2022, through December 2, 2022, on Plaintiff's Deliberate Indifference and Professional Negligence claims. The Jury found in favor of Corizon Defendants on Plaintiff's professional negligence claims. (**ECF No. 243, PageID.5680-81**). The Jury also found in favor of NP Sherwood, LPN Fielstra, and LPN Card on Plaintiff's Deliberate Indifference claim. (**Id., at PageID.5675**). However, the Jury found that LPN Mollo, RN Furnace, and RN Goetterman were deliberately indifferent and awarded Plaintiff a total of $6.4 million in damages. (**ECF No. 243, PageID.5675-77**). Specifically, the Jury awarded Plaintiff $3.0 million for Decedent's conscious pain and suffering; $400,000 for loss of society and companionship, and $3.0 million for future loss of society and companionship. (**Id., at PageID.5677**).

Thus, Plaintiff pled a total of fifteen (15) claims against seven Corizon Defendants, of which eleven claims against six Corizon Defendants proceeded to trial. At trial, Plaintiff prevailed on three claims against three of the Defendants as set forth below. (*See* **ECF No. 243, PageID.5680**).

**Plaintiff's Successful claims:**

- Deliberate Indifference vs. RN Mollo = Plaintiff prevailed

- Deliberate Indifference vs. RN Furnace = Plaintiff prevailed

- Deliberate Indifference vs. LPN Mollo = Plaintiff prevailed

**Plaintiff's Unsuccessful Claims/No Cause:**

- Deliberate Indifference vs. NP Sherwood = No Cause

- Deliberate Indifference vs. LPN Card = No Cause

- Deliberate Indifference vs. LPN Fielstra = No Cause

- Medical Malpractice vs. LPN Steimel = No Cause

- Medical Malpractice vs. RN Furnace = No Cause

- Medical Malpractice vs. LPN Mollo = No Cause

- Medical Malpractice vs. LPN Fielstra = No Cause

- Medical Malpractice vs. LPN Card = No Cause

Plaintiff prevailed on three of his eleven claims (27%), and Defendants prevailed on a large number (73%) of their defenses to Plaintiff's claims.[1] The Court entered a Judgment on December 5, 2022. (**ECF No. 244**). On December 20, 2022, Plaintiff filed his Motion for Attorneys' Fees.

---

[1] Defendants do not dispute the verdict amount, but it is undisputed that Plaintiff only succeeded on small number of claims and several Defendants were awarded a no cause for action verdict.

(**ECF No. 251**). Plaintiff seeks $813,640.00 in attorneys' fees and an award of $1,028,561.20 for pre-judgment interest. (**ECF No. 251, PageID.6030-31**).

## II.  LEGAL ARGUMENT

### A.  Plaintiff's request for attorneys' fees is untimely.

At the outset, Plaintiff's Motion for Attorneys' Fees is untimely.[2] The Court entered Judgment in this matter on December 5, 2022. (**ECF No. 244**). A claim for attorneys' fees must be made by motion within fourteen (14) days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). Plaintiff did not request an extension to the filing date for his Motion for Attorneys' Fees until after the filing date had passed and did not seek concurrence for the motion until late on the day that Plaintiff filed the request for an extension. (**ECF No. 250**). Plaintiff argues there was good cause for filing the Motion for Extension of Time. (**ECF No. 250, PageID.6000**).  However, the law does not support Plaintiff's arguments and would preclude this motion.

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a motion to extend time that is filed after the initial deadline has expired is only permitted upon a showing of excusable neglect. Plaintiff failed to argue the excusable neglect standard in his motion for an extension. (**Id.**). To be timely, Plaintiff's Motion for Attorneys' Fees was to be filed by December 19, 2022. Therefore, Plaintiff's Request for Attorneys' Fees, Costs, and Pre-Judgment Interest must be deemed waived for failure to timely file the request and failure to establish excusable neglect.

### B.  Plaintiff is not the "Prevailing Party" and alternatively, "Special Circumstances" warrant the denial of attorneys' fees.

