UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES,

    Plaintiff,

v.

    Case No. 1:20-cv-36

    Hon. Hala Y. Jarbou

COUNTY OF KENT, et al.,

    Defendants.
_____/

## ORDER

In accordance with a jury verdict, this Court entered judgment on December 5, 2022.  (J., ECF No. 244.)  Before the Court is Defendants' motion to alter or amend judgment (ECF No. 249), filed on December 16, 2022.  Also before the Court is Plaintiff's motion for extension of time to file a motion for attorney's fees and costs (ECF No. 250), filed on December 20, 2022.

    Defendants' Motion to Alter or Amend Judgment

Relying on Rule 59(e) of the Federal Rules of Civil Procedure, Defendants move the Court to amend the judgment to more accurately reflect the jury's verdict.  Relief under Rule 59(e) is available for "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Defendants note that the Court's judgment fails to indicate that the jury rendered a "no cause" verdict on Plaintiff's deliberate indifference claims against Defendants Sherwood, Fielstra, and Card.  Also, Defendants argue that the Court's judgment should specify each type of compensatory damages awarded by the jury.  Defendants contend that the Court erred by

summarizing the total amount of the different types of compensatory damages as "$6.4 million in compensatory damages" rather than identifying each category separately with their respective amounts, i.e., "$3.0 million in damages for conscious pain and suffering," "$400,000 for loss of society and companionship to present," etc.

The Court agrees that it was error for the judgment not to reflect the jury's verdict regarding Plaintiff's deliberate indifference claim against Defendants Sherwood, Fielstra, and Card. The Court will amend the judgment accordingly. The Court is not persuaded that it clearly erred when describing the compensatory damages award. Nevertheless, the Court will amend the judgment to reflect the more specific details provided in the verdict form.

Plaintiff asks the Court to find that the date of the original judgment controls with respect to the time for filing an appeal. However, Defendants' motion tolled the time for filing an appeal under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. Plaintiff does not identify any authority for reducing that time period.

Plaintiff's Motion for an Extension of Time

Plaintiff moves for a one-day extension of time to file his motion for attorney's fees and costs. Rule 54 of the Federal Rules of Civil Procedure requires motions for attorney's fees to be filed "no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiff filed his motion one day after this deadline, along with a motion for extension of time. Defendants object that Plaintiff has not provided grounds for excusable neglect to extend the deadline.

The Court will deny Plaintiff's motion because an extension of time is unnecessary. Plaintiff's motion is timely because Defendants' motion to alter or amend judgment suspended the finality of the Court's judgment and tolled the time period for filing a motion under Rule 54(d)(2). *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 316-17 (6th Cir. 2015).

Accordingly,

**IT IS ORDERED** that Defendants' motion to alter or amend judgment (ECF No. 249) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (ECF No. 250) is **DENIED** because an extension of time is unnecessary.  Plaintiff's motion for attorney's fees and costs is timely.

An amended judgment will enter in accordance with this Order.


Dated: January 4, 2023                                    /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          CHIEF UNITED STATES DISTRICT JUDGE