UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES,

    Plaintiff,

v.

COUNTY OF KENT, et al.,

    Defendants.

_____/

Case No. 1:20-cv-36

Hon. Hala Y. Jarbou

## **AMENDED JUDGMENT**

Plaintiff Charles Jones, as personal representative of the Estate of Wade Jones, sued Janice Steimel, L.P.N., Joanne Sherwood, N.P., Melissa Furnace, R.N., Dan Card, L.P.N., Chad Richard Goetterman, R.N., James August Mollo, L.P.N., and Lynne Fielstra, L.P.N., alleging Deliberate Indifference under 42 U.S.C. § 1983 and Professional Negligence (medical malpractice)[1] in the death of his son, Wade Jones. All other claims by Plaintiff, including those against other defendants, were resolved before the conclusion of the jury trial.

After the trial, the jury found in favor of Defendants Sherwood, Card, and Fielstra on the Deliberate Indifference claim. (*See* Jury Verdict, ECF No. 243, PageID.5674-5675.)

The jury found in favor of Plaintiff, and against Defendants Mollo, Furnace, and Goetterman, on the Deliberate Indifference claim, awarding Plaintiff a total of $6.4 million dollars in compensatory damages, consisting of the following: $3 million in damages for the conscious pain and suffering of Wade Jones; $400,000 in damages for the loss of the society and companionship to the heirs of the Estate of Wade Jones to the present; and $3 million in damages

---

[1] By the time of trial, Defendant Sherwood remained a defendant only as to the Deliberate Indifference claim.

for the loss of the society and companionship to the heirs of the Estate of Wade Jones in the future. (*See id.*, PageID.5677.) The jury awarded no punitive damages on this claim.

The jury found in favor of Defendants on Plaintiff's claim of Professional Negligence. The jury concluded that Defendants Steimel, Mollo, Fielstra, and Card were not professionally negligent. (*Id.*, PageID.5680.) The jury concluded that Defendant Furnace was professionally negligent prior to April 27, 2018, at 5:00 am, but that her negligence was not a proximate cause of Plaintiff's damages. (*Id.*, PageID.5680-5681.)

The Court enters this Amended Judgment to clarify its description of the jury's findings and verdict. Accordingly,

**IT IS ORDERED** that this Amended Judgment **AMENDS** and **REPLACES** the original judgment entered by the Court on December 5, 2022 (ECF No. 244).

**IT IS FURTHER ORDERED** that the Court enters **JUDGMENT** in favor of Plaintiff and against Defendants Mollo, Furnace, and Goetterman on Plaintiff's Deliberate Indifference claim under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Defendants Mollo, Furnace, and Goetterman are liable to Charles Jones, as personal representative of the Estate of Wade Jones, for a total of $6.4 million dollars in compensatory damages for the Deliberate Indifference claim. Those damages consist of the following: $3 million in damages for the conscious pain and suffering of Wade Jones; $400,000 in damages for the loss of the society and companionship to the heirs of the Estate of Wade Jones to the present; and $3 million in damages for the loss of the society and companionship to the heirs of the Estate of Wade Jones in the future.

**IT IS FURTHER ORDERED** that Plaintiff's claim of Deliberate Indifference under 42 U.S.C. § 1983 against Defendants Sherwood, Card, and Fielstra is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claim of Professional Negligence (medical malpractice) against Defendants Mollo, Furnace, Goetterman, Steimel, Fielstra, and Card is **DISMISSED WITH PREJUDICE**.

Dated: January 4, 2023　　　　　　　　　　/s/ Hala Y. Jarbou
　　　　　　　　　　　　　　　　　　　　HALA Y. JARBOU
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE