UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,                                      Case No.: 1:20-cv-00036

v.                                            Hon. Judge Hala Y. Jarbou

JANICE STEIMEL, L.P.N., JAMES
AUGUST MOLLO, L.P.N., LYNNE
FIELSTRA, L.P.N., MELISSA
FURNACE, R.N., CHAD RICHARD
GOETTERMAN, R.N., AND JOANNE
SHERWOOD, N.P.,

      Defendants.
_____/

| | |
|---|---|
| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Attorney for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Road, Suite 150 | Attorney for Defendants, |
| Southfield, MI  48034 | 1441 West Long Lake Rd., Suite 310 |
| Direct (248) 234-9828 | Troy, MI 48098 |
| (248) 569-4646 | (248) 644-6326 |
| (248) 569-6737 (fax) | rchapman@chapmanlawgroup.com |
| Jennifer@buckfirelaw.com | dscarber@chapmanlawgroup.com |

_____/

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES, COSTS AND PREJUDGMENT INTEREST PURSUANT TO 42 U. S. C. §§ 1983, 1988, AND ENTRY OF SECOND AMENDED JUDGMENT**

NOW COMES Plaintiff, CHARLES JONES, as Personal Representative of the Estate of WADE JONES, deceased, through his attorneys, Buckfire Law Firm, and for his Supplemental Motion for Attorneys' Fees, Costs and Prejudgment Interest Pursuant to 42 U.S.C. §§ 1983, 1988, and Entry of Second Amended Judgment, hereby relies upon his Motion for Attorneys' Fees Pursuant to 42 U.S.C. §§ 1983, 1988 , Costs, Prejudgment Interests, and Entry of Amended Judgment, and Brief in Support (ECF. No. 251, PageID.6004), and the accompanying Brief in Support of this Motion.

In accordance with W.D. Mich. LCivR 7.1(d), on January 14, 2023, Plaintiff's counsel sought concurrence in this motion, but such concurrence was not forthcoming. **Exhibit 1.**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and enter an Order awarding Plaintiff attorneys' fees, costs, and prejudgment interest as follows:

- A. Additional Attorney fees (Buckfire & Buckfire, P.C.) in the amount $71,025.00, for a total of $884,665.00; **Exhibit 2;**

- B. Taxable Costs (Buckfire & Buckfire, P.C.) in the amount of $24,000.00;

- C. Prejudgment Interest in the amount of

      $1,028,561.20;[1] and

D. A Second Amended Judgment in the amount of $8,313,226.20, or an amount consistent with the Court's ruling.

      Respectfully submitted,

      **BUCKFIRE LAW FIRM**

      /s/ Jennifer G. Damico
      JENNIFER G. DAMICO (P51403)
      Attorney for Plaintiff
      29000 Inkster Road, Suite 150
      Southfield, MI 48034
      (248) 569-4646/fax (248) 281-1886
      Jennifer@buckfirelaw.com

January 16, 2023

---

[1] *See,* Argument, Section II.E. and fn. 5 of Plaintiff's Brief in Support of Motion for Attorneys' Fees, ECF No. 251, PageID.6030-6032. Plaintiff further reserves the right to seek post-judgment interest pursuant to 28 U.S.C. §1961 and for leave to further amend the Judgment.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES………...……………………………………..............ii

I. INTRODUCTION……………………………………………………………….1

II. ARGUMENT…....…..…………………………………………………………..1

    A. Plaintiff is the Prevailing Party…………………..……………….………1

    B. Plaintiff's Degree of Success was Not Limited……….…………………….2

    C. The 141.7 Hours that Defendants Claim are Unrecoverable Were Necessarily Expended to Obtain the Success at Trial…………………………6

    D. Ms. Damico's Hourly Rate of $750.00 is Reasonable..…………….…….. 10

III. CONCLUSION AND RELIEF REQUESTED………………………………....12

# INDEX OF AUTHORITIES

**Cases**

*Binta B. ex rel. S.A. v. Gordon*,
710 F.3d 608, 620 (6th Cir. 2013)……………………………………………….…2

*Berger v. City of Mayfield Heights*,
265 F.3d 399, 406 (6th Cir. 2001)……………………………………………….2

