00876997

# Exhibit 2

# UNITED STATES DISTRICT COURT



# WESTERN DISTRICT OF MICHIGAN

## JUROR SELECTION PLAN

Adopted: __November 19, 2013__

## TABLE OF CONTENTS

1. Declaration of Policy. ........................................................... 3
2. Definitions. ........................................................................ 3
3. Discrimination Prohibited. .................................................. 3
4. Designation of Divisions and Applicability of Plan. ............... 3
   a. Southern Division at Grand Rapids. .......................... 4
   b. Southern Division at Kalamazoo. .............................. 4
   c. Southern Division at Lansing. ................................... 4
   d. Northern Division at Marquette. ................................ 4
5. Management and Supervision of the Juror Selection Process. ........... 4
6. Juror Selection Sources. .................................................... 5
7. Random Selection. ............................................................ 5
8. Master Jury Wheels. .......................................................... 6
9. Drawing of Names from the Master Jury Wheel. .................. 6
10. Juror Summons and Qualification Forms. ........................... 6
11. Determination of Juror Qualifications. ................................ 7
12. Qualifications for Jury Service. .......................................... 7
13. Exemption from Jury Service. ............................................ 7
14. Excuses on Individual Request. ......................................... 7
15. Deferral of Jury Service. .................................................... 8
16. Qualified Jurors. ................................................................ 8
17. Petit Jury Panels. ............................................................... 8
18. Failure to Report for Jury Service. ...................................... 9
19. Reporting the Names of Non-citizens to State Election Officials. ........ 9
20. Summary Trial Jurors. ....................................................... 9
21. Selection of Grand Jurors. ................................................. 9
22. Maintenance of Records. ................................................... 10
23. General Provisions. ........................................................... 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JUROR SELECTION PLAN

1. DECLARATION OF POLICY

All litigants entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the division where the court convenes. All qualified citizens within the District shall have the opportunity to be considered for service on the grand and petit juries of this Court, and shall have an obligation to serve as jurors when summoned for that purpose.

This Court utilizes the one-step summoning and qualification procedure, as authorized by 28 U.S.C. § 1878. Accordingly, jurors will be summoned and qualified in a single procedure.

2. DEFINITIONS

The definitions contained in 28 U.S.C. § 1869, as amended, will apply in this Juror Selection Plan (Plan) except:

a. "Division" means a set of counties deemed a unit for the purpose of defining the geographic area of the master jury wheels; and

b. "Chief Judge" includes his or her designee.

3. DISCRIMINATION PROHIBITED

No citizen shall be excluded from service as a grand, petit or summary trial juror in this Court on account of race, color, religion, sex, national origin or economic status.

4. DESIGNATION OF DIVISIONS AND APPLICABILITY OF PLAN

The Western District of Michigan is divided into the following divisions for juror selection purposes and this plan applies to each of the listed Divisions, unless otherwise specifically indicated:

3

a. <u>Southern Division at Grand Rapids</u> comprising the counties of:

| | | |
|---|---|---|
| Antrim | Kent | Oceana |
| Benzie | Lake | Osceola |
| Charlevoix | Leelanau | Ottawa |
| Clinton | Manistee | Wexford |
| Eaton | Mason | |
| Emmet | Mecosta | |
| Grand Traverse | Missaukee | |
| Ingham | Montcalm | |
| Ionia | Muskegon | |
| Kalkaska | Newaygo | |

b. <u>Southern Division at Kalamazoo</u> comprising the counties of:

| | | |
|---|---|---|
| Allegan | Branch | Kalamazoo |
| Barry | Calhoun | St. Joseph |
| Berrien | Cass | Van Buren |

c. <u>Southern Division at Lansing</u>[*] comprising the counties of:

| | | |
|---|---|---|
| Branch | Eaton | Ingham |
| Clinton | Hillsdale | |

d. <u>Northern Division at Marquette</u> comprising the counties of:

| | | |
|---|---|---|
| Alger | Gogebic | Mackinac |
| Baraga | Houghton | Marquette |
| Chippewa | Iron | Menominee |
| Delta | Keweenaw | Ontonagon |
| Dickinson | Luce | Schoolcraft |

5. **MANAGEMENT AND SUPERVISION OF THE JUROR SELECTION PROCESS**

   a. The Clerk will manage the jury selection process under the supervision of the Chief Judge.

   b. Orders of the Court relating to the general operation of the jury system and public notices concerning the drawing of names for assignment to grand, petit and summary jury panels will be available in the Clerk's Office, on the Court's website, and distributed to the judicial officers of the court.

