# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                    Case No: 1:20-cv-36

                                                    Hon. Judge Hala Y. Jarbou
        Plaintiff,                          Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

        Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Sarah L. Gorski (P82899) | Devlin Scarber (P64532) |
| *Attorneys for Plaintiff* | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.; Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa Furnace, R.N.; Chad Richard Goetterman, R.N.; James August Mollo, L.P.N.; Joanne Sherwood, N.P.; and Janice Steimel, L.P.N.* |
| 29000 Inkster Rd., Ste. 150 | 1441 West Long Lake Rd., Suite 310 |
| Southfield, MI 48034 | Troy, MI 48098 |
| (248) 569-4646 | (248) 644-6326 |
| jennifer@buckfirelaw.com | rchapman@chapmanlawgroup.com |
| sarah@buckfirelaw.com | dscarber@chapmanlawgroup.com |

**CORIZON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUPPLEMENTAL BRIEF / REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [ECF NO. 279]**

       NOW COME Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; DAN CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNACE, R.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; and JANICE STEIMEL, L.P.N. (hereinafter "Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Strike Plaintiff's Unauthorized Supplemental

1

Motion / Reply to Defendants' Response to Plaintiff's Motion for Attorneys' Fees (**ECF No. 279**), state as follows:

1. On December 20, 2022, Plaintiff filed his Motion for Attorneys' Fees in this matter. (**ECF No. 251**). Plaintiff's Motion for Attorneys' Fees is a nondispositive motion as defined by this Court's Local Civil Rules. *See* W.D. Mich. LCivR 7.3(a); W.D. Mich LCivR 7.2(a).

2. Corizon Defendants responded to Plaintiff's Motion for Attorneys' Fees on January 3, 2023. (**ECF No. 259**).

3. On January 16, 2023, Plaintiff filed a Supplemental Motion for Attorneys' Fees ("Supplemental Motion") without first seeking leave from the Court to do so. (**ECF No. 279**).

4. Plaintiff was required to first seek leave from the Court prior to filing his Supplemental Motion, and in doing must "assert such good cause in a motion for leave to file a supplemental brief *before* (or contemporaneously with) the filing of the intended supplement, rather than simply filing the supplement alone unilaterally." *Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 U.S. Dist. LEXIS 14699, at *4 (W.D. Mich. Feb. 19, 2010) (emphasis in original).

5. Plaintiff failed to establish or otherwise attempt to argue that there is good cause to supplement his Motion for Attorneys' Fees.

6. Further, W.D. Mich. LCivR 7.3(c) precludes a party from submitting a reply brief in support of a nondispositive motion without first seeking leave from the Court to do so.

7. Plaintiff's Supplemental Motion not only supplements his request for attorneys' fees, but Plaintiff improperly replies to many of the arguments raised in Defendants' Response to Plaintiff's Motion for Attorneys' Fees. (**ECF No. 279**; **ECF No. 259**).

8.      Corizon Defendants bring this motion under Fed. R. Civ. P. 12(f)(2), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act… (2) on motion made by a party <u>either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading</u>."

9.      Given that Plaintiff supplements his Motion for Attorneys' Fees without first seeking leave from the Court to do so, and simultaneously replies to Defendants' Response to Plaintiff's Motion for Attorneys' Fees in violation of this Court's local rules, it is unclear whether Corizon Defendants are permitted a response in consideration of Fed. R. Civ. P. 12(f)(2). A response to Plaintiff's Supplement could conceivably be considered either a response to a supplemental briefing or a sur-reply to Plaintiff's unauthorized reply.

10.     The undersigned counsel reached out to Plaintiff's counsel via telephone on January 30, 2023, in order to seek concurrence on the instant motion pursuant to E.D. Mich. LCivR 7.1. After discussing the basis of this motion and the relief sought herein, Plaintiff's counsel did not concur.

