UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,

        v.

CORIZON HEALTH, INC., MELISSA
FURNACE, RN, JAMES AUGUST
MOLLO, LPN, AND CHAD RICHARD
GOETTERMAN, RN,

        Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Sarah L. Gorski (P82899)<br>Attorney for Plaintiff<br>29000 Inkster Road, Suite 150<br>Southfield, MI 48034<br>Direct (248) 234-9828<br>(248) 569-4646<br>(248) 569-6737 (fax)<br>Sarah@buckfirelaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Defendants,<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |
| FIEGER, FIEGER, KENNEY &<br>HARRINGTON, PC<br>Jennifer G. Damico (P51403)<br>Co-counsel for Plaintiff<br>19390 Southfield Road<br>Southfield, MI 48075<br>(248) 355-5555<br>(248) 355-5148<br>j.damico@fiegerlaw.com | |

_____/

**PLAINTIFF'S OBJECTION TO DEFENDANTS' SUGGESTION OF
BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**

NOW COMES Plaintiff, CHARLES JONES, as Personal Representative of the Estate of Wade Jones, Deceased, through his attorney, Jennifer G. Damico, and for his Objection to Defendants' Suggestion of Bankruptcy and Notice of Automatic Stay, hereby respectfully states that the automatic stay of bankruptcy does not extend to Defendants, including any post-judgment, appellate or collection actions by Plaintiff.   Accordingly, Defendants' Suggestion of Bankruptcy and Notice of Automatic Stay should have no effect on this case for the reasons stated below and in Plaintiff's attached Brief.

1.     Defendants' Counsel's position that This Honorable Court must stay enforcement of Plaintiff's judgment because Corizon Health, Inc. filed for Chapter 11 Bankruptcy protection in Texas, without further explanation of their knowledge and involvement of Corizon's purported insolvency, is misleading and disingenuous.

2.     At the time of filing this Suggestion of Bankruptcy and Notice of Automatic Stay, the debtor in bankruptcy, Tehum Care Services, Inc. (Tehum), filed an Emergency Motion to Extend the Automatic Stay in the U.S. Bankruptcy Court, Southern District of Texas, 5 days earlier, on February 17, 2023.  (Case No, 23-23-90086, ECF No.7 at 1-28) (Exhibit 1) ("Chapter 11 Case" hereinafter).

3.     In that motion, the Tehum argues that because it is contractually obligated to indemnify certain non-debtor parties, the stay must be extended to those parties. *Id.* at 3-4.

4.     The Defendants' Counsel failed to advise this Court that Tehum submitted a Proposed Order to its Emergency Motion to Extend the Stay, on February 27, 2023, seeking: (1) a 35-day interim stay of proceeding, (2) to apply to only to the non-debtor indemnified parties identified in its attached Exhibit 1. (Case No, 23-90086, ECF No. 30-1) (Exhibit 2).

5.     ***Neither this matter, nor the Defendants, are identified on Tehum's Exhibit 1 as non-debtor indemnified parties for which Tehum is seeking to extend the automatic stay***. *Id.*

6.     The non-debtor parties for whom Tehum is requesting to temporarily extend the stay are grouped into three categories: (1) indemnified clients, (2) non-debtor affiliates, and (3) indemnified directors & officers/employees. *Id.*

7.     In this last group, the "indemnified directors & officers/employees," Tehum is only requesting that the stay extend to a handful of high-ranking "C-suite" executives, and some independently-contracted medical providers, i.e. physicians, in certain matters, for whom Corizon is, or could potentially be, contractually-obligated to indemnify for any claims, lawsuits or judgments. (Exhibit 1, Emergency Motion to Extend Stay, ¶¶6-7) (Exhibit 2 – Tehum's Proposed Order).

8.      The Defendants in this case are Melissa Furnace, RN, James August Mollo, LPN, and Chad Richard Goetterman, RN (Defendants).

