**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                            Case No: 1:20-cv-36

                                               Hon. Judge Hala Y. Jarbou
           Plaintiff,                       Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

      Defendants.

---

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Sarah L. Gorski (P82899) | Devlin Scarber (P64532) |
| *Attorneys for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 29000 Inkster Rd., Ste. 150 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| Southfield, MI 48034 | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| (248) 569-4646 | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| jennifer@buckfirelaw.com | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| sarah@buckfirelaw.com | *and Janice Steimel, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**DEFENSE COUNSEL CHAPMAN LAW GROUP'S AND ITS ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CORIZON HEALTH, INC. AND FOR DEFENDANTS TERI BYRNE, R.N.; DAN CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNACE, R.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; AND JANICE STEIMEL, L.P.N. (HEREINAFTER "INSURED") AND FOR 120-DAY STAY ON BEHALF OF ALL CORIZON DEFENDANTS, EMPLOYEES, AND/OR AGENTS**

NOW COMES the undersigned Defense Counsel and the law firm of CHAPMAN LAW GROUP., and for their Motion to Withdraw as attorneys in this matter, state as follows:

1. This is a lawsuit brought pursuant to pursuant to 42 U.S.C. §1983, alleging violations of Plaintiff's Eighth and Fourteenth Amendment Rights.

2. The undersigned entered their appearances in this matter on behalf of Defendants Corizon Health, Inc. and its insured(s) and have continued to represent the parties through the date of this motion to withdraw.

3. Defendant Tehum Care Services, Inc., d/b/a Corizon Health, Inc. provides the defense and indemnity of all Michigan insureds.

4. No conflict existed during the representation until the Tehum Care Services, Inc., d/b/a Corizon Health, Inc. filed Chapter 11 bankruptcy on February 16, 2023.

5. By virtue of the bankruptcy the interest of Corizon and its insured(s) are in conflict. Counsel cannot represent one without adversely impacting the duty to the other.

6. The uncertainty of the professional liability coverage itself and the adverse position of Corizon and its insured(s) creates a conflict of interest. See Michigan Rules of Professional Conduct R. 1.7.

7. The newly created issues and disputes between the insured(s) and Corizon creates a conflict where counsel will be forced to takes sides and potentially advocate one client's position against another client's position This situation creates a conflict of interest for the undersigned counsel. See Michigan State Bar Informal Ethics Opinion, RI -89:

> **Holding:** "<u>When an insurer retains a lawyer to defend an insured</u>, the insured is the lawyer's client, and the lawyer must advocate the insured's position even if it is adverse to the insurer. <u>If a lawyer represents the insured and the insurer in a matter</u>, and one client later wishes the lawyer to assert a factually sustainable theory that serves that client's interest but is adverse to the other, the lawyer <u>must</u> withdraw from representation of both clients." References: MRPC 1.2(a), 1.2(c), 1.4, 1.7(a), 1.7(b), 1.8(f), 3.3(a)(1), 3.9, 8.4(c); CI-876, CI-1146; ABA i783, i822, i1476."

8. Further demonstrating a conflict of interest, see also Michigan State Bar Informal Ethics Opinion, RI -108:

> **Holding:** "Where the <u>clients' positions are diametrically opposed</u> and the lawyer, in advocating the best interests of one client, must necessarily advance an argument which would be hostile to the interests of the other client, the lawyer must withdraw from both representations." References: MRPC 1.7, 8.4(c).

9. Counsel filed Notices of a Suggestion of Bankruptcy and Notice of Automatic Stay in Michigan state courts and in the United States District Courts for both the Eastern District of Michigan Federal Court and Western District of Michigan Federal Court on cases involving Corizon.

10. As soon as reasonable, after becoming aware of Corizon's bankruptcy, counsel communicated to all Defendants its belief that a conflict of interest may exist and advised all clients that they should consult outside independent counsel.

11. Under the Michigan Rules of Professional Conduct Rule 1.16(a)(1), a lawyer, "where representation has commenced, shall withdraw from the representation of a client if (1) the representation will result in violation of the Rules of Professional Conduct or other law."

12. "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client." Michigan Rules of Professional Conduct Rule 1.7(a). The Rules further provide that a conflict of interest may not be resolved by a client's consent where the representation would continue to be adverse irrespective of the client's consent. "Where the parties' positions would continue to be "materially adverse" and "effective advocacy on behalf of one client would contravene the position of the other," the attorney shall withdraw. Michigan State Bar Informal Ethics Opinions, RI-89. See also ethics opinion RI -108, as cited above.

13. Under the Michigan Rules of Professional Conduct Rule 1.16(d), the withdrawing attorney "shall take reasonable steps to protect a client's interest," which includes "giving reasonable notice to the client," and allowing time for employment of other counsel."

14. As discussed above, in most cases counsel filed a filed Motion to Stay for a minimum of ninety (90) days on behalf of individual insureds. Courts have not been consistent in addressing the motion, some have been granted, denied and some motions remains pending.