To be a prevailing party under 42 U.S.C. § 1988, a party must receive "at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &*

---

[2] For a more complete argument regarding Plaintiff's untimeliness, please see Defendants' separate Response to ECF No. 250.

*Human Res.*, 532 U.S. 598, 603-04, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). A party prevails in his lawsuit when there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989). "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983). However, "[e]ven a prevailing party may not be entitled to attorneys' fees if 'special circumstances would render such an award unjust.'" *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 422 (6th Cir. 2005); quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). The Supreme Court has offered little guidance as to such "special circumstances," and the Sixth Circuit instead opted for a "case-by-case approach rather than adopting a 'predetermined formula.'" *Id*., citing *Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

First, Plaintiff asserts that he is the prevailing party because he succeeded on the "main issue" of the litigation, and there are no other special circumstances that warrant a denial of attorneys' fees. (**ECF No. 251, PageID.6019**). Plaintiff brought a total of <u>fifteen</u> claims against the Corizon Defendants, as well as claims against Co-Defendant Kent County. (**ECF No. 1**). Specific to the Corizon Defendants, Plaintiff alleged deliberate indifference against NP Sherwood, LPN Mollo, LPN Card, LPN Fielstra, RN Furnace, and RN Goetterman; Plaintiff alleged a *Monell* claim against Corizon Health, Inc.; and Plaintiff alleged medical malpractice claims against NP Sherwood, LPN Mollo, LPN Card, LPN Fielstra, RN Furnace, and RN Goetterman. (**Id.**). Of those

4

claims, Plaintiff succeeded at trial only on his deliberate indifference claims against LPN Mollo, RN Furnace, and RN Goetterman.

Plaintiff includes in his Verified Billing Statement: (1) a significant amount of time associated with litigating his claims against Co-Defendant Kent County, including time for the 30(b)(6) depositions of Kent County's Corporate Representatives[3]; discovery and costs associated with litigating claims against NP Sherwood, LPN Card, LPN Steimel, and LPN Fielstra, who the jury found in favor of as to all of Plaintiff's claims against them; and discovery and other time spent litigating  each of Plaintiff's unsuccessful state-law medical malpractice claims against the Corizon Defendants. (**ECF No. 251-2, PageID.6039-52**). As to NP Sherwood, LPN Card, LPN Steimel, and LPN Fielstra, there has been absolutely no "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989). As such, the fees Plaintiff requests that are associated with litigating his claims against NP Sherwood, LPN Card, LPN Steimel, and LPN Fielstra must be denied.

Furthermore, the above issues are precisely the "special circumstances" pondered by the Supreme Court and the Sixth Circuit Court of Appeals when faced with the question as to whether to award attorneys' fees. Despite expansive allegations stated in Plaintiff's Complaint against numerous parties, significant discovery as to each of those claims, and a trial as to eleven claims against six Corizon Defendants, Plaintiff prevailed on only three claims against three of the Corizon Defendants. Plaintiff now asks the Court to award attorneys' fees for numerous hours that were spent litigating unsuccessful claims against Co-Defendants and Corizon Defendants who were either dismissed via dispositive motions or found by a jury to have not been deliberately

---

[3] Kent County Co-Defendants were dismissed via dispositive motions. (**ECF No. 148**).

indifferent or professionally negligent at trial. (*See* **ECF No. 251-2**). As such, the Court should deny Plaintiff's request for attorneys' fees, at least to the extent that Plaintiff seeks fees for litigating unsuccessful claims for which he is not the prevailing party. Given the fact that Plaintiff prevailed on approximately a quarter of his claims against Corizon Defendants at trial, and notwithstanding the fact that Plaintiff's Verified Billing Statement includes time spent litigating unsuccessful claims against the Kent County Co-Defendants, the Court should reduce the determined Lodestar Amount by 73 percent given the circumstances outlined above to reflect Plaintiff's success at trial.