*Deja Vu v. Metropolitan Government of Nashville and Davidson County, Tennessee*,
421 F.3d 417, 423 (6th Cir. 2005)…...………………………………………..2, 4

*Davis v. Jellico Cmty. Hosp, Inc.*,
912 F.2d 129, 133 (6th Cir. 1990)……………………………………………….3

*DiLaura v. Twp. of Ann Arbor,*
471 F.3d 666,673 (6th Cir. 2007)…………….…………………………...……….6

*Granzeier v. Middletown*,
173 F.3d 569, 577-78 (6th Cir. 1999)………………………………………….2, 6

*Hensley v. Eckerhart*,
461 U.S. 424, 434-35, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)..………….....…4, 6, 9

*Imwalle v. Reliance Med. Prods., Inc.*
515 F.3d 531, 555 (6th Cir. 2008)……………………………………………....…6

*McQueary v. Conway*,
614 F.3d 591, 603 (6th Cir. 2010)....................................................................................2

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*,
489 U.S. 782, 790, (1989) ................................................................................................2

**Other Authorities**

42 U.S.C. § 1983…....………………………………………………………………………1
42 U.S.C. § 1988..………………………………………………………………………..1, 6
MCL §600.1483…………………………………………………………………………….4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

      Plaintiff,                                     Case No.: 1:20-cv-00036

v.                                            Hon. Judge Hala Y. Jarbou

JANICE STEIMEL, L.P.N., JAMES
AUGUST MOLLO, L.P.N., LYNNE
FIELSTRA, L.P.N., MELISSA
FURNACE, R.N., CHAD RICHARD
GOETTERMAN, R.N., AND JOANNE
SHERWOOD, N.P.,

      Defendants.
_____/

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Attorney for Plaintiff | Devlin Scarber (P64532) |
| 29000 Inkster Road, Suite 150 | Attorney for Defendants, |
| Southfield, MI  48034 | 1441 West Long Lake Rd., Suite 310 |
| Direct (248) 234-9828 | Troy, MI 48098 |
| (248) 569-4646 | (248) 644-6326 |
| (248) 569-6737 (fax) | |
| Jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION FOR ATTTORNEYS' FEES, COSTS AND PREJUDGMENT INTEREST PURSUANT TO 42 U. S. C. §§ 1983, 1988, AND ENTRY OF SECOND AMENDED JUDGMENT**

## I.     INTRODUCTION

Attached as Exhibit 2 is Plaintiff Counsel, Jennifer G. Damico's verified billing statement reflecting the additional hours of professional time expended since the filing of Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. §§1983, 1988, Costs, Prejudgment Interest and Entry of Amended Judgment, on December 20, 2022. (ECF. No. 251, PageID.6004). From December 20, 2022, through January 16, 2023, Plaintiff's Counsel has spent an additional 94.70 hours engaging in post-trial work necessary to defend the jury's verdict. Plaintiff filed an Amended Motion for Entry of Taxable Bill of Costs on January 11, 2023, in the amount of $24,000.00. (ECF No. 277). In response, Defendants withdrew their Motion to Disallow Part of Plaintiff's Claimed Costs. (ECF No. 278). Plaintiff's do not anticipate any objections from the defense to the Amended Bill of Costs. (ECF No. 277, PageID.8439).

While Plaintiff relies upon the arguments, caselaw and exhibits previously filed with the Court, the following supplemental arguments are provided in support of his request for Attorneys' Fees.

## II.    ARGUMENT

### A.    Plaintiff is the Prevailing Party.

Defendants' argument that Plaintiff is not the prevailing party because he did not succeed on 73% of his claims at trial has long been rejected by this circuit.

1

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1977); *Deja Vu of Nashville v. Metro Gov't of Nashville Davidson Cty.*, 421 F.3d 417, 423 (6th Cir. 2005) ("In that context we have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.").

In determining whether a plaintiff is a prevailing party, the courts do not look to the number of claims on which the plaintiff succeeded, the magnitude of the relief obtained, or whether the plaintiff obtained the primary relief sought; the question is simply whether the plaintiff has won on at least one claim. *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013) (citing *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010)); *see also Tex. State Teachers Ass'n*, 489 U.S. at 790 ("[T]he *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all.") This court has found, for example, that a plaintiff was a prevailing party even where twelve of his fourteen claims were dismissed. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001).