---

[*]Pursuant to Administrative Order 07-90 dated August 8, 2007 (copy attached). Temporary changes to the Lansing jury wheel were made pending a permanent judge in residence.

4

6. **JUROR SELECTION SOURCES**

   a. Grand and petit jurors will be selected randomly from the merged lists, of the following data sources, after elimination of known duplicates:

      i. registered voters in the Qualified Voter File compiled by the Michigan Secretary of State;

      ii. persons over the age of 18 licensed by the Michigan Secretary of State to drive motor vehicles; and

      iii. persons over the age of 18 who have been issued a personal identification card by the Michigan Secretary of State.

   b. The Clerk will obtain data sources in the electronic form most compatible with the computer hardware and software used by the Court for the random selection of names.

7. **RANDOM SELECTION**

   a. The Clerk may use electronic data processing systems for any tasks associated with the administration of the jury system including, but not limited to:

      i. the random selection of names from the data sources for master jury wheels;

      ii. the random selection of names of qualified jurors for grand, petit, and summary jury panels;

      iii. the random assignment of prospective jurors to pools;

      iv. the preparation of documents; and

      v. statistical reports necessary for the efficient and effective administration of the jury system.

   b. For all purposes for which random selection is required by this plan, the Clerk will use a purely randomized process through a properly programmed electronic data processing system.

   c. If a contractor is used for any tasks associated with the administration of the jury system, the contractor will submit to the Court a certification that work has been completed pursuant to the detailed instructions from the Clerk.

   d. The selection of names from the source lists and the master jury wheels must ensure that the mathematical odds of any single name being picked is substantially equal.

5

8. **MASTER JURY WHEELS**

   a. The Clerk will maintain master jury wheels for each division.

   b. The Clerk will ensure that each county within a division is proportionally represented in the master jury wheel for that division in accordance with 28 U.S.C. § 1863. In creating the master jury wheels, the number of names drawn from each county shall be substantially in the same proportion to the total number drawn from all counties within the division as the number of names on that county's source lists bears to the total number of names on the source lists for all counties within a division.

   c. To increase the probability that the names and addresses on the data sources are as current as possible, the Clerk will empty and refill the master jury wheels every two (2) years, as soon as possible after the most recent federal general election held in the fall of even-numbered years. Jury panels already drawn, or jurors selected and sworn in for a particular case, shall continue to serve until this has been accomplished.

   d. The Chief Judge, upon recommendation of the Clerk will determine the total number of names to be selected at random from the data sources and placed in the master jury wheels.

   e. The minimum number of names to be placed in the respective master jury wheels is one thousand (1,000).

   f. If it should appear at any time that the names in a given master jury wheel will be exhausted before the prescribed time for refilling, the Chief Judge may order it refilled in advance of that time from the most recent source lists available. Such a refilling shall be in lieu of, and not in addition to, the next prescribed refilling.

9. **DRAWING OF NAMES FROM THE MASTER JURY WHEEL**

   a. The Clerk will direct the random drawing of names of as many persons from the master jury wheels as may be needed to qualify and summon a sufficient number of jurors for a term of service.

   b. The number of names drawn will be determined by the Clerk based upon anticipated juror demands of the court, plus a margin of extra names sufficient to compensate for the estimated number that may be unavailable or ineligible.

   c. The Clerk will maintain records of the names drawn from the master jury wheels.