11.     For the reasons set forth more fully in the brief accompanying this motion, Corizon Defendants request that the Court strike Plaintiff's Supplemental Motion. Should the Court consider the merits of Plaintiff's Supplemental briefing in spite of the issues identified above and as more thoroughly set forth in the accompanying brief, Corizon Defendants dispute Plaintiff's supplemental briefing and request that the Court alternatively grant leave for Corizon Defendants to respond/reply to the merits of Plaintiff's Supplemental Motion

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: January 30, 2023 | */s/ Devlin K. Scarber*<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Corizon Defendants<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098, (248) 644-6326<br>dscarber@chapmanlawgroup.com |

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                                                       Case No: 1:20-cv-36

                                                                    Hon. Judge Hala Y. Jarbou
            Plaintiff,                             Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

           Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., |
| Sarah L. Gorski (P82899) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin Scarber (P64532) |
| 29000 Inkster Rd., Ste. 150 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| Southfield, MI 48034 | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| (248) 569-4646 | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| jennifer@buckfirelaw.com | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| sarah@buckfirelaw.com | *and Janice Steimel, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S UNAUTHORIZED SUPPLEMENTAL BRIEF / REPLY TO
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
[ECF NO. 279]**

**PROOF OF SERVICE**

ii

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iv

INDEX OF EXHIBITS ............................................................................................................. v

I.    INTRODUCTION ........................................................................................................ 1

II.    LEGAL ARGUMENT ................................................................................................... 1

III.    CONCLUSION ............................................................................................................. 3

# INDEX OF AUTHORITIES

**CASES**

*Burton v. Mich. Dep't of Corr.*, No. 1:20-cv-1134, 2021 U.S. Dist. LEXIS 251373, at *5 (W.D. Mich. Dec. 17, 2021) .................................................................................................. 3

*Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 U.S. Dist. LEXIS 14699, at *3 (W.D. Mich. Feb. 19, 2010) ........................................................................................ 2

*Kim v. U.S. Dep't of Labor*, 2007 U.S. Dist. LEXIS 99100, 2007 WL 4468723, *1 (W.D. Mich. Dec. 12, 2007) ................................................................................................... 2

*Price v. Eiring*, No. 1:09-cv-85, 2010 U.S. Dist. LEXIS 20045, at *23 (W.D. Mich. Feb. 16, 2010) ............................................................................................................................. 3

*Razmus v. Am. Signature*, No. 1:19-cv-275, 2019 U.S. Dist. LEXIS 231933, at *1 (W.D. Mich. Dec. 4, 2019) .................................................................................................... 3

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................. 1
42 U.S.C. § 1988 ............................................................................................................. 1

**RULES**

Fed. R. Civ. P. 12(f) ........................................................................................................ 2
W.D. Mich LCivR 7.2(a) ................................................................................................ 2
W.D. Mich. LCivR 7.2 .................................................................................................... 2
W.D. Mich. LCivR 7.2(c) ............................................................................................... 2
W.D. Mich. LCivR 7.3(a) ............................................................................................... 2
W.D. Mich. LCivR 7.3(c) ............................................................................................... 3

# **INDEX OF EXHIBITS**

There are no exhibits attached to this brief.

## I.  INTRODUCTION

On December 20, 2022, Plaintiff filed a Motion for Attorneys' Fees along with a Motion for a one-day extension of time to file his Motion for Attorneys' Fees. (**ECF No. 250; ECF No. 251**). Plaintiff initially sought $813,640.00 in attorneys' fees and an award of $1,028,561.20 for pre-judgment interest. (**ECF No. 251, PageID.6030-31**). Corizon Defendants responded to Plaintiff's Motion for an Extension of Time as well as Plaintiff's Motion for Attorneys' Fees on January 3, 2023. (**ECF No. 259; ECF No. 261**). On January 4, 2023, the Court entered an Order which, *inter alia*, held that Plaintiff's Motion for Attorney's Fees and Costs was timely. (**ECF No. 263, PageID.6292**).

Then, on January 16, 2023, Plaintiff filed a Supplemental Motion for Attorneys' Fees without first seeking leave from the Court to supplement his Motion for Attorneys' Fees (hereinafter "Supplemental Motion"). (**ECF No. 279**). The Supplemental Motion not only supplements Plaintiff's Motion for Attorneys' Fees with an additional $71,025.00 in attorneys' fees purportedly incurred between December 20, 2022 and January 16, 2023, but Plaintiff further replies to the arguments raised in Defendants' Response to Plaintiff's Motion for Attorneys' Fees. (*Id.*).

## II.  LEGAL ARGUMENT

Plaintiff's motion is titled "Plaintiff's Supplemental Motion for Attorneys' Fees, Costs, and Prejudgment Interest Pursuant to 42 U.S.C. § 1983, 1988, and Entry of Second Amended Judgment." (**ECF No. 279, PageID.8445**). Plaintiff not only supplements his Motion for Attorneys' Fees within the Supplemental Motion, but also replies to several arguments raised in Defendants' Response to Plaintiff's Motion for Attorneys' Fees.