9.      They do not fall into any of the three categories of non-debtor parties for whom Tehum seeks to extend the stay.

10.     Corizon Health, Inc. is not a Defendant.  There is no judgment against Corizon Health, Inc., or Tehum Services, Inc., its successor company specifically created for Corizon to benefit from Chapter 11 bankruptcy.

11.     Defendants' counsel's position, that the Chapter 11 Case automatically stays enforcement of a judgment, where Plaintiff has no claims against Tehum, Corizon, or any contractually indemnified third parties (i.e. Kent County, a sub-contractor or an independently contracted medical provider), is not supported by the law.  *Reliant Energy Servs. v. Enron Can. Corp*., 349 F.3d 816, 825 (5th Cir. 2003) ("[b]y its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors.").

12.     ***More importantly, the debtor, Tehum, has not requested this relief***.

13.     Plaintiff, through its counsel, filed a Joint Objection to Tehum Care Services, Inc.'s Emergency Motion to Extend the Automatic Stay in the Chapter 11 Case along with a group of eight (8) Michigan claimants (the "Michigan Objectors") whose matters are defended by The Chapman Law Group.  (Exhibit 3).

14.     Bankruptcy counsel for Tehum responded to the Michigan Objectors' Response on March 2, 2023, seeking concurrence in the relief **_only_** to the matters and the non-debtor parties listed in Exhibit 1 of its proposed Order, which, again does not include the Jones matter, nor any of the Defendants. (Exhibit 4 – email correspondence).

15.     Defendants are not entitled to a stay of an enforcement of judgment simply because their Michigan counsel filed a "Suggestion of Bankruptcy and Notice of Stay of Proceedings."

16.     These non-debtor Defendants have no standing to request a stay of proceedings or enforcement of judgment in the Chapter 11 Case or under the U.S. Bankruptcy Code for the reasons state herein.

As such, Plaintiff respectfully Objects to Defendants' Suggestion of Bankruptcy and Notice of Automatic Stay.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, PC

By:    /s/  Jennifer G. Damico  (P51403)
Co-Counsel for Plaintiff
19390 Southfield Road
Southfield, MI 48075
(248) 355-5555/ (f) (248) 355-5148)
j.damico@fiegerlaw.com

March 3, 2023

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JONES, as Personal Representative
of the Estate of WADE JONES, deceased,

        Plaintiff,

    v.

CORIZON HEALTH, INC., MELISSA
FURNACE, RN, JAMES AUGUST
MOLLO, LPN, AND CHAD RICHARD
GOETTERMAN, RN,

        Defendants.

Case No.: 1:20-cv-00036
Hon. Judge Hala Y. Jarbou
Mag. Judge Sally J. Berens

_____/

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>Sarah L. Gorski (P82899)<br>Attorney for Plaintiff<br>29000 Inkster Road, Suite 150<br>Southfield, MI 48034<br>Direct (248) 234-9828<br>(248) 569-4646<br>(248) 569-6737 (fax)<br>Sarah@buckfirelaw.com<br><br>FIEGER, FIEGER, KENNEY &<br>HARRINGTON, PC<br>Jennifer G. Damico (P51403)<br>Co-counsel for Plaintiff<br>19390 Southfield Road<br>Southfield, MI 48075<br>(248) 355-5555<br>(248) 355-5148<br>j.damico@fiegerlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Jeffrey L. Bomber (P85407)<br>Attorneys for Defendants,<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>dscarber@chapmanlawgroup.com<br>jbomber@chapmanlawgroup.com |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY

There are three Defendants in this case: Melissa Furnace, RN, James August Mollo, LPN, and Chad Richard Goetterman, RN, former employees of non-party, Corizon Health, Inc. ("Corizon").   Defendants' Counsel represented all three Defendants at trial.  Plaintiff's judgment is against the Defendants only.  To date, none of the Defendants have filed bankruptcy.

On February 22, 2023, Defendants filed a Suggestion of Bankruptcy in this matter. (ECF No. 286). The debtor in the referenced bankruptcy proceeding is not Defendants, but rather a non-party, Tehum Care Services, Inc.