15. Counsel also requests, at minimum, a one hundred twenty (120) day stay for all insureds. The stay is necessary in lieu of counsel's motion to withdraw. See *Buck & Lechner Serv. v. Star Cutter Co.*, 2010 U.S. Dist. LEXIS 162472, at *19 (E.D. Mich. May 4, 2010) (staying case for several months to allow parties to secure counsel following their attorney's withdrawal).

16. District Court have power to stay proceeding as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Esperson v. Trugreen Ltd. P'ship*, 2010 U.S. Dist. LEXIS 64637 *4 (W.D. TN June 29, 2010).

17. When ruling on a motion to stay, the Court considers three factors "(1) potential prejudice to the non- moving party; (2) hardship and inequity to the moving party if the action is not **stayed**; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Sierra Club v. Korleski*, 2010 U.S. Dist. LEXIS 63363 *6 (S.D. OH June 8, 2010) (citing *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

18. Fed. R. Civ. P. 16(c)(2)(L) allows for the Court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual problems."

19. Here, the complex issues and difficult questions presented by Corizon's bankruptcy and its impact on these proceedings, including indemnity coverage issues, multiple claims and parties involved in this case, along with the undersigned counsel's withdrawal would reasonably warrant a stay of the proceedings for at least one hundred twenty (120) days to allow all insureds to retain counsel and for the parties to sort out and determine the issues presented by the bankruptcy.

20. Due to the immediate nature of the conflict and the outside influences, counsel is ethically prohibited from taking any additional action or providing legal advice to Corizon and/or the insureds.

21. Counsel will serve a copy of this motion on all insureds, as well as all remaining parties. Counsel does not believe there is any viable objection available to any party or the insureds. The Michigan Rules of Professional Conduct are clear and unequivocal on the issues presented.

22. Failure to grant said motion would effectively be an order directly counsel to violate the Michigan Rules of Professional Conduct

WHEREFORE, for the reasons set forth above, the undersigned defense counsel and Chapman Law Group respectfully request that this Honorable Court grant their Motion to Withdraw and to enter an order staying proceedings in this matter for a minimum of one hundred twenty (120) days.

                                    Respectfully submitted,
                                    CHAPMAN LAW GROUP

Dated: March 8, 2023               /s/ *Ronald Chapman Sr.*
                                    Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                    Devlin Scarber (P64532)
                                    Jeffrey L. Bomber (P85407)
                                    Attorney for Corizon Defendants
                                    1441 W. Long Lake Rd., Suite 310
                                    Troy, MI 48098
                                    (248) 644-6326
                                    rchapman@chapmanlawgroup.com
                                    dscarber@chapmanlawgroup.com
                                    jbomber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CHARLES JONES, as Personal Representative
of the Estate of Wade Jones, Deceased,

                                                                                   Case No: 1:20-cv-36

                                                         Hon. Judge Hala Y. Jarbou
      Plaintiff,                                     Magistrate Judge Sally J. Berens

v.

COUNTY OF KENT et al.

      Defendants.

| BUCKFIRE LAW FIRM | CHAPMAN LAW GROUP |
|---|---|
| Jennifer G. Damico (P51403) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Sarah L. Gorski (P82899) | Devlin Scarber (P64532) |
| *Attorneys for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 29000 Inkster Rd., Ste. 150 | *Attorneys for Corizon Health, Inc.; Teri Byrne, R.N.;* |
| Southfield, MI 48034 | *Dan Card, L.P.N.; Lynne Fielstra, L.P.N.; Melissa* |
| (248) 569-4646 | *Furnace, R.N.; Chad Richard Goetterman, R.N.;* |
| jennifer@buckfirelaw.com | *James August Mollo, L.P.N.; Joanne Sherwood, N.P.;* |
| sarah@buckfirelaw.com | *and Janice Steimel, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENSE COUNSEL CHAPMAN LAW GROUP'S AND ITS ATTORNEY'S TO WITHDRAW AS COUNSEL FOR DEFENDANT CORIZON HEALTH, INC. AND FOR DEFENDANTS TERI BYRNE, R.N.; DAN CARD, L.P.N.; LYNNE FIELSTRA, L.P.N.; MELISSA FURNACE, R.N.; CHAD RICHARD GOETTERMAN, R.N.; JAMES AUGUST MOLLO, L.P.N.; JOANNE SHERWOOD, N.P.; AND JANICE STEIMEL, L.P.N. (HEREINAFTER "INSURED") AND FOR 120-DAY STAY ON BEHALF OF ALL CORIZON DEFENDANTS, EMPLOYEES, AND/OR AGENTS**

      The CHAPMAN LAW GROUP, undersigned Counsel, and Corizon Defendants rely on and incorporate the facts and law outlined in the preceding Motion as if fully set forth herein.

WHEREFORE, for the reasons set forth above, the undersigned defense counsel and Chapman Law Group respectfully request that this Honorable Court grant their Motion to Withdraw and to enter an order staying proceedings in this matter for a minimum of one hundred twenty (120) days.

Respectfully submitted,<br>
CHAPMAN LAW GROUP

Dated: March 8, 2023  /s/ *Ronald Chapman Sr.*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorney for Corizon Defendants
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on March 8, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/ *Ronald Chapman Sr.*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)