    **C.** **Plaintiff is not entitled to attorney fees associated with parties or claims that Plaintiff voluntarily dismissed from the lawsuit and/or were dismissed by summary judgment are not taxable.**

      Plaintiff is not the prevailing party where the opposing parties received judgments on the merits, involuntary dismissals with prejudice, and court-ordered consent decrees such as summary judgment.  See *Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160, at *11 (S.D. Ohio Sep. 8, 2014).  It is well-settled that a voluntary stipulation of dismissal of a party or claim without prejudice necessarily means that neither party prevailed.  *Balsley v. LFP, Inc.*, 691 F.3d 747, 771-772 (6th Cir. 2012).  Just prior to trial, Plaintiff voluntarily dismissed all remaining claims against LPN Byrne and voluntarily dismissed her medical malpractice claim against NP Sherwood, agreeing to an order that there would be no costs relative to the dismissed claims associated with these particular parties, i.e., "dismissed with prejudice and without costs to either party." (***Id.* at PageID.4653 and 4655**).  However, in Plaintiff's Motion for Attorney Fees, he seeks such attorney fee costs. Also, Plaintiff lost on summary judgment on all claims associated with the Kent County Defendants, and on all claims associated with his *Monell* claim against Corizon.  Yet, Plaintiff seeks such attorney fee costs from the Corizon Defendants for his lawsuit against Plaintiff.

Plaintiff also seeks attorney fees associated with the deposition of his expert, Michael McMunn, N.P.  McMunn's, Byrne's, and Sherwood's depositions were used at the summary judgment stage to argue for dismissal of Byrne and Sherwood, which Plaintiff later agreed to do voluntarily "without costs to either party." (**ECF No. 200, PageID.4653 and ECF No. 201, PageID.4655**).  By Plaintiff's voluntarily dismissal, he necessarily conceded to the relief being sought in Defendants' Motion for Summary Judgment.  Since Plaintiff voluntarily dismissed Byrne and all claims against her, all requested fees should be denied regarding Byrne.  Since Plaintiff dismissed only the medical malpractice claim against Sherwood and maintained the deliberate indifference claim, over half of the attorney fees associated with Sherwood should be denied.  NP McMunn was used by Plaintiff to attempt to establish that NP Sherwood breached the standard of care, a claim that Plaintiff later voluntarily withdrew.  Also, NP McMunn completely abandoned this case and refused to support any claims at trial, which further resulted in the dismissal of all medical malpractice claims against Sherwood, as well as Plaintiff having no expert testimony at trial to show that the medical care rendered by NP Sherwood was "grossly inadequate care." *Phillips v. Tangilag*, 14 F.4th 524, 535-37 (6th Cir. 2021).  The jury found no cause of action on all claims regarding Sherwood.  Therefore, all requested attorney fees regarding Sherwood and McMunn should likewise be denied.

It should also be noted that, initially, the *gravamen* of Plaintiff's claim was his *Monell* claim that Corizon "failed to properly train or supervise its staff." (**ECF No. 147, PageID.3246**).  Penny Johnson, R.N. was Corizon's health services administrator at the Kent County Jail at the time of Jones' death and served as Corizon's Fed. R. Civ. P. 30(b)(6) witness in this matter.  Her testimony was used for summary disposition purposes to demonstrate that Corizon provided proper training and supervision to its employees in order to defeat Plaintiff's *Monell* claim. As discussed

earlier, Corizon Defendants' Motion for Summary Judgment on Plaintiff's *Monell* claim was granted and Corizon was dismissed from the case (**ECF No. 147, PageID.3251**). On the Jury Verdict Form in this matter, Corizon was not even a party for whom the jury could assess liability. (**ECF No. 243, PageID.5674**). Therefore, any claims for attorney fees related to Penny Johnson's deposition should be denied where Plaintiff did not prevail on his *Monell* claim at summary judgment. Of the 1037.30 hours that Plaintiff's counsel billed according to the Verified Billing Statement, 141.7 hours are unrecoverable given the above-stated issues. (**Exhibit B**, Opposition to ECF No. 251-2).