Plaintiff is the prevailing party and is eligible for an award of attorneys' fees.

### B.     Plaintiff's Degree of Success was not Limited.

The fact that the jury did not find any of the Defendants liable for professional negligence is further indication of the success of Plaintiff at trial. A reasonable interpretation of the jury's verdict is that Plaintiff proved the higher level of

2

culpability – criminal recklessness – against 3 of the Defendants, as opposed to negligence, which does not require knowledge of wrongdoing. The jury was instructed:

> I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.
>
> Plaintiff must show that a defendant actually knew of the risk. If the Plaintiff proves that there was a risk of serious harm to Mr. Jones and that the risk was obvious, you are entitled to infer from the obviousness of the risk that a defendant knew of the risk.
>
> **Deliberate indifference entails something more than mere negligence. The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness**.

*See,* CV 3.03(2) – Eighth Amendment Deliberate Indifference (emphasis added). ("The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Davis v. Jellico Cmty. Hosp, Inc.,* 912 F.2d 129, 133 (6th Cir. 1990)).

Having found that 3 of the Defendants' deliberate indifference was a proximate cause of Plaintiff's injuries and damages, the jury awarded a joint damages award of $6.4 million. The fact that the jury decided to hold these 3 Defendants accountable for the higher level of culpability, and at the same time

3

found "no cause of action" for the remaining claims and defendants, does not render Plaintiff any less victorious at trial.

Plaintiff argues the opposite.

The professional negligence claim was Plaintiff's "back-up" claim. Plaintiff's goal was always to prove the "*mens rea*", or the subjective knowledge of wrongdoing requirement of the deliberate indifference claim, because there are: (1) no limitations on damages awards, and (2) a possibly of punitive damages. Plaintiff states the jury's verdict of finding deliberate indifference, but no professional negligence, was unadulterated success, and Plaintiff should receive full compensation.

The Sixth Circuit has held that prevailing parties who obtain excellent results are generally entitled to a "fully compensatory fee." *Deja Vu of Nashville,* 421 F.3d at 423 (quoting " (*Hensley v. Eckerhart*, 461 U.S. 424, 435, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). In *Deja Vu*, the Court further explained,

> In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. The result is what matters.

*Id.*

4

First, as stated his December 20, 2022, Brief in Support of Motion for Attorneys' Fees, any professional negligence damages award would have been "capped" at the statutory noneconomic damages limitation found in MCL §600.1483; reduced to a small fraction of what the jury actually awarded. (ECF No. 251, PageID.6019). Notably, the Defendants offered to settle for an amount in between the two "caps" prior to trial. Plaintiff rejected the offer. Again, Plaintiff's goal was always to obtain a verdict on his federal claims. Plaintiff succeeded.

Second, by finding no liability and/or no proximate cause against any of the Defendants on professional negligence, the jury did not: (1) assess any comparative fault against the decedent, Wade Jones (Jones), (2) allocate fault between the Defendants, or (3) determine if Jones' impaired ability to function due to intoxication was 50% or more a cause of his injuries or death. Had the jury assessed Jones' comparative fault over 50%, Plaintiff would have received nothing.

Third, the compensatory damages award was a *joint award*. At no time did Defendants ever object to the verdict form containing a joint award for actual or compensatory damages for the federal claim. As such, even if the jury found *one* of the Defendants responsible for deliberate indifference, arguably, they would have awarded the same amount of compensatory damages. However, if the jury also found professional negligence, and awarded compensatory damages, the defense

5

likely would have argued that it awarded double damages. The post-trial motions would be far more extensive then they are with this reasonable decision by the jury.

The district court may focus on the plaintiff's overall success where the claims are related and not examine the plaintiff's success on a strict claim-by-claim basis. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 555 (6th Cir. 2008) (citing *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 673(6th Cir. 2007)). In all cases, the "attorney's fee awards are to be proportional to the prevailing party's degree of success." *Granzeier*, 173 F.3d at 578.