10. **JUROR SUMMONS AND QUALIFICATION FORMS**

    The Clerk will mail to each person drawn, a juror summons and qualification questionnaire form, accompanied by instructions to execute and return the questionnaire duly signed and sworn within ten (10) days in accordance with 28 U.S.C.§ 1864 (a).

## 11. DETERMINATION OF JUROR QUALIFICATIONS

The Chief Judge, or Clerk under the supervision of the Chief Judge, will determine whether a person is (1) unqualified for, (2) exempt from, or (3) to be excused from, jury service. These determinations will be based solely on information provided in the juror qualification questionnaire and other competent evidence.

## 12. QUALIFICATIONS FOR JURY SERVICE

a. Under 28 U.S.C. § 1865 (b), a person will be deemed qualified to serve on grand and petit juries unless he or she:

   i. is not a citizen of the United States, is not 18 years old, and has not resided for a period of one year within the judicial district;

   ii. is unable to read, write, and understand the English language with a degree of proficiency sufficient to satisfactorily complete the juror qualification form;

   iii. is unable to speak the English language;

   iv. is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

   v. has a charge pending against him/her for the commission of, or has been convicted in a state or federal court of record of, a crime punishable by imprisonment for more than one year and his/her civil rights have not been restored by pardon or amnesty.

## 13. EXEMPTION FROM JURY SERVICE

a. Under 28 U.S.C. § 1863 (b)(6), the following are exempt from jury service:

   i. members in active service in the Armed Forces of the United States;

   ii. members of fire or police departments; and

   iii. public officers in the executive, legislative or judicial branches of the government of the United States, or of any state, district, territory, possession, or subdivision thereof, who are actively engaged in the performance of official duties. "Public officer" shall mean a person who is either elected to public office or who has been directly appointed by a person elected to public office.

## 14. EXCUSES ON INDIVIDUAL REQUEST

a. The Court finds that jury service by the following persons would entail undue hardship or extreme inconvenience and to excuse them from jury service on individual request is not inconsistent with 28 U.S.C. §§ 1861 and 1862:

      i. persons over the age of 70;

      ii. persons who have served on a grand or petit jury in a federal court within the last two years; and

      iii. persons who are members of a volunteer fire department, rescue squad or ambulance crew for a public agency.

  b. Additionally, the Chief Judge, or the Clerk under supervision of the Chief Judge, may excuse persons summoned for jury service upon a showing of undue hardship, extreme inconvenience, or other ground for excuse as set forth in 28 U.S.C. §§ 1866(c) and 1869(j), for such period as the Court may deem necessary and proper.

## 15. DEFERRAL OF JURY SERVICE

  a. If a person requests deferral of his or her jury service for a specific reason, such as a pre-planned vacation, business commitment, health problem or similar episodic event, the Clerk may reassign the juror to a different pool within the same jury wheel. All requests for deferral must be in writing, which includes electronically submitted requests.

  b. The Clerk will record any deferral granted and will report on the status of any individual juror or group of jurors upon request of the Court.

## 16. QUALIFIED JURORS

  a. At all times, the Clerk will maintain an adequate number of qualified jurors not exempt or excused under this Plan.

  b. Qualified jurors will be randomly assigned to grand, petit and summary trial panels.

  c. The Clerk will maintain records of persons summoned and assigned to grand, petit and summary trial panels.

## 17. PETIT JURY PANELS

  a. Petit jurors will serve for a period of four (4) weeks, or as needed dependent upon the needs of each division.

  b. Persons whose names are selected and then qualified from the master jury wheel shall be called to appear as prospective jurors for trials in their respective divisions unless otherwise directed by the Chief Judge or the judge assigned to try the case. Pursuant to 28 U.S.C. 1866(e), no person shall be required to serve or attend court for prospective service as a petit juror for a total of more that thirty (30) days, except when necessary to complete service in a particular case.

    c.   If the current panel for an area contains more persons than reasonably needed for the selection of a jury in a specific case, the Clerk shall select at random the number of individuals to be called.