"The court rules do not authorize [a party] to file supplemental briefs at his pleasure. The local court rule provides that '[t]he court may permit or require further briefing.'" *Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 U.S. Dist. LEXIS 14699, at *3 (W.D. Mich. Feb. 19, 2010); *Kim v. U.S. Dep't of Labor*, 2007 U.S. Dist. LEXIS 99100, 2007 WL 4468723, *1 (W.D. Mich. Dec. 12, 2007); *quoting* W.D. Mich. LCivR 7.2), R&R adopted, 2008 U.S. Dist. LEXIS 19553, 2008 WL 696469 (W.D. Mich. Mar. 12, 2008); *See also* W.D. Mich. LCivR 7.2(c). Pursuant to this Court's rules, <u>Plaintiff is obligated to first establish good cause</u> in a motion for leave to file a supplemental brief <u>before</u> (or contemporaneous to) filing his Supplemental Motion. Instead, Plaintiff circumvents this Court's rules by choosing to file his motion unilaterally, and without attempting to establish good cause to supplement his motion for attorneys' fees. *Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 U.S. Dist. LEXIS 14699, at *4 (W.D. Mich. Feb. 19, 2010) ("[the defendants] were obligated to assert such good cause in a motion for leave to file a supplemental brief *before* (or contemporaneously with) the filing of the intended supplement, **rather than simply filing the supplement alone unilaterally**.") (emphasis added). As such, the Court should strike Plaintiff's Supplemental Motion pursuant to Fed. R. Civ. P. 12(f) given the fact that Plaintiff failed to first seek leave and failed to otherwise establish good cause to file the Supplemental Motion.

Further, although Plaintiff titles her motion as being a supplement to her motion for attorneys' fees, Plaintiff improperly replies to many arguments raised in Defendants' Response to Plaintiff's Motion for Attorneys' Fees. The Court must not consider Plaintiff's arguments. Plaintiff's Motion for Attorneys' Fees is a non-dispositive motion as defined by this Court's local rules. *See* W.D. Mich. LCivR 7.3(a); W.D. Mich LCivR 7.2(a). As straightforwardly set forth in this Court's local rules, "[r]eply briefs may not be filed without leave of court." W.D. Mich.

2

LCivR. 7.3(c). Plaintiff's "Supplemental Briefing" directly replies to many of the arguments Corizon Defendants raised in their Response to Plaintiff's Motion for Attorneys' Fees under the guise of a supplemental briefing. This Court has routinely stricken unauthorized reply and sur-reply briefs where the replying party fails to first seek leave from the Court to do so. *Razmus v. Am. Signature*, No. 1:19-cv-275, 2019 U.S. Dist. LEXIS 231933, at *1 (W.D. Mich. Dec. 4, 2019); *Burton v. Mich. Dep't of Corr.*, No. 1:20-cv-1134, 2021 U.S. Dist. LEXIS 251373, at *5 (W.D. Mich. Dec. 17, 2021) (M.J. Jarbou) (Granting a motion to strike an unauthorized sur-reply after the replying party failed to first obtain leave from the court); *Price v. Eiring*, No. 1:09-cv-85, 2010 U.S. Dist. LEXIS 20045, at *23 (W.D. Mich. Feb. 16, 2010), R&R adopted, 2010 U.S. Dist. LEXIS 20045 (W.D. Mich., Feb. 16, 2010). To the extent that Plaintiff's Supplemental Motion is construed as a reply to Corizon Defendants' Response to Plaintiff's Motion for Attorneys' Fees, the argument must be struck for the reasons set forth above.

### III.    CONCLUSION

WHEREFORE, Defendants CORIZON HEALTH, INC.; TERI BYRNE, R.N.; DAN CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNACE, R.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; and JANICE STEIMEL, L.P.N., respectfully request that this Honorable Court strike Plaintiff's Supplemental Motion for Attorneys' Fees for the reasons set forth above, and alternatively, if the Court denies Corizon Defendants' Motion to Strike, to permit Corizon Defendants to respond to the merits of Plaintiff's Supplemental Motion.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: January 30, 2023 | */s/ Devlin K. Scarber*<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Corizon Defendants<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098, (248) 644-6326<br>dscarber@chapmanlawgroup.com |

## PROOF OF SERVICE

I hereby certify that on January 30, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

*/s/ Devlin Scarber*
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

4