As this Court knows, Corizon was the health care contractor for the Kent County Correctional Facility (KCCF) at the time of the events at issue in this case. Defendants were employed by Corizon.  Corizon's contract with KCCF ended in December of 2020 and was not renewed.

The relationship between Corizon, Tehum, and CHS TX, the newly-formed operational company, stems from a divisional merger transaction that Corizon entered into with *itself* that began in April 2022, a month before the final settlement conference in this matter.

Two opinions and orders entered in the Eastern District of Michigan, **two weeks before the start of this trial**, summarize the practical effect of this merger. (Exhibit 5). Notably, Defendants' counsel, The Chapman Law Group, represented

Corizon Health, Inc., in both matters, and the individual healthcare professionals. [1]

The *Jackson* Court explained:

> The divisional merger allocated the bulk of Corizon's assets to CHS TX.
> Specifically, CHS TX inherited all of Corizon's employees, all of Corizon's
> active contracts, and nearly all of Corizon's cash, equipment, real estate,
> and other assets. (Id. at PageID.3417-28). Both pre-division Corizon and
> CHS TX were owned by the same, sole-shareholder, and CHS TX also
> inherited Corizon's CEO and Chair, Sara Tirschwell. (Compare id. at
> PageID.3410, with ECF No 83-1, PageID.3371, and ECF No. 83-2,
> PageID.3391).

> Corizon retained all of its expired contracts and their corresponding
> liabilities. Corizon also held onto one million dollars in cash, the right to
> collect on its insurance policies, and the right to collect up to four million
> dollars under a "funding agreement" with an affiliate of Corizon Health,
> provided that Corizon met "certain conditions." (ECF No. 83-4,
> PageID.3429-30). All other assets and liabilities passed to CHS TX. (Id. at
> PageID.3417-18).

> After the divisional merger, YesCare, Inc., a corporation owned by CHS
> TX's CEO, acquired CHS TX, and CHS TX began informally doing
> business under its parent company's name. (ECF No. 83, PageID.3343; ECF
> No. 83-7; see, e.g., ECF No. 77-27 (explaining that CHS TX does business
> under the name "YesCare")). Corizon later changed its name to Tehum Care
> Services, Incorporated. (ECF No. 83-4, PageID.3587).

*Jackson v. Corizon Health, Inc.,* 2022 U.S. Dist. LEXIS 198717 at *3-*4. (E.D.

Mich., Nov. 1, 2022) (Exhibit 4).

In August of 2022, while Plaintiff was diligently attempting to resolve this

matter in good faith, substantially all Corizon's assets had been transferred to CHS

---

[1] See also, Opinion and Order, *Kelly v. Corizon Health, Inc*, 2:22-cv-10589, ECF
No. 43, PageID.1824 (E.D. Mich., November 1, 2022).

TX, Inc., rendering Corizon incapable of fulfilling its purported indemnity obligations to its employees including the Defendants in the case.

### ***Importantly, Defendants' counsel was fully aware this was happening***.

While unknown to this writer in the summer of 2022, plaintiffs' counsel the *Jackson* and *Kelly* cases filed motions under Rule 25(c), "for an Order Substituting Yescare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS TX, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify [the individual] Defendants" (2:19-cv-13382 ECF No. 77) (2:22-cv-10589 ECF No. 25).

On August 17, 2022, in *Kelly v. Corizon Health, Inc.* and *Jackson v. Corizon Health, Inc., et. al.*, Defendants' Counsel filed responses to motions where the plaintiffs attempted to substitute CHS TX, Inc. as the party defendant, in place of Corizon. See, 2:22-cv-10589 ECF No. 32, PageID.1432 and 2:19-cv-13383 ECF 82, PageID.3315.  Defendants' counsel cannot plead ignorance of Corizon's impending financial collapse now!  In the preliminary statement of both motions responses, incorporated by Defendants' counsel, the newly formed YesCare and CHS, TX, wrote:

> At the end of 2021, Defendant Corizon Health, Inc. ("Corizon Health") faced dire financial circumstances.  Years of mounting costs, including litigation expenses relating to claims asserted by incarcerated individual, threatened Corizon Health's ability to continue as going concern.  **Corizon Health was deeply insolvent and heading towards bankruptcy**.