### D. Plaintiff's Lodestar Amount is unreasonable.

Plaintiff posits that his counsel is entitled to $813,640.00 in attorneys' fees as the Lodestar Amount. (**ECF No. 251, PageID.6030**). To support this argument, Plaintiff asserts that his counsel has 28 years of experience and has won significant awards at trial in the past and is therefore entitled to an hourly rate of $750.00. (**ECF No. 251, PageID.6024-26**). "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The court may then, within reason, "adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotation marks omitted). The primary concern when considering a request for attorneys' fees is that the fees awarded be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

#### 1. Hourly Rate

Plaintiff fails to adequately support his argument that Plaintiff's counsel is entitled to an hourly rate of $750.00. Plaintiff relies on his Counsel's experience and practice in comparison to the 2020 State Bar of Michigan Attorney Income and Billing Rate Survey (hereinafter "Billing

8

Rate Survey") (**ECF No. 251-4**), as well as affidavits from various attorneys who practice in the State of Michigan (**ECF No. 251-8**), both of whom are far more experienced and nationally recognized attorneys.

First, a comparison of Plaintiff's counsel's experience with the Billing Rate Survey does not support Plaintiff's requested hourly rate of $750.00. Despite referring to the 75th percentile and 95th percentile for both Personal Injury and Medical Malpractice attorney billing rates in the State of Michigan (**ECF No. 251, PageID.6021-22**), Plaintiff succeeded only on three civil rights claims against three Corizon Defendants at trial. (**ECF No. 244**). In fact, Plaintiff's argument as to his Counsel's litigation experience pertains only to Plaintiff's Counsel's work in litigating federal civil rights claims. (**ECF No. 251, PageID.6024-25**). Importantly, the 75th and 95th percentile for Personal Injury and Medical Malpractice attorney billing rates are far greater than the 75th percentile and 95th percentile for Civil Rights attorneys. (**ECF No. 251, PageID.6021-22**).[4] The 75th percentile and 95th percentile of billing rates for Civil Rights attorneys in the State of Michigan is $400 and $550 respectively, which coincidentally falls almost directly in line with billing rates for attorneys with Plaintiff's counsel's experience. (**Id.**).

Furthermore, the affidavits Plaintiff submits in support of an hourly rate of $750.00 include the complexity of litigating medical malpractice claims as a factor for determining a reasonable hourly rate in this matter. (**ECF No. 251-8, PageID.6090-93**). The jury found in favor of Corizon Defendants as to each of Plaintiff's state law claims against each Corizon Defendant. It would be unreasonable to consider billing rates of medical malpractice attorneys when considering the appropriate Lodestar Amount given that Plaintiff failed to succeed on <u>any</u> of his medical

---

[4] As stated in Plaintiff's motion, the 75th percentile and 95th percentile for a Michigan Personal Injury (Plaintiff) attorney is $500 and $750 respectively. (**ECF No. 251, PageID.6021-22**). The 75th percentile and 95th percentile for a Medical Malpractice (Plaintiff) attorney is $900 and $1,500 respectively. (**Id.**).

malpractice claims. Each affidavit Plaintiff submits to support an hourly rate of $750.00 includes the complexity of litigating medical malpractice claims as a factor in their analysis. Given the above comparison between Plaintiff's counsels' litigation experience in conjunction with the Billing Rate Survey, Plaintiff failed to meet his burden to establish that his Counsel is entitled to an excessively high hourly rate of $750.00. At the very most, Plaintiff's counsel is entitled to a rate of $400 an hour, which encompasses the 75th percentile of billing rates for Civil Rights attorneys, and 75th percentile of Michigan attorneys with 26 to 30 years of experience.