Accordingly, Defendants' argument that Plaintiff only obtained partial or limited success is meritless. Plaintiff proved criminal recklessness against 3 defendants. By proving this higher standard, he avoided a finding of any comparative fault assessed against the decedent, an allocation of fault, reduction in the damages award and/or any arguments of double recovery.

### C.  The 141.7 Hours that Defendants Claim are Unrecoverable Were Necessarily Expended to Obtain the Success Trial.

Plaintiff agrees that he must pass the statutory threshold to recover attorney fees under 42 U.S.C. §1988. That is, the plaintiff must obtain at least some relief on the merits of his claim that materially effects the legal relationship between the parties. Plaintiff states that the 141.7 hours for which Defendants claim a reduction were necessary to succeed at trial. The Supreme Court explained in *Hensley*:

6

> Many civil rights cases will present only a single claim. In other cases, the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee.

*Hensley,* 461 U.S. at 434-435.

If this Honorable Court is inclined to reduce Plaintiff's Counsel's hours, Plaintiff submits that a reasonable reduction only includes hours associated with Plaintiff's expert witness Michael McMunn, NP, for the reasons stated in Defendants' Motion totaling 29.1 hours. (ECF No.251-2, PageID.6038).

### 1. **The Kent County Defendants.**

While it is true that Kent County Defendants were summarily dismissed, both Kent County and the Corizon Defendants filed their Motions for Summary Judgment

7

(MSJ) on the same day. (ECF No. 125, PageID.1191); (ECF No. 127, PageID.2162). Plaintiff responded to the Kent County Defendants' Motion first. (ECF No. 135, PageID.2442). Plaintiff states the work performed in response to Kent County's (MSJ) was incorporated and directly referenced in his response to Corizon's MSJ. For example, Plaintiff incorporated his Counter Statement of Facts from his Kent County Brief into his Corizon Brief for efficiency and to save on the word count. (ECF No. 136, PageID.2779). Plaintiff used the depositions of the Kent County employees to support his claims against the Corizon Defendants, in defeating the deliberate indifference claims against all the individual Corizon employees in response to Corizon's MSJ.[1]

Plaintiff argues that the work performed in litigating the Kent County claims was essential in obtaining the favorable results against the Corizon Defendants at the summary judgment phase and at trial.

### 2. The Dismissed Monell Claim Against Corizon.

Defendants speculate that Plaintiff's *Monell* claim for failure to train was the *gravamen* of Plaintiff's lawsuit. They further argue that because it was dismissed by summary judgment, those hours must be deducted from Plaintiff's Lodestar

---

[1] The deliberate indifference claim against Teri Byrne, R.N. was dismissed pursuant to Defendants Fed. R. Civ. P. 12(b)(6) motion.

amount, including the time billed for the deposition of Penny Johnson, Corizon's Rule (30)(b)(6) designee. Defendants' argument is flawed for 4 reasons.

First, as a threshold matter, the legal relationship between Corizon and the Plaintiff has been materially altered because of the jury's verdict and the Amended Judgment. While Corizon is not a named Defendant, it conceded through its counsel that it is responsible for indemnifying the liable Defendants for the Amended Judgment. Plaintiff has passed the statutory threshold to claim hours for work performed litigating claims against Corizon.

Second, Plaintiff's failure to train claim was brought in good faith. As the Supreme Court said in *Hensley*, "Plaintiff may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee." *Hensley,* 461 U.S. at 434-435.

Third, Penny Johnson was produced by the Defendants in two capacities: in her individual capacity and as the corporate designee. Plaintiff took two separate depositions of Ms. Johnson. Plaintiff maintains that that both were necessary for his deliberate indifference claims and professional negligence claims against the individual Corizon employees that arose out of a common set of core facts and related theories.