    d.   If two or more jury trials are to commence on the same day in the same city in this district, a central jury pool may be used. The names of prospective jurors directed to report to any specific courtroom shall be determined at random by the Clerk. Persons excluded from service in a particular case upon peremptory challenge or upon challenge by a party for good cause shown, shall be returned to the central jury pool.

    e.   The Clerk shall prepare a separate list of the names of persons assigned to each petit jury panel. These lists shall upon request, be disclosed to the parties three (3) business days prior to the trial date, unless otherwise directed by the Chief Judge or the judge assigned to try the case.

    f.   A request for disclosure of jury names to the media or the public may be made to the judge assigned to try the case. The Clerk shall not release juror names to the media or the public unless specifically authorized, in writing, by the assigned judge. The Chief Judge or judge assigned to try the case may order such lists to be kept confidential in any case where the interests of justice so require.

## 18. FAILURE TO REPORT FOR JURY SERVICE

A person who does not report for jury service on the date and time on his or her summons, or as otherwise notified by the court, may be subject to prosecution in accordance with 28 U.S.C. § 1866(g).

## 19. REPORTING THE NAMES OF NON-CITIZENS TO STATE ELECTION OFFICIALS

The Clerk shall report to the Michigan Secretary of State the names of prospective jurors that identify themselves as non-citizens at any time during the jury qualification or jury selection process.

## 20. SUMMARY TRIAL JURORS

Jurors to be used for the purpose of summary trials will be drawn from a pool of jurors summoned and unused at the end of their term.

## 21. SELECTION OF GRAND JURORS

    a.   The grand jury for the Southern Division shall be drawn from the Grand Rapids, Kalamazoo and Lansing jury wheels. The grand jury for the Northern Division shall be drawn from the Marquette jury wheel.

    b.   When the Court orders impanelment of a grand jury, the Clerk shall draw at random, from the master jury wheels, the names of as many persons as may be required for grand jury service.

c. The Clerk shall select a proportionate share of names from each of the master jury wheels for each division. That proportionate share shall be based on the total number of persons in the source list for each divisional office compared to the total number of persons on the source list for the entire district. The Clerk shall issue summons and qualification forms for each person selected.

d. Each grand jury shall serve for a period not to exceed eighteen (18) months, unless extended by an order of the Court, and such service shall not be affected by the emptying and refilling of the master wheels from which it was drawn.

e. Upon request for excuse, and if inspection of the juror questionnaire of the person selected reflects that the person should be excused from grand jury service but not from petit jury service, that person shall be returned to the master wheel.

f. Information of grand jurors shall not be disclosed to anyone at any time, except as may be directed by written Court order.

## 22. MAINTENANCE OF RECORDS

a. The Clerk shall preserve all records and papers compiled and maintained for the jury process for four (4) years after the master wheel is emptied, or for such longer period as may be ordered by the Court. Such records may then be destroyed, providing the means used is such to ensure privacy of their contents.

b. Such records shall be available for public inspection for the purpose of determining the validity of the selection of any jury, pursuant to 28 U.S.C. § 1868 et seq.

c. The Clerk shall retain and provide public access to the following documents:

   i. the Court's "Juror Selection Plan";

   ii. a copy of the Court's authorization and instruction order to the person or computer service organization which carries out automated name selection tasks for the Court and the affidavit by the representative of the facility certifying compliance with the same; and

   iii. orders of the Court for selection of grand and petit jury panels.

## 23. GENERAL PROVISIONS

Incorporated in this Plan by reference are the provisions of 28 U.S.C. §§ 1861-1871, any amendments to these sections as may be made from time to time, and all statutes enacted after this Plan is approved pertaining to grand and petit jurors and trials by jury in federal courts.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
August 10, 2007 1:07 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /14    /

IN THE MATTER OF CHANGES
TO THE JURY WHEEL
_____/

Administrative Order No. 07-090

The judges of this district having unanimously approved the following changes to this District's jury wheel at their July 30, 2007 judges' meeting, effective September 4, 2007:

IT IS HEREBY ORDERED THAT the Grand Rapids Jury Wheel shall consist of the following existing counties: Emmet, Charlevoix, Antrim, Leelanau, Benzie, Grand Traverse, Kalkaska, Manistee, Wexford, Missaukee, Mason, Lake, Osceola, Oceana, Newaygo, Mecosta, Muskegon, Montcalm, Ottawa, Kent, and Ionia. In addition, Clinton, Eaton, and Ingham Counties, currently assigned to the Lansing Jury Wheel, shall be reassigned to the Grand Rapids Jury Wheel.