2:22-cv-10589 ECF No. 32, PageID.1441 (emphasis added).

Briefly, Corizon's Plan of Merger refers to CHS TX as the "NewCo," and the entity that became Tehum Care Services as the "RemainCo." (2:19-cv-13382 ECF No. 83-4, PageID.3408. The divisional merger transaction rendered the RemainCo/Tehum deeply-insolvent. Its liabilities to trade creditors, largely consisting of unpaid bills to hospital systems for treatment of prisoners, exceed $31 million. The RemainCo/Tehum was also saddled with over three dozen employment-law claims, (2:19-cv-13382 ECF No. 83-4, PageID.3552), and *nearly five hundred personal-injury claims,* (2:19-cv-13382 ECF No. 83-4, PageID.3535-3551), ***including this lawsuit***.

Tehum has no employees, no active business, and few assets. Its liability insurance rights ***are illusory***, at least with respect to the hundreds of personal-injury tort claims assigned to it. That is because the Tehum has not been allocated enough cash to meet the approximately $20-million-per-policy-year self-insured retentions under its applicable insurance policies. (Exhibit 6, p. 1).

Notably, Tehum's insurer will not make any payment unless Tehum pays the self-insured retention, regardless of its insolvency. Tehum's insurance contract is quite explicit on this point:

> Under no circumstances will we make any payment under this policy unless and until the First Named Insured has exhausted the Aggregate Self-Insured

Retention by the payment of damages arising from covered medical incidents. **If the First Named Insured is unable to pay any part of the Self-Insured Retention due to bankruptcy, insolvency, or other financial difficulty, then this policy will not be required to "drop down" to make payments of policy limits and/or defense costs**, and no payment of any kind will be available to the First Named Insured or any Insured under this policy.

*Id*. (SIR Endorsement) (emphasis added).

No information regarding Corizon's dire financial health, and its impending bankruptcy was shared with this Court or Plaintiff during the May 9, 2022 settlement conference, the July 21, 2022 pretrial conference, the second facilitation in September, 2022, or the October 17, 2022 second pretrial conference.

It is unknown what information was relayed to the Defendants. It is unknown if Defendants' counsel informed their clients that Corizon would not be able to pay a judgment if one was entered against them. It is unknown if they told their clients that the purported insurance coverage was illusory because the self-insured retention limits were in excess of assets allocated to the Tehum Care Services in the divisional merger.

All of this information was known to the Defendants' counsel as documented in the *Jackson* and *Kelly* matters. All this information would have undoubtedly impacted settlement negotiations. Plaintiff would not have spent tens of thousands of additional dollars in costs, and 3 ½ weeks in trial, if he had known that bankruptcy was the intended end game of this divisional merger.

In short, Defendants are not debtors in the Tehum bankruptcy and Tehum is not seeking to extend the protection of the bankruptcy umbrella to these Defendants. Unless they personally file for bankruptcy, they have no standing here. Defendants' counsel knows better. Their conduct should not be tolerated.

Respectfully submitted,

FIEGER, FIEGER, KENNEY &
HARRINGTON, PC

By:   /s/ Jennifer G. Damico  (P51403)
Co-Counsel for Plaintiff
19390 Southfield Road
Southfield, MI 48075
(248) 355-5555/ (f) (248) 355-5148
j.damico@fiegerlaw.com

March 3, 2023

## <u>LIST OF EXHIBITS</u>

Exhibit 1          Tehum's Emergency Motion to Extend Stay

Exhibit 2          Tehum's Proposed Order

Exhibit 3          Michigan Objector's Response

Exhibit 4          Emails between Tehum's counsel and Pl.

Exhibit 5          Jackson v. Corizon Health, Inc., 2022 U.S. Dist. LEXIS 198717
                   (E.D. Mich., Nov. 1, 2022)

Exhibit 6          Lone Star Alliance Ins. Policy