Finally, Plaintiff failed to support the argument that his Counsel's associate, Ms. Gorski, is entitled to a rate of $350 an hour. Plaintiff does not refer to the Billing Rate Survey as to how an associate with five years of experience is entitled to $350.00 an hour, and only refers to Ms. Gorski's experience practicing in medical malpractice defense litigation, which as stated above, is inapplicable to this matter. As such, Plaintiff plainly failed to meet his burden to establish that his associate Counsel is entitled to an hourly rate of $350.00. Pursuant to the information detailed in the Billing Rate Survey, the mean <u>and</u> median attorney with three to five years of experience bills at a rate of $242 an hour, which is the very most Ms. Gorski is entitled to give the lack of evidentiary support Plaintiff provides to this point.

### 2. *Number of Hours*

The number of hours submitted by Plaintiff's Counsel is similarly unreasonable. Ms. Damico submitted 1037.30 hours, while Ms. Gorski submitted 101.90 hours. (**ECF No. 251, PageID.6026-27**). Included in the "Verified Billing Statement" are numerous hours related only to Plaintiff's litigation against dismissed Kent County Co-Defendants, as well as discovery and drafting that pertain to several claims on which the Jury rendered a defense verdict. (*See* **No. 251-2,** *cf* **Exhibit B**, Opposition to Plf's Billing Statement).

It is unreasonable and frankly preposterous to request an award for attorneys fees' for discovery and work conducted in litigating an unsuccessful claim against a Co-Defendant, and likewise for a significant amount of hours litigating unsuccessful state-law and deliberate indifference claims against NP Sherwood, LPN Fielstra, LPN Steimel, and LPN Card. In fact, Plaintiff improperly suggests that the hours submitted "were reasonably expended in pursuit of this successful civil rights – <u>medical malpractice action</u>," when the jury in fact found in favor of **<u>all</u>** the Corizon Defendants as to Plaintiff's medical malpractice claims, and found in favor of NP Sherwood, LPN Fielstra, and LPN Card as to Plaintiff's deliberate indifference claims. (*See* **ECF No. 251, PageID.6029**) (emphasis added). As such, the number of hours must be reduced by the aforementioned 141.7 hours given the above stated issues.

Lastly, Ms. Damico's Verified Billing Statements contain a significant number of hours billed for research and discovery. Such tasks are "often done by lower-paid associates or legal assistants in larger firms." *Pearce v. Emmi*, No. 16-11499, 2020 U.S. Dist. LEXIS 79461, at *7 (E.D. Mich. May 6, 2020) (**Attached as Exhibit C**); citing *Hubbell v. FedEx Smartpost, Inc.*, 2018 U.S. Dist. LEXIS 45198, 2018 WL 1392668, at *3 (E.D. Mich. Mar. 20, 2018); aff'd, 933 F.3d 558 (6th Cir. 2019). As such, the number of hours billed for research should be reduced by half, from 25.6 hours to 12.8 hours.

### 3. Reasonable Lodestar Amount

Should the Court determine that Plaintiff's untimely motion for attorney fees should be heard and considered, Plaintiff's counsel is entitled to $377,779.80 in attorneys' fees <u>at the very most</u>.[5] Also, since "the degree of [a party's] success goes to the reasonableness of the amount of

---

[5] This figure was reached by subtracting 141.7 hours addressed in Parts C and D(2) above, as well as 12.8 hours as a reduced figure from 25.6 hours research, from Ms. Damico's 1037.3 hours. (*cf* **ECF No. 251-2**; **Exhibit B**). This gives a total of 882.8 hours. This figure was then multiplied by

an award for attorney's fees, the fact that Plaintiff only succeeded on 27% of his claim at trial should substantially reduce the attorney fee award he is seeking. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). *Wagner v. Mastiffs*, 2014 U.S. Dist. LEXIS 125160, at *11 (S.D. Ohio Sep. 8, 2014). Should the Court adopt such a downward adjustment of 73%, Plaintiff is entitled to $102,000.55 in attorneys' fees.

### E.  Plaintiff is not entitled to prejudgment interest.

Lastly, Plaintiff seeks prejudgment interest in the amount of $1,028,561.20. (**ECF No. 251, PageID.6030-31**). "The Sixth Circuit Court of Appeals has held that the decision to award prejudgment interest in Section 1983 cases is within the discretion of the trial court. *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir.1984). The purpose of prejudgment interest is to make the Plaintiff whole for a defendant's wrongful conduct. *See Pucci v. Somers*, 834 F. Supp. 2d 690, 705 (E.D. Mich. 2011) ("The Sixth Circuit has found awards of prejudgment interest are "usually appropriate to make a discrimination plaintiff whole. Discrimination victims should not be penalized for delays in the judicial process and discriminating employers should not benefit from such delay."); *See also Young v. Langley*, 840 F.2d 19 (6th Cir. 1988). The award of prejudgment interest is meant to "compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *West Virginia v. United States*, 479 U.S. 305, 310 n.2, 107 S. Ct. 702, 706 (1987). The Sixth Circuit has held that it is appropriate to deny prejudgment interest in cases where "the district court concludes that the plaintiff has been compensated full for the injury he has suffered. In such a case, the plaintiff has

---

$400. Ms. Gorski's Lodestar Amount was conducted by multiplying $242 by 101.90 hours, which was then added to Ms. Damico's total.

been made whole and there is no reason to grant the award." *Young v. Langley*, 840 F.2d 19 (6th Cir. 1988).

In the instant case, Plaintiff did not seek economic damages, and did not otherwise seek damages on which prejudgment interest would be appropriate in order to "make the plaintiff whole." Rather, the Jury awarded compensatory damages on December 2, 2022, in an amount that the Jury presumably believed is appropriate to make Plaintiff whole for the Defendants' alleged constitutional violations. (**ECF No. 243, PageID.5677**). This stands in contrast to the case Plaintiff relies on for support, which involves withholding of long-term disability benefits. (**ECF No. 251-11**).

In *Laake*, the District Court for the Southern District of Ohio determined that prejudgment interest was appropriate because the plaintiff was forced to forgo certain treatment due to the defendants' denial of long-term disability coverage to which the plaintiff was entitled. *Laake v. Benefits Comm.*, No. 1:17-cv-611, 2022 U.S. Dist. LEXIS 16492, at *5 (S.D. Ohio Jan. 31, 2022), (**ECF No. 251-1, PageID.6107**). As such, prejudgment interest was appropriate to compensate for the lost value of the services to which the plaintiff was entitled. In the instant case, Plaintiff failed to establish that the requested $1,028,561.20 for prejudgment interest is necessary to make Plaintiff whole, or otherwise attempt to argue that the Jury's award is not calculated to make Plaintiff whole at the time that the verdict. Importantly, the verdict accounts for both past and future "loss of society and companionship," as well as compensation for the conscious pain and suffering of the Decedent. (**ECF No. 243**). Thus, the Jury's award for compensatory damages was presumably calculated to make Plaintiff whole on the date that the verdict was rendered, December 2, 2022. Therefore, prejudgment interest is inappropriate and would constitute unjust enrichment if awarded.

13

### III.  <u>CONCLUSION</u>

Plaintiff's Motion for Attorneys' Fees is untimely, and Plaintiff further failed to argue the proper standard in seeking an extension to file the motion. As such, Plaintiff's request for attorneys' fees must be deemed waived. Even if the Court were to consider the merits of Plaintiff's Motion for Attorneys' Fees, the award of attorneys' fees must be reduced given the clear issues with Plaintiff's calculation of the Lodestar Amount. At most, Plaintiff is entitled to $377,779.80 in attorneys' fees, which should be reduced by 73 percent to $102,000.55 given the no-cause Verdict rendered to several Corizon Defendants at trial. Finally, Plaintiff has failed to establish that Prejudgment Interest is appropriate in this matter. The award contained in the Jury Verdict presumably was calculated in order to "make Plaintiff whole," therefore, prejudgment interest would unjustly enrich Plaintiff.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 3, 2023

*/s/Devlin Scarber*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

### PROOF OF SERVICE

I hereby certify that on January 3, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

*/s/ Devlin Scarber*
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com