Fourth, during discovery, Plaintiff drafted detailed and multiple requests for production of documents from the Corizon Defendants. Corizon produced nearly

9

10,000 pages of "un-Bates stamped" documents, policies, "core processes" and documents that were not in effect for the relevant time period. Plaintiff's counsel spent considerable time reviewing the produced documents to determine which policies, processes and documents the medical staff relied upon when Jones was under their care. Penny Johnson signed Corizon's discovery responses. She was designated to provide clarity and to explain what policies, procedures, manuals and "core process" were in effect in April of 2018. She was the witness who differentiated between the Corizon's "corporate" policies and the Kent County Jail "site specific" policies. This testimony was critical to Plaintiff's case as Corizon's corporate policy for severe alcohol withdraw required immediate transfer to a hospital, while the Kent County Jail Policy required transfer to a hospital or the Jail infirmary.[2] The hours associated with her depositions, in both capacities, were critical to Plaintiff's success at trial and should not be deducted from the Lodestar amount.

      D.      **Ms. Damico's Hourly Rate of $750.00 is Reasonable.**

Defendants argue that this Court must compare the hourly rates of similarly-experienced and located attorneys handling civil rights cases only because "it would be unreasonable to consider billing rates of medical malpractice attorneys when

---

[2] *See* Trial Exhibit 9 – Medically Supervised Withdrawal and Treatment, J-F-04 ("corporate policy) and Trial Exhibit 15- Intoxication and Withdrawal, J-G-07 ("site specific policy).

considering the appropriate Lodestar Amount given that Plaintiff failed to succeed on <u>any</u> of his medical malpractice claims." (ECF No. 259, PageID.6236).

For the reasons stated above, Defendants' argument is disingenuous and unsupported by the law in this circuit. This case involved multiple federal and state law issues, litigated over 4 ½ years.  Plaintiff properly navigated the state law requirements of a medical malpractice claim in addition to his federal claim with its heightened level of culpability.  Throughout this case, and during trial, the parties debated several issues where medical malpractice and deliberate indifference intertwined or overlapped.  For example, the parties debated and briefed whether the medical malpractice proximate cause standard was required for a deliberate indifference claim versus "increased risk of harm," whether expert witness requirements for standard of care were required in a deliberate indifference claim, and whether "matching" of specialties was required.

Defendants cannot credibility argue that that Ms. Damico's requested hourly rate should not be compared to attorneys practicing plaintiff medical malpractice because the jury did not find professional negligence. *Plaintiff's Counsel proved the more difficult claim*.  It is unfortunate that the average hourly rate for lawyers handling civil rights claims is lower than those handling plaintiff medical malpractice claims.   The Lodestar calculation takes into account the undesirability of some civil rights cases, and the need to attract competent counsel to handle civil

rights cases. Here, there were no economic damages. The decedent was incarcerated and an alcoholic. The costs on this file exceeded over $250,000.00 and the case took over 4 ½ years to resolve. This case, arguably, was undesirable. Many lawyers would have turned Plaintiff away.

Plaintiff maintains that it is absolutely reasonable to look at the average hourly rates of attorneys practicing medical malpractice and personal injury law when determining the hourly rate for Ms. Damico. Plaintiff submitted the Affidavits of her colleagues who attested that lawyers of the same level of skill, experience and reputation practicing civil rights and medical malpractice law are averaging higher hourly rates than were reported in the 2020 survey – a survey that relied upon data collected from 2019 and 2020.

Plaintiff submits that $750.00 per hour is fair and reasonable based upon all the factors to be considered by the Court.

### III. CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and enter an Order awarding Plaintiff attorneys' fees, costs, and prejudgment interest as follows:

- A. Additional Attorney fees (Buckfire & Buckfire, P.C.) in the amount $71,025.00, for a total of $884,665.00; **Exhibit 2;**

- B. Taxable Costs (Buckfire & Buckfire, P.C.) in the amount of $24,000.00;

12

    C.    Pre-Judgment Interest in the amount of $1,028,561.20; and

    D.    a Second Amended Judgment in the amount of $8,313,226.20, or an amount consistent with the Court's ruling.

Respectfully submitted,

**BUCKFIRE LAW FIRM**

/s/ Jennifer G. Damico
JENNIFER G. DAMICO (P51403)
Attorney for Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI 48034
(248) 569-4646/fax (248) 281-1886
Jennifer@buckfirelaw.com

January 16, 2023

## **LIST OF EXHIBITS**

EXHIBIT 1        Email to Defense Counsel

EXHIBIT 2        Verified Billing Statement