IT IS FURTHER ORDERED that the Kalamazoo Jury Wheel shall consist of the following existing counties: Allegan, Van Buren, Kalamazoo, Calhoun, Berrien, Cass, and St. Joseph. In addition, Branch and Hillsdale counties currently assigned to the Lansing Jury Wheel, and Barry County currently assigned to the Grand Rapids Jury Wheel, shall be reassigned to the Kalamazoo Jury Wheel.

IT IS FURTHER ORDERED that the Lansing Jury Wheel is temporarily suspended.

IT IS FURTHER ORDERED that the Northern Division jury wheel shall remain unchanged.

IT IS SO ORDERED.

Dated: August 8, 2007

ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF APPROVAL

This is to certify that, in accordance with 28 U.S.C. § 1863(a) the foregoing Juror Selection Plan of the United States District Court for the Western District of Michigan has been duly received and approved as complying with the law by a reviewing panel consisting of the members of the Judicial Council for the Sixth Circuit of the United States and the Chief Judge of the District to which the plan is applicable.

This __6__ day of November, 2013.

_____
Alice M. Batchelder
Chief Judge
United States Court of Appeals
for the Sixth Circuit

## CERTIFICATE OF FILING

This is to certify that, in accordance with 28 U.S.C. § 1863(a), a true copy of the foregoing Juror Selection Plan for the United States District Court for the Western District of Michigan was filed with the Administrative Office of the United States Courts, Washington, D.C., and the Attorney General for the United States.

This __19th__ day of November, 2013.

_____
Paul L. Maloney
Chief Judge
United States District Court for the
Western District of Michigan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGIAN

IN THE MATTER OF CHANGES
TO THE JURY WHEEL

Administrative Order
No. 20-MS-072

_____/

**WHEREAS** on August 8, 2007, then Chief Judge Robert Holmes Bell entered Administrative Order 07-090, regarding temporary changes to the Lansing jury wheel pending a permanent judge in residence, and

**WHEREAS** the Honorable Hala Y. Jarbou was formally appointed by the President of the United States on September 23, 2020, as the next Article III Judge for the United States District Court for the Western District of Michigan, and

**WHEREAS** Judge Jarbou will be the permanent judge in residence in Lansing, Michigan,

**NOW THEREFORE**, Administrative Order 07-090 is rescinded effective immediately.

**IT IS SO ORDERED.**

Dated:   September 29, 2020

_____
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF THE PLAN OF THE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN
FOR THE RANDOM SELECTION OF GRAND
AND PETIT JURORS

Administrative Order
No. __13-102__

_____/

On September 20, 2013, the Judges of the United States District Court for the Western District of Michigan approved the attached Juror Selection Plan for submission to the Judicial Council of the Sixth Circuit for approval. The Plan was approved by the Judicial Council and the Certificate of Approval signed by Chief Judge Alice M. Batchelder on November 6, 2013.

Pursuant to the Jury Selection and Service Act, 28 U.S.C. §§ 1861-78, and by 28 U.S.C. § 151, which provides for the selection, summoning, and administration of jury panels by the United States District and Bankruptcy Courts, the attached plan is adopted until further order of this Court, subject to such rules and regulations as may lawfully be promulgated from time to time by the Judicial Conference of the United States.

This administrative order supercedes Administrative Order 06-098.

**IT IS SO ORDERED.**

Dated: __November 19, 2013__

Paul L. Maloney
Chief United